Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, California 90067
Telephone:     (310) 299-8535
Facsimile:     (310) 201-4721

Alexander P. Fuchs (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
alexfuchs@eversheds-sutherland.com
1114 Avenue of the Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5082
Facsimile: (212) 389-5099

Michael Bahar (*pro hac vice pending*)
EVERSHEDS SUTHERLAND (US) LLP
michaelbahar@eversheds-sutherland.com
700 Sixth Street NW, Suite 700
Washington, DC 20001
Telephone: (202) 383-0882
Facsimile: (202) 637-3593

*Attorneys for Defendant Nexo Capital Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CRESS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>NEXO CAPITAL INC.,<br><br>                    Defendant. | Case No. 3:23-cv-00882-TSH<br><br>The Honorable Thomas S. Hixson<br><br>**DEFENDANT NEXO CAPITAL INC.'S ANSWER TO PLAINTIFF JOHN CRESS'S FIRST AMENDED COMPLAINT (DKT. 29)** |

Defendant Nexo Capital Inc. ("Nexo" or "Defendant") files this Answer to Plaintiff John Cress's ("Cress" or "Plaintiff") First Amended Complaint ("FAC") (Dkt. 29). While Nexo Financial LLC, Nexo Financial Services Ltd., Nexo AG, and Antoni Trenchev were named Defendants in the

First Amended Complaint, the Court dismissed those named Defendants for lack of personal jurisdiction in its June 25, 2024, Order (Dkt. 37). Consequently, the present Answer is filed on behalf of Nexo Capital Inc. only, and it will not respond to contentions addressed to parties and/or claims dismissed in the June 25, 2024, Order. Any responses in the Answer should not be construed as responses by any party other than Nexo Capital Inc.

**INTRODUCTION**

1.    Paragraph 1 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff has brought the above-captioned civil action against Defendant. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 1.

2.    Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Desist and Refrain Order citied in Paragraph 2 was issued by the California Department of Financial Protection and Innovation on or about September 26, 2022.  Defendant denies Cress's characterization of that Order, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 2.

3.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's residency, whether Plaintiff's digital assets were "substantial," or Plaintiff's motivation for moving his assets to the Nexo platform, and therefore denies those allegations. Defendant admits that Plaintiff had a Nexo account but denies his characterization of the "account" as interest-bearing. Nexo admits that it provides a service allowing certain customers to obtain credit lines collateralized by cryptocurrency assets but denies Plaintiff's characterization of that service. Nexo admits that in certain circumstances it will liquidate the collateral held in a Nexo account if the loan-to-value ratio ("LTV") of the customer's collateralized credit line becomes too high. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 3.

4.    Defendant denies the allegations of Paragraph 4.

5.    Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that, on or about January 19, 2023, the U.S. Securities and Exchange Commission ("SEC") issued a Cease and Desist Order related to the "Earn Interest Product." Defendant denies Cress's characterization of that Order, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 6.

7. Defendant admits that certain Bulgarian authorities conducted an investigation into Nexo but denies that Nexo engaged in any illegal activities. Defendant is without sufficient information to form a belief as to the truth of Plaintiff's characterization of the details of the "raid" referenced in Paragraph 7, and therefore denies those allegations. Defendant admits to the existence of the quoted articles cited in Paragraph 7 and Footnote 2 but denies Plaintiff's characterization of those articles, which speak for themselves. Defendant is without sufficient information to form a belief as to the truth of Plaintiff's characterization of the motivation for the investigation by certain Bulgarian authorities, and Defendant further denies that it engaged in the wrongdoing identified in the last sentence of Paragraph 7. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 7.

**PARTIES**

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies those allegations.

