United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CRESS,

          Plaintiff,

    v.

NEXO CAPITAL INC.,

          Defendant.

Case No. 23-cv-00882-TSH

**ORDER VACATING CMC;**
**CASE MANAGEMENT ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the Court issues the following case management order. Failure to comply with this order is cause for sanctions under Rule 16(f). The August 15, 2024 case management conference is **VACATED**. All questions should be directed to Rose Maher, Courtroom Deputy, at Rose_Maher@cand.uscourts.gov or (415) 522-4708.

| **SUMMARY OF CASE MANAGEMENT DEADLINES** | |
| --- | --- |
| Deadline to Seek Leave to Amend Pleadings | 12/12/2024 |
| Close of Fact Discovery | 8/29/2025 |
| Disclosure of Expert Witnesses | 6/30/2025 |
| Disclosure of Rebuttal Expert Witnesses | 7/31/2025 |
| Close of Expert Discovery | 8/29/2025 |
| Deadline to File Dispositive Motions | 10/3/2025 |
| Hearing on Dispositive Motions | 12/18/2025 |
| Exchange of Pretrial Disclosures | 3/4/2026 |
| Deadline to File Pretrial Documents | 3/19/2026 |

| Deadline to File Oppositions to Motions in Limine | 3/26/2026 |
|---|---|
| Pretrial Conference | 4/9/2026 |
| Final Pretrial Conference | 5/7/2026 |
| Jury Trial (Duration to be determined) | 5/18/2026 |

**A.    Alternative Dispute Resolution**

As the parties have been engaged in private mediation, the Court finds no ADR referral is necessary at this time.  If they feel it would be beneficial, the parties may request referral to the Court's ADR program.

**B.    Discovery**

The parties shall abide by the undersigned's Discovery Standing Order, available on the Court's website at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.

**C.    Pretrial Motions**

All pretrial motions must comply with Civil Local Rule 7 and be noticed for hearing on any available Thursday at 10:00 a.m. without contacting the Court.  Prior to filing any summary judgment motion, the parties must meet and confer to determine if they will file a joint statement of facts or separate statements.  All summary judgment motions must include the following:

(1) Separate Statement of Facts: Any party filing a motion for summary judgment must file a separate statement setting forth each material fact on which the party relies in support of the motion.  Each material fact in the separate statement must be set forth in a separately numbered paragraph and refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.).  Failure to submit a separate statement of facts in this form may constitute grounds for denial of the motion.

(2) Controverting Statement of Facts: Any party opposing a motion for summary judgment must file a separate statement setting forth: (a) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and, if disputed, a reference to the specific admissible portion of the record supporting the party's position; and (b) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party.  Each additional fact must be set forth in a separately numbered paragraph and refer to a specific admissible portion of the record where the fact finds support.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

(3) <u>Reply Statement of Facts</u>: If the party opposing summary judgment sets forth additional facts, the moving party shall file a separate statement with correspondingly numbered paragraphs indicating whether the party admits or disputes the statement of fact set forth in that paragraph and, if disputed, a reference to the specific admissible portion of the record supporting the party's position. Facts that are not already included in the motion and/or opposition are not permitted.

(4) <u>Alternative Procedure</u>: As an alternative to filing a statement of facts and controverting statement of facts, the movant and the party opposing the motion may jointly file a stipulation signed by the parties setting forth a statement of the stipulated facts and the following statement: "The parties agree there is no genuine issue of any material fact." As to any stipulated facts, the parties so stipulating may state that their stipulations are entered into only for the purpose of the motion for summary judgment and are not intended to be otherwise binding.

Failure to comply with this requirement may result in denial of the motion without prejudice.

**D.     Exchange and Filing of Pretrial Disclosures**

By the Exchange of Pretrial Disclosures deadline, lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange the papers described in Rule 26(a)(3). These papers must be filed by the Deadline to File Pretrial Documents.

**E.     Joint Pretrial Conference Statement**

By the Deadline to File Pretrial Documents, the parties shall file a joint pretrial conference statement with the following information:

(1) <u>Substance of the Action</u>: A brief description of the substance of claims and defenses which remain to be decided.

(2) <u>Relief Prayed</u>: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.

(3) <u>Undisputed Facts</u>: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(4) <u>Disputed Factual Issues</u>: A plain and concise statement of all disputed factual issues which remain to be decided.

(5) <u>Disputed Legal Issues</u>: Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.

3

(6) <u>Agreed Statement</u>: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(7) <u>Stipulations</u>: A statement of stipulations requested or proposed for pretrial or trial purposes.

(8) <u>Amendments or Dismissals</u>: A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.

(9) <u>Estimated Time of Trial</u>: An estimate of the number of hours needed for the presentation of each party's case.

(10) <u>Bifurcation or Separate Trial of Issues</u>: A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(11) <u>Settlement</u>: A statement summarizing the status of the parties' settlement negotiations and indicating whether further negotiations are likely to be productive.

**F.      Witness List**

A witness list with the following information shall be provided as an appendix to the joint pretrial statement.  For each party, a list of all witnesses to be called for trial, including those appearing by deposition.  For each witness, a statement of the substance of their testimony and an estimate regarding the length of testimony (including direct and cross-examination).

If the witness is an expert witness, the statement should briefly state the expert's theories and conclusions and the bases therefor, the disputed factual or legal issues to which the testimony relates, and an estimate of the time required for direct and cross examination.  In addition, the expert's curriculum vitae and report (if any) should be attached.  If there are objections to a live witness's testimony, that objection should be raised through a motion in limine.

No party shall be permitted to offer any witness that is not disclosed in its witness list, except with leave of the Court for good cause shown.

