January 14, 2025

**VIA CM-ECF**

The Honorable Thomas Hixson
United States District Court for the Northern District of California
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94120

Re:    *John Cress v. Nexo Capital Inc.*, Case No. 3:23-cv-00882-TSH
         SUPPLEMENTAL JOINT DISCOVERY LETTER REGARDING PLAINTIFF'S
         INTERROGATORY # 3

Dear Judge Hixson:

Pursuant to the Court's Discovery Order Re: Dkt. Nos. 53, 54 (Dkt. 55) wherein the Court has ordered the parties "to file rog 3 and Nexo's existing response no later than January 14, 2025," Plaintiff John Cress ("Plaintiff") and Defendant Nexo Capital, Inc. ("Defendant") submit this supplemental joint letter.

**PLAINTIFF'S INTERROGATORY NO. 3:**

In the table below or in a similar table, please identify the following information regarding each sale of NEXO made by You:

   a. The date and time of the sale;
   b. The quantity of NEXO sold;
   c. The sale price;
   d. The place where the transaction was authorized;
   e. The order number of the sale (if any);
   f. The exchange on which the sale occurred (if any);
   g. The counterparty (if known); and
   h. (By Bates number) the contract pursuant to which the NEXO was sold (if any)

| Date & Time of Sale | Quantity of NEXO | Sale Price (USD) | Place where Transaction Authorized | Order Number | Exchange | Counterparty | Bates No. of Relevant Contract |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 3:**

   **Response:** Nexo objects to this Interrogatory as compound and consisting of at least eight subparts for an undefined number of transactions. Nexo further objects to the term "place where transaction was authorized" as vague and ambiguous. Nexo further objects to this Interrogatory because it effectively seeks

1

all facts and circumstances concerning an undefined number of transactions without any limits and is therefore overly broad and unduly burdensome. Nexo further objects to this Interrogatory because the burden of responding to this Interrogatory greatly outweighs its relevance. Nexo further objects to this Interrogatory because the burden of responding to this Interrogatory is not proportional to the amount in controversy with respect to Plaintiff's Nexo Token securities claims. Nexo further objects to this Interrogatory because it is not limited in time or scope. Nexo further objects to this Interrogatory because it is overly broad and seeks information irrelevant to Plaintiff's claims. Nexo further objects to the term "each sale of NEXO made by You" as vague and ambiguous because it does not explain whether that language refers to direct sales by Nexo to institutions or individuals, Nexo's own sales on a third-party exchange, Nexo's acquisition of the Nexo Token from a third-party exchange at the request of a customer, or something else. Nexo objects to this Interrogatory on the basis that it is facially overbroad in subject matter and appears to seek information concerning every Nexo Token transaction that Nexo has ever engaged in, without limitation in time, geographic location, counterparty, transaction type, or otherwise. Nexo further objects to this Interrogatory as overbroad and unduly burdensome, oppressive and harassing, not proportional to the needs of the case, and not reasonably tailored to discovery of relevant or admissible information because it is not limited to information concerning the Nexo Token transactions in Cress's account. Nexo further objects in this Interrogatory because the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Consequently, pursuant to Federal Rule of Civil Procedure 33(d), Nexo will respond by identifying documents containing responsive information by Bates number. Given the large volume of document requests served by Plaintiff, Nexo intends to make a rolling production of responsive documents on a periodic basis starting on September 9, 2024, subject to its written objections and responses. If the responsive information is contained in documents that have not yet been produced, Nexo will identify the category of documents containing the responsive information that Nexo anticipates will be produced on a rolling basis in the future.

Subject to and without waiving the foregoing objections, Nexo responds as follows: Plaintiff's transaction log is produced as NEXO-0002705 and includes information regarding the Nexo Token transactions in Cress's account. Nexo will produce on a rolling basis all documents in its possession, custody, or control containing the information requested by this Interrogatory, limited to Nexo's transactions with Cress involving the Nexo Token. Nexo's investigation into this matter and collection of documents is ongoing.

**DEFENDANT'S PROPOSED COMPROMISE REGARDING INTERROGATORY NO. 3 IN NEXO'S NOVEMBER 15, 2024 MEET AND CONER LETTER:**

Nexo will produce documents or information sufficient to show direct sales of the NEXO Token in the United States. Nexo will also produce accredited investor certificates for US customers who purchased the NEXO Token.

By proposing to produce "documents or information," Nexo intends to invoke Federal Rule of Civil Procedure 33(d) when responding to Interrogatory No. 3, as reflected in Nexo's original response.

Dated: January 14, 2025               TAYLOR-COPELAND LAW
                                      By: */s/James Taylor-Copeland*
                                      Attorneys for Plaintiff

                                      2

Date: January 14, 2025                    BAKER & MCKENZIE LLP
                                          By: */s/ Ian S. Shelton*
                                          Attorneys for Defendant