March 21, 2025

**VIA CM-ECF**

The Honorable Thomas Hixson
United States District Court for the Northern District of California
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94120

Re:   *John Cress v. Nexo Capital Inc.*, Case No. 3:23-cv-00882-TSH
       JOINT DISCOVERY LETTER REGARDING WITHDRAWAL OF DEFENDANT'S
       ADMISSION TO RFA NO. 63

Dear Judge Hixson:

The parties submit this joint letter setting forth each side's view as to whether the Court should grant Defendant's motion to withdraw its admission to RFA No. 63 in Plaintiff's First Set of Requests for Admission, dated Oct. 28, 2024. The parties have met and conferred in good faith prior to filing this letter, including by Zoom meeting and the exchange of letters and emails.

**Attestation**

Counsel for Plaintiff John Cress and Defendant Nexo Capital Inc. have met and conferred telephonically and in good faith to resolve the disputes set forth below.

Dated: March 21, 2025            TAYLOR-COPELAND LAW

                                 By: /s/ James Taylor-Copeland

                                 Attorneys for Plaintiff

Date: March 21, 2025             BAKER & MCKENZIE LLP

                                 By: /s/ Ian S. Shelton

                                 Attorneys for Defendant

**NEXO'S POSITION.** Nexo seeks withdrawal of its Response to Cress's Request for Admission No. 63 pursuant to Federal Rule of Civil Procedure 36 in light of new discovery. Nexo previously sought a stipulation from Cress granting leave to withdraw Nexo's original admission. The parties participated in a meet and confer on March 3 in which Cress's counsel stated he would not agree to the change. As such, Nexo moves the Court to withdraw its admission to RFA No. 63 pursuant to Federal Rule 36(b) and substitute its revised response.

### 1. Request for Admission No. 63

The RFA at issue states:

> REQUEST NO. 63: Admit that You did not send Plaintiff the terms of the Liquidation Relief Program in 2021.

> Original Response: **Nexo admits that it did not provide the terms of the Liquidation Relief Program in 2021.** Nexo further states that prior to Plaintiff taking out line of credit with Nexo in March and April 2024, Plaintiff did not request the terms of the Liquidation Relief Program from Nexo. Plaintiff further alleges in his First Amended Complaint that he was informed of the terms of the Liquidation Relief Program in June 2021, and elected not to participate in the Program. First Amended Complaint ¶ 86 (ECF No. 29).

Response to Pl.'s First Set of Requests for Admission No. 63, dated Oct. 28, 2024 (emphasis added).

> Amended Response: Nexo objects to this request because the word "terms" is undefined, vague, and ambiguous. Subject to and without waiving the foregoing objections, denied.

First Amended Response to Pl.'s First Set of Requests for Admission No. 63, dated Feb. 24, 2025.

### 2. Discovery Has Revealed Correspondence Warranting Withdrawal

After serving its original response, Nexo identified at least two communications with Cress that discussed the terms of the Liquidation Relief Program. Nexo identified the documents during discovery and will produce them. Withdrawal of the original admission is appropriate to make the response consistent with the evidence uncovered during the course of discovery.

The first communication occurred in June 2021 with the Nexo Help Center. A Nexo team member informed Cress of the following:

> In general, the aim of the liquidation relief is to reacquire on your behalf part or, if feasible, all of your liquidated collateral assets. One way is achieved is by purchasing as much of your previous collateral as possible up to the size of liquidation while keeping the overall LTV ratio within healthy limits. Consequently, the acquired position is posted into your Nexo wallet to serve as new collateral, whereby the funds spent on purchasing are added to the outstanding loan balance in your wallet.

> For more information regarding this matter, please feel free to contact your account manager Hristiyan at hristiyan@nexo.io.

Exhibit A, Chat with John Cress, June 22, 2021, 11:47 GMT +3.

1

The second communication occurred in September 2021, where Hristov notified Cress about his purchasing power through the Liquidation Relief Program. Hristov stated:

> Please let me provide you with an updated number for you purchasing power through the Liquidation relief program.
>
> We can purchase up to $5M worth of Bitcoin, which will result in a $5,300,000 added to your outstanding loan balance and 70% LTV.

Exhibit B, Email from Hristiyan Hristov to John Cress, September 6, 2021, 2:01:29 PM (UTC).

