# Exhibit 2

# Exhibit 2



**Baker & McKenzie LLP**

800 Capitol Street, Suite 2100
Houston, TX 77002
United States

Tel: +1 713 427 5000
Fax: +1 713 427 5099
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

November 15, 2024

James Taylor-Copeland
james@taylorcopelandlaw.com
Max Ambrose
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101

**Re:**     ***Cress v. Nexo Capital Inc.***, **Case No. 3:23-cv-00882-TSH (N.D. Cal.)**

Dear Counsel:

We write to follow up regarding our October 31, 2024 meet and confer, your November 1 letter, and your November 13 email concerning certain final proposed compromise positions.

Baker & McKenzie LLP is a member of Baker & McKenzie International.



1. **NEXO'S DISCOVERY TO CRESS**

### NEXO'S INTERROGATORIES TO CRESS

We understand that we have reached a compromise on Nexo's interrogatories to Cress as described in the chart below. If you disagree, please let us know immediately.

| | Interrogatory Text | Plaintiff's Position | Nexo's Response |
|---|---|---|---|
| 1 | For each Claim You assert in Your First Amended Complaint, describe in detail all of Your claimed damages for each Claim and the factual support for any of Your damages calculations. | Plaintiff maintains that interrogatory 1 remains premature and subject to expert testimony.  Plaintiff also maintains that this interrogatory is compound, requesting several separate damages calculations under several different claims. However, within 45 days after Nexo produces to Plaintiff all transaction data for Cress, including Nexo's OTC desk transaction data which includes the execution prices of Cress's OTC purchases and sales, Plaintiff would be willing to supplement interrogatory 1 as four separate interrogatories for each claim:<br><br>1.    Damages calculations relating to Plaintiff's first COA for Fraudulent Inducement<br><br>2.    Damages calculations relating to Plaintiff's second COA for violation of UCL<br><br>3.    Damages calculations relating to Plaintiff's third COA for Unregistered Offer and Sale of Securities<br><br>4.    Damages calculations relating to Plaintiff's fifth COA for Fraud in the Offer and Sale of Securities | Nexo agrees to Plaintiff's proposal.<br><br>In agreeing to this compromise, Nexo does not agree with Plaintiff's characterization of the interrogatory as compound. Nexo is agreeing to the proposal in the interest of compromise and narrowing the scope of discovery issues in dispute. |
| 2 | In the table below or in a similar table, identify the facts and circumstances regarding all representations made by Nexo to You that you allege were false or misleading. Where any | Interrogatory 2 is clearly compound and constitutes at least 8 separate interrogatories.<br><br>Plaintiff will thus only respond to interrogatory 2 if Defendant agrees that each category | Based on our October 31 meet and confer, Nexo understands that Plaintiff agrees to Nexo's proposed compromise, which is Plaintiff will supplement interrogatory 2 as 3 separate |

Baker
McKenzie.

| | | |
|---|---|---|
| | of the below information is reflected and/or contained in a document, please identify the document by Bates Number.<br><br>a) the specific representation;<br><br>b) the source of the representation;<br><br>c) when the representation was made;<br><br>d) when You first became aware of the representation;<br><br>e) Your understanding of the meaning of the representation, including any changes<br><br>to Your understanding;<br><br>f) any other statements made by Nexo concerning the representation;<br><br>g) any specific actions You took or did not take based on the representation; and<br><br>h) which Claim in Your First Amended Complaint is associated with the<br><br>representation. | constitutes a separate interrogatory, and that Interrogatory 2 will constitute 8 total interrogatories (but Plaintiff will not answer more than 25 interrogatories as limited by Rule 33). | interrogatories for each fraud-based claim:<br><br>1.    Identify the alleged false representations and the associated facts and circumstances supporting Plaintiff's first COA for Fraudulent Inducement.<br><br>2.    Identify the alleged false representations and the associated facts and circumstances supporting Plaintiff's second COA for violation of UCL.<br><br>3.    Identify the alleged false representations and the associated facts and circumstances supporting Plaintiff's fifth COA for Fraud in the Offer and Sale of Securities.<br><br>In agreeing to this compromise, Nexo does not agree with Plaintiff's characterization of the interrogatory as compound. Nexo is agreeing to the proposal in the interest of compromise and narrowing the scope of discovery issues in dispute. |
| 3 | With respect to the Nexo advertisements and/or promotional materials referenced in Your First Amended Complaint, describe each Nexo material You saw, when You saw it, where You saw it, and the source of the material (i.e. print, e-mail, etc.). | Plaintiff will thus only answer interrogatory 3 as four separate interrogatories (but Plaintiff will not answer more than 25 interrogatories as limited by Rule 33).:<br><br>1.    With respect to the Nexo advertisements and/or promotional materials referenced in Your First Amended Complaint, describe each material You saw.<br><br>2.    With respect to any of the materials identified in Interrogatory 3, describe when You saw each material. | Based on our October 31 meet and confer, Nexo understands that Plaintiff agrees to Nexo's proposed compromise, which is that Plaintiff's will supplement the interrogatory to describe Cress's knowledge of the materials cited in his complaint (what, when, and where).  This will count as one interrogatory. |

