1
2
3
4                              UNITED STATES DISTRICT COURT
5                            NORTHERN DISTRICT OF CALIFORNIA
6
7    JOHN CRESS,                              Case No. 23-cv-00882-TSH
8                    Plaintiff,
9         v.                                 **ORDER RE:  ADMINISTRATIVE
                                             MOTIONS TO FILE UNDER SEAL**
10   NEXO CAPITAL INC.,                       Re: Dkt. Nos. 75, 79
11                  Defendant.
12
13                           **I.     INTRODUCTION**
14         Plaintiff John Cress filed this action against Defendants Nexo Financial LLC, Nexo

15   Financial Services Ltd., Nexo AG, Nexo Capital, Inc., and Antoni Trenchev, Nexo's CEO,

16   alleging the Nexo parties fraudulently induced him to take out loans collateralized by millions of

17   dollars in digital assets, which were ultimately sold by the Nexo parties.  ECF No. 1.  Nexo

18   Capital, Inc. ("Nexo") is the only remaining defendant in the case.  ECF No. 37 at 7.  Pending

19   before the Court are two Administrative Motions to Consider Whether Another Party's Material

20   Should Be Sealed, one filed by Cress and one filed by Nexo.  ECF Nos. 75, 79.  For the reasons

21   stated below, the Court **GRANTS IN PART and DENIES IN PART** Cress's Administrative

22   Motion and **DENIES** Nexo's Administrative Motion.[1]

23                          **II.     LEGAL STANDARD**

24         "Historically, courts have recognized a 'general right to inspect and copy public records

25   and documents, including judicial records and documents.'"  *Kamakana v. City and Cty. of*

26   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

27   _____

28   [1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 6, 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

U.S. 589, 597, n.7 (1978)).  Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point."  *Id.* (cleaned up).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180.

Here, the documents at issue in Cress's Administrative Motion (ECF No. 75) and Nexo's Administrative Motion (ECF No. 79) were filed in connection with Cress's Motion for Leave to Amend First Amended Complaint (ECF No. 76).  When parties seek to seal exhibits offered in support of motions for leave to amend and oppositions thereto, "the parties need only demonstrate 'good cause' in order to support their requests to seal."  *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("Nondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials.") (cleaned up).  Accordingly, the good cause standard applies to both Administrative Motions.

Civil Local Rule 79-5 supplements the "compelling reasons" standard.  *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Civ. L.R. 79-5(f).  This motion must identify each document or portions thereof for which sealing is sought.  *Id.*  "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable

2

United States District Court
Northern District of California

legal standard and the reasons for keeping a document under seal." *Id.* at 79-5(c)(1), (f).  That

statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the

injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is

not sufficient.  *Id.* at 79-5(c)(1).  A failure to file a statement or declaration may result in the

unsealing of the provisionally sealed document without notice to the Designating Party.  *Id.*

## III.  DISCUSSION

### A.  ECF No. 75

On September 30, 2025, Cress filed an Administrative Motion to Consider Whether

Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with

his Motion for Leave to Amend First Amended Complaint.  ECF Nos. 75, 76.  Cress requests that

sixteen documents be filed under seal:

- Declaration of James Taylor-Copeland ("Taylor-Copeland Decl.") (ECF No. 76-1), Ex. 2 (ECF No. 75-4)
- Taylor-Copeland Decl., Ex. 3 (ECF No. 75-5)
- Taylor-Copeland Decl., Ex. 4 (ECF No. 75-6)
- Taylor-Copeland Decl., Ex. 5 (ECF No. 75-7)
- Taylor-Copeland Decl., Ex. 6 (ECF No. 75-8)
- Taylor-Copeland Decl., Ex. 7 (ECF No. 75-9)
- Taylor-Copeland Decl., Ex. 8 (ECF No. 75-10)
- Taylor-Copeland Decl., Ex. 9 (ECF No. 75-11)
- Taylor-Copeland Decl., Ex. 10 (ECF No. 75-12)
- Taylor-Copeland Decl., Ex. 11 (ECF No. 75-13)
- Taylor-Copeland Decl., Ex. 12 (ECF No. 75-14)
- Taylor-Copeland Decl., Ex. 13 (ECF No. 75-15)
- Taylor-Copeland Decl., Ex. 14 (ECF No. 75-16)
- Taylor-Copeland Decl., Ex. 15 (ECF No. 75-17)
- Taylor-Copeland Decl., Ex. 16 (ECF No. 75-18)
- Taylor-Copeland Decl., Ex. 17 (ECF No. 75-19)

1  ECF No. 75.

2      On October 7, 2025, Nexo responded to Cress's Administrative Motion requesting sealing

3  of eight documents:  Taylor-Copeland Decl., Exs. 2, 9, 10, 11, 12, 13, 16, 17.  ECF No. 78.  Nexo

4  also requests "the redaction of the third-party email addresses of Nexo customers in Exhibits 4 and

5  15" to the Taylor-Copeland Declaration.  *Id.*  In support of its request, Nexo submits a declaration

6  from Antoni Trenchev setting forth the bases for sealing each document.  *See* Declaration of

7  Antoni Trenchev ("Trenchev Decl.") (ECF No. 78-1).

8      Overall, Nexo argues that the documents at issue "disclose its proprietary and confidential

9  business and financial information," and "disclose its commercially sensitive and non-public

10  correspondence with U.S. regulators."  ECF No. 78 at 2.  Exhibit 2 purportedly describes "retail

11  OTC execution procedures, potential alternative procedures, and historic customer and financial

12  data and transaction volumes."  *Id.* at 4 (citing Trenchev Decl. ¶ 5).  Exhibit 9 purportedly

13  describes "a collateral liquidation transaction and provides various calculations, formulas, and

14  screenshots from internal systems reflecting system architecture."  *Id.* (citing Trenchev Decl. ¶ 7).

