Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, California 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol Street, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5067
Fax: (713) 427-5099

*Attorneys for Defendant Nexo Capital Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

JOHN CRESS,

          Plaintiff,

    vs.

NEXO CAPITAL INC.,

          Defendant.

Case No. 3:23-cv-00882-TSH

The Honorable Thomas S. Hixson

**DEFENDANT NEXO CAPITAL INC.'S ORIGINAL ANSWER TO PLAINTIFF JOHN CRESS'S SECOND AMENDED COMPLAINT (DKT. 88)**

Defendant Nexo Capital Inc. ("Nexo" or "Defendant") files this Answer to Plaintiff John Cress's ("Cress" or "Plaintiff") Second Amended Complaint ("SAC") (Dkt. 88).

### INTRODUCTION

1.    Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff has brought the above-captioned

civil action against Defendant. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 1.

2.      Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Desist and Refrain Order cited in Paragraph 2, Footnote 1 was issued by the California Department of Financial Protection and Innovation on or about September 26, 2022. Defendant denies Cress's characterization of that Order, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 2.

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's residency, whether Plaintiff's digital assets were "substantial," or Plaintiff's motivation for moving his assets to the Nexo platform, and therefore denies those allegations. Defendant admits that Plaintiff had a Nexo account but denies his characterization of the "account" as interest-bearing. Nexo admits that it provides a service allowing certain customers to obtain credit lines collateralized by cryptocurrency assets but denies Plaintiff's characterization of that service. Nexo admits that in certain circumstances it will liquidate the collateral held in a Nexo account if the loan-to-value ratio ("LTV") of the customer's collateralized credit line becomes too high. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 3.

4.      Defendant denies the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that, on or about January 19, 2023, the U.S. Securities and Exchange Commission ("SEC") issued a Cease and Desist Order related to the "Earn Interest Product" ("EIP Product"). Defendant denies Cress's characterization of that

2

Order, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 6.

7.     Defendant admits that certain Bulgarian authorities conducted an investigation into Nexo but denies that Nexo engaged in any illegal activities. Defendant is without sufficient information to form a belief as to the truth of Plaintiff's characterization of the details of the "raid" referenced in Paragraph 7, and therefore denies those allegations. Defendant admits to the existence of the quoted articles cited in Paragraph 7 and Footnote 2 but denies Plaintiff's characterization of those articles, which speak for themselves. Defendant is without sufficient information to form a belief as to the truth of Plaintiff's characterization of the motivation for the investigation by certain Bulgarian authorities, and Defendant further denies that it engaged in the wrongdoing identified in the last sentence of Paragraph 7. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 7.

**PARTIES**

8.     Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's residency, and therefore denies the allegations in Paragraph 8.

9.     Defendant admits that Nexo Capital Inc. ("Nexo Capital") is a Cayman Islands corporation, but Defendant denies that its principal place of business and headquarters is in London, England. Defendant admits that Nexo Capital Inc. is the Nexo entity that issued a collateralized credit line to Plaintiff. Defendant further admits that Nexo Capital Inc. operates Nexo's website.

**JURISDICTION AND VENUE**

10.     Defendant does not contest that this Court has subject matter jurisdiction over Plaintiff's claims. Defendant denies that Plaintiff has any valid claims.

11.     Defendant does not contest personal jurisdiction in this judicial district over Nexo Capital Inc. for the limited purpose of this action only.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

12.    Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.    Defendant admits the allegations in Paragraph 13.

14.    Defendant is without sufficient knowledge or information to form a belief as to the truth of where the alleged events or omission giving rise to Plaintiff's claims occurred, and therefore denies those allegations.

**FACTUAL ALLEGATIONS**

**A.    Background**

**1.    Nexo and Crypto-Lending[1]**

15.    Defendant admits that it maintains and operates the Nexo website. Defendant admits that it provided services allowing certain customers to obtain credit lines collateralized by cryptocurrency assets, subject to the terms and conditions in the Nexo Crypto Credit General Terms and Conditions, but denies Plaintiff's characterization of those services. Defendant admits that it paid cryptocurrency "interest" on certain assets held on the Nexo platform, subject to the Nexo Earn Interest Product General Terms and Conditions, but denies Plaintiff's characterization of those services. Defendant admits that digital assets in a "Savings Wallet" can serve as back-up collateral in certain circumstances, but denies Plaintiff's characterization of that feature. Defendant is without sufficient information to form a belief as to the truth of the quoted language in the last sentence of Paragraph 15 because Plaintiff does not identify the source of the quotation, and therefore denies those allegations. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 15.

16.    Defendant denies that a customer "can borrow as much cash as they want" on the Nexo platform. Defendant denies Plaintiff's characterization of the Nexo service providing collateralized credit lines, which is subject to the terms and conditions in the Nexo Crypto

---

[1] Plaintiff has included various factual statements in section headers throughout his SAC. Defendant denies the statements and characterizations in each such header.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Credit General Terms and Conditions. Defendant admits that the value of some but not all collateral fluctuates with the price of the digital assets held as collateral. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 16.

17.    Defendant admits that, at certain times, a customer must deposit more digital assets or pay down his or her credit line to maintain the requisite LTV ratio. Defendant admits that, if a customer's LTV ratio rises above a certain threshold, to bring the LTV ratio back in line, Nexo will transfer assets from the customer's Savings Wallet to the Credit Line Wallet and/or automatically sell ("liquidate") the collateral, but Defendant denies that those are the only methods to bring the LTV ratio back in line. Defendant admits that, in certain circumstances, a liquidation may result in the liquidation of all a customer's digital assets held in the Credit Line Wallet and/or Savings Wallet. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 17.

18.    Defendant admits that a customer may use the proceeds of a collateralized credit line to purchase additional digital assets in certain circumstances and subject to certain limitations, but Defendant denies Plaintiff's characterization of the service. Defendant denies that Defendant is "selling customers a complex leveraged long on a basket of digital assets." Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 18.

19.    Defendant admits that leveraged cryptocurrency trading can be high risk. Defendant admits that the higher the leverage, the higher the risk of getting liquidated with respect to the collateralized credit line product. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies those allegations.

### 2.    Plaintiff's Investment in Digital Assets

20.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 regarding Plaintiff's motivation for transferring his digital assets to his Savings Wallet, and therefore denies those allegations. Defendant admits that Plaintiff began a series of cryptocurrency deposits to his Nexo account in March 2021 but denies Plaintiff's characterization of those deposits. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 21.

22.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies those allegations.

**B.    Nexo Solicited Plaintiff to Borrow Against his Digital Assets**

23.    Defendant admits that Hristiyan Hristov ("Hristov") communicated with Plaintiff, but denies Plaintiff's characterization of the communication, which speaks for itself. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies those allegations.

24.    Defendant admits that Hristov communicated with Plaintiff, but denies Plaintiff's characterization of the communication, which speaks for itself.

25.    Defendant admits that Plaintiff responded to a communication from Hristov, but denies Plaintiff's characterization of the communication, which speaks for itself.

26.    Defendant admits that Hristov sent Plaintiff a VIP Program Brochure, but denies Plaintiff's characterization of the brochure, which speaks for itself. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore denies those allegations.

27.    Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself.

28.    Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 28.

**C.    Plaintiff Relied on Nexo's Representations in Borrowing Against his Digital Assets**

29.    Nexo is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies those allegations.

30.    Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Nexo is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies those allegations.

31.    Defendant denies the allegations in Paragraph 31.

32.    Defendant admits that Plaintiff took out various collateralized credit lines in March and April 2021. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 regarding Plaintiff's interest in borrowing or reliance, and therefore denies those allegations. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 32.

**D.    Nexo's Unlicensed Lending Activity**

33.    Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

**E.    Nexo Requires Plaintiff to Purchase its Highly Volatile NEXO Token**

34.    Defendant denies the allegations in Paragraph 34.

35.    Defendant denies the allegations in Paragraph 35.

36.    Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 36.

37.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the Plaintiff's previous considerations, and therefore denies those allegations. Defendant denies the remaining allegations in Paragraph 37.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

38.     Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 38.

39.     Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Defendant denies the remaining allegations in Paragraph 39.

40.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies those allegations.

41.     Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself.

42.     Defendant denies the allegations in Paragraph 42.

43.     Defendant denies the allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.

46.     Defendant denies the allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

**F.      Nexo's "OTC Trading Team" Is a Mirage**

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53, including its subparts.

54.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies those allegations.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

55. Defendant denies Plaintiff's characterization of Trenchev's communications, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 55, including its subparts.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant admits that Plaintiff signed a Cryptocurrency Purchase Agreement ("CPA") on March 24, 2021, but denies Plaintiff's characterization of the CPA, which speaks for itself.

58. Defendant admits that Plaintiff signed a CPA, but denies Plaintiff's characterization of the CPA, which speaks for itself.

59. Defendant admits that Plaintiff signed a CPA, but denies Plaintiff's characterization of the CPA, which speaks for itself.

60. Defendant admits that Plaintiff signed a CPA, but denies Plaintiff's characterization of the CPA, which speaks for itself.

61. Defendant admits that Plaintiff signed a CPA, but denies Plaintiff's characterization of the CPA, which speaks for itself.

62. Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself.

63. Defendant admits that Plaintiff and Hristov engaged in communications, but denies Plaintiff's characterization of the communications, which speak for themselves.

64. Defendant admits that Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant admits that Plaintiff purchased cryptocurrency assets, but denies Plaintiff's characterization of the purchase or the confirmation email, which speaks for itself.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

67.    Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 67.

68.    Defendant admits that Plaintiff and Hristov engaged in communications, but denies Plaintiff's characterizations of the communications, which speak for themselves. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore denies those allegations.

69.    Defendant denies the allegations in Paragraph 69.

70.    Defendant denies the allegations in Paragraph 70.

71.    Defendant denies the allegations in Paragraph 71.

72.    Defendant denies the allegations in Paragraph 72.

73.    Defendant denies the allegations in Paragraph 73.

74.    Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 74.

75.    Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 75.

76.    Defendant denies the allegations in Paragraph 76.

77.    Defendant admits that Plaintiff engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 77.

78.    Defendant admits that Plaintiff and Defendant engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 78.

79.    Defendant denies the allegations in Paragraph 79.

80.    Defendant denies the allegations in Paragraph 80.

81.    Defendant denies the allegations in Paragraph 81.

82.    Defendant denies the allegations in Paragraph 82.

83.    Defendant denies the allegations in Paragraph 83.

**G.    Nexo Profits by Liquidating Plaintiff's Holdings**

84.    Defendant admits that Plaintiff held digital assets and outstanding collateralized credit lines on the Nexo platform as of May 10, 2021, but denies Plaintiff's characterization of those holdings or credit lines.

85.    Defendant admits that the value of Plaintiff's digital assets decreased during certain time periods in 2021, and that a decrease in the value of those assets caused Plaintiff's LTV ratio to rise and placed his assets at risk of liquidation. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 85.

86.    Defendant denies the allegations in Paragraph 86.

87.    Defendant denies the allegations in Paragraph 87.

88.    Defendant denies the allegations in Paragraph 88.

89.    Defendant denies the allegations in Paragraph 89.

90.    Defendant denies the allegations in Paragraph 90.

91.    Defendant denies the allegations in Paragraph 91.

92.    Defendant denies the allegations in Paragraph 92.

93.    Defendant denies the allegations in Paragraph 93.

**H.    Nexo's Misrepresentations**

94.    Defendant denies the allegations in Paragraph 94.

**1.    Nexo Misrepresented its Liquidation Relief Program**

95.    Defendant denies the allegations in Paragraph 95.

96.    Defendant denies the allegations in Paragraph 96.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

97.    Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Defendant admits that a representative from the Nexo Help Center communicated with Plaintiff, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 97.

98.    Defendant denies the allegations in Paragraph 98.

**2.    Nexo Misrepresented its Responsiveness**

99.    Defendant denies the allegations in Paragraph 99.

100.    Defendant admits that Hristov was Plaintiff's relationship manager. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 100.

101.    Defendant admits that Plaintiff initiated a customer service request, and that the Nexo Help Center referred the request to Plaintiff's account manager. Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

**3.    Nexo Misrepresented That Collateral Would Continue to Bear Interest**

104.    Defendant denies the allegations in Paragraph 104. Defendant admits that Plaintiff and Hristov engaged in a communication, but denies Plaintiff's characterization of the communication, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations of in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1

**4.      Nexo Misrepresented That the NEXO Token Was Registered with**

2

**the SEC as a Security**

3

106.    Defendant admits that Plaintiff and Hristov engaged in a communication, but

4

denies Plaintiff's characterization of the communication, which speaks for itself. Except as

5

expressly admitted, Defendant denies the remaining allegations in Paragraph 106.

6

107.    Defendant denies the allegations in Paragraph 107.

7

108.    Defendant denies the allegations in Paragraph 108.

8

109.    Defendant admits that it received a communication, but denies Plaintiff's

9

characterization of the communication, which speaks for itself. Except as expressly admitted,

10

Defendant denies the remaining allegations in Paragraph 109.

11

110.    Defendant admits it was contacted by the SEC in 2020. Defendant denies

12

Plaintiff's characterization of those communications and the remaining allegations in

13

Paragraph 110.

14

**5.      Nexo Misrepresented to Plaintiff That it Did Not Charge Fees on**

15

**Transactions When It Took Secret Profits on Both Purchases and**

16

**Liquidations**

17

111.    Defendant denies the allegations in Paragraph 111. Defendant incorporates its

18

answer to Paragraphs 52-93 herein.

19

112.    Defendant denies the allegations in Paragraph 112. Defendant incorporates its

20

answer to Paragraphs 52-93 herein.

21

113.    Defendant denies the allegations in Paragraph 113.

22

114.    Defendant denies the allegations in Paragraph 114.

23

115.    Defendant denies the allegations in Paragraph 115.

24

116.    Defendant denies the allegations in Paragraph 116.

25

26

27

28

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**6.     Nexo Misrepresented That Plaintiff Would Receive the Best OTC Rates on the Market**

117.    Defendant denies the allegations in Paragraph 117.

118.     Defendant denies the allegations in Paragraph 118. Defendant incorporates its answer to Paragraphs 52-83 herein.

**I.     Nexo's Sale of the NEXO Token Did not Qualify for Any Exemption to Registration**

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 119.

120.    Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits to the filing of Form Ds in 2018, but denies Plaintiff's characterization of the documents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 120.

121.    Defendant denies the allegations in Paragraph 121.

122.    Defendant admits that it filed an initial Form D on February 20, 2018, but denies Plaintiff's characterization of the form, which speaks for itself.

123.    Defendant admits that it filed an Amended Form D on March 13, 2018, but denies Plaintiff's characterization of the form, which speaks for itself.

124.    Defendant admits that it filed an Amended Form D on May 5, 2018, but denies Plaintiff's characterization of the form, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 124.

125.    Defendant admits that each of its Form D filings were signed by Antoni Trenchev.

126.    Paragraph 126 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the SEC filed a Complaint in June 2023

14

against Coinbase in the action cited in Paragraph 126. Defendant denies Plaintiff's characterizations of that Complaint.

127.   Defendant admits the quoted language appears in the SEC's Complaint from June 2023. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 127.

128.   Defendant denies the allegations in Paragraph 128.

129.   Defendant denies the allegations in Paragraph 129.

130.   Paragraph 130 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 130.

131.   Defendant admits that it made certain blog posts, but denies Plaintiff's characterization of the posts, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 131.

132.   Defendant admits that it made a certain blog post, but denies Plaintiff's characterization of the post, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 132.

133.   Defendant admits that the Nexo whitepaper and 2018 Interim Report make certain statements quoted in Paragraph 133, but denies Plaintiff's characterization of those documents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 133.

134.   Defendant admits that the Nexo whitepaper, 2018 Interim Report, and Nexo website make certain statements quoted in Paragraph 134, but denies Plaintiff's characterization of those documents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 134.

135.   Defendant admits the Nexo whitepaper and November 23, 2018 blog posts make certain statements quoted in Paragraph 135, but denies Plaintiff's characterization of those

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

documents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 135.

136.  Defendant is without sufficient information to admit or deny the truth of the allegations in Paragraph 136 because Plaintiff does not identify the webpage or time period when the alleged statements were made, and Plaintiff does not attach a screenshot of the alleged statements. Defendant denies the remaining allegations in Paragraph 136.

137.  Defendant is without sufficient information to admit or deny the truth of the allegations in Paragraph 137 because Plaintiff does not identify the webpage or time period when the alleged statements were made, and Plaintiff does not attach a screenshot of the alleged statements. Defendant denies the remaining allegations in Paragraph 137.

138.  Defendant is without sufficient information to admit or deny the truth of the allegations in Paragraph 138 because Plaintiff does not identify the webpage or time period when the alleged statements were made, and Plaintiff does not attach a screenshot of the alleged statements. Defendant denies the remaining allegations in Paragraph 138.

## **FIRST CAUSE OF ACTION**

### **Fraudulent Inducement**

139.  Answering the allegations contained in Paragraph 139, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

140.  Defendant denies the allegations in Paragraph 140.

141.  Defendant denies the allegations in Paragraph 141.

142.  Defendant denies the allegations in Paragraph 142.

143.  Defendant denies the allegations in Paragraph 143.

144.  Defendant denies the allegations in Paragraph 144.

145.  Defendant denies the allegations in Paragraph 145.

146.  Defendant denies the allegations in Paragraph 146, and specifically denies that Plaintiff is entitled to any damages.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

147.    Defendant denies the allegations in Paragraph 147, and specifically denies that Plaintiff is entitled to any damages including, but not limited to, punitive damages.

148.    Defendant denies the allegations in Paragraph 148.

## SECOND CAUSE OF ACTION

### CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

149.    Answering the allegations contained in Paragraph 149, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

150.    Defendant denies the allegation in Paragraph 150.

151.    Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 151.

152.    Defendant denies the allegations in Paragraph 152.

153.    Defendant denies the allegations in Paragraph 153.

154.    Defendant denies the allegations in Paragraph 154.

155.    Paragraph 155 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 155.

156.    Defendant denies the allegations in Paragraph 156.

157.    Paragraph 157 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 157.

158.    Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 158.

## THIRD CAUSE OF ACTION

### UNREGISTERED OFFER AND SALE OF SECURITIES

### Cal. Corp. Code §§ 25110 and 25503, *et seq.*

159.    Answering the allegations contained in Paragraph 159, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

17

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

160.   Defendant denies the allegations in Paragraph in Paragraph160.

161.   Defendant denies the allegations in Paragraph 161.

162.   Paragraph 162 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 162.

163.   Defendant denies the allegations in Paragraph 163.

164.   Defendant denies the allegations in Paragraph 164.

165.   Defendant denies the allegations in Paragraph 165.

166.   Defendant denies the allegations in Paragraph 166.

167.   Paragraph 167 contains legal conclusions to which no response is required. Defendant denies the remaining allegations in Paragraph 167.

168.   Paragraph 168 contains legal conclusions to which no response is required. Defendant admits to filing Form Ds in 2018. Defendant denies the remaining allegations of Paragraph 168.

169.   Defendant denies the allegations in Paragraph 169.

170.   Defendant denies the allegations in Paragraph 170.

171.   Defendant denies the allegations in Paragraph 171.

172.   Defendant denies the allegations in Paragraph 172.

## FOURTH CAUSE OF ACTION

### UNREGISTERED OFFER AND SALE OF SECURITIES

### Cal. Corp. Code § 25504

173.   Answering the allegations contained in Paragraph 173, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

174.   Paragraph 174 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 174.

175.   Paragraph 175 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 175.

176. Paragraph 176 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 176.

177. Defendant denies the allegations in Paragraph 177.

178. Defendant denies the remaining allegations in Paragraph 178.

179. Defendant denies the allegations in Paragraph 179.

180. Defendant denies the allegations in Paragraph 180.

181. Defendant denies the allegations in Paragraph 181.

## FIFTH CAUSE OF ACTION

### FRAUD

182. Answering the allegations contained in Paragraph 182, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

183. Defendant denies the allegations in Paragraph 183.

184. Defendant denies the allegations in Paragraph 184.

185. Defendant denies the allegations in Paragraph 185.

186. Defendant denies the allegations in Paragraph 186.

187. Defendant denies the allegations in Paragraph 187.

188. Defendant denies the allegations in Paragraph 188.

189. Defendant denies the allegations in Paragraph 189.

190. Defendant denies the allegations in Paragraph 190 and specifically denies that Plaintiff is entitled to any damages.

191. Defendant denies the allegations in Paragraph 191 and specifically denies that Plaintiff is entitled to any damages, including but not limited to punitive damages.

192. Defendant denies the allegations in Paragraph 192.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION

### CIVIL THEFT

### Penal Code § 496(C)

193.   Answering the allegations contained in Paragraph 193, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

194.   Defendant denies the allegations in Paragraph 194.

195.   Defendant denies the allegations in Paragraph 195.

196.   Defendant denies the allegations in Paragraph 196.

197.   Defendant denies the allegations in Paragraph 197.

198.   Defendant denies the allegations in Paragraph 198.

199.   Defendant denies the allegations in Paragraph 199.

200.   Defendant denies the allegations in Paragraph 200 and specifically denies that Plaintiff is entitled to any damages.

201.   Defendant denies the allegations in Paragraph 201 and specifically denies that Plaintiff is entitled to any damages, including but not limited to punitive damages.

202.   Defendant denies the allegations in Paragraph 202.

## SEVENTH CAUSE OF ACTION

### VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

### 18 U.S.C. § 1962(C)

203.   Answering the allegations contained in Paragraph 203, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

204.   Defendant denies the allegations in Paragraph 204.

205.   Defendant denies the allegations in Paragraph 205.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**THE ENTERPRISE**

206.   Paragraph 206 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 206.

207.   Defendant denies the allegations in Paragraph 207.

208.   Defendant denies the allegations in Paragraph 208 including its subparts.

209.   Defendant denies the allegations in Paragraph 209.

210.   Defendant denies the allegations in Paragraph 210.

211.   Defendant denies the allegations in Paragraph 211.

212.   Defendant denies the allegations in Paragraph 212.

213.   Defendant denies the allegations in Paragraph 213.

214.   Defendant denies the allegations in Paragraph 214.

**THE PREDICATE ACTS**

215.   Defendant denies the allegations in Paragraph 215.

216.   Defendant denies the allegations in Paragraph 216.

217.   Defendant denies the allegations in Paragraph 217.

218.   Defendant denies the allegations in Paragraph 218.

219.   Defendant denies the allegations in Paragraph 219.

220.   Defendant denies the allegations in Paragraph 220.

221.   Defendant denies the allegations in Paragraph 221.

222.   Defendant denies the allegations in Paragraph 222.

223.   Defendant denies the allegations in Paragraph 223.

224.   Defendant denies the allegations in Paragraph 224.

225.   Defendant denies the allegations in Paragraph 225.

226.   Defendant denies the allegations in Paragraph 226.

227.   Defendant denies the allegations in Paragraph 227.

228.   Defendant denies the allegations in Paragraph 228.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

229.    Paragraph 229 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 229.

230.    Paragraph 230 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 230.

231.    Paragraph 231 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 231.

232.    Defendant denies the allegations in Paragraph 232.

233.    Defendant denies the allegations in Paragraph 233.

234.    Defendant denies the allegations in Paragraph 234 and specifically denies that Plaintiff is entitled to any damages, treble damages, costs, or attorneys' fees.

<u>**EIGHTH CAUSE OF ACTION**</u>

**VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, CONSPIRACY TO VIOLATE 1962(C)**

**18 U.S.C. § 1962(D)**

235.    Answering the allegations contained in Paragraph 235, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

236.    Defendant denies the allegations in Paragraph 236.

237.    Paragraph 237 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 237.

238.    Defendant denies the allegations in Paragraph 238.

239.    Defendant denies the allegations in Paragraph 239 and specifically denies that Plaintiff is entitled to any damages, treble damages, costs, or attorneys' fees.

<u>**NINTH CAUSE OF ACTION**</u>

**FRAUDULENT OMISSION**

240.    Answering the allegations contained in Paragraph 240, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

241. Defendant denies the allegations in Paragraph 241.

242. Defendant denies the allegations in Paragraph 242 including its subparts.

243. Defendant denies the allegations in Paragraph 243.

244. Defendant denies the allegations in Paragraph 244.

245. Defendant denies the allegations in Paragraph 245.

246. Defendant denies the allegations in Paragraph 246.

247. Defendant denies the allegations in Paragraph 247 and specifically denies that Plaintiff is entitled to any damages.

248. Defendant denies the allegations in Paragraph 248 and specifically denies that Plaintiff is entitled to any damages, including but not limited to punitive damages.

249. Defendant denies the allegations in Paragraph 249.

## TENTH CAUSE OF ACTION

### BREACH OF CRYPTOCURRENCY PURCHASE AGREEMENT

250. Answering the allegations contained in Paragraph 250, Defendant incorporates each of its responses to the preceding Paragraphs as if fully set forth herein.

251. Admitted.

252. The terms of the CPA speak for themselves. To the extent a response is required, Defendant denies the allegations in Paragraph 252.

253. The terms of the CPA speak for themselves. To the extent a response is required, Defendant denies the allegations in Paragraph 253.

254. The terms of the CPA speak for themselves. To the extent a response is required, Defendant denies the allegations in Paragraph 254.

255. The terms of the CPA speak for themselves. To the extent a response is required, Defendant denies the allegations in Paragraph 255.

256. Defendant denies the allegations in Paragraph 256.

257. Defendant denies the allegations in Paragraph 257.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

258.  Defendant denies the allegations in Paragraph 258.

259.  Defendant denies the allegations in Paragraph 259.

260.  Defendant denies the allegations in Paragraph 260.

261.  Defendant denies the allegations in Paragraph 261.

262.  Defendant denies the allegations in Paragraph 262.

263.  Defendant denies the allegations in Paragraph 263.

264.  Defendant denies the allegations in Paragraph 264.

### PRAYER FOR RELIEF

Plaintiff's prayer for relief is not an allegation and does not require a response. To the extent any part of Plaintiff's prayer for relief constitutes an allegation, Defendant denies each and every allegation contained therein.

### DEMAND FOR JURY TRIAL

Plaintiff's jury demand is not an allegation and does not require a response. To the extent any part of this Paragraph of the Complaint constitutes an allegation, Defendant denies each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on the Plaintiff, Defendant pleads the following separate and additional defenses.

### FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a UCL claim because Plaintiff pleads and has an adequate remedy at law.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD DEFENSE

The granting of Plaintiff's demands in the Second Amended Complaint would result in unjust enrichment.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Second Amended Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

**FIFTH DEFENSE**

The transactions alleged in the Complaint did not involve the sale of an investment contract and were not securities transactions. Defendant was not issuer, broker, or seller of any security allegedly purchased by Plaintiff. Plaintiff did not make an investment of money in a common enterprise with a reasonable expectation of profits based on the efforts of Defendant.

**SIXTH DEFENSE**

If Plaintiff establishes that the NEXO Token is a security, Plaintiff's claims are barred, in whole or in part, because the alleged transactions are exempt from the registration requirements of the Securities Act, other federal or state securities laws, and/or the regulations promulgated thereunder, including the safe harbor of Rule 506 of Regulation D.

**SEVENTH DEFENSE**

Defendant is not liable to Plaintiff to the extent Plaintiff did not purchase NEXO Tokens directly from Defendant, to the extent the sales were not institutional sales, to the extent the sales occurred on third-party exchanges, and/or to the extent the proceeds from the sales did not flow to Defendant.

**EIGHTH DEFENSE**

The alleged misrepresentations and omissions were not false, misleading, or material when taken together with, and in context of, the total mix of information available to the market.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant did not directly or indirectly induce any act or acts alleged in the Second Amended Complaint.

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that Defendant had no duty to disclose information allegedly omitted in their public statements, that Defendant had no duty to update information that was truthful and accurate when made, and that Defendant had no duty to correct information that they reasonably believed was truthful and accurate when made.

### ELEVENTH DEFENSE

The alleged misrepresentations and/or omissions at issue were not a producing cause of the alleged harm, if any, to Plaintiff.

### TWELFTH DEFENSE

The alleged actions or inactions of Defendant were not the sole or partial cause of any decision by Plaintiff to purchase NEXO Token or take out credit lines from Defendant, nor were any of Plaintiff's purchases or credit lines made or induced by means of any misrepresentation or omission made by Defendant.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred on the grounds that matters alleged to be the subject of misrepresentations and/or omissions were publicly disclosed and/or were in the public domain, and as such, were available to Plaintiff.

### FOURTEENTH DEFENSE

If Plaintiff establishes that the NEXO Token is a security, Plaintiffs' claims under the California Corporations Code section 25110 are preempted by federal law because the NEXO Token would be considered a covered security under the National Securities Markets Improvement Act ("NSMIA") and/or other federal securities laws, and/or because Plaintiff was an accredited investor when he purchased the NEXO Token.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred because he did not sustain any ascertainable losses or

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

damages.

## **SIXTEENTH DEFENSE**

Plaintiff is not entitled to attorneys' fees under any contract or statute that is asserted as the basis of his claims.

## **SEVENTEENTH DEFENSE**

Plaintiff has failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Second Amended Complaint, if any.

## **EIGHTEENTH DEFENSE**

Plaintiff has failed to timely and completely exhaust the requisite administrative remedies, statutory and/or contractual remedies available to them prior to commencing this action.

## **NINETEENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## **TWENTIETH DEFENSE**

Plaintiff's claims are barred or Plaintiff's damages are reduced by offset, set-off and/or recoupment.

## **TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred by statute of limitations.

## **TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred by waiver and/or laches.

## **TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred or Plaintiff's damages are reduced by the terms and conditions ("T&Cs") governing his Nexo account, including without limitation the (1) Nexo Crypto Credit General Terms and Conditions ("Credit T&Cs"), and/or the (2) Nexo Exchange Service General Terms and Conditions, (3) Privacy Policy, (4) Nexo General Fee Schedule, (5) Nexo Affiliate Program General Terms and Conditions, (6) Nexo Staking Product General

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Terms and Conditions, (7) Nexo Earn Interest Product General Terms and Conditions, (8) Terms and Conditions, (9) Nexo Services General Terms and Conditions, (10) Nexo Wallet Terms and Conditions, (11) Nexo Card Provider General Terms and Conditions, and (12) Cookies Policy (collectively, "Other T&Cs"), which Plaintiff agreed to when opening his Nexo account, when continuing to use his Nexo account, and/or when taking out his credit lines. At all relevant times, the T&Cs were available to Plaintiff on Nexo's website.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred or Plaintiff's damages are reduced by the disclosures on Nexo's website regarding the operation and features of his Nexo account, his credit lines, and other Nexo products and services used by Plaintiff.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims premised on alleged false or deceptive statements regarding his Nexo account and his credit lines are barred by the disclosures in Nexo's T&Cs and website, which accurately disclose the matters about which Plaintiff falsely claims he was deceived.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred or Plaintiff's damages are reduced by the following damages limitation in the Credit T&Cs, and similar language in the Other T&Cs: "IN NO EVENT WILL OUR AGGREGATE LIABILITY FOR ANY LOSS OR DAMAGE ARISING IN CONNECTION WITH THE NEXO CRYPTO CREDIT EXCEED THE FEES YOU PAID TO NEXO FOR YOUR USE OF THE SERVICES DURING THE ÏĐ MONTH PERIOD IMMEDIATELY PRECEDING THE EVENT GIVING RISE TO THE CLAIM FOR LIABILITY. THE FOREGOING LIMITATIONS OF LIABILITY SHALL APPLY TO THE FULLEST EXTENT PERMITTED BY ANY APPLICABLE LAW."

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred or Plaintiff's damages are reduced by the following limitation of liability provisions in the Credit T&Cs, and similar language in the Other T&Cs:

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

(1) NOTWITHSTANDING ANY PROVISIONS IN THESE GENERAL TERMS, IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR ANY TYPE OF INCIDENTAL, SPECIAL, EXEMPLARY, PUNITIVE, INDIRECT OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO LOST REVENUE, LOST PROFITS, REPLACEMENT GOODS, LOSS OF TECHNOLOGY, LOSS OF DATA, OR INTERRUPTION OR LOSS OF USE OF SERVICE OR EQUIPMENT, EVEN IF SUCH PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, AND WHETHER ARISING UNDER THEORY OF CONTRACT, TORT, STRICT LIABILITY OR OTHERWISE"; and (2) "Neither we nor any of our agents or nominees shall be liable for: (i) the management or performance of your Digital Assets (including any reduction in the value)."

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred or Plaintiff's damages are reduced by the following assumption of risk provision in the Credit T&Cs, and similar language in the Other T&Cs: (1) "You are aware that you use the Nexo Account and the Nexo Crypto Credit fully at your own risk"; and (2) "You understand and agree that you use the Nexo Account and the Nexo Crypto Credit at your own risk. This section is not exhaustive and does not disclose all the risks associated with the Digital Assets and the use of our services. You should, therefore, carefully consider whether such use is suitable for you in light of your circumstances and financial resources."

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred or Plaintiff's damages are reduced by the following provision in the Credit T&Cs, and similar language in the Other T&Cs, which allowed Nexo to modify the features of its services in its sole discretion and at any time: "At any time, at our sole and absolute discretion, without liability to you, we can: (i) refuse your request for granting of a Nexo Crypto Credit; (ii) change the conditions for entering into the Agreement or use of the Nexo Crypto Credit; (iii) suspend the provision of the Nexo Crypto Credit or of all or part

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

of the other Nexo services; or (iv) change, update, remove, cancel, suspend, disable or discontinue any features, component, content, incentive or referral plan of the Nexo Crypto Credit."

### THIRTIETH DEFENSE

Plaintiff's claims premised on alleged false or deceptive statements regarding his Nexo account and his cryptocurrency credit lines are barred based on the following integration and non-reliance provision in the Credit T&Cs, and similar language in the Other T&Cs: "This Agreement, together with the Nexo Services General Terms and Conditions and the Privacy Policy, represents the entire agreement between you and Nexo in relation to the use of the Nexo Crypto Credit. It supersedes all prior representations, understandings, agreements, or communications between you and Nexo, whether written or verbal, including any statements published in the whitepaper on the Nexo Platform."

### THIRTY-FIRST DEFENSE

Plaintiff's claims premised on the contention that Nexo did not disclose certain risks of Plaintiff's leveraged investment strategy is barred by the following provision in the Credit T&Cs, and similar language in the Other T&Cs: (1) "Granting the Nexo Crypto Credit to you does not make Nexo your trustee or investment adviser and no fiduciary relationship exists between us. We have no trust or other obligations in respect of your Nexo Account other than those expressly specified hereunder"; and (2) "Except as expressly provided in these General Terms, to the extent permitted by any Applicable Law, we disclaim all other representations or warranties, express or implied, made to you, your affiliates or any other person, including without limitation any warranties regarding quality, suitability, merchantability, fitness for a particular purpose or otherwise (regardless of any course of dealing, custom or usage of trade) of any service or any goods provided incidental to the Nexo services under these General Terms."

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**THIRTY-SECOND DEFENSE**

Plaintiff's claims premised on the contention that Nexo agreed not to liquidate his collateral or agreed to restore his liquidated collateral without cost to Plaintiff are barred by the disclosures in Sections IV through VII of the Credit T&Cs, and similar language in the Other T&Cs, which explained that Nexo's credit lines are secured by collateral, that Plaintiff must maintain the required Loan-to-Value ("LTV") ratio to avoid liquidation of his collateral, that Plaintiff was contractually required to maintain the required LTV ratio, and that Nexo shall liquidate the necessary amount of collateral if the LTV increases above the maximum permitted threshold.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred or Plaintiff's damages are reduced because Plaintiff seeks to retain the benefits of his relationship with Nexo without cost and without fulfilling his corresponding contractual obligations to Nexo, resulting in unjust enrichment, including without limitation his interest earned through the EIP Product, and the reduced interest rate on his credit lines and other benefits attributable to maintaining a certain percentage of his portfolio in the NEXO Token.

**THIRTY-FOURTH DEFENSE**

Plaintiff is not entitled to punitive damages. To the extent punitive damages are awarded, Defendants plead that any such award must not be disproportionate or violate the Due Process Clause.

**THIRTY-FIFTH DEFENSE**

Plaintiff's claims, including fraud and fraudulent omission, are barred by the economic loss doctrine because they seek purely economic damages arising from alleged contractual duties.

**THIRTY-SIXTH DEFENSE**

Plaintiff cannot establish reasonable or justifiable reliance on any alleged

31

1  misrepresentation or omission.

2  **THIRTY-SEVENTH DEFENSE**

3  As to Plaintiff's civil theft claim under California Penal Code § 496, Defendant acted

4  under a good faith claim of right and without felonious intent.

5  **RESERVATION OF RIGHTS**

6  Defendant expressly reserves its right to assert additional defenses as may be warranted

7  by facts obtained during the course of its investigation and/or discovery in this litigation.

8  **DEMAND FOR JURY TRIAL**

9  Defendant demands a jury trial on all issues triable to a jury.

10  **PRAYER FOR RELIEF**

11  WHEREFORE, Defendant prays for the following relief:

12       (a)    That judgment on the Second Amended Complaint, and on each cause of

13             action alleged therein, be entered in favor of Defendant;

14       (b)    That the Plaintiff takes nothing by his Second Amended Complaint;

15       (c)    That Defendant be awarded its costs and reasonable attorneys' fees; and

16       (d)    For such other and/or further relief as this Court may deem just and

17             proper.

18

19

20

21

22

23

24

25

26

27

28  NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

DATED: February 18, 2026                    BAKER & MCKENZIE LLP

                                            By: */s/ Ian S. Shelton*
                                                Ian S. Shelton

                                                *Attorneys for Defendant Nexo Capital Inc.*

NEXO'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT