**EXHIBIT 1**

| # | RFP Text | Nexo's Objections and Amended Response | Plaintiff's Proposed Compromise |
|---|----------|----------------------------------------|--------------------------------|
| 274 | All Documents and Communications, including internal emails, IT tickets, or change logs, regarding the decision to authorize or implement the Retention Policy Changes. | **Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all Documents and Communications," including internal emails, IT tickets, and change logs, without any reasonable limitation as to time period, custodian, subject matter, or data source, and would require an expansive and disproportionate search across multiple technical and administrative systems. The Request is also vague and ambiguous as to what it means to "authorize or implement," rendering it impossible to determine the full scope of responsive materials. Further, the Request improperly seeks information that is duplicative and cumulative of other discovery regarding data retention and preservation issues. Nexo further objects because the Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges and protections, including but not limited to communications reflecting | Plaintiff stands on his Request. |

1

| | | | |
|---|---|---|---|
| | | legal advice, legal strategy, risk assessments, and compliance analyses related to document retention obligations. The Request also improperly seeks internal deliberative materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety.<br><br>**Response:** Nexo will produce documents sufficient to show the Retention Policy Changes, to the extent they exist. Nexo will not produce further documents in response to this Request. | |
| 275 | Documents sufficient to show logs, histories, and activity reports from Your Google Workspace/Vault and Slack administration consoles, including but not limited to audit logs, matter histories, or admin activity reports showing:<br>1. The specific dates legal holds or retention rules were created or assigned to the Nexo Source Accounts; and<br>2. Any "expungement" events where data was permanently removed from the Nexo Source Accounts. | **Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents from multiple administrative systems— Google Workspace/Vault and Slack—without reasonable limitation as to, custodian, data source, or scope, and would require the collection and review of extensive audit logs, administrative histories, and system-level activity reports that are largely technical in nature and of marginal relevance. The Request is also vague and ambiguous as to what constitutes "logs, histories, | Plaintiff stands on his Request. |

| | | and activity reports," as well as what qualifies as an "expungement" event, making it impossible to determine the full scope of potentially responsive materials. To the extent the Request seeks information regarding the creation, assignment, or management of legal holds or retention rules, it improperly seeks materials reflecting legal advice, litigation strategy, or counsel-directed preservation efforts, which are protected by the attorney-client privilege and the work-product doctrine. The Request further seeks confidential, proprietary, and security-sensitive information concerning Defendant's internal systems, administrative controls, and data governance practices, the disclosure of which would be inappropriate. For these reasons, Defendant objects to this Request in its entirety.<br><br>**Response:** Nexo will produce documents sufficient to show the Retention Policy Changes, to the extent they exist. Nexo will not produce further documents in response to this Request. | |
|---|---|---|---|
| 280 | Documents sufficient to show a report or data export showing the total number of responsive documents (the | **Objections:** Nexo objects to this Request because it is irrelevant. Nexo further objects because it is overly | Plaintiff is willing to forego the remainder of RFPs 280, 284, 285, 293, and 294 if Nexo produces |

| | | |
|---|---|---|
| "raw hit count") identified for Nexo Source Accounts prior to the application of deduplication and email threading, including showing separate hit counts for emails, Slack messages, and Google Drive documents. | broad, unduly burdensome, and not proportional to the needs of the case. Nexo further objects because the terms "data export," "total number of responsive documents," "hit counts," and "raw hit count," are vague, ambiguous and unintelligible, as Nexo does not know what search terms Plaintiff is referring to, or how he defines responsive. The Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges and protections, including but not limited to the mechanics and operation of Nexo's document review process. The Request further seeks highly granular, processing-level information that reflects counsel-directed discovery processing decisions, review strategy, and document-production methodology, all of which constitute attorney work product protected from disclosure. The Request also improperly seeks internal deliberative materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety. | Google Workspace exports cataloging email metadata and drive links for all fourteen custodians' inboxes, similar to how Nexo has already produced Mr. Dinca's email and drive link metadata files. |

| | | **Response:** Nexo will not produce documents in response to this Request. | |
|---|---|---|---|
| 282 | Documents sufficient to show all locations and databases, whether physical or digital, searched for each Nexo Source Account, including without limitation, data repositories, databases, devices, drives, computers, email accounts, Slack accounts, Google accounts, cell phones, office buildings, storage facilities, and file cabinets. | **Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents sufficient to show all locations and databases—whether physical or digital— searched for each Nexo Source Account, including an expansive and non-exhaustive list of repositories, devices, accounts, facilities, and even physical locations, without any reasonable limitation as to time period, relevance, or scope. As drafted, the Request would require Nexo to compile exhaustive, system-level and physical inventories that are not maintained in the ordinary course of business and that extend well beyond what is required by the Federal Rules. The Request is also vague and ambiguous as to what it means to "show" all locations and databases "searched," including whether Plaintiff seeks narrative descriptions, technical inventories, or collection logs, rendering compliance impracticable. To the extent the Request seeks information reflecting counsel-directed collection | Plaintiff stands on his Request. |

5

| | | | |
|---|---|---|---|
| | | decisions, search methodologies, preservation efforts, or litigation strategy, such information is protected by the attorney-client privilege and/or the work-product doctrine. The Request further seeks confidential, proprietary, and security-sensitive information regarding Nexo's internal systems, infrastructure, and data-governance practices, the disclosure of which would be inappropriate and potentially harmful. For these reasons, Nexo objects to this Request in its entirety.<br><br>**Response:** Nexo will not produce documents in response to this Request. | |
| 284 | Your NUIX/processing deduplication map and email threading mapping, including for each produced family/document, all custodians/paths that were deduped and the custodian chosen as the produced instance, thread-IDs and the rules applied for producing top-thread vs. inclusive emails. | **Objections:** Nexo objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks Nexo's "NUIX/processing deduplication map and email threading mapping," but fails to define or explain what is meant by a "map," rendering the Request unclear and preventing Nexo from determining what documents, if any, are being sought. Nexo is not aware of any discrete document, report, or artifact maintained in the | Plaintiff is willing to forego the remainder of RFPs 280, 284, 285, 293, and 294 if Nexo produces Google Workspace exports cataloging email metadata and drive links for all fourteen custodians' inboxes, similar to how Nexo has already produced Mr. Dinca's email and drive link metadata files. |

| | | ordinary course of business that constitutes a "deduplication map" or "email threading mapping" as described. The Request further seeks highly granular, processing-level information—including custodians and paths subject to deduplication, custodian selection decisions, thread-IDs, and rules applied for producing top-thread versus inclusive emails—that reflects counsel-directed discovery processing decisions, review strategy, and document-production methodology, all of which constitute attorney work product protected from disclosure. In addition, the Request would require the creation or reconstruction of technical analyses and reports that do not exist in the ordinary course of business and would impose substantial and disproportionate burden for marginal relevance. For these reasons, Nexo objects to this Request in its entirety.<br><br>**Response:** Nexo will not produce documents in response to this Request. | |
| 285 | Documents sufficient to show the export tool/method used and the raw export metadata for each Google Drive document (including Google file ID, parent IDs, owner, | **Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks | Plaintiff is willing to forego the remainder of RFPs 280, 284, 285, 293, and 294 if Nexo produces Google Workspace exports cataloging email metadata |

| | | |
|---|---|---|
| mimeType, created/modified timestamps, and any available folder/parent information). | documents sufficient to show the export tool or method used and the "raw export metadata" for each Google Drive document, including extensive and granular system-level fields such as file IDs, parent IDs, ownership data, mimeTypes, and timestamps, without any reasonable limitation as to time period, custodian, relevance, or scope. As drafted, the Request would require Nexo to collect and produce voluminous, technical metadata that is not maintained or reviewed in the ordinary course of business and that would require specialized processing or reconstruction solely for purposes of discovery. The Request is also vague and ambiguous as to what constitutes "raw export metadata" and whether Plaintiff seeks native system fields, processing-generated fields, or customized export reports, rendering compliance impracticable. To the extent the Request seeks information reflecting counsel-directed collection decisions, export methodologies, processing workflows, or document-production strategy, such information constitutes attorney work product and is protected from disclosure. The Request | and drive links for all fourteen custodians' inboxes, similar to how Nexo has already produced Mr. Dinca's email and drive link metadata files. |

| | | further seeks confidential, proprietary, and security-sensitive information regarding Nexo's internal Google Workspace configuration, file-management structure, and data-governance practices, the disclosure of which would be inappropriate and potentially harmful. For these reasons, Nexo objects to this Request in its entirety.<br><br>**Response:** Nexo will not produce documents in response to this Request. | |
|---|---|---|---|
| 292 | Documents sufficient to show Your current possession, custody, or control of laptops, MacBooks, cell phones, and other electronic devices used by Antoni Trenchev, Kosta Kantchev, Hristiyan Hristov, and all other Nexo Source Accounts from January 1, 2017 to present. | **Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents sufficient to show Nexo's "current possession, custody, or control" of laptops, MacBooks, cell phones, and other electronic devices used by identified individuals and "all other Nexo Source Accounts" over an expansive time period from January 1, 2017 to the present, without any reasonable limitation as to relevance, scope, or device type. As drafted, the Request would require Nexo to identify and document historical and current device usage and custody across numerous individuals and nearly a | Plaintiff stands on his Request. |

| | | | |
|---|---|---|---|
| | | decade, including devices that may no longer exist, are personally owned, or were never within Nexo's possession, custody, or control. The Request is also vague and ambiguous as to what it means to "show" possession, custody, or control, including whether Plaintiff seeks inventories, chain-of-custody records, ownership documentation, or narrative descriptions, rendering compliance impracticable. To the extent the Request seeks information reflecting counsel-directed collection decisions, preservation efforts, or litigation strategy, such materials are protected by the attorney-client privilege and/or the work-product doctrine. For these reasons, Nexo objects to this Request in its entirety.<br><br>**Response:** Nexo will not produce documents in response to this Request. | |
| 293 | Documents sufficient to identify the source(s) and custodian(s) of the 202 documents and communications regarding Plaintiff that Nexo produced from its "Nexo Corporate Records" custodian, including any collection or processing logs identifying the original location of such documents. | **Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents sufficient to identify the source(s) and custodian(s) of a specific subset of documents produced from the "Nexo Corporate Records" custodian, including | Plaintiff is willing to forego the remainder of RFPs 280, 284, 285, 293, and 294 if Nexo produces Google Workspace exports cataloging email metadata and drive links for all fourteen custodians' inboxes, similar to how Nexo has already produced Mr. Dinca's email and drive link metadata files. |

10

| | | collection or processing logs purportedly identifying the original location of such documents. As drafted, the Request is vague and ambiguous as to what is meant by "source(s)," "custodian(s)," and "original location," including whether Plaintiff seeks system-level repositories, logical custodians used for collection purposes, or technical processing metadata, rendering compliance impracticable. The Request further seeks detailed collection and processing information, including logs and workflows, that reflects counsel-directed discovery decisions, collection strategy, and processing methodology, which constitute attorney work product and are protected from disclosure. In addition, the Request would require Nexo to reconstruct or generate technical analyses that are not maintained in the ordinary course of business and that are of marginal relevance given the production already made. For these reasons, Nexo objects to this Request in its entirety.<br><br>**Response:** Nexo will not produce documents in response to this Request. | |

| 294 | **REQUEST NO. 294**: All Communications hitting on the terms "Cress" or "603eec5faed77e2a0a166e27" (Plaintiff's account number) that were removed through deduplication, including all duplicate copies and child documents. | **Objection:** Nexo objects to this Request because it is vague and ambiguous as drafted. The Request seeks "All Communications hitting on the terms" specified that were "removed through deduplication," but fails to define what it means to "hit on" a term, whether this refers to search terms, filters, analytics, or processing criteria, or at what stage of collection or review such "hits" allegedly occurred. The Request is further ambiguous as to what constitutes being "removed through deduplication," including whether Plaintiff is referring to global deduplication, custodian-level deduplication, near-duplicate processing, or some other methodology. In addition, the Request is unclear as to what is meant by "duplicate copies and child documents," including whether this refers to email families, attachments, Slack threads, or other document relationships. These ambiguities render it impossible for Nexo to determine the scope of documents sought or to identify responsive materials, if any. The Request further seeks detailed collection and processing information, including logs and | Plaintiff is willing to forego the remainder of RFPs 280, 284, 285, 293, and 294 if Nexo produces Google Workspace exports cataloging email metadata and drive links for all fourteen custodians' inboxes, similar to how Nexo has already produced Mr. Dinca's email and drive link metadata files. |

12

| | | | |
|---|---|---|---|
| | | workflows, that reflects counsel-directed discovery decisions, collection strategy, and processing methodology, which constitute attorney work product and are protected from disclosure. In addition, the Request would require Nexo to reconstruct or generate technical analyses that are not maintained in the ordinary course of business and that are of marginal relevance given the production already made. For these reasons, Nexo objects to this Request in its entirety.<br><br>**Response:** Nexo will not produce documents in response to this Request. | |
| 295 | All of the following Documents in their native, authentic forms, including all iterations of those Documents with any enhanced or expanded metadata, including access logs, tracked changes, version histories, notes, and comments:<br>• NEXO-0145948 (Retail OTC Procedures)<br>• NEXO-0140611, NEXO-0142440 (information held in the Liquidation transaction)<br>• NEXO-0214393, NEXO-0219069 (OTC Services)<br>• NEXO-0216477 (List of questions the SEC wants Nexo to answer) | **Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks production of documents in their "native, authentic forms," including "all iterations" and any "enhanced or expanded metadata," such as access logs, tracked changes, version histories, notes, and comments, without any reasonable limitation as to relevance, time period, custodian, or scope. As drafted, the Request improperly demands exhaustive historical | Plaintiff stands on his Request. |

| | | |
|---|---|---|
| • NEXO-0211778 (US market overview of Nexo token holders)<br>• NEXO-0150967 (text file showing hidden conversation between Stanev and Kantchev regarding liquidation fees)<br>• NEXO-0211144 (Letter to Arkansas Securities Department re Nexo Financial LLC)<br>• NEXO-0017325 (Hris OTC deals January – June 2021)<br>• NEXO-0136995 (Litigation document in Hristov's custodial files)<br>• NEXO-0137255 (document discussing OTC, Portfolio Booster, NEXO Token)<br>• NEXO-0137893 (Nexo VIP program flow)<br>• NEXO-0137920 (Onboarding guide – Account Managers)<br>• NEXO-0138007, NEXO-0219321 (Goal of the program)<br>• NEXO-0138207 (Answers to questions regarding Nexo's lending)<br>• NEXO-0138672, NEXO-0139111 (Hristiyan's OKRs for Q4, 2020)<br>• NEXO-0138743, NEXO-0140906 (Internal FAQs)<br>• NEXO-0139009 (Document discussing Yoshiyuki Kubota)<br>• NEXO-0141048, NEXO-0141050, NEXO-0219682 (Nexo liquidation transaction types)<br>• NEXO-0141364 (Email purportedly attaching Nexo | versions and system-level metadata that are not maintained in the ordinary course of business and would require Nexo to undertake burdensome and technical reconstruction efforts solely for purposes of discovery. The Request is also vague and ambiguous as to what constitutes "authentic forms," "iterations," and "enhanced or expanded metadata," rendering compliance impracticable. To the extent the Request seeks information reflecting counsel-directed collection, processing, or production decisions, or metadata generated as part of discovery workflows, such materials constitute attorney work product and are protected from disclosure. For these reasons, Nexo objects to this Request in its entirety.<br><br>**Response:** Nexo will produce the native versions of the produced, Bates-stamped documents listed above, as they exist in Nexo's document review platform. Nexo will not produce further documents in response to this Request.<br><br>**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo | |

| | | |
|---|---|---|
| legal opinions regarding NEXO token regulatory status)<br>• NEXO-0142401 (Retail OTC Deal Flows)<br>• NEXO-0145425 (AM Workflow Optimization Proposition (AM Trainee))<br>• NEXO-0146247 (OTC deals – performed on Telegram chats)<br>• NEXO-0147325 (Nexo PR partner search draft emails)<br>• NEXO-0149277 (Nexo FAQ)<br>• NEXO-0183586 (Data Retention and Disposal)<br>• NEXO-0184400 ($NEXO & $BTC Correlation)<br>• NEXO-0201588 (Gap Analysis)<br>• NEXO-0209784 (Nexo VIP Relationship Program nexo.10)<br>• NEXO-0215538 (SEC letter)<br>• NEXO-0216078 (Bitmex letter 1)<br>• NEXO-0219825 (Bitmex letter 2)<br>• NEXO-0216131 (TERMS AND CONDITIONS OF TOKEN SALE)<br>• NEXO-0217044 (ICO Questionnaire Coinbase)<br>• NEXO-0217096 (NEXO Token Terms)<br>• NEXO-0217236 (Onboarding guide – Sales Ops) | will produce the native versions of the produced, Bates-stamped documents listed above, as they exist in Nexo's document review platform. Nexo will not produce native versions of documents that Nexo has clawed back as privileged and/or work product: NEXO-0216477 (List of questions the SEC wants Nexo to answer) and NEXO-0136995 (Litigation document in Hristov's custodial files). Nexo will not produce further documents in response to this Request. | |