March 27, 2026

**VIA CM-ECF**

The Honorable Thomas Hixson
United States District Court for the Northern District of California
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94120

Re:   *John Cress v. Nexo Capital Inc.*, Case No. 3:23-cv-00882-TSH
      JOINT DISCOVERY LETTER REGARDING NEXO'S DEMAND THAT PLAINTIFF SUPPLEMENT RESPONSES TO INTERROGATORIES 1 AND 3

Dear Judge Hixson:

The parties submit this joint letter regarding a dispute concerning the Plaintiff's duty to supplement its responses to interrogatories. The parties have met and conferred in good faith prior to filing this letter, including by telephone and the exchange of emails.

### Attestation

Counsel for Plaintiff John Cress and Defendant Nexo Capital Inc. have met and conferred telephonically and in good faith to resolve the disputes set forth below.


Dated: March 27, 2026                TAYLOR-COPELAND LAW

                                     By: /s/ James Taylor-Copeland

                                     Attorneys for Plaintiff


Date: March 27, 2026                 BAKER & MCKENZIE LLP

                                     By: /s/ Ian S. Shelton

                                     Attorneys for Defendant

**NEXO'S POSITION**.

Its shocking that Nexo must ask the Court for relief on this issue. This dispute arises from Plaintiff's unjustified refusal to supplement responses to Defendant's Interrogatories Nos. 1–3.[1] Having filed a Second Amended Complaint that adds and modifies claims, Nexo requested supplementation of responses to its Interrogaroties regarding Plaintiff's claimed damages, the alleged misrepresentations, and the allegedly relied-upon promotional materials. **Exhibit 2** (Defendant's March 13, 2026 Request for Supplementation of Nexo Interrogatories 1, 2, and 3). Plaintiff refused, asserting that the request for supplementation constitutes "separate interrogatories for each cause of action." **Exhibit 3** (Plaintiff's March 16, 2026 Meet and Confer Letter regarding Nexo's Request for Supplementation of Nexo Interrogatories); *see also* **Exhibit 4** (Defendant's March 17, 2026 Response). Plaintiff further argued via email that because the Interrogaroties referenced the First Amended Complaint, the operative complaint at the time they were served, Plaintiff's responses are "plainly limited" to that pleading and there is therefore "nothing to supplement." **Exhibit 5** (Parties' Email Correspondence) at 5. In other words, Plaintiff will not supplement the interogatories to address its live, Second Amended Complaint.

Tellingly, Plaintiff's position is internally contradictory: he refuses to supplement Interrogatories 1 or 3, yet concedes he will supplement Interrogatory 2—notwithstanding its identical reference to the operative complaint—because Interrogatory 2 "arguably seeks some information outside the scope of Plaintiff's First Amended Complaint." *Id.* at 5. Plaintiff cannot cherry pick which Interrogatories he wants to supplement. Plaintiff has also agreed to supplement his Initial Disclosures to address his alleged damages, but refused to do so in a verified interrogatory response. *Id.* at 4.  These positions are both legally meritless and taken in bad faith.

Rule 26(e) imposes a clear, continuing obligation to supplement discovery responses whenever they become materially incomplete or incorrect. That duty applies regardless of which version of the complaint is referenced in the interrogatory—full stop. A party cannot escape its supplementation obligations merely because an interrogatory cited an earlier operative pleading. Plaintiff's contrary argument has no basis in the text of the Rules or any supporting authority.

Plaintiff's position would effectively nullify Rule 26(e), allowing a party to freely amend its claims while shielding stale discovery responses in time. The Rules do not permit that result. Nexo respectfully requests that the Court order Plaintiff to supplement his responses to Interrogatories Nos. 1 and 3 by April 3—the same deadline Plaintiff has already agreed to for Interrogatory No. 2—to fully reflect the operative complaint and Plaintiff's current theories of liability and damages.

**PLAINTIFF'S POSITION**.

Nexo's motion should be denied. Nexo asks this Court to rewrite its own interrogatories to reach claims and materials beyond their express scope. That is not what Rule 26(e) requires, and the Court should decline the invitation.

**1. The Plain Text of the Interrogatories Controls.** Interrogatory No. 1 asks Plaintiff to "describe in detail all of Your claimed damages for each Claim <u>You assert in Your First Amended Complaint</u>." Interrogatory No. 3 similarly asks Plaintiff to describe "the Nexo advertisements and/or promotional materials <u>referenced in Your First Amended Complaint</u>." (Emphasis added.) The Interrogatories define the term "First Amended Complaint" as the "First Amended Complaint filed by Plaintiff JohnCress in Cress v. Nexo Capital Inc., Case No. 3:23-CV-00882-TSH (N.D. Cal.), on November 10, 2023." Nexo

---

[1] Attached as **Exhibit 1** is Nexo's First Set of Interrogatories to Plaintiff, including Interrogatories Nos. 1 and 3.

1

now asks the Court to re-write these interrogatories and substitute "Second Amended Complaint" for "First Amended Complaint."

But the scope of these interrogatories is defined by *Nexo's own drafting*. Nexo chose to limit these interrogatories to the "First Amended Complaint." Plaintiff fully and accurately responded to the questions *as asked*. There is nothing to supplement because those responses remain complete and correct as to the claims and materials in the First Amended Complaint.

**2. Rule 26(e) Does Not Expand the Scope of an Interrogatory.** Nexo fundamentally misreads Rule 26(e). That rule requires supplementation when a prior response "is incomplete or incorrect" in "some material respect." Fed. R. Civ. P. 26(e)(1)(A). It does not transform a narrowly drafted interrogatory into a broader one, nor does it require a responding party to answer questions that were never asked. A response is not "incomplete or incorrect" merely because the propounding party later wishes it had drafted a broader question. Nexo cites no authority—because there is none—for the proposition that Rule 26(e) requires a party to go *beyond the four corners* of an interrogatory to address matters outside its scope.

**3. Plaintiff's Position Is Consistent, Not Contradictory.** Nexo argues that Plaintiff's willingness to supplement Interrogatory No. 2 while declining to supplement Nos. 1 and 3 is "internally contradictory." It is not. Interrogatory No. 2 asks Plaintiff to identify "the facts and circumstances regarding <u>all representations made by Nexo</u>"—a predicate that is not limited to any particular complaint. While it contains a subpart which asks "which Claim in Your First Amended Complaint is associated with the representation," in the interest of compromise and reading the Interroggatory in the light most charitable to Nexo, Plaintiff agreed to supplement this response.

By contrast, Interrogatories 1 and 3 are *exclusively and expressly* limited to the "First Amended Complaint." Plaintiff's position treats each interrogatory according to its actual text. It is Nexo that seeks to erase the textual distinctions in its own interrogatories.

**4. Nexo's Remedy Was to Serve New Interrogatories—Not Ask the Court to Rewrite Existing Ones.** What Nexo actually seeks is not supplementation but *new answers to new questions* about new claims in the Second Amended Complaint. The proper vehicle for obtaining that information is to propound new interrogatories under Rule 33—something nothing has prevented Nexo from doing. Yet Nexo chose not to serve new interrogatories, and instead asks this Court to compel Plaintiff to provide responses that go beyond the scope of the questions actually propounded. Granting that request would circumvent the 25-interrogatory limit in Rule 33(a)(1)—a limit the parties have already been carefully tracking through prior agreements. As Plaintiff explained in meet-and-confer correspondence, responding to Nexo's supplementation demands would push the interrogatory count to 28, exceeding Rule 33(a)'s limit. **Exhibit 3** at 2. Nexo should not be permitted to achieve through a supplementation motion what it cannot obtain through the ordinary interrogatory process.

**5. Nexo Suffers No Prejudice.** Nexo's breathless rhetoric about "bad faith" obscures the fact that Plaintiff has been forthcoming throughout this dispute. Plaintiff has already agreed to: (1) supplement Interrogatory No. 2 regarding false and misleading representations by April 3; (2) supplement Initial Disclosures with updated damages information by April 3; and (3) produce an expert report detailing Plaintiff's damages by the expert disclosure deadline. **Exhibit 5** at 4. As Nexo itself acknowledged during meet and confer, Plaintiff's supplemental Initial Disclosures will "contain similar information to that sought by Rog 1 regarding Plaintiff's damages." *Id.* Nexo will thus receive the very information it claims to need.

**6. Nexo's Verification Argument Lacks Merit.** Nexo complains that the damages information in supplemental Initial Disclosures "will not be verified." **Exhibit 5** at 3. But this argument collapses under scrutiny. Plaintiff's expert damages report will be supported by the expert's sworn declaration under Rule 26(a)(2)(B). Initial Disclosures are governed by Rule 26(g), which requires counsel's certification that the disclosure is complete and correct. Nexo cannot manufacture a discovery dispute out of a desire for a particular *format* of disclosure when the substance will be provided through multiple overlapping vehicles.

For these reasons, Plaintiff respectfully requests that the Court deny Nexo's request to compel supplementation of Interrogatories Nos. 1 and 3.