UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CRESS,

Plaintiff,

v.

NEXO CAPITAL INC.,

Defendant.

Case No. 23-cv-00882-TSH

**DISCOVERY ORDER**

Re: Dkt. No. 110

On July 25, 2024, Defendant Nexo Capital Inc. served its first set of interrogatories. Rog 1 asked: "For each Claim You assert in Your First Amended Complaint, describe in detail all of Your claimed damages for each Claim and the factual support for any of Your damages calculations." Rog 3 asked: "With respect to the Nexo advertisements and/or promotional materials referenced in Your First Amended Complaint, describe each Nexo material You saw, when You saw it, where You saw it, and the source of the material (*i.e.* print, e-mail, etc.)." At the time, the operative complaint was the First Amended Complaint, filed on November 10, 2023. ECF No. 29.

The Court subsequently granted Plaintiff's motion for leave to amend, and on October 30, 2025, Plaintiff filed his Second Amended Complaint. ECF Nos. 86, 88. Defendant now argues that under Rule 26(e), Plaintiff is required to supplement his responses to rogs 1 and 3 given the new allegations in the SAC. Plaintiff disagrees, asserting that rogs 1 and 3 were specific to the FAC and did not ask, for example, about "the operative complaint" or some other floating reference to whatever is the most recent version of the complaint.

The Court thinks Defendant has the better of the argument. Discovery requests should be read fully and fairly to get at the subject being asked about, and should not be parsed in a

hypertechnical manner to defeat the thrust of the request. Rogs 1 and 3 asked about "Your First Amended Complaint" because that was the version of the complaint that was on file at the time, not because Defendant was uninterested in the requested information should there later be a further amendment to the complaint. The Court reads "Your First Amended Complaint" as a floating reference to the operative complaint because that is the only thing Defendant could possibly have meant, even if it did not say that in exactly the right way. There are certainly times in litigation where precise words matter, but this discovery dispute is not one of them because the Court knows what the Defendant meant.

Accordingly, Defendant's motion to compel Plaintiff to supplement his responses to rogs 1 and 3 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: April 7, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California