# EXHIBIT A

explanation," of a "matter at issue."  Plaintiff further objects to the definition of "Describe" to the extent the phrase "matter at issue" is vague, ambiguous, overly broad, unduly burdensome, and unintelligible.  Subject to the foregoing objections, should Plaintiff answer any Interrogatory with the word "Describe," Plaintiff defines "describe" to mean "identify."

10.    These Responses are based upon information currently known or believed to be true by Plaintiff. Plaintiff reserves the right to modify or supplement these Responses.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 19:**

Describe all facts and circumstances supporting the sixth cause of action in the SAC for civil theft, including (1) the specific actions allegedly constituting theft, (2) the representations upon which the theft claim is based, and (3) identifying with specificity the "false transaction confirmations" referenced in paragraph 197 of the SAC.

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to the General Objections,  Plaintiff objects on the following grounds: (1) it is overbroad; (2) it is unduly burdensome, oppressive, and harassing; (3) it seeks information protected by the attorney-client privilege and the attorney work product doctrine; (4) it seeks information that is protected by constitutional, statutory and judicial guarantees of privacy; (5) it seeks information that is confidential and proprietary; (6) it seeks information in Defendant's possession or the possession of third parties, including information to which Defendant has greater access; (7) it is not full and complete in and of itself as required; and (8) the phrase "false transaction confirmations" as used in paragraph 197 of the SAC is a term that requires legal interpretation and is therefore vague and ambiguous as used in this Interrogatory. Plaintiff objects on the grounds interrogatories seeking "all facts" are "overly broad and unduly burdensome on their face." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008). Plaintiff further objects to these Interrogatories because all facts and circumstances supporting Plaintiff's sixth cause of action in the SAC for civil theft cannot be known until Plaintiff has had the opportunity to depose Defendant.

4

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

Plaintiff further objects to this interrogatory as premature because it requests facts about Defendant's conduct prior to any party appearing for deposition to explain such conduct. *SanDisk Corp. v. Zurich Am. Ins. Co.*, No. C 12-06081 LHK (PSG), 2013 U.S. Dist. LEXIS 188797 (N.D. Cal. Sep. 12, 2013).

Plaintiff further objects to these Interrogatories as improper in form to the extent they contain subparts or constitute compound, conjunctive or disjunctive questions because it asks for the specific actions constituting theft, the representations upon which the claim is based, and identification of specific document categories, which thus constitutes multiple separate interrogatories. *Am. Bankers Ins. Co. v. Nat'l Fire Ins. Co.*, No. 4:19-cv-02237-HSG (KAW), 2020 U.S. Dist. LEXIS 252610 (N.D. Cal. July 9, 2020) (interrogatories that ask several independent stand-alone questions are compound). Plaintiff further objects to this request as seeking information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this request as a premature contention interrogatory to the extent it requires Plaintiff to identify with specificity the "false transaction confirmations" referenced in paragraph 197 of the SAC before completion of fact discovery.

Plaintiff further objects to this Interrogatory on the grounds that it is disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). With fact discovery closing in approximately three months and no party depositions having yet occurred, requiring Plaintiff to marshal exhaustive factual narratives regarding the civil theft claim at this juncture imposes a burden that is not proportional to the benefit, particularly where Defendant's own conduct and internal records are at the heart of the claim. Plaintiff further objects to this Interrogatory as an improper contention interrogatory that is premature before the close of fact discovery. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally or more accessible to Defendant, including Defendant's own internal records, communications, and conduct underlying the civil theft claim. Defendant should not be permitted to use interrogatories as a substitute for producing its own documents and presenting its own witnesses for deposition.

Plaintiff objects on the grounds that "theft" is vague and ambiguous to the extent this interrogatory requires Plaintiff's pure legal conclusion and seeks information outside the permissible

5

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

scope of Rule 33. Plaintiff objects to the extent the interrogatory seeks pure legal conclusions by seeking legal contentions without a substantially formed factual record.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will not respond to the interrogatory as written. Plaintiff is willing to meet and confer on the scope of the request and timing of the response.

**INTERROGATORY NO. 20:**

Describe the alleged false representations and the associated facts and circumstances supporting the seventh cause of action in the SAC for violation of RICO, including (1) the specific representation, (2) the source of that representation, (3) when the representation was made, (4) when you first became aware of that representation, (5) your understanding of the meaning of that representation, including any changes to your understanding, and (6) any specific actions you took or did not take based on the representation.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to the General Objections, Plaintiff objects on the following grounds: (1) it is overbroad; (2) it is unduly burdensome, oppressive, and harassing; (3) it seeks information protected by the attorney-client privilege and the attorney work product doctrine; (4) it seeks information that is protected by constitutional, statutory and judicial guarantees of privacy; (5) it seeks information that is confidential and proprietary; (6) it seeks information in Defendant's possession or the possession of third parties, including information to which Defendant has greater access; (7) it is not full and complete in and of itself as required. Plaintiff further objects to this interrogatory as vague and ambiguous because interrogatories requesting all facts and circumstances are overly broad and unduly burdensome. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008). Plaintiff further objects to these Interrogatories as improper in form to the extent they contain subparts or constitute compound, conjunctive or disjunctive questions because it asks for the several different categories of "facts and circumstances" surrounding several representations regarding several claims which thus ultimately constitutes more than the 25

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

permissible interrogatories permitted by Fed. R. Civ. Proc. 33(a)(1). *Am. Bankers Ins. Co. v. Nat'l Fire Ins. Co.*, No. 4:19-cv-02237-HSG (KAW), 2020 U.S. Dist. LEXIS 252610 (N.D. Cal. July 9, 2020) (interrogatories that ask several independent stand-alone questions are compound). Plaintiff further objects to this Interrogatory because all facts and circumstances supporting Plaintiff's seventh cause of action in the SAC for violation of RICO cannot be known until Plaintiff has had the opportunity to depose Defendant. Plaintiff further objects to this interrogatory as premature because it requests facts about Defendant's conduct prior to any party appearing for deposition to explain such conduct. *SanDisk Corp. v. Zurich Am. Ins. Co.*, No. C 12-06081 LHK (PSG), 2013 U.S. Dist. LEXIS 188797 (N.D. Cal. Sep. 12, 2013).

Plaintiff further objects to this request as seeking information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this request as a premature contention interrogatory to the extent it requires Plaintiff to answer which of Defendant's representations he contends are false or misleading. *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 15-cv-02897-JST (KAW), 2016 U.S. Dist. LEXIS 99729 (N.D. Cal. July 29, 2016) (contention interrogatories are premature when "discovery is ongoing, as no party depositions have taken place…"); *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (courts deny contention interrogatories before substantial discovery has taken place). Plaintiff further objects to this Interrogatory on the grounds that the burden of the proposed discovery outweighs its likely benefit because no depositions have been taken. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008). Plaintiff further objects to this Interrogatory because it is unduly burdensome, harassing, unreasonably cumulative, or duplicative because the information requested by this Interrogatory can be reflected by documents and depositions. *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (discovery violates Fed. R. Civ. P. 33 where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

Plaintiff further objects to this Interrogatory on the grounds that it is disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). With fact discovery closing in approximately three months and no party depositions having yet occurred, requiring Plaintiff to marshal exhaustive factual narratives regarding the violation of RICO claim at this juncture imposes a burden that is not proportional to the benefit, particularly where Defendant's own conduct and internal records are at the heart of the claim. Plaintiff further objects to this Interrogatory as an improper contention interrogatory that is premature before the close of fact discovery. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally or more accessible to Defendant, including Defendant's own internal records, communications, and conduct underlying the violation of RICO claim. Defendant should not be permitted to use interrogatories as a substitute for producing its own documents and presenting its own witnesses for deposition. Plaintiff objects to the extent the interrogatory seeks pure legal conclusions outside the permissible scope of Rule 33 by seeking legal contentions without a substantially formed factual record.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will not respond to the interrogatory as written. Plaintiff is willing to meet and confer on the scope of the request and timing of the response.

**INTERROGATORY NO. 21:**

Describe the alleged "predicate acts" supporting the seventh cause of action in the SAC for violation of RICO, including (1) the specific conduct constituting the predicate act, (2) when it occurred, (3) the participants involved, (4) when you first became aware of it, and (5) what criminal statute Nexo allegedly violated.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to the General Objections, Plaintiff objects on the following grounds: (1) it is overbroad; (2) it is unduly burdensome, oppressive, and harassing; (3) it seeks information protected by the attorney-client privilege and the attorney work product doctrine; (4) it seeks information that is protected by constitutional, statutory and judicial guarantees of privacy; (5) it seeks information that

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

is confidential and proprietary; (6) it seeks information in Defendant's possession or the possession of third parties, including information to which Defendant has greater access; (7) it is not full and complete in and of itself as required.  Plaintiff further objects to this interrogatory as vague and ambiguous because interrogatories requesting all facts and circumstances are overly broad and unduly burdensome.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008).  Plaintiff further objects to this Interrogatory because all conduct supporting Plaintiff's seventh cause of action in the SAC for violation of RICO cannot be known until Plaintiff has had the opportunity to depose Defendant. Plaintiff further objects to this interrogatory as premature because it requests facts about Defendant's conduct prior to any party appearing for deposition to explain such conduct. *SanDisk Corp. v. Zurich Am. Ins. Co.*, No. C 12-06081 LHK (PSG), 2013 U.S. Dist. LEXIS 188797 (N.D. Cal. Sep. 12, 2013). Plaintiff further objects to this Interrogatory as improper in form to the extent it contains subparts or constitutes a compound interrogatory because it asks for identification of the specific conduct, timing, participants, Plaintiff's awareness, and criminal statutes for each predicate act, which constitutes multiple separate interrogatories. *Am. Bankers Ins. Co. v. Nat'l Fire Ins. Co.*, No. 4:19-cv-02237-HSG (KAW), 2020 U.S. Dist. LEXIS 252610 (N.D. Cal. July 9, 2020) (interrogatories that ask several independent stand-alone questions are compound).

Plaintiff further objects to this request as seeking information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this request as a premature contention interrogatory to the extent it requires Plaintiff to identify specific predicate acts and the criminal statutes allegedly violated before depositions have occurred. *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 15-cv-02897-JST (KAW), 2016 U.S. Dist. LEXIS 99729 (N.D. Cal. July 29, 2016) (contention interrogatories are premature when "discovery is ongoing, as no party depositions have taken place…"); *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (courts deny contention interrogatories before substantial discovery has taken place).  Plaintiff further objects to this Interrogatory on the grounds that the burden of the proposed discovery outweighs its likely benefit because no depositions have been taken.  *In re*

9

*eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008). Plaintiff further objects to this Interrogatory because it is unduly burdensome, harassing, unreasonably cumulative, or duplicative because the information requested by this Interrogatory can be reflected by documents and depositions. *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (discovery violates Fed. R. Civ. P. 33 where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive."). Plaintiff further objects to this Interrogatory on the grounds that it is not limited in time or scope. Plaintiff further objects to this Interrogatory to the extent that it is overly broad and seeks information that is irrelevant to Plaintiff's claims.

Plaintiff further objects to this Interrogatory on the grounds that it is disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). With fact discovery closing in approximately three months and no party depositions having yet occurred, requiring Plaintiff to marshal exhaustive factual narratives regarding the violation of RICO claim at this juncture imposes a burden that is not proportional to the benefit, particularly where Defendant's own conduct and internal records are at the heart of the claim. Plaintiff further objects to this Interrogatory as an improper contention interrogatory that is premature before the close of fact discovery. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally or more accessible to Defendant, including Defendant's own internal records, communications, and conduct underlying the violation of RICO claim. Defendant should not be permitted to use interrogatories as a substitute for producing its own documents and presenting its own witnesses for deposition. Plaintiff objects to the extent the interrogatory seeks pure legal conclusions outside the permissible scope of Rule 33 by seeking legal contentions without a substantially formed factual record.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will not respond to the interrogatory as written. Plaintiff is willing to meet and confer on the scope of the request and timing of the response.

**INTERROGATORY NO. 22:**

10

Describe all facts and circumstances of the "enterprise" supporting the seventh cause of action in the SAC for violation of RICO, including (1) the specific members of the enterprise, (2) the specific actions of each member, (3) when those actions occurred, and (4) how those actions relate to the harm allegedly suffered by Cress.

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to the General Objections, Plaintiff objects on the following grounds: (1) it is overbroad; (2) it is unduly burdensome, oppressive, and harassing; (3) it seeks information protected by the attorney-client privilege and the attorney work product doctrine; (4) it seeks information that is protected by constitutional, statutory and judicial guarantees of privacy; (5) it seeks information that is confidential and proprietary; (6) it seeks information in Defendant's possession or the possession of third parties, including information to which Defendant has greater access; (7) it is vague as to time; and (8) it is not full and complete in and of itself as required. Plaintiff further objects to this interrogatory as vague and ambiguous because interrogatories requesting all facts and circumstances are overly broad and unduly burdensome. Interrogatories seeking "all facts" are "overly broad and unduly burdensome on their face." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008). Plaintiff further objects to this Interrogatory because all facts and circumstances supporting Plaintiff's seventh cause of action in the SAC for violation of RICO cannot be known until Plaintiff has had the opportunity to depose Defendant. Plaintiff further objects to this interrogatory as premature because it requests facts about Defendant's conduct prior to any party appearing for deposition to explain such conduct. *SanDisk Corp. v. Zurich Am. Ins. Co.*, No. C 12-06081 LHK (PSG), 2013 U.S. Dist. LEXIS 188797 (N.D. Cal. Sep. 12, 2013).

Plaintiff further objects to these Interrogatories as improper in form to the extent they contain subparts or constitute compound, conjunctive or disjunctive questions because it asks for the several different categories of information representations which thus ultimately constitutes several interrogatories. *Am. Bankers Ins. Co. v. Nat'l Fire Ins. Co.*, No. 4:19-cv-02237-HSG (KAW), 2020 U.S. Dist. LEXIS 252610 (N.D. Cal. July 9, 2020) (interrogatories that ask several independent stand-

11

alone questions are compound).  Plaintiff further objects to this request as seeking information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this request as a premature contention interrogatory to the extent it requires Plaintiff to identify the structure and membership of the alleged enterprise before depositions have occurred. *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 15-cv-02897-JST (KAW), 2016 U.S. Dist. LEXIS 99729 (N.D. Cal. July 29, 2016) (contention interrogatories are premature when "discovery is ongoing, as no party depositions have taken place…"); *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (courts deny contention interrogatories before substantial discovery has taken place).  Plaintiff further objects to this Interrogatory on the grounds that the burden of the proposed discovery outweighs its likely benefit because no depositions have been taken.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008).   Plaintiff further objects to this Interrogatory because it is unduly burdensome, harassing, unreasonably cumulative, or duplicative because the information requested by this Interrogatory can be reflected by documents and depositions. *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (discovery violates Fed. R. Civ. P. 33 where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive.").  Plaintiff objects to this Interrogatory on the grounds that it is not limited in time or scope.  Plaintiff further objects to this Interrogatory on the grounds that providing "any" or "all" facts is overly broad and unduly burdensome.  Plaintiff will describe only what he believes to be the material facts at this time.  *Amgen Inc. v. Sandoz, Inc.*, 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017).

Plaintiff further objects to this Interrogatory on the grounds that it is disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). With fact discovery closing in approximately three months and no party depositions having yet occurred, requiring Plaintiff to marshal exhaustive factual narratives regarding the violation of RICO claim at this juncture imposes a burden that is not

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

proportional to the benefit, particularly where Defendant's own conduct and internal records are at the heart of the claim.

Plaintiff further objects to this Interrogatory as an improper contention interrogatory that is premature before the close of fact discovery. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally or more accessible to Defendant, including Defendant's own internal records, communications, and conduct underlying the violation of RICO claim. Defendant should not be permitted to use interrogatories as a substitute for producing its own documents and presenting its own witnesses for deposition. Plaintiff objects to the extent the interrogatory seeks pure legal conclusions outside the permissible scope of Rule 33 by seeking legal contentions without a substantially formed factual record. Plaintiff objects to this interrogatory as overly broad seeking all actions every alleged enterprise member has ever taken.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will not respond to the interrogatory as written. Plaintiff is willing to meet and confer on the scope of the request and timing of the response.

**INTERROGATORY NO. 23:**

Describe all facts and circumstances supporting the ninth cause of action in the SAC for fraudulent omission, including (1) a detailed description of the alleged omissions described in paragraph 241 of the SAC, and (2) the factual basis for the "duty to disclose" described in paragraph 242 of the SAC.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to the General Objections, Plaintiff objects on the following grounds: (1) it is overbroad; (2) it is unduly burdensome, oppressive, and harassing; (3) it seeks information protected by the attorney-client privilege and the attorney work product doctrine; (4) it seeks information that is protected by constitutional, statutory and judicial guarantees of privacy; (5) it seeks information that is confidential and proprietary; (6) it seeks information in Defendant's possession or the possession of third parties, including information to which Defendant has greater access; (7) it is not full and

complete in and of itself as required.  Plaintiff further objects to this interrogatory as vague and ambiguous because interrogatories requesting all facts and circumstances are overly broad and unduly burdensome. Interrogatories seeking "all facts" are "overly broad and unduly burdensome on their face." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008).  Plaintiff further objects to this Interrogatory because all facts and circumstances supporting Plaintiff's ninth cause of action in the SAC for fraudulent omission cannot be known until Plaintiff has had the opportunity to depose Defendant. Plaintiff further objects to this interrogatory as premature because it requests facts about Defendant's conduct prior to any party appearing for deposition to explain such conduct. *SanDisk Corp. v. Zurich Am. Ins. Co.*, No. C 12-06081 LHK (PSG), 2013 U.S. Dist. LEXIS 188797 (N.D. Cal. Sep. 12, 2013).

Plaintiff further objects to this request as seeking information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this request as a premature contention interrogatory. *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 15-cv-02897-JST (KAW), 2016 U.S. Dist. LEXIS 99729 (N.D. Cal. July 29, 2016) (contention interrogatories are premature when "discovery is ongoing, as no party depositions have taken place…"); *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (courts deny contention interrogatories before substantial discovery has taken place).  Plaintiff further objects to this Interrogatory on the grounds that the burden of the proposed discovery outweighs its likely benefit because no depositions have been taken.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008).  Plaintiff further objects to this Interrogatory because it is unduly burdensome, harassing, unreasonably cumulative, or duplicative because the information requested by this Interrogatory can be reflected by documents and depositions, and because the facts underlying Defendant's alleged omissions and duty to disclose are information to which Defendant has equal or greater access.  *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (discovery violates Fed. R. Civ. P. 33

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

Plaintiff further objects to this Interrogatory on the grounds that it is disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). With fact discovery closing in approximately three months and no party depositions having yet occurred, requiring Plaintiff to marshal exhaustive factual narratives regarding the fraudulent omission claim at this juncture imposes a burden that is not proportional to the benefit, particularly where Defendant's own conduct and internal records are at the heart of the claim. Plaintiff further objects to this Interrogatory as an improper contention interrogatory that is premature before the close of fact discovery. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally or more accessible to Defendant, including Defendant's own internal records, communications, and conduct underlying the fraudulent omission claim. Defendant should not be permitted to use interrogatories as a substitute for producing its own documents and presenting its own witnesses for deposition. Plaintiff objects to the extent the interrogatory seeks pure legal conclusions outside the permissible scope of Rule 33 by seeking legal contentions without a substantially formed factual record. Plaintiff objects to this interrogatory as vague, ambiguous, and overly burdensome as calling for descriptions of alleged omissions already described in the SAC.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will not respond to the interrogatory as written. Plaintiff is willing to meet and confer on the scope of the request and timing of the response.

**INTERROGATORY NO. 24:**

Describe all facts and circumstances supporting the tenth cause of action in the SAC for breach of the Cryptocurrency Purchase Agreement, including (1) the specific provisions of the contract that were breached, (2) the facts constituting the breach, and (3) to the extent Cress relies on the implied covenant of good faith and fair dealing, a detailed description of the facts supporting Cress's contention that Nexo violated the implied covenant.

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the General Objections, Plaintiff objects on the following grounds: (1) it is overbroad; (2) it is unduly burdensome, oppressive, and harassing; (3) it seeks information protected by the attorney-client privilege and the attorney work product doctrine; (4) it seeks information that is protected by constitutional, statutory and judicial guarantees of privacy; (5) it seeks information that is confidential and proprietary; (6) it seeks information in Defendant's possession or the possession of third parties, including information to which Defendant has greater access; (7) it is not full and complete in and of itself as required. Plaintiff further objects to this interrogatory as vague and ambiguous because interrogatories requesting all facts and circumstances are overly broad and unduly burdensome.  Interrogatories seeking "all facts" are "overly broad and unduly burdensome on their face." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008). Plaintiff further objects to this Interrogatory because all facts and circumstances supporting Plaintiff's tenth cause of action in the SAC for breach of the Cryptocurrency Purchase Agreement cannot be known until Plaintiff has had the opportunity to depose Defendant. Plaintiff further objects to this interrogatory as premature because it requests facts about Defendant's conduct prior to any party appearing for deposition to explain such conduct. *SanDisk Corp. v. Zurich Am. Ins. Co.*, No. C 12-06081 LHK (PSG), 2013 U.S. Dist. LEXIS 188797 (N.D. Cal. Sep. 12, 2013).

Plaintiff further objects to these Interrogatories as improper in form to the extent they contain subparts or constitute compound, conjunctive or disjunctive questions because it asks for several different categories of facts and circumstances surrounding the alleged breach of the Cryptocurrency Purchase Agreement, which thus ultimately constitutes more than the 25 permissible interrogatories permitted by Fed. R. Civ. Proc. 33(a)(1). *Am. Bankers Ins. Co. v. Nat'l Fire Ins. Co.*, No. 4:19-cv-02237-HSG (KAW), 2020 U.S. Dist. LEXIS 252610 (N.D. Cal. July 9, 2020) (interrogatories that ask several independent stand-alone questions are compound). Plaintiff further objects to this request as seeking information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this request as a premature contention interrogatory to the extent it requires

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

Plaintiff to identify specific contractual provisions and facts constituting breach. *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 15-cv-02897-JST (KAW), 2016 U.S. Dist. LEXIS 99729 (N.D. Cal. July 29, 2016) (contention interrogatories are premature when "discovery is ongoing, as no party depositions have taken place..."); *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (courts deny contention interrogatories before substantial discovery has taken place). Plaintiff further objects to this Interrogatory on the grounds that the burden of the proposed discovery outweighs its likely benefit because no depositions have been taken. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 (N.D. Cal. Dec. 11, 2008). Plaintiff further objects to this Interrogatory because it is unduly burdensome, harassing, unreasonably cumulative, or duplicative because the information requested by this Interrogatory can be reflected by documents and depositions. *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. June 3, 2015) (discovery violates Fed. R. Civ. P. 33 where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive."). Plaintiff further objects to this Interrogatory on the grounds that the phrase "implied covenant of good faith and fair dealing" is vague and ambiguous as applied to the specific facts of this case.

Plaintiff further objects to this Interrogatory on the grounds that it is disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). With fact discovery closing in approximately three months and no party depositions having yet occurred, requiring Plaintiff to marshal exhaustive factual narratives regarding the breach of the Cryptocurrency Purchase Agreement claim at this juncture imposes a burden that is not proportional to the benefit, particularly where Defendant's own conduct and internal records are at the heart of the claim. Plaintiff further objects to this Interrogatory as an improper contention interrogatory that is premature before the close of fact discovery. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally or more accessible to Defendant, including Defendant's own internal records, communications, and conduct underlying the breach of the Cryptocurrency Purchase Agreement claim. Defendant should not be permitted to use

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL

interrogatories as a substitute for producing its own documents and presenting its own witnesses for deposition. Plaintiff objects to the extent the interrogatory seeks pure legal conclusions outside the permissible scope of Rule 33 by seeking legal contentions without a substantially formed factual record.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will not respond to the interrogatory as written. Plaintiff is willing to meet and confer on the scope of the request and timing of the response.

DATED:  March 23, 2026

Respectfully submitted,

*/s/James Taylor-Copeland*
James Q. Taylor-Copeland
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Plaintiff John Cress*

18
PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES - 3:23-cv-00882-TSH
CONFIDENTIAL