# Exhibit E

# Exhibit E

 **Outlook**

---

## RE: [EXTERNAL] Re: Cress/Nexo Meet and Confer Re: Nexo's 3rd Rogs/4th RFPs

---

**From** Shelton, Ian <Ian.Shelton@bakermckenzie.com>

**Date** Thu 5/21/2026 8:27 AM

**To** Max Ambrose <maxambrose@taylorcopelandlaw.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>

**Cc** James Taylor-Copeland <james@taylorcopelandlaw.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Garza, Iliana <Iliana.Garza@bakermckenzie.com>; Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>

📎 1 attachment (201 KB)

21 May 2021 Nexo MC Letter to Cress.pdf;

Max,

Please see the attached letter.

**Ian Shelton**

Partner, Litigation

Baker & McKenzie LLP

800 Capitol, Suite 2100

Houston, Texas 77002

United States

Dir: +1 713 427 5029

Tel: +1 713 427 5000

ian.shelton@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | X

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

---

**From:** Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Sent:** Wednesday, May 20, 2026 6:58 PM
**To:** Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
**Cc:** James Taylor-Copeland <james@taylorcopelandlaw.com>; Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Garza, Iliana <Iliana.Garza@bakermckenzie.com>; Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>
**Subject:** Re: [EXTERNAL] Re: Cress/Nexo Meet and Confer Re: Nexo's 3rd Rogs/4th RFPs

Following up again here. We'd like to avoid asking the Court to compel Nexo to produce court-ordered documents it agreed to produce seven months ago. We also want to schedule a time to meet and confer as requested in our letter sent eight days ago so that we can obtain the discovery necessary to fully respond to your Interrogatories 19-24.

We are aware you've read our letter because you are using it as an exhibit in the JLB you sent to us today.

On Tue, May 19, 2026 at 11:24 AM Max Ambrose <maxambrose@taylorcopelandlaw.com> wrote:

> Counsel,
>
> Following up here. Please let us know when you are available to meet and confer on Plaintiff's RFPs set seven.  Since Nexo is seeking immediate responses to its interrogatories while also refusing to search for and produce documents on those same topics, we must resolve these issues promptly.
>
> We also note we have not yet received confirmation of whether Nexo has complied with the Court's October 31, 2025 (Dkt. 89) Order. We raised this issue nearly a month ago now and have followed up repeatedly. Please comply with the Court's order by close of business tomorrow or we will raise the issue with the Court.
>
> Thanks,
>
> Max
>
> On Tue, May 12, 2026 at 4:28 PM Max Ambrose <maxambrose@taylorcopelandlaw.com> wrote:
>
>> Adrienne,
>>
>> Please see Plaintiff's Meet and Confer letter.
>>
>> Best regards,
>>
>> Max
>>
>> On Tue, May 12, 2026 at 12:24 PM Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com> wrote:
>>
>>> Max,
>>>
>>> We need a firm commitment on a date, considering you have unilaterally given yourself a 2+month extension. Given the 25th is a holiday, the 26th pushes us too close to the discovery deadline. Please commit to providing your answers by May 22 or we will take this to the Court.
>>>
>>> Best,
>>> Adrienne
>>>
>>> This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Sent:** Wednesday, April 29, 2026 2:21 PM
**To:** Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
**Cc:** James Taylor-Copeland <james@taylorcopelandlaw.com>; Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>
**Subject:** Re: [EXTERNAL] Re: Cress/Nexo Meet and Confer Re: Nexo's 3rd Rogs/4th RFPs

We will endeavor to supplement Plaintiff's Rog 19-24 responses by Tuesday, May 26, 2026.

On Wed, Apr 29, 2026 at 10:50 AM Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com> wrote:

> When can we expect the responses?
>
> Best,
> Adrienne
>
>
> This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** Harreveld, Adrienne
**Sent:** Monday, April 27, 2026 3:42 PM
**To:** 'Max Ambrose' <maxambrose@taylorcopelandlaw.com>
**Cc:** James Taylor-Copeland <james@taylorcopelandlaw.com>; Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>
**Subject:** RE: [EXTERNAL] Re: Cress/Nexo Meet and Confer Re: Nexo's 3rd Rogs/4th RFPs

Your recital of the agreed scope is correct.

Thanks,
Adrienne

**From:** Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Sent:** Friday, April 24, 2026 2:59 PM
**To:** Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
**Cc:** James Taylor-Copeland <james@taylorcopelandlaw.com>; Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>
**Subject:** Re: [EXTERNAL] Re: Cress/Nexo Meet and Confer Re: Nexo's 3rd Rogs/4th RFPs

Adrienne,

1. It is unclear if your April 20 email rescinds Nexo's previous offer to narrow the scope of Interrogatory Nos. 19-24. Our understanding from April 9 was that Nexo agreed to revise the scope of Interrogatory Nos. 19-24 to the materials relied upon in bringing the asserted causes of action, as well as the material information produced in discovery supporting those causes of action. If the previously agreed scope is incorrect, we will need to continue to meet and confer with respect to the scope of these interrogatories.

Please confirm Nexo's position on the scope of Rogs 19-24 in writing so the Plaintiff can clearly understand how to respond.

We have been preparing responses in line with the previously agreed-upon revised scope, but given the breadth of these interrogatories and everything else going on in the case (e.g., recent expert disclosures and reports, expert rebuttals and discovery, the parties' additional JLBs regarding depositions), a deadline for today is both impractical and unnecessary because these requests are contention requests.

2, 3. We are serving our Supplemental responses to RFP Set 4 with this email. We believe this resolves any outstanding issues with Nexo's RFPs Set 4.

4. We have already detailed the steps we took to obtain responsive phone records from ATT. We have no additional information to provide.

Best regards,

Max

On Mon, Apr 20, 2026 at 11:19 AM Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com> wrote:

Max,

1. Rogs 19-24. Nexo responded with a detailed deficiency letter on March 27 and requested a response. Nexo then followed up multiple times. In any event, it appears now that you agree there was no basis to withhold responses until now. Nexo's proposal was not a limitation; it was a fair reading of the request. Please provide your amended responses by April 24.
2. RFP Set 4. Please provide these amendments by April 24.
3. RFPs 202-204. Please provide a response by April 21.
4. RFP 205. Please detail the steps you took to obtain responsive phone records from ATT so that Nexo can make an informed decision on whether to pursue additional discovery as it relates to this request. Your response to date is unclear.

Best,
Adrienne

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Sent:** Thursday, April 9, 2026 2:42 PM
**To:** Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
**Cc:** James Taylor-Copeland <james@taylorcopelandlaw.com>; Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>
**Subject:** [EXTERNAL] Re: Cress/Nexo Meet and Confer Re: Nexo's 3rd Rogs/4th RFPs

Adrienne,

Your email does not fully reflect Plaintiff's position or the history of the parties' meet and confer efforts. For clarity, Plaintiff's position is as follows:

1. **Interrogatories Nos. 19–24**

Plaintiff disagrees with Nexo's characterization of the timing and history of these requests.

Nexo served these interrogatories on February 13, 2026, several months after Plaintiff filed the SAC on October 30, 2025. Plaintiff timely served objections, including that the interrogatories, as drafted, were overly broad and constituted premature contention interrogatories.

Nexo first raised its position regarding Interrogatories 19–24 in its March 27, 2026 letter, requesting a response by March 31. On March 29, Plaintiff responded that, because of ongoing depositions and related travel, Plaintiff could not provide a written response by March 31 but was available to meet and confer that same day. Nexo did not respond to that proposal until April 6, and the meet and confer ultimately occurred on April 8, two days before Plaintiff's deposition.

On April 9, one day before Plaintiff's deposition, Nexo for the first time agreed to narrow Interrogatories 19–24 to seek "all materials relied upon in bringing the asserted causes of action, as well as the discovery produced to date that supports those causes of action." Plaintiff is willing to respond to the interrogatories as narrowed to the materials relied upon in bringing the asserted causes of action, as well as the material information produced in discovery supporting those causes of action. Plaintiff, however, cannot provide those responses within one day, particularly given counsel's travel and deposition obligations.

Plaintiff therefore objects to Nexo's stated position that it may seek additional deposition time based on these interrogatories. Plaintiff's position is that: (1) the interrogatories were not served promptly after the SAC; (2) the meet and confer process was not completed on an expedited basis; (3) the interrogatories as originally drafted were overly broad; (4) the narrowed requests were provided in writing only one day before the deposition; and (5) the interrogatories seek contention information while fact discovery remains ongoing. Plaintiff will endeavor to respond to the interrogatories as narrowed and reserves the right to supplement as discovery continues.

2. **RFP Responses – No Additional Materials**

Plaintiff informed Nexo that it is not aware of additional responsive materials to produce because the Fourth RFPs are duplicative of prior requests and Plaintiff has already conducted a reasonable search for responsive documents. Plaintiff will amend his responses to confirm that no additional responsive materials have been identified.

Plaintiff does not agree that any such amendment must be made before the April 10 deposition, or that any amendment would justify additional deposition testimony.

3. **Request Nos. 202 and 204**

While I do not believe RFP 202 was raised on yesterday's call, Plaintiff will confer internally regarding RFPs 202 and 204 and will respond after doing so.

4. **Request No. 205**

Plaintiff does not believe Request No. 205 requires further supplementation. As reflected in Plaintiff's response, Plaintiff conducted a reasonable search for responsive call logs on his cell phone. In September 2025, Plaintiff also attempted to obtain responsive call records from AT&T in connection with Nexo's prior requests, but was informed that available records went back only 16 months, which would not reach the 2021 period covered by Request No. 205. Plaintiff's position is therefore that no further supplement is necessary because no responsive call logs are within Plaintiff's possession, custody, or control.

Best regards,

Max

On Thu, Apr 9, 2026 at 8:56 AM Harreveld, Adrienne <[Adrienne.Harreveld@bakermckenzie.com](mailto:Adrienne.Harreveld@bakermckenzie.com)> wrote:

Max,

This email memorializes the parties' meet and confer regarding Plaintiff's responses to Defendants' discovery requests (Third Interrogatories and Fourth Requests for Production). Plaintiff has had the Fourth RFPs since February 6 and the Third Rogs since February 13 and has long been aware that Cress's deposition was scheduled for this week, yet still failed to provide any substantive responses or production. As stated during the call, Plaintiff's overbreadth objection—based on the fact that the requests seek "all documents, materials, or facts"—does not excuse compliance with its discovery obligations. Plaintiff was required to respond and produce documents, subject to its objections. Plaintiff's previously overruled objection to supplementing Interrogatories Nos. 1–3 does not alter this obligation. Despite having these requests for nearly two months, and despite Defendants' March 27 deficiency letter requesting a prompt response so the issues could be resolved in advance of the deposition, Plaintiff did not provide any response or substantive position until yesterday.

From our call, we understand the following:

1. **Interrogatories Nos. 19–24.** Plaintiff advised that it will not amend its responses to Rogs. 19–24 in advance of Cress's deposition. Nexo reserves all rights to recall Cress for further deposition testimony to the extent those responses are amended or supplemented following his deposition.
2. **"Describe All Facts and Circumstances:"** Nexo clarified/reiterated that the request is for a description of all materials relied upon in bringing the asserted causes of action, as well as the discovery produced to-date that supports those causes of action. Nexo's position is that Plaintiff must respond and can later supplement the response as needed.
3. **RFP Responses – No Additional Materials.** Plaintiff agreed to amend its responses to the relevant Requests for Production to state that there are no additional responsive materials beyond those already produced.
4. **Request Nos. 202/204.** With respect to Request Nos. 202/204, Plaintiff advised that it will confer internally and get back to Nexo regarding whether it will conduct a search for third-party communications relating to the lawsuit and the asserted causes of action.
5. **Request No. 205.** Plaintiff agreed to amend its response to Request No. 205 to state that it conducted a search of Cress's cell phone records and that the requested information was not available. In doing so, Plaintiff should specifically detail which steps taken to obtain cell-

phone records (inclusive of call logs) between March-July 2021. Plaintiff also agreed to amend its response to specify the dates for which phone records are available.

6. **Contention/Reliance Requests.** Plaintiff maintains that these requests are premature. Nexo reserves the right to recall Cress to testify to documents produced in response to these requests.

If any portion of the above does not accurately reflect your understanding of the parties' discussion, please advise promptly.

Best regards,

**Adrienne Harreveld**

Baker & McKenzie LLP

830 Brickell Plaza, Suite 3100

Miami, FL 33131

Direct: +1 305 789 8948

adrienne.harreveld@bakermckenzie.com



This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

--
Taylor-Copeland Law
maxambrose@taylorcopelandlaw.com
501 W. Broadway Suite 800
San Diego, CA 92101
Phone: (602) 570-2656
www.taylorcopelandlaw.com

--
Taylor-Copeland Law
maxambrose@taylorcopelandlaw.com
501 W. Broadway Suite 800
San Diego, CA 92101
Phone: (602) 570-2656
www.taylorcopelandlaw.com

--
Taylor-Copeland Law
maxambrose@taylorcopelandlaw.com
501 W. Broadway Suite 800
San Diego, CA 92101
Phone: (602) 570-2656

www.taylorcopelandlaw.com


--
Taylor-Copeland Law
maxambrose@taylorcopelandlaw.com
501 W. Broadway Suite 800
San Diego, CA 92101
Phone: (602) 570-2656
www.taylorcopelandlaw.com


--
Taylor-Copeland Law
maxambrose@taylorcopelandlaw.com
501 W. Broadway Suite 800
San Diego, CA 92101
Phone: (602) 570-2656
www.taylorcopelandlaw.com


--
Taylor-Copeland Law
maxambrose@taylorcopelandlaw.com
501 W. Broadway Suite 800
San Diego, CA 92101
Phone: (602) 570-2656
www.taylorcopelandlaw.com