UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CRESS,

          Plaintiff,

    v.

NEXO CAPITAL INC.,

          Defendant.

Case No.  23-cv-00882-TSH

**DISCOVERY ORDER**

Re: Dkt. Nos. 112, 113, 118, 119

The parties have filed joint discovery letter briefs at ECF Nos. 112, 113, 118 and 119.  The Court addresses them in this order.

**A.     ECF No. 112**

Plaintiff contends that Nexo's Rule 30(b)(6) deponents were not sufficiently prepared to testify on four topics.  He seeks 2.5 additional hours for a remote deposition, at Nexo's expense.  Nexo disagrees.

      **1.     Document Preservation and Spoliation**

Plaintiff has failed to show that Trenchev was insufficiently prepared to testify on this topic.

      **2.     VIP Program**

Plaintiff has demonstrated that Dinca was not sufficiently prepared to testify on this topic.

      **3.     Liquidation Fees and Mechanics**

Plaintiff has not demonstrated that Dinca was insufficiently prepared to testify on this topic.

      **4.     NEXO Token Sales to U.S. Customers**

Plaintiff has not shown that Trenchev was insufficiently prepared to testify on this topic.

**5.      Ruling**

Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART**.  The Court **ORDERS** Nexo to provide a Rule 30(b)(6) deponent for one additional hour of deposition testimony concerning the VIP program.  This deposition may be conducted remotely.  It must taken place within 30 days, and Nexo must identify the designee (or designees) in writing seven days in advance of the deposition.  Nexo must pay Plaintiff's counsel's fee for the one hour of additional deposition.  The remaining relief Plaintiff seeks is **DENIED**.

**B.      ECF No. 113**

Nexo's motion to quash the depositions of Kosta Kantchev and Yasen Damyanov is **DENIED**.  Plaintiff has made a sufficient showing that these depositions are worth taking.  The Court limits each deposition to four hours, and these depositions may be conducted remotely.

**C.      ECF No. 118**

Nexo's motion to depose Plaintiff John Cress for five additional hours is **DENIED**.

**D.      ECF No. 119**

Plaintiff's motion to quash or limit the deposition subpoena to Dieter Stenger is **DENIED**. Stenger is a percipient witness who may have relevant knowledge, and Nexo is entitled to depose him.  The Court agrees with Nexo that it is likely unworkable to specify ahead of time the questions or categories of questions Nexo will be permitted to ask.  At the same time, this deposition presents the risk of an invasion of privacy.  Rule 30(d)(3)(A) says what to do in this situation:  "At any time during a deposition, the deponent or a party may move to terminate or limit it, on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. . . . If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order."

**IT IS SO ORDERED.**

Dated: June 2, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2