9. No response is required to the allegations in Paragraph 9 because they relate to Nexo Financial LLC which, pursuant to the Court's June 25, 2024 Order, was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

10. No response is required to the allegations in Paragraph 10 because they relate to Nexo Financial Services Ltd. which, pursuant to the Court's June 25, 2024 Order, was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

11. No response is required to the allegations in Paragraph 11 because they relate to Nexo AG which, pursuant to the Court's June 25, 2024 Order, was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

12. Defendant admits that Nexo Capital Inc. ("Nexo Capital") is a Cayman Islands corporation, with the address Two Artillery, 161 Shedden Road, 2nd Floor, George Town, P.O. Box 799, Grand Cayman KY KY1-1103, but Defendant denies that its principal place of business and headquarters is in London, England. Defendant admits that Nexo Capital Inc. is the Nexo entity that issued a collateralized credit line to Plaintiff. Defendant further admits that Nexo Capital Inc. operates Nexo's website.

13. No response is required to the allegations in Paragraph 13 because they relate to Antoni Trenchev who, pursuant to the Court's June 25, 2024 Order, was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

14. Defendant denies the allegations of Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 17.

18. No response is required to the allegations in Paragraph 18 as they relate to Antoni Trenchev who, pursuant to the Court's June 25, 2024 Order, was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37. Defendant denies the remaining allegations of Paragraph 18.

19. No response is required to the allegations in Paragraph 19 as they relate to Nexo Financial LLC because, pursuant to the Court's June 25, 2024 Order, it was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37. Defendant denies the remaining allegations of Paragraph 19.

20. No response is required to the allegations in Paragraph 20 as they relate to Antoni Trenchev because, pursuant to the Court's June 25, 2024 Order, he was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37. Defendant denies the remaining allegations of Paragraph 20.

21.    No response is required to the allegations in Paragraph 21 as they relate to Nexo Financial LLC because, pursuant to the Court's June 25, 2024 Order, it was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37. Defendant admits that it brought suit against a customer in the United States, but denies Plaintiff's characterization of that suit, which speaks for itself.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 21.

22.    Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 22.

23.    Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 23.

24.    No response is required to the allegations in Paragraph 24 as they relate to Nexo entities other than Nexo Capital Inc. because, pursuant to the Court's June 25, 2024 Order, those entities were dismissed from this action. *See* Order (June 25, 2024) ECF No. 37. Defendant denies the remaining allegations of Paragraph 24.

## JURISDICTION AND VENUE

25.    Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest that this Court has subject matter jurisdiction over Plaintiff's claims. Defendant denies that Plaintiff has any valid claims.

26.    Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest personal jurisdiction in this judicial district over Nexo Capital Inc. for the limited purpose of this action only. No response is required to the allegations in Paragraph 26 as they relate to Nexo entities other than Nexo Capital Inc. because, pursuant to the Court's June 25, 2024 Order, those entities were dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

27.    Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.    Defendant admits the allegations of Paragraph 28.

29.    Defendant is without sufficient knowledge or information to form a belief as to the truth of where the alleged events or omission giving rise to Plaintiff's claims occurred, and therefore denies those allegations.

## FACTUAL ALLEGATIONS

### A.    Background

#### 1.    Nexo and Crypto-Lending

30.    Defendant admits that it maintains and operates the Nexo website. Defendant admits that it provided a services allowing certain customers to obtain credit lines collateralized by cryptocurrency assets and that paid cryptocurrency "interest" on certain assets held on the Nexo platform, but denies Plaintiff's characterization of those services. Defendant admits that digital assets in a "Savings Wallet" can serve as back-up collateral in certain circumstances, but denies Plaintiff's characterization of that feature. Defendant is without sufficient information to form a belief as to the truth of the quoted language in the last sentence of Paragraph 30 because Plaintiff does not identify the source of the quotation, and therefore denies those allegations. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 30.

31.    Defendant denies that a customer "can borrow as much cash as they want" on the Nexo platform. Defendant denies Plaintiff's characterization of the Nexo service providing collateralized credit lines, which is described in the relevant terms and conditions governing that service. Defendant admits that the value of some but not all collateral fluctuates with the price of the digital assets held as collateral. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 31.

32.    Defendant admits that, at certain times, a customer must deposit more digital assets or pay down his or her credit line to maintain the requisite LTV ratio. Defendant admits that, if a customer's LTV ratio rises above a certain threshold, to bring the LTV ratio back in line, Nexo will transfer assets from the customer's Savings Wallet to the Credit Line Wallet and/or automatically sell ("liquidate") the collateral, but Defendant denies that those are the only methods to bring the LTV ratio back in line. Defendant admits that, in certain circumstances, a liquidation may result in

the liquidation of all a customer's digital assets held in the Cred Line Wallet and/or Savings Wallet. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 32.

33. Defendant admits that a customer may use the proceeds of a collateralized credit line to purchase additional digital assets in certain circumstances and subject to certain limitations, but Defendant denies Plaintiff's characterization of the service. Defendant denies that Defendant is selling customers a complex leveraged long on their basket of digital assets. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 33.

34. Defendant admits that leveraged trading is extremely high risk, particularly in the volatile crypto market. Defendant admits that the higher the leverage, the higher the risks of getting liquidated with respect to the collateralized credit line product. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 34, and therefore denies those allegations.

### 2. Plaintiff's Investment to Digital Assets

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies those allegations.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 regarding Plaintiff's motivation for transferring his digital assets to his Savings Wallet, and therefore denies those allegations. Defendant admits that Plaintiff began a series of deposits to his Nexo account in March 2021 but denies Plaintiff's characterization of those deposits. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 36.

37. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies those allegations.

### B. Nexo Solicited Plaintiff to Borrow Against his Digital Assets

38. Defendant admits that Hristiyan Hristov ("Hristov") communicated with Plaintiff on March 15, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 38, and therefore denies those allegations.

39.    Defendant admits that Hristov communicated with Plaintiff on March 17, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself.

40.    Defendant admits that Plaintiff responded to the March 17, 2021 communication from Hristov, but denies Plaintiff's characterization of the communication, which speaks for itself.

41.    Defendant admits that Hristov sent Plaintiff a VIP Program Brochure, but denies Plaintiff's characterization of the brochure, which speaks for itself.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 41, and therefore denies those allegations.

42.    Defendant admits that Plaintiff and Hristov engaged in a communication on March 23, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself.

43.    Defendant admits that Plaintiff and Hristov engaged in a communication on March 23, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 43.

**C.    Plaintiff Relied on Nexo's Representations in Borrowing Against his Digital Assets**

44.    Nexo is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44, and therefore denies those allegations.

45.    Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Nexo is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45, and therefore denies those allegations.

46.    Defendant denies the allegations of Paragraph 46.

47.    Defendant admits that Plaintiff took out various collateralized credit lines in March and April 2021. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 47 regarding Plaintiff's interest in borrowing or reliance, and therefore denies those allegations. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 47.

### D.    Nexo's Unlicensed Lending Activity

48.    Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 48.

### E.    Nexo Requires Plaintiff to Purchase its Highly Volatile NEXO Token

49.    Defendant denies the allegations of Paragraph 49.

50.    Defendant denies the allegations of Paragraph 50.

51.    Defendant admits that Plaintiff and Hristov engaged in a communication on March 23, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 51.

52.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the Plaintiff's previous considerations, and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 52.

53.    Defendant admits that Plaintiff and Hristov engaged in a communication on March 23, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 53.

54.    Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff and Hristov engaged in a communication on March 23, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Defendant denies the remaining allegations of Paragraph 54.

55.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies those allegations.

56.    Defendant admits that Plaintiff and Hristov engaged in a communication on March 30, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself.

57.    Defendant denies the allegations of Paragraph 57.

58.    Defendant denies the allegations of Paragraph 58.

59.    Defendant denies the allegations of Paragraph 59.

60.    Defendant denies the allegations of Paragraph 60.

61.    Defendant denies the allegations of Paragraph 61.

62. Defendant denies the allegations of Paragraph 62.

63. Defendant denies the allegations of Paragraph 63.

64. Defendant denies the allegations of Paragraph 64.

65. Defendant denies the allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

**F.      Nexo's "OTC Trading Team" Is a Mirage**

67. Defendant denies the allegations of Paragraph 67.

68. Defendant admits that Plaintiff signed a Cryptocurrency Purchase Agreement ("CPA") on March 24, 2021, but denies Plaintiff's characterization of the CPA, which speaks for itself.

69. Defendant admits that Plaintiff and Hristov engaged in a communication on March 26, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself.

70. Defendant admits that Plaintiff and Hristov engaged in a communication on March 27, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 70.

71. Defendant admits that Plaintiff purchased cryptocurrency assets on or about March 30, 2021, but denies Plaintiff's characterization of the purchase or the confirmation email, which speaks for itself.

72. Defendant admits that Plaintiff and Hristov engaged in a communication on March 31, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 72.

73. Defendant admits that Plaintiff and Hristov engaged in communications on March 30 and April 1, 2021, but denies Plaintiff's characterizations of the communications, which speak for themselves. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 73, and therefore denies those allegations.

74. Defendant denies the allegations of Paragraph 74.

75. Defendant denies the allegations of Paragraph 75.

**G.     Nexo Liquidates Plaintiff's Holdings Without Providing Notice**

76.     Defendant admits that Plaintiff held digital assets and outstanding collateralized credit lines on the Nexo platform as of May 10, 2021, but denies Plaintiff's characterization of those holdings or credit lines.

77.     Defendant admits that the value of Plaintiff's digital assets decreased during certain time periods in 2021, and that a decrease in the value of those assets caused Plaintiff's LTV ratio to rise and placed his assets at risk of liquidation. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 77.

78.     Defendant denies the allegations of Paragraph 78.

79.     Defendant denies the allegations of Paragraph 79.

80.     Defendant denies the allegations of Paragraph 80.

81.     Defendant denies the allegations of Paragraph 81.

82.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies those allegations.

**H.     Nexo's Misrepresentations**

83.     Defendant denies the allegations of Paragraph 83.

**1.     Nexo Misrepresented its Liquidation Relief Program**

84.     Defendant denies the allegations of Paragraph 84.

85.     Defendant denies the allegations of Paragraph 85.

86.     Defendant admits that Plaintiff and Hristov engaged in a communication on June 22, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Defendant admits that a representative from the Nexo Help Center communicated with Plaintiff on June 22, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 86.

87.     Defendant denies the allegations of Paragraph 87.

**2.     Nexo Misrepresented its Responsiveness**

88.     Defendant denies the allegations of Paragraph 88.

89.     Defendant admits that Hristov was Plaintiff's relationship manager.   Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 89.

90.     Defendant admits that Plaintiff initiated a customer service request on May 28, 2021, and that the Nexo Help Center referred the request to Plaintiff's account manager. Defendant admits that Plaintiff and Hristov engaged in a communication on June 10, 2021, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 90.

91.     Defendant denies the allegations of Paragraph 91.

92.     Defendant denies the allegations of Paragraph 92.

### 3.     Nexo Misrepresented That Collateral Would Continue to Bear Interest

93.     Defendant denies the allegations of Paragraph 93.

94.     Defendant denies the allegations of Paragraph 94.

## I.     Nexo's Sale of the NEXO Token Did not Qualify for Any Exemption to Registration

95.     Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits to the filing of Form Ds in 2018, but denies Plaintiff's characterization of the documents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 96.

97.     Defendant denies the allegations of Paragraph 97.

98.     Defendant admits that it filed an initial Form D on February 20, 2018, but denies Plaintiff's characterization of the form, which speaks for itself.

99.     Defendant admits that it filed an Amended Form D on March 13, 2018, but denies Plaintiff's characterization of the form, which speaks for itself.

100.    Defendant admits that it filed an Amended Form D on May 5, 2018, but denies Plaintiff's characterization of the form, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 100.

101. Defendant admits that each of its Form D filings were signed by Antoni Trenchev.

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the SEC filed a Complaint in June 2023 against Coinbase in the action cited in Paragraph 102. Defendant denies Plaintiff's characterizations of that Complaint.

103. Defendant admits the quoted language appears in the SEC's Complaint from June 2023. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 103.

104. Defendant denies the allegations of Paragraph 104.

105. Defendant denies the allegations of Paragraph 105.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 106.

107. Defendant admits that it made certain blog posts on July 7, 2021 and May 29, 2022, but denies Plaintiff's characterization of the posts, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 107.

108. Defendant admits that it made a certain blog post on November 23, 2018, but denies Plaintiff's characterization of the post, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 108.

109. Defendant admits that the Nexo whitepaper and 2018 Interim Report make certain statements quoted in Paragraph 109, but denies Plaintiff's characterization of those documents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 109.

110. Defendant admits that the Nexo whitepaper, 2018 Interim Report, and Nexo website make certain statements quoted in Paragraph 110, but denies Plaintiff's characterization of those documents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 110.

111. Defendant admits the Nexo whitepaper and November 23, 2018 blog posts make certain statements quoted in Paragraph 111, but denies Plaintiff's characterization of those

documents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 111.

112. Defendant is without sufficient information to admit or deny the truth of the allegations in Paragraph 112 because Plaintiff does not identify the webpage or time period when the alleged statements were made, and Plaintiff does not attach a screenshot of the alleged statements. Defendant denies the remaining allegations of Paragraph 112.

113. Defendant is without sufficient information to admit or deny the truth of the allegations in Paragraph 113 because Plaintiff does not identify the webpage or time period when the alleged statements were made, and Plaintiff does not attach a screenshot of the alleged statements. Defendant denies the remaining allegations of Paragraph 113.

114. Defendant is without sufficient information to admit or deny the truth of the allegations in Paragraph 114 because Plaintiff does not identify the webpage or time period when the alleged statements were made, and Plaintiff does not attach a screenshot of the alleged statements. Defendant denies the remaining allegations of Paragraph 114.

### FIRST CAUSE OF ACTION

**Fraudulent Inducement of Contract**

**(Against Nexo Defendants)**

115. Answering the allegations contained in Paragraph 115, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

116. Defendant denies the allegations of Paragraph 116.

117. Defendant denies the allegations of Paragraph 117.

118. Defendant denies the allegations of Paragraph 118.

119. Defendant denies the allegations of Paragraph 119.

120. Defendant denies the allegations of Paragraph 120.

121. Defendant denies the allegations of Paragraph 121.

122. Defendant denies the allegations of Paragraph 122, and specifically denies that Plaintiff is entitled to any damages.

123.   Defendant denies the allegations of Paragraph 123, and specifically denies that Plaintiff is entitled to any damages including, but not limited to, punitive damages.

## SECOND CAUSE OF ACTION

### California Unfair Competition Law

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (Against Nexo Defendants)

124.   Answering the allegations contained in Paragraph 124, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

125.   Defendant denies the allegation of Paragraph 125.

126.   Paragraph 126 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 126.

127.   Defendant denies the allegations of Paragraph 127.

128.   Defendant denies the allegations of Paragraph 128.

129.   Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 129.

130.   Defendant denies the allegations of Paragraph 130.

131.   Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 131.

132.   Paragraph 132 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 132.

## THIRD CAUSE OF ACTION

### Unregistered Offer and Sale of Securities

### Cal. Corp. Code §§ 25110 and 25503, *et seq.*

### (Against All Defendants)

133.   Answering the allegations contained in Paragraph 133, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

134.    No response is required to the allegations of Paragraph 134 as they relate to Nexo Earn Accounts which were dismissed by the June 25, 2024, Order. Nexo denies the remaining allegations of Paragraph 134.

135.    Defendant denies the allegations of Paragraph 135.

136.    No response is required to the allegations of Paragraph 136 as they relate to Nexo Earn Accounts which were dismissed by the June 25, 2024, Order. Defendant denies the remaining allegations in Paragraph 136.

137.    No response is required to the allegations of Paragraph 137 as they relate to Nexo Earn Accounts and Leveraged Investment Instruments which were dismissed by the June 25, 2024, Order. Defendant denies the remaining allegations of Paragraph 137.

138.    No response is required to the allegations of Paragraph 138 as they relate to Nexo Earn Accounts and Leveraged Investment Instruments which were dismissed by the June 25, 2024, Order. Defendant denies the remaining allegations of Paragraph 138.

139.    Defendant denies the allegations of Paragraph 139.

140.    No response is required to the allegations of Paragraph 140 as they relate to Nexo Earn Accounts and Leveraged Investment Instruments which were dismissed by the June 25, 2024 Order. Defendant admits that Plaintiff purchased NEXO Tokens, but denies the remaining allegations of Paragraph 140.

141.    No response is required to the allegations of Paragraph 141 as they relate to Nexo Earn Accounts and Leveraged Investment Instruments which were dismissed by the June 25, 2024 Order. Defendant denies the remaining allegations of Paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no response is required. Defendant denies the remaining allegations of Paragraph 142.

143.    Paragraph 143 contains legal conclusions to which no response is required. Defendant admits to filing Form Ds in 2018. Defendant denies the remaining allegations of Paragraph 143.

144.    Defendant denies the allegations of Paragraph 144.

145.    Defendant denies the allegations of Paragraph 145.

146.    Defendant denies the allegations of Paragraph 146.

-16-

147.   Defendant denies the allegations of Paragraph 147.

**FOURTH CAUSE OF ACTION**

**Unregistered Offer and Sale of Securities**

**Cal. Corp. Code §§ 25110 and 25504, *et seq.***

**(Against the Control Person Defendant Trenchev)**

148.   Answering the allegations contained in Paragraph 148, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

149.   No response is required to Paragraph 149 because, pursuant to the Court's June 25, 2024 Order, Trenchev was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

150.   No response is required to Paragraph 150 because, pursuant to the Court's June 25, 2024 Order, Trenchev was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

151.   No response is required to Paragraph 151 because, pursuant to the Court's June 25, 2024 Order, Trenchev was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

152.   No response is required to Paragraph 152 because, pursuant to the Court's June 25, 2024 Order, Trenchev was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

153.   No response is required to Paragraph 153 because, pursuant to the Court's June 25, 2024 Order, Trenchev was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

154.   No response is required to Paragraph 154 because, pursuant to the Court's June 25, 2024 Order, Trenchev was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

**FIFTH CAUSE OF ACTION**

**Fraud in the Offer and Sale of Securities**

**Cal. Corp. Code §§ 25401 and 25504.1, *et seq.***

**(Against All Defendants)**

155.   Answering the allegations contained in Paragraph 155, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

156.   Defendant admits that Plaintiff asserts this count against Defendant.

157.    No response is required to Paragraph 157 because, pursuant to the Court's June 25, 2024 Order, Trenchev was dismissed from this action. *See* Order (June 25, 2024) ECF No. 37.

158.    Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 158.

159.    Paragraph 159 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 159.

160.    Defendant denies the allegations of Paragraph 160.

161.    No response is required to the allegations of Paragraph 161 as they relate to Nexo Earn Accounts and Leveraged Investment Instruments which were dismissed by the June 25, 2024 Order. Defendant denies the remaining allegations of Paragraph 161.

162.    Defendant denies the allegations of Paragraph 162.

163.    Defendant denies the allegations of Paragraph 163.

164.    Defendant denies the allegations of Paragraph 164.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief is not an allegation and does not require a response.  To the extent any part of Plaintiff's prayer for relief constitutes an allegation, Defendant denies each and every allegation contained therein.

## DEMAND FOR JURY TRIAL

Plaintiff's jury demand is not an allegation and does not require a response.  To the extent any part of this Paragraph of the Complaint constitutes an allegation, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on the Plaintiff, Defendant pleads the following separate and additional defenses.

## FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a UCL claim because Plaintiff pleads and has an adequate remedy at law.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD DEFENSE

The granting of Plaintiff's demands in the First Amended Complaint would result in unjust enrichment.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the First Amended Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

## FIFTH DEFENSE

The transactions alleged in the Complaint did not involve the sale of an investment contract and were not securities transactions. Defendant was not issuer, broker, or seller of any security allegedly purchased by Plaintiff. Plaintiff did not make an investment of money in a common enterprise with a reasonable expectation of profits based on the efforts of Defendant.

## SIXTH DEFENSE

If Plaintiff establishes that the NEXO Token is a security, Plaintiff's claims, will be barred, in whole or in part, because the alleged transactions are exempt from the registration requirements of the Securities Act and/or the regulations promulgated thereunder.

## SEVENTH DEFENSE

Defendant is not liable to Plaintiff to the extent Plaintiff did not purchase NEXO Token directly from Defendant, to the extent the sales were not institutional sales, to the extent the sales occurred on third-party exchanges, and/or to the extent the proceeds from the sales did not flow to Defendant.

## EIGHTH DEFENSE

The alleged misrepresentations and omissions were not false, misleading, or material when taken together with, and in context of, the total mix of information available to the market.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not directly or indirectly induce any act or acts alleged in the First Amended Complaint.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, on the grounds that Defendant had no duty to disclose information allegedly omitted in their public statements, that Defendant had no duty to update information that was truthful and accurate when made, and that Defendant had no duty to correct information that they reasonably believed was truthful and accurate when made.

**ELEVENTH DEFENSE**

The alleged misrepresentations and/or omissions at issue were not a producing cause of the alleged harm, if any, to Plaintiff.

**TWELFTH DEFENSE**

The alleged actions or inactions of Defendant were not the sole or partial cause of any decision by Plaintiff to purchase NEXO Token or take out credit lines from Defendant, nor were any of Plaintiff's purchases or credit lines made or induced by means of any misrepresentation or omission made by Defendant.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred on the grounds that matters alleged to be the subject of misrepresentations and/or omissions were publicly disclosed and/or were in the public domain, and as such, were available to Plaintiff.

**FOURTEENTH DEFENSE**

Plaintiffs' claims under the California Corporations Code section 25110 are preempted by federal law because the NEXO token is a covered security under the National Securities Markets Improvement Act and/or because Plaintiff is an accredited investor.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred because he did not sustain any ascertainable losses or damages.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to attorneys' fees under any contract or statute that is asserted as the basis of his claims.

**SEVENTEETH DEFENSE**

Plaintiff has failed, refused, and/or neglected to mitigate or avoid the damages complained

of in the First Amended Complaint, if any.

### EIGHTEENTH DEFENSE

Plaintiff has failed to timely and completely exhaust the requisite administrative remedies, statutory and/or contractual remedies available to them prior to commencing this action.

### NINTEENTH DEFENSE

Plaintiffs' claims may be barred by the doctrine of collateral estoppel.

### TWENTIETH DEFENSE

Plaintiff's claims may be barred by offset, set-off and/or recoupment.

### TWENTY-FIRST DEFENSE

Plaintiff's claims may be barred by statute of limitations.

### TWENTY-SECOND DEFENSE

Plaintiff's claims may be barred by waiver and/or laches.

### RESERVATION OF RIGHTS

Defendant expressly reserves its right to assert additional defenses as may be warranted by facts obtained during the course of its investigation and/or discovery in this litigation.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

(a)    That judgment on the First Amended Complaint, and on each cause of action alleged therein, be entered in favor of Defendant;

(b)    That the Plaintiff takes nothing by his First Amended Complaint;

(c)    That Defendant be awarded its costs and reasonable attorney's fees; and

(d)    For such other and/or further relief as this Court may deem just and proper.

DATED: July 23, 2024                          EVERSHEDS SUTHERLAND (US) LLP

By: */s/ Alexander P . Fuchs*
Alexander P. Fuchs (*pro hac vice*)

*Attorneys for Defendant Nexo Capital Inc.*