**G.      Exhibit List**

A joint list of all exhibits to be offered at trial shall be provided as an appendix to the joint pretrial conference statement.  Plaintiff(s) shall mark the exhibits numerically and Defendant(s) shall mark the exhibits alphabetically.  The list shall state each proposed exhibit by its number or alphabetical letter, description and sponsoring witness.  All documents shall be authenticated prior to trial.  The list shall include a joint exhibit list in tabular form, with (a) a column that briefly

United States District Court
Northern District of California

United States District Court
Northern District of California

describes the exhibit; (b) a column that describes for what purpose the party will offer the exhibit and identifies its sponsoring witness; (c) a column that states any objections to the exhibit; (d) a column that briefly responds to the objections; and (e) a blank column for the Court's use. Before this list is filed, the parties shall meet and confer in person to consider eliminating duplicate exhibits and to make a good faith effort to stipulate to admissibility. No party shall be permitted to offer any exhibit that is not disclosed in its exhibit list.

**H.      Use of Discovery Responses**

Excerpts of interrogatory responses, responses to requests for admission, and deposition testimony (with specific line references identified) that each party intends to present at trial shall be included as an appendix to the joint pretrial conference statement. If there are objections to the use of written responses, the parties should include a joint memorandum that briefly states the objecting party's objection and the opposing party's response. If there is an objection to the general subject matter of a deponent's testimony, the objection should be made through a motion in limine. The Court expects the parties to meet and confer in good faith to resolve specific objections before any statements are filed.

**I.      Motions in Limine**

The parties are directed to meet and confer in person to resolve any evidentiary disputes prior to filing motions in limine. Any motions in limine shall be filed by the Deadline to File Pretrial Documents, with oppositions due seven days later. No reply briefs are permitted. For motions that seek to exclude or limit expert testimony, each side may file one motion per expert. All other motions in limine shall be presented in a single brief per side.

**J.      Trial Briefs**

Each party shall file a trial brief, not to exceed 25 pages, by the Deadline to File Pretrial Documents. The trial brief shall (1) summarize the party's theory of the case, (2) identify key evidence, and (3) provide the applicable legal standard under Ninth Circuit authority for all controlling issues of law, including foreseeable procedural and evidentiary issues.

**K.      Voir Dire**

The parties shall file a <u>joint</u> set of requested voir dire to be posed by the Court, as well as

any separate questions upon which counsel cannot agree, by the Deadline to File Pretrial Documents. These shall also be emailed to tshpo@cand.uscourts.gov in Microsoft Word format. Any question on which the parties cannot agree shall be marked as "disputed" and included within the joint set. Counsel will be allowed brief follow-up voir dire after the Court's questioning.

**L.      Jury Instructions**

The parties shall file a <u>joint</u> set of proposed jury instructions by the Deadline to File Pretrial Documents. These shall also be emailed to tshpo@cand.uscourts.gov in Microsoft Word format. Jury instructions should conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit. The instructions shall be ordered in a logical sequence and include a table of contents. Any instruction on which the parties cannot agree shall be marked as "disputed" and included in the joint instructions where the party proposing the instruction believes it should be given. Argument for and against each disputed instruction shall be included on a separate page directly following the disputed instruction. The Court shall hear oral argument on the disputed jury instructions at the close of Defendant's case in chief.

**M.      Proposed Verdict Forms**

The parties shall file a joint proposed verdict form by the Deadline to File Pretrial Documents. If unable to stipulate to a verdict form, each side shall submit a proposed verdict form. These shall be emailed to tshpo@cand.uscourts.gov in Microsoft Word format.

**N.      Pretrial Conferences**

The initial and final pretrial conferences shall be held at 10:00 a.m. in Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Lead counsel who will try the case must attend the pretrial conferences. The purpose of the initial pretrial conference is for the Court to rule on any issues raised in the pretrial conference statement, motions in limine, and to discuss the trial of the case. All outstanding trial issues shall be addressed at the final pretrial conference.

**O.      Trial**

Trial schedule will be determined after the initial pretrial conference. The parties shall maintain their own exhibits during trial. Plaintiff(s) shall mark the exhibits numerically; Defendant(s) shall mark the exhibits alphabetically. Exhibits must be pre-marked with tags

United States District Court
Northern District of California

United States District Court
Northern District of California

attached to the upper right-hand corner.  Sample tags may be obtained from the Courtroom Deputy.  If a photo or chart is being used, the exhibit tag should be placed on the back side of the exhibit.  The Court will only admit pre-marked exhibits which were listed on the earlier filed exhibit list.  Seven days before the first day of trial, the parties shall submit the original pre-marked exhibits plus three copies (one for opposing counsel and two for the Court) in binders with appropriate label dividers.  The exhibit binders are to be delivered to the Clerk's Office.

For any documents that will be shown to a witness but not admitted into evidence, the parties shall bring the original plus three copies of the documents.  The original document will be handed to the Court during testimony and the copies will be given to the witness and opposing counsel during examination.

**P.    Transcripts**

Any party requesting a daily transcript or real time reporting shall email Kristen Melen, Court Reporting Services Supervisor, at Kristen_Melen@cand.uscourts.gov at least 14 days in advance of the trial.

**Q.    Courtroom Technology**

All parties are instructed to review the information regarding the use of courtroom technology and electronic evidence presentation, which is provided on the Court's web site at http://cand.uscourts.gov/courtroomtech, and to prepare accordingly.  Questions and/or requests to pre-test equipment should be sent to the courtroom deputy.

The United States Marshal requires a court order for electronic equipment to be brought into the courthouse.  If any party will use their own equipment, a proposed order must be filed at least seven days in advance of the trial or hearing date.

**IT IS SO ORDERED.**

Dated: August 13, 2024

THOMAS S. HIXSON
United States Magistrate Judge

7