Given Cress's failure to specifically define the word "terms" in his RFAs, amendment is appropriate because these two communications discussed the "terms" of the Liquidation Relief Program. The first communication discussed the terms of the program generally and the second described a proposed implementation of it.

### 3. Federal Rule of Civil Procedure 36(b) Favors Withdrawal

The parties are in the beginning stages of discovery. Discovery does not close until August, and no depositions have occurred. Withdrawal of Nexo's admission to RFA No. 63 should be granted to be consistent with the evidence revealed during the course of discovery.

Federal Rule of Civil Procedure 36(b) states that "[a] matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The court may then permit amendment "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

The first prong "essentially asks if allowing the withdrawal will aid in the resolution of the case." *Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002). This prong is satisfied when the admission would "practically eliminate any presentation of the merits of the case." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). This includes admissions that bear directly on legal conclusions or "simply concede essential elements" of Cress's claims. *Id.*; *see also Artemus v. Louie*, No. 16-cv-00626, 2016 WL 7386148, at *2 (N.D. Cal. Dec. 21, 2016). It also includes admissions that do so indirectly, such as admitting evidence that promotes the resolution of a case on the merits. *See Artemus*, 2016 WL 7386148, at *2. Here, RFA No. 63 seeks admission that Cress was not provided the terms of the Liquidation Relief Program in 2021. This Request seeks evidence to support an essential element of the fraudulent inducement claim; that is, "false and misleading promises." *See* First Amended Compl. ¶¶ 115–22.

Amendment of the deemed admission would promote resolution of the case on the merits. While Nexo did not provide Cress with a term sheet or draft Liquidation Relief Agreement in 2021, certain terms were discussed between Cress and Nexo. The jury is entitled to know what representations were made to Cress about the Liquidation Relief Program in 2021.

The second prong is whether amendment will prejudice Cress. The inquiry addresses the prejudice that the nonmoving party would suffer at trial. *Conlon*, 474 F.3d at 623. The Northern District of California has held that a party is not prejudiced by withdrawal or amendment of admissions when the parties are still conducting discovery, with ample time to conduct whatever additional discovery required. *Artemus*, 2016 WL 7386148, at *3; *Lopez v. Equifax Information Servs. LLC*, No. 19-cv-01954, 2020 WL

12674368, at \*2 (N.D. Cal. May 7, 2020) ("The discovery cut-off deadline is not for another two months, and TransUnion therefore has ample time to conduct whatever additional discovery it requires in light of the withdrawn admissions."); *see also Conlon*, 474 F.3d at 622 (where plaintiff sought to withdraw admissions after discovery closed, the Ninth Circuit noted its "reluctan[ce] to conclude that a lack of discovery, without more, constitutes prejudice" because "the district court could have reopened the discovery period"). Here, discovery is just beginning. There have been no depositions and no designation of experts. Cress will have ample time to address any issues caused by a change in the admission.

Further, Cress is well-aware of the existing correspondence and the terms of the Liquidation Relief Program, as the correspondence noted above was sent directly to Cress. Indeed, Cress admitted that he discussed the terms of the Liquidation Relief Program with Nexo in Paragraph 86 of his Complaint, which states: "On June 22, 2021, Plaintiff wrote to Hristov that Nexo had instructed him to utilize Liquidation Relief. The same day, Nexo informed Plaintiff that under its Liquidation Relief Program it would allow him to take out a new *loan from Nexo* to repurchase his liquidated assets *from Nexo*, subject to his ability to provide millions of dollars' worth of additional collateral." (emphasis in original). There is simply no prejudice.

**PLAINTIFF'S POSITION**. Nexo's Rule 36(b) motion should be denied because Nexo (1) waived its untimely objection; (2) does not meet the two prongs of Rule 36(b), and (3) cannot show good cause for an amendment under Rule 36(b). Plaintiff served his first set of Requests for Admission ("RFAs") on Nexo on September 26, 2024—six months ago. Nexo responded to Plaintiff's RFAs on October 28, 2024. RFA 63 asked Nexo to: "Admit that You did not send Plaintiff the terms of the Liquidation Relief Program in 2021." Without objection, Nexo responded: "**Nexo admits that it did not provide the terms of the Liquidation Relief Program in 2021.**" Four months later, Nexo—without warning—amended its response to RFA 63, interposing an untimely objection claiming that the word "'terms' is undefined, vague, and ambiguous" and flipping its answer to RFA 63 to "denied."

Nexo's reversal of course is pure gamesmanship. Nexo contends amendment is warranted because *after* serving its responses, it "identified at least two communications with Cress that discussed the terms of the Liquidation Relief Program." Not so. Both communications are emails sent by Nexo, one of which it relied upon in its May 15, 2023, Motion to Dismiss. *See* Nexo's Exhibit A *cf*. ECF No. 19-6 at 24-35. Moreover, nowhere in the communications does Nexo relay the terms of the LRP to Plaintiff. Nexo should not be allowed to manufacture a dispute about a fact it has admitted by interposing a frivolous objection to a word which it understood when initially responding to the RFA and mischaracterizing documents it has possessed since their creation in 2021.

**Nexo Waived Its Untimely Objection**. Failure to timely object to discovery waives any objection. *Full Tilt Boogie, LLC v. KEP Fortune, LLC*, 2021 U.S. Dist. LEXIS 147017, at \*30 (C.D. Cal. May 24, 2021) (collecting cases). To excuse this failure, courts consider factors such as: (1) length and reason for delay, (2) bad faith, (3) prejudice to the requesting party, (4) nature of the request, and (5) waiver's harshness. *Gaby's Bags, LLC v. Mercari, Inc.*, 2021 U.S. Dist. LEXIS 83488, at \*16-17 (N.D. Cal. Apr. 30, 2021). Nexo has not argued why it meets any of these factors.

Nexo responded to RFA 63 without objection in October 2024. Despite clearly understanding the RFA at that time, months later Nexo sought to interpose a frivolous objection claiming that the word "'terms' is undefined, vague, and ambiguous," thereby allowing it to mischaracterize its own communications and deny the RFA. Nexo does not and cannot justify this dilatory and bad faith conduct. It thus cannot meet the standard required to excuse waiver of an untimely objection. *See Gaby's Bags,* 2021 U.S. Dist. LEXIS 83488, at \*17 (delay and non-accidental failure to object militate against excusing a waived objection). Nexo's motion should be denied on this basis alone.

3

Nexo's objection is also substantively devoid of merit. Nexo has answered other discovery requests regarding the "terms" of the LRP without objection. Just weeks before amending its responses to the RFAs, Nexo served amended interrogatory responses describing the "terms" of the LRP as "a service that certain Nexo customers could use to recover his or her liquidated assets in the event of a market crash. If the customer decided to use the service, the customer would enter a written contract with Nexo, which were titled Liquidation Relief Agreements ('LRAs'). Plaintiff did not execute a LRA with Nexo . . ."[1]

The communications Nexo claims warrant amendment of its RFA 63 response were not identified in its Rog 2 response, and they are not an LRA or a "written contract with Nexo." In fact, Nexo has not produced a single communication with Cress that even references an LRA. The reason is simple. Nexo never shared the terms of the LRP with Plaintiff. Nexo's initial response to the same interrogatory confirm this, arguing that "the terms of a program Plaintiff did not know about are irrelevant to his actions and cryptocurrency investment losses between March 3 and June 22, 2021."[2]

**Nexo Cannot Satisfy Rule 36(b)**. Under Rule 36(b), a court may grant relief from an admission made only when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621-623 (2007). Nexo cannot satisfy either prong.

To meet the first prong, Nexo must establish that its admission would concede an essential element of fraudulent inducement. However, Nexo fails to identify which "element" of Plaintiff's fraudulent inducement claim would be conceded should the Court deny its motion. For this reason alone, Nexo cannot satisfy the first prong of Rule 36(b). *United States SEC v. Collector's Coffee, Inc.*, 537 F. Supp. 3d 497, 501-02 (S.D.N.Y. 2021) (Denying Rule 36(b) motion where the party does not "explain how the admissions relate to the factual elements of those claims.").

Moreover, while Nexo's admission that it never sent the LRP terms to Plaintiff is certainly a damning fact for Nexo, amendment would not promote resolution of the case on the merits because Nexo's denial of this RFA is inconsistent with its own Exhibits and responses to Rog 2 (Exhibit C, D describing what Nexo identifies as the terms of the LRP by referencing LRAs shared with *other* customers, but not Plaintiff). *See SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 23357, at *5-6 (S.D.N.Y. Aug. 12, 1996) ("failure to demonstrate that any of the requests call for admissions that are plainly inconsistent with facts…would not assist the presentation of the merits, as contemplated by Rule 36(b)."). This case is thus unlike *Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002), where allowing the "admission to stand confuses [the Court's] legal conclusion."

Almost all Nexo's cases involve a complete failure to respond to RFAs, not a tactical request to amend a single RFA months later. *Conlon*, 474 F.3d at 620 (responses deemed admitted for failure to respond); *Artemus v. Yan Louie*, 2016 U.S. Dist. LEXIS 176874, at *3-4 (N.D. Cal. Dec. 21, 2016) (mistaken untimely response); *Lopez v. Equifax Info. Servs. LLC,* 2020 U.S. Dist. LEXIS 260482, at *6 (N.D. Cal. May 7, 2020) (untimely responses "were a result of miscommunication"). Obviously, the potential impact of failure to respond entirely to dozens of RFAs is much more likely to be case ending than the single admission at issue here.

Nexo also cannot satisfy the second prong because Plaintiff would be prejudiced by Nexo's intentional obfuscation of facts, misrepresentations of evidence, untimely interposition of objections, and months-long delays in amending responses without any reasonable justification. If Nexo is permitted to amend

---

[1] Nexo's full amended response to Rog 2 is attached as **Exhibit D**.

[2] Nexo's full initial objection and response to Rog 2 is attached as **Exhibit C**.

its response, Plaintiff will be forced to target additional discovery at a fact which was (and should remain) admitted. *See SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 23357, at \*7, n.2 (S.D.N.Y. Aug. 12, 1996) (Permitting withdrawal of admissions would unfairly prejudice Plaintiff by further delaying discovery and creating "a likelihood of further litigation over the propriety of defendant's supplemental responses."). Nexo's contention that the "parties are in the beginning stages of discovery" merely lays bare Nexo's total disregard for its discovery obligations. Discovery began eight months ago and Plaintiff substantially completed his production of documents nearly two months ago. Nexo on the other hand has sought to delay discovery of its records at every juncture.

**<u>Nexo Cannot Show Good Cause for Amendment</u>**.  Even where Rule 36(b) is satisfied, the Court retains discretion to deny amendment, based on "other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Conlon*, 474 F.3d at 625. This analysis includes whether the party can "show good cause for his dilatory conduct." *Id*. at 625. Courts have concluded that even a "six-week delay" in amending an admission is far too long. *Beinlick v. Aung*, 2024 U.S. Dist. LEXIS 26637, at \*10-12 (E.D. Cal. Feb. 15, 2024) ("This lack of diligence and explanation is unacceptable and warrants denial of [Nexo's] motion to withdraw deemed admissions."); *See also Eagle Eyes Traffic Indus. USA Holding LLC v. E-Go Bike LLC*, 2023 U.S. Dist. LEXIS 240046, at \*8-9 (N.D. Cal. Dec. 18, 2023) (party failed to show good cause after nearly three month delay in lodging responses). Courts also consider whether the basis for amendment is "ostensibly inadvertent," or "a product of litigation strategy or gamesmanship." *See Acrontos Mfg., Inc. v. Envisiontec, Inc.*, 2023 U.S. Dist. LEXIS 229236, at \*12 (C.D. Cal. Nov. 13, 2023*)*.

Finally, Courts routinely deny these motions where, exactly as here, Nexo "had all necessary documents, in useable form . . . prior to the date [its] responses were originally due." *Mohsin v. Cal. Dep't of Water Res.*, 2018 U.S. Dist. LEXIS 3208, at \*9 (E.D. Cal. Jan. 8, 2018); *SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 23357, at \*4-5 (Nexo must make a "reasonable effort to obtain the information needed to respond to the request."). Nexo had the necessary documents **<u>years</u>** "prior to the date [its] responses were originally due," as both Exhibits A and B are Nexo's own written communications to Plaintiff in 2021. Nexo even relied on Exhibit A in moving to dismiss nearly two years ago. ECF No. 19-6. Nexo simply cannot show good cause warranting amendment.