| | | | |
|---|---|---|---|
| | | 3. With respect to any of the materials identified in Interrogatory 3, describe where you saw each material.<br><br>4. With respect to any of the materials identified in Interrogatory 3, describe the source of the material. | |
| 4 | Describe in detail the facts and circumstances concerning Your understanding of the following statement in Nexo's VIP Relationship Program Brochure – "Liquidation relief program – use the service in the event of a market crash to recover your liquidated assets" – including, without limitation, when You first became aware of the service, how You understood the service operated, the cost of the service, Your communications with Nexo related to the service, and any factual support for Your understanding of the service. | However, it is our understanding Nexo would like additional details regarding the facts and circumstances surrounding Plaintiff's understanding of the LRP, including referencing Bates numbers where documents are referenced, describing certain documents in more detail (such as the referenced Telegram posts), and describing certain conversations (such as his conversation with Hristov) in more detail. Plaintiff is willing to supplement his response to Interrogatory 4 provided that Nexo is willing to supplement its response to Plaintiff's Interrogatory No. 1 as outlined in Plaintiff's meet and confer letter. | Nexo agrees to Plaintiff's proposal. |
| 5 | Describe in detail all facts supporting Your contention that Nexo sold the NEXO Token to unaccredited investors as alleged in Your First Amended Complaint, including without limitation the details of those sales, whether any of those sales occurred in the United States, and whether the purchaser was a United States citizen or resident. | Rog 5 remains a premature contention interrogatory that remains better answered at the later stages of discovery. In particular, Plaintiff's investigation into the material facts of whether Nexo sold NEXO Tokens to unaccredited investors is ongoing. In addition, Nexo continues withholding relevant and responsive documents and information regarding the NEXO Token, such as Nexo's sales data of the NEXO Token, that would | Based on our October 31 meet and confer, Nexo understands that Plaintiff agrees to Nexo's proposed compromise, which is that Cress will amend to disclose all information presently known to Plaintiff concerning the alleged sales to unaccredited investors. If Plaintiff currently has no such information, he must say so. If he learns of information regarding this issue in the future, he can supplement the interrogatory response. |

| | | aid Plaintiff in responding to Nexo's Interrogatory 5.

Within 60 days after Nexo produces to Plaintiff documents regarding its marketing and sales of the NEXO token—including documents responsive to RFPs 33, 34, 35, 36, 37, 42, 44, 45 (as to the sale of NEXO), 46, 47, 51, 52, 56, 57, 58, 59 (as to the advertising of NEXO), 63, 64, 65, 68, 69, 70 (as to the NEXO Token), 76, 77, and 78—Plaintiff will supplement his answer to Interrogatory 5 to "Describe the material facts supporting Plaintiff's contention that Nexo sold the NEXO token to unaccredited investors." Plaintiff will continue to reserve the right to supplement his response to this interrogatory, and all interrogatories (and specifically contention interrogatories) into the later stages of discovery. | |

### NEXO'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO CRESS

Nexo understands that Plaintiff will supplement his written responses to Nexo's RFPs as stated in the chart below. Nexo understands the parties are at impasse with respect to highlighted RFPs 76, 77, 92, and 93. Nexo understands that the parties might have reached a compromise regarding RFP 82 but asks that Plaintiff confirm the understanding reflected in the chart.

**Production Statement – Applicable to All Requests**

Plaintiff has agreed to (1) amend his responses to specify whether Plaintiff is withholding any documents and/or data based on Plaintiff's general or specific objections to the Requests; and (2) amend his responses to clearly state whether Plaintiff is agreeing to produce all non-privileged documents in response to a request.

**Complete Objections to Production – Requests 1, 52, 62, 76-78, 82, 92, 93:**

| # | RFP Text | Plaintiff's Position | Nexo's Response |
|---|----------|---------------------|-----------------|
| 1 | All documents evidencing Your Coinbase transactions referenced in paragraph 35 of the | Plaintiff would be willing to conduct a diligent search for and produce non-privileged, responsive documents within his custody or control sufficient to show the Coinbase transactions referenced in paragraph 35 of the First Amended | Based on our October 31 meet and confer, Nexo understands that Plaintiff will produce responsive documents without the condition that Nexo drop other unrelated RFPs. |

| # | RFP Text | Plaintiff's Position | Nexo's Response |
|---|----------|---------------------|-----------------|
| | First Amended Complaint. | Complaint provided that Nexo will drop RFPD 76, 77, 92, and 93. | |
| 52 | All documents and communications relating to Your status as an accredited investor. | Plaintiff would be willing to conduct a diligent search for and produce non-privileged, documents and communications with VerifyInvestor.com within his custody or control. | Nexo agrees to Plaintiff's proposal. |
| 62 | All federal and state tax returns, including any amended returns, for You for the tax years 2021-2024. | Plaintiff would be willing to search for and produce his federal tax returns for the tax years 2021-2024 provided that Nexo will drop RFPD 76, 77, 92, and 93. | Based on our October 31 meet and confer, Nexo understands that Plaintiff will produce responsive documents without the condition that Nexo drop other unrelated RFPs. |
| 76 | All documents relating to Your cryptocurrency investments, and gains or losses, on platforms other than Nexo. | In a November 13 email, Plaintiff proposed to provide a spreadsheet showing all cryptocurrency transactions during 2021 if Nexo will agree that such production fully satisfies RFPD 76, 77, 92, and 93. | Nexo does not agree to Plaintiff's proposal. Nexo's final proposed compromise is production of monthly or quarterly account statements (including crypto asset balances in the account) and full transaction histories for all of Plaintiff's non-Nexo cryptocurrency accounts. |
| 77 | All documents relating to how You obtained the cryptocurrency assets that You transferred to the Nexo platform. | In a November 13 email, Plaintiff proposed to provide a spreadsheet showing all cryptocurrency transactions during 2021 if Nexo will agree that such production fully satisfies RFPD 76, 77, 92, and 93. | Nexo does not agree to Plaintiff's proposal. Nexo stands on the original request as drafted. |
| 78 | All documents relating to financial advisory or cryptocurrency investment advice or services that You obtained from third parties unrelated to Nexo | Plaintiff would be willing to search for and produce non-privileged, responsive documents within his custody or control reflecting cryptocurrency investment advice or services that Plaintiff obtained through payment to third parties unrelated to Nexo provided that Nexo will drop 76, 77, 92, and 93. | Based on our October 31 meet and confer, Nexo understands that Plaintiff will produce responsive documents without the condition that Nexo drop other unrelated RFPs. |
| 82 | All documents and communications related to the drop in cryptocurrency prices that occurred | Based on our October 31 meet and confer, Nexo understands that Plaintiff might be willing to produce material communications related to cryptocurrency price | Nexo agrees to exclude marginally relevant communications regarding cryptocurrency prices generally but insists on production of all documents and communications from that limited time period that discussed drops in cryptocurrency prices, including |

6

| # | RFP Text | Plaintiff's Position | Nexo's Response |
|---|---|---|---|
| | between March and June 2021. | fluctuations during the relevant time period. | communications to or from Cress or articles and updates that he received regarding that issue. |
| 92 | Documents sufficient to show the total cryptocurrency assets owned by You from 2021 to the present, including any cryptocurrency accounts that You held off the Nexo platform. | In a November 13 email, Plaintiff proposed to provide a spreadsheet showing all cryptocurrency transactions during 2021 if Nexo will agree that such production fully satisfies RFPD 76, 77, 92, and 93. | Nexo does not agree to Plaintiff's proposal. Nexo stands on the original request as drafted. |
| 93 | Documents sufficient to show Your total non-cryptocurrency investments from 2021 to the present, including any non-cryptocurrency brokerage, savings, bank, retirement, or investment accounts containing any financial asset owned by You. | In a November 13 email, Plaintiff proposed to provide a spreadsheet showing all cryptocurrency transactions during 2021 if Nexo will agree that such production fully satisfies RFPD 76, 77, 92, and 93. | Nexo does not agree to Plaintiff's proposal. Nexo stands on the original request as drafted. |

**Partial Objections to Production – Requests 18, 31, 63, 74, 84, 85, 86:**

| # | RFP Text | Plaintiff's Position | Nexo's Response |
|---|---|---|---|
| 18 | All documents You reviewed, relied upon, or were provided by Nexo regarding the past or future performance of the NEXO Token prior to Your purchase of the NEXO Token. | Plaintiff would be willing to conduct a diligent search for and produce non-privileged, responsive documents within his custody or control. Plaintiff will not search for or produce publicly available documents. | Nexo agrees to Plaintiff's proposal. |
| 31 | All documents reflecting Your | Plaintiff would be willing to conduct a diligent search for and | Nexo agrees to Plaintiff's proposal. |

| | | | |
|---|---|---|---|
| | allegations that the NEXO Tokens "were offered as part of one larger non-exempt offering of securities to the general public" in paragraph 91 of the First Amended Complaint. | produce non-privileged, responsive documents within his custody or control. Plaintiff will not search for or produce publicly available documents. | |
| 63 | All of Your communications with any person or entity relating to Nexo. | Plaintiff would be willing to conduct a diligent search for and produce non-privileged, communications within his custody or control concerning Nexo. | Nexo agrees to Plaintiff's proposal. |
| 75 | All documents relevant to understanding of the Liquidation Relief Program. | Plaintiff would be willing to conduct a diligent search for and produce non-privileged, documents within his custody or control concerning the Liquidation Relief Program. | Nexo agrees to Plaintiff's proposal. |
| 84 | All records from Your phone or App-based communications showing the date, time and duration of any phone or video based calls with any person affiliated with Nexo. | Plaintiff would be willing to conduct a diligent search for and produce non-privileged, responsive documents within his custody or control reflecting communications with persons known by Plaintiff to be affiliated with Nexo. | Nexo agrees to Plaintiff's proposal. |
| 85 | All recordings of any phone or video based calls with any person affiliated with Nexo. | Plaintiff would be willing to conduct a diligent search for and produce non-privileged, responsive documents within his custody or control reflecting communications with persons known by Plaintiff to be affiliated with Nexo. | Nexo agrees to Plaintiff's proposal. |
| 86 | All records showing the substance, date, time and duration of any transcribed chat that You had with any person affiliated with Nexo. | Plaintiff would be willing to conduct a diligent search for and produce non-privileged, responsive documents within his custody or control reflecting communications with persons known by Plaintiff to be affiliated with Nexo. | Nexo agrees to Plaintiff's proposal. |

8



We also write to follow up regarding our October 31 meet and confer and your November 1 letter concerning Plaintiff's discovery to Nexo.

**Relevant Period**:  At this juncture we stand on our limitations to the relevant time period. Nexo has agreed to produce documents that extend beyond the January 1, 2021 – July 2021 period with respect to certain targeted requests, but given the overbreadth of many of Plaintiff's requests and limited relevance of records before 2021 for the majority of Plaintiff's claims, cannot agree to a wholesale search of records dating back to 2017. We are willing to meet and confer with you concerning the relevant period as it relates to certain specific requests and/or categories of documents.

### 2.  CRESS'S DISCOVERY TO NEXO

### CRESS'S INTERROGATORIES TO NEXO

| # | Interrogatory Text | Nexo's Response |
|---|---|---|
| 2 | Describe the terms of the Liquidation Relief Program referenced in Exhibit A. | Nexo will supplement its response to interrogatory 2. |
| 3 | In the table below or in a similar table, please identify the following information regarding each sale of NEXO made by You: a. The date and time of the sale; b. The quantity of NEXO sold; c. The sale price; d. The place where the transaction was authorized; e. The order number of the sale (if any); f. The exchange on which the sale occurred (if any); g. The counterparty (if known); and h. (By Bates number) the contract pursuant to which the NEXO was sold (if any) | Nexo will produce documents or information sufficient to show direct sales of the NEXO Token in the United States. Nexo will also produce accredited investor certificates for US customers who purchased the NEXO Token. |
| 4 | If you offered to provide a Cryptocurrency Exchange consideration, in any form, to list NEXO, please identify the name of the Cryptocurrency Exchange, the amount and type of consideration offered, the date(s) on which you offered consideration, and the type of consideration ultimately provided, if any. | Nexo will supplement its response to interrogatory 4. |
| 5 | For each year from 2018 to the present, please state the percentage of Your total revenue that | Nexo will supplement its response to interrogatory 5. |



| | comes from (a) sales of NEXO and (b) liquidation of borrowing customers. | |
|---|---|---|

**CRESS'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO NEXO**

| # | RFP Text | Nexo's Response |
|---|---|---|
| 2 | "All organizational charts, working group lists and documents identifying officers and employees of Nexo, including contract employees." | Nexo will search for an org chart from 2021 that describes the Nexo affiliates, if any. Nexo will not produce an org chart that lists every person that worked for Nexo during a certain time period, as Nexo views the request as a fishing expedition. |
| 4 | "All documents and communications regarding Nexo's Liquidation relief program, including all communications with customers regarding the Liquidation relief program or requests for reimbursement referencing or relating to the Liquidation relief program." | Nexo previously agreed to produce all documents and communications with Cress concerning the LRP. As a further compromise, Nexo will produce all executed liquidation relief agreements that it can locate after a diligent research. |
| 5 | "All documents and communications regarding all representations made in the VIP Relationship Program brochure attached hereto as **Exhibit A,** including without limitation (1) Dedicated Relationship Manger, (2) OTC services with some of the best rates on the market, (3) Priority customer support, (4) Email SLA, (5) Direct phone number availability, (6) Purchase of large quantities of crypto – get institutional rates for amounts larger than $100,000, (7) Nexo Portfolio Booster, (8) Zero Cost Loan, (9) Liquidation relief program, and (10) Email SLA – get a response from the support team in 2 hours, 24/7." | Nexo will produce all communications with Cress regarding the VIP Relationship Program brochure. |
| 6 | "All documents and communications regarding Nexo's Liquidation relief program, including all communications with customers regarding the Liquidation relief program or requests for reimbursement referencing or relating to the Liquidation relief program." | Nexo will produce all communications with Cress regarding the LRP. |
| 7 | "All documents and communications regarding any reimbursement or compensation You have provided to customers in connection with the liquidation of their digital assets." | Nexo stands on its objections to this request. |
| 8 | "All documents and communications regarding the compensation structure for Nexo Relationship Managers, including all | Cress agreed to forego this RFP without prejudice. |

| # | RFP Text | Nexo's Response |
|---|----------|-----------------|
| | bonuses or incentives tied to customer borrowing or lending activity." | Nexo will produce Hristov's employment contract and the policy of any incentive structure that applied to Hristov. |
| 9 | "All documents and communications regarding Hristov's employment and compensation between January 1, 2020, and the present, including any bonuses, incentives, or other payments to Hristov in connection with Plaintiff's activity on the Nexo Platform." | Nexo will produce Hristov's employment contract and the policy of any incentive structure that applied to Hristov. |
| 10 | "All public statements regarding the VIP Relationship Program or the Liquidation Relief Program." | Nexo will produce non-privileged, responsive documents. |
| 11 | "All documents and communications regarding bonus compensation provided to any of Your executives." | Cress agreed to limit this request to all documents and communications regarding bonus compensation provided to any of Your executives relating to the NEXO Token, VIP Relationship Program, or the Liquidation Relief Program. <br><br> Nexo will produce Hristov's employment contract and the policy of any incentive structure that applied to Hristov. |
| 12 | "All documents and communications regarding whether Nexo was operating in California as a finance lender or whether Nexo needed a license from the California Department of Business Oversight." | Cres agreed to forego this RFP without prejudice. <br><br> Nexo will produce documents sufficient to show whether any Nexo affiliate held a California finance lender license. |
| 13 | "All documents and communications regarding why You provide more favorable interest rates to customers that hold the NEXO Token." | Cress agreed to forego this RFP without prejudice. <br><br> Nexo will produce documents sufficient to show why it provided more favorable interest rates to customers that hold the NEXO Token. |
| 14 | "All documents and communications regarding whether customers holding the NEXO Token were more or less likely to be liquidated than customers who did not hold the NEXO Token." | Nexo stands on its objections to this request. |
| 15 | "All documents and communications regarding the volatility of the NEXO Token, including the volatility of the NEXO Token compared to Bitcoin." | Cress agreed to forego this RFP without prejudice. |
| 16 | "All documents and communications regarding Hristov's calculation of | Nexo will produce non-privileged, responsive documents. |

11

| # | RFP Text | Nexo's Response |
|---|----------|-----------------|
|  | Plaintiff's liquidation thresholds in his March 23, 2023 email to Plaintiff." |  |
| 17 | "All documents and communications regarding Nexo registering NEXO with the SEC as a security." | Nexo will produce the 2018 Form Ds. |
| 18 | "All documents and communications regarding the March 24, 2021, Cryptocurrency Purchase Agreement between Plaintiff and Nexo." | Nexo will produce the CPA and all communications with Cress regarding the CPA. |
| 19 | "All documents and communications regarding all purchase orders submitted by Plaintiff and all digital assets purchased by You on behalf of Plaintiff. For the avoidance of doubt, this Request includes records of all purchases of BTC, ETH, and NEXO made pursuant to the March 24, 2021, Cryptocurrency Purchase Agreement and/or Plaintiff's instructions." | Nexo will produce non-privileged, responsive documents. |
| 20 | "All communications between Hristov and Nexo's "OTC team" regarding Plaintiff, Plaintiff's orders, and/or the acquisition of digital assets on behalf of Plaintiff." | Nexo will produce non-privileged, responsive documents. |
| 21 | "All documents and communications regarding execution of any orders placed by Plaintiff, including the use of time weighted average purchases, or other execution strategies." | Nexo will produce non-privileged, responsive documents. |
| 22 | "All documents and communications regarding Nexo's "OTC team" or "OTC desk."" | Cress agreed to forego this RFP without prejudice.<br><br>Nexo will produce non-privileged, responsive documents concerning Cress. |
| 23 | "All documents and communications regarding any notice provided to Plaintiff prior to liquidation or partial liquidation of his assets." | Nexo will produce non-privileged, responsive documents. |
| 24 | "All documents and communications regarding which assets You liquidate first when a customer's LTV rises above a prescribed level." | Cress agreed to forego this RFP without prejudice.<br><br>Nexo will produce documents sufficient to show its policy regarding the LTV threshold for liquidation of customer assets. |
| 25 | "All documents and communications regarding all revenue You received as a result of the liquidation of Plaintiff's assets." | Nexo will produce Cress's transaction history. Nexo will also produce any internal financial metrics that Nexo collected in the regular course of business regarding Cress's account specifically. |

**Baker McKenzie.**

| # | RFP Text | Nexo's Response |
|---|---|---|
| 26 | "All documents and communications regarding all revenue associated with Plaintiff, his account, his orders, or the liquidation of his assets." | Nexo will produce Cress's transaction history. Nexo will also produce any internal financial metrics that Nexo collected in the regular course of business regarding Cress's account specifically. |
| 27 | "All documents and communications regarding all expenses associated with Plaintiff, his account, his order, or the liquidation of his assets." | Nexo will produce Cress's transaction history. Nexo will also produce any internal financial metrics that Nexo collected in the regular course of business regarding Cress's account specifically. |
| 28 | "All documents and communications regarding all profit You realized associated with Plaintiff, his account, his order, or the liquidation of his assets." | Nexo will produce Cress's transaction history. Nexo will also produce any internal financial metrics that Nexo collected in the regular course of business regarding Cress's account specifically. |
| 29 | "All documents and communications regarding the profitability of Your collateralized lending, including whether liquidation of customer assets was profitable, and what percentage of your profits are derived from the liquidation of customer assets." | Nexo will produce Cress's transaction history. Nexo will also produce any internal financial metrics that Nexo collected in the regular course of business regarding Cress's account specifically. |
| 30 | "All documents and communications regarding setting the LTV threshold for liquidation of customer assets." | Cress agreed to forego this RFP without prejudice.<br><br>Nexo will produce documents sufficient to show its policy regarding the LTV threshold for liquidation of customer assets. |
| 31 | "All documents and communications regarding the availability and response time of customer support, including whether VIP customers could receive a response "in 2 hours, 24/7", a "dedicated relationship manager," and "direct phone number availability." | Nexo will produce all communications with Cress regarding the VIP Relationship Program brochure. |
| 32 | "All documents and communications regarding whether customer collateral earned or did not earn interest." | Cress agreed to forego this RFP without prejudice.<br><br>Nexo will produce documents sufficient to show its policy and statements regarding whether customer collateral earned or did not earn interest. |
| 33 | "Documents sufficient to identify each NEXO transaction You entered into during the Relevant time period, including the date and time of each transaction, the quantity, consideration received, counterparty, and place where the transaction was authorized." | Nexo will produce documents or information sufficient to show direct sales of the NEXO Token in the United States. Nexo will also produce accredited investor certificates for US customers who purchased the NEXO Token. |
| 34 | "All documents and communications concerning the listing of NEXO on any Cryptocurrency Exchange, including any consideration You offered or provided to any | Nexo stands on its objections to this request. |

13

| # | RFP Text | Nexo's Response |
|---|----------|-----------------|
| | Cryptocurrency Exchange and any legal memoranda, letter, or opinion regarding whether NEXO is a security You provided to any Cryptocurrency Exchange." | |
| 35 | "All documents and communications regarding whether NEXO is or was a security under state or federal law." | Nexo will produce non-privileged, responsive documents. |
| 36 | "All documents and communications concerning business plans, development costs, financial projections, budgets, balance sheets, audits, inventories, internal investigations or complaints, and due diligence or pricing of NEXO, including, but not limited to, presentations, whitepapers, memos, reports, notes and analyses." | Nexo stands on its objections to this request. |
| 37 | "All marketing or investor communications, presentations, videos (including videos posted to youtube.com), scripts, talking points, blog posts and itineraries. This Request includes (but is not limited to) such documents that were initially used for some other purpose but later were used or edited for purposes of marketing NEXO or equity in Nexo to potential investors or otherwise for the purpose of being displayed on the Nexo.com website." | Nexo stands on its objections to this request. |
| 38 | "All Board and committee minutes, handouts, agendas, presentations, and other documents provided to Nexo directors in connection with Board or committee meetings." | Cress agreed to forego this RFP without prejudice. |
| 39 | "All archived, saved or printed webpages from the Nexo.com or Nexo.io websites and any other websites You own, control, or operate." | Nexo stands on its objections to this request. |
| 40 | "All analytics and statistics for the Nexo.com or Nexo.io websites and any other websites you own, control, or operate, including all information collected regarding visitors and clicks." | Nexo stands on its objections to this request. |
| 41 | "All communications between you and Cryptocurrency Exchanges regarding NEXO." | Nexo stands on its objections to this request. |
| 42 | "Any invoice, transaction history, or other document evidencing proof of payment, order, and receipt, as well as the date of payment, | Nexo will produce NEXO Token sales data specific to Cress. |

14

| # | RFP Text | Nexo's Response |
|---|----------|-----------------|
| | order, and receipt, concerning any NEXO sales. | |
| 43 | "Documents sufficient to identify all Persons holding any equity interest in Nexo during the Relevant Period." | Nexo stands on its objections to this request. |
| 44 | "All documents and communications concerning NEXO." | Cress agreed to forego this RFP without prejudice. |
| 45 | "All documents and communications with law enforcement or regulatory agencies regarding the sale of NEXO, the Earn Interest Product, or collateralized lending including the DOJ, SEC, Finra, FinCEN, the New York Department of Financial Services, or the California Division of Corporations. For the avoidance of doubt this request includes all subpoenas received from law enforcement or regulatory agencies, including the DOJ and SEC, as well as any and all documents produced in response to those subpoenas and transcripts or notes memorializing any interviews provided to law enforcement or regulatory agencies." | Nexo stands on its objections to this request. |
| 46 | "All documents and communications concerning the Form Ds filed by You in 2018, and all NEXO sales referenced in those Form Ds." | Nexo will produce the 2018 Form Ds. |
| 47 | "All documents and communications concerning contracts or agreements entered into by You concerning NEXO." | Nexo stands on its objections to this request. |
| 48 | "Documents sufficient to identify all Ethereum addresses that You own, control, or control the private key to." | Nexo stands on its objections to this request. |
| 49 | "Documents sufficient to identify all ETH, BTC, and NEXO addresses that You own, control, or control the private key to." | Nexo stands on its objections to this request. |
| 50 | "All documents reflecting your document destruction or retention policy during the Relevant Period, including with respect to e-mail, text messages or other electronic media storage or devices." | Nexo will produce non-privileged, responsive documents. |
| 51 | "All documents and communications concerning the creation or genesis of NEXO." | Nexo will produce the Nexo whitepaper. |
| 52 | "All documents and communications concerning the allocation and ownership of | Nexo stands on its objections to this request. |

15

| # | RFP Text | Nexo's Response |
|---|---|---|
| | NEXO upon the launch or initial distribution of the NEXO Token." | |
| 53 | "All documents and communications concerning how Nexo funds its operations." | Cress agreed to forego this RFP without prejudice. Regarding Plaintiff's proposal to modify the request to seek Nexo's financial statements from 2018 through 2021, Nexo is still assessing that proposed compromise and will revert as soon as possible. |
| 54 | "All documents and communications concerning the ownership structure of Nexo, including any capitalization tables." | Cress agreed to forego this RFP without prejudice. |
| 55 | "All documents and communications concerning the purchase or sale of any ownership interest in Nexo." | Cress agreed to forego this RFP without prejudice. |
| 56 | "All documents and communications concerning planned uses for the NEXO Proceeds at or before the time of the first sale of NEXO." | Nexo stands on its objections to this request. |
| 57 | "All documents and communications concerning the use of the NEXO Proceeds, including all documents and communications evidencing any and all payments made with the NEXO Proceeds." | Nexo stands on its objections to this request. |
| 58 | "All documents and communications concerning the sale, exchange or conversion of the NEXO Proceeds into other digital currency, fiat currency, stocks, bonds, precious metals, venture capital, or other investments." | Nexo stands on its objections to this request. |
| 59 | "All documents and communications concerning NEXO, the Earn Interest Product, or collateralized lending shared with journalists or disseminated to other third parties. For the avoidance of doubt, this request includes all advertising regarding NEXO, the Earn Interest Product, or collateralized lending." | Nexo stands on its objections to this request. |
| 60 | "All social media and chat room posts and communications by Nexo regarding NEXO or the Liquidation Relief Program including without limitation posts and communications on Twitter, Reddit, Riot.im, slack.com, telegram.org, and discordapp.com." | Nexo stands on its objections to this request. |

16

| # | RFP Text | Nexo's Response |
|---|----------|-----------------|
| 61 | "All documents and communications regarding any payments to third parties in exchange for, or associated with, statements made by that third party on social media, in chat rooms, elsewhere on the internet, or through traditional media concerning NEXO, Nexo, or the Liquidation Relief Program." | Nexo stands on its objections to this request. |
| 62 | "All documents and communications regarding Your use of click farms, bots, or any other means of artificially increasing exposure of any online or social media messaging or posting." | Nexo stands on its objections to this request. |
| 63 | "All agreements between You and any Person which impose or purport to impose restrictions upon the sale or resale of NEXO." | Nexo stands on its objections to this request. |
| 64 | "All documents and communications regarding Your sales of NEXO on Cryptocurrency Exchanges." | Nexo stands on its objections to this request. |
| 65 | "All documents and communications regarding Your direct sales of NEXO." | Nexo will produce documents or information sufficient to show direct sales of the NEXO Token in the United States. Nexo will also produce accredited investor certificates for US customers who purchased the NEXO Token. |
| 66 | "Calendars, journals, notes and other documents concerning the performance of official duties concerning any allegations in the Complaint or any defense or response thereto by any Nexo employee, officer, director or agent." | Cress agreed to forego this RFP without prejudice. |
| 68 | "All recordings or transcripts of public statements made by You or on Your behalf in connection with or regarding the offer or sale of NEXO." | Nexo stands on its objections to this request. |
| 69 | "All documents memorializing, evidencing or concerning any non-public statements You made to any purchaser or potential purchaser of NEXO regarding the offer or sale of NEXO, including whether NEXO was registered with the SEC." | Nexo stands on its objections to this request. |
| 70 | "All documents and communications concerning any statement made by Trenchev regarding the NEXO Token or the Liquidation Relief Program." | Nexo will produce any statements made by Trenchev regarding the LRP. |

17

| # | RFP Text | Nexo's Response |
|---|---|---|
| 72 | "All documents and communications concerning removal of the Liquidation Relief Program from the VIP client brochure and email solicitations." | Nexo will produce documents sufficient to show whether it removed the LRP from the VIP client brochure and email solicitations. |
| 73 | "All communications made by Teodora Atanasova about the Liquidation Relief Program." | Nexo will produce all communications between Teodora Atanasova and Cress. |
| 74 | "All communications made by Your Support Manager rosen@nexo.io and rosen@nexo.com about the Liquidation Relief Program." | Nexo will produce all communications between Rosen and Cress. |
| 75 | "All communications concerning information about Your customer's liquidation prices." | Cress agreed to forego this RFP without prejudice. |
| 76 | "All documents and communications regarding any utility provided by the NEXO Token." | Cress agreed to forego this RFP without prejudice. Nexo will produce documents sufficient to show its policy and statements regarding the utility provided by the NEXO Token. |
| 77 | "All documents and communications concerning Your use of market makers in connection with NEXO. | Nexo stands on its objections to this request. |
| 78 | "All documents concerning Your NEXO holdings during the Relevant Period, including in blockchain wallets and on Cryptocurrency Exchanges." | Nexo stands on its objections to this request. |

I look forward to continuing our meet and confer discussions regarding these matters. We believe that by continuing to confer in good faith, we can continue to narrow the discovery issues in dispute.

Regards,

Ian S. Shelton

cc:        Michael Bahar, michaelbahar@eversheds-sutherland.com
           Alex Fuchs, alexfuchs@eversheds-sutherland.com

18