15  "Exhibit 10 is a spreadsheet summarizing non-public historical financial performance and

16  revenues from various sources."  *Id.* at 5 (citing Trenchev Decl. ¶ 8).  Exhibit 13 purportedly

17  describes "the 'flow' for customer service outreach regarding certain Nexo services, including

18  examples, templates, and internal Nexo email addresses."  *Id.* (citing Trenchev Decl. ¶ 10).

19  "Exhibit 11 and 12 are Nexo's responses to regulatory inquiries sent by Nexo's external legal

20  counsel."  *Id.* at 6 (citing Trenchev Decl. ¶¶ 9, 12).  "Exhibits 16 and 17 are additional responses

21  to regulatory inquiries."  *Id.* (citing Trenchev Decl. ¶ 12).  Finally, Exhibits 4 and 15 disclose

22  email addresses of Nexo customers who are not parties to this litigation.  *Id.* at 4 (citing Trenchev

23  Decl. ¶¶ 6, 11).

24      The Court has reviewed the requested documents to be sealed and finds that good cause

25  exists to seal the documents as they relate to Nexo's confidential business information and non-

26  public correspondence with regulators.  *See Regis Metro Associates, Inc. v. NBR Co*., *LLC*, No.

27  20-cv-02309-DMR, 2022 WL 267443, at *14 (N.D. Cal. Jan. 28, 2022) (granting motion to seal

28  because "[a]ll of the documents contain sensitive business information or may be subject to

United States District Court
Northern District of California

United States District Court
Northern District of California

1   confidentiality agreements"); *LaBarge v. Elutia, Inc.*, No. 24-cv-1857-MMA-DEB, 2025 WL

2   1296700, at *2 (S.D. Cal. May 5, 2025) (finding good cause exits to seal exhibits containing

3   "material resulting from government inspection, both conclusions and responses").  The Court

4   also finds that good cause exists to redact email addresses of Nexo customers from Exhibits 4 and

5   15 to the Taylor-Copeland Declaration. *See Doe v. City of San Diego*, No. 12-cv-689-MMA-

6   DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (finding compelling reasons exist to seal

7   documents containing personal information that is irrelevant to the matter).

8        Accordingly, the Court **GRANTS** Cress's Administrative Motion to seal Taylor-Copeland

9   Decl., Ex. 2 (ECF No. 75-4), Taylor-Copeland Decl., Ex. 9 (ECF No. 75-11), Taylor-Copeland

10  Decl., Ex. 10 (ECF No. 75-12), Taylor-Copeland Decl., Ex. 11 (ECF No. 75-13), Taylor-Copeland

11  Decl., Ex. 12 (ECF No. 75-14), Taylor-Copeland Decl., Ex. 13 (ECF No. 75-15), Taylor-Copeland

12  Decl., Ex. 16 (ECF No. 75-18), and Taylor-Copeland Decl., Ex. 17 (ECF No. 75-19).  Nexo is

13  hereby **DIRECTED** to file Taylor-Copeland Decl., Ex. 4 (ECF No. 75-6), and Taylor-Copeland

14  Decl., Ex. 15 (ECF No. 75-17) in the public record with the email addresses of Nexo customers

15  redacted within four days from the date of this order.

16       Nexo states that it does not request sealing of Exhibits 3, 5, 6, 7, 8, and 14 to the Taylor-

17  Copeland Declaration.  ECF No. 78.  Accordingly, the Court **DENIES** Cress's Administrative

18  Motion to seal Taylor-Copeland Decl., Ex. 3 (ECF No. 75-5), Taylor-Copeland Decl., Ex. 5 (ECF

19  No. 75-7), Taylor-Copeland Decl., Ex. 6 (ECF No. 75-8), Taylor-Copeland Decl., Ex. 7 (ECF No.

20  75-9), Taylor-Copeland Decl., Ex. 8 (ECF No. 75-10), and Taylor-Copeland Decl., Ex. 14 (ECF

21  No. 75-16), and Cress is hereby **DIRECTED** to file these items in the public record within four

22  days from the date of this order.

23  **B.     ECF No. 79**

24       On October 14, 2025, Nexo filed an Administrative Motion to Consider Whether Another

25  Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with its

26  Opposition to Cress's Motion for Leave to Amend.  ECF Nos. 79, 80.  Nexo requests that four

27  documents be filed under seal:

28       • Declaration of Ian S. Shelton ("Shelton Decl.") (ECF No. 79-1), Ex. 8 (ECF No.

79-4)

- Shelton Decl., Ex. 9 (ECF No. 79-5)
- Shelton Decl., Ex. 10 (ECF No. 79-6)
- Shelton Decl., Ex. 11 (ECF No. 79-7)

ECF No. 79.[2]

Under Civil Local Rule 79-5(f)(3), Cress had seven days to file a statement or declaration justifying the sealing. Cress did not do so. Accordingly, the Court **DENIES** Nexo's Administrative Motion to seal Shelton Decl., Ex. 8 (ECF No. 79-4), Shelton Decl., Ex. 9 (ECF No. 79-5), Shelton Decl., Ex. 10 (ECF No. 79-6), and Shelton Decl., Ex. 11 (ECF No. 79-7), and Nexo is hereby **DIRECTED** to file these items in the public record within four days from the date of this order.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** Cress's Administrative Motion and **DENIES** Nexo's Administrative Motion.

**IT IS SO ORDERED.**

Dated: October 30, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] Nexo filed redacted versions of these exhibits to the Shelton Declaration on the public docket. *See* ECF Nos. 80-9 (Ex. 8), 80-10 (Ex. 9), 80-11 (Ex. 10), 80-12 (Ex. 11).

United States District Court
Northern District of California