June 9, 2026

<u>**VIA CM-ECF**</u>

The Honorable Thomas Hixson
United States District Court for the Northern District of California
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94120

Re:    *John Cress v. Nexo Capital Inc.*, Case No. 3:23-cv-00882-TSH
        JOINT DISCOVERY LETTER REGARDING NEXO'S MOTION TO QUASH THE
        DEPOSITION NOTICE AND REQUEST FOR DOCUMENTS TO AUGUSTUS GREAVES

Dear Judge Hixson:

The parties submit this joint letter regarding a dispute concerning Nexo's motion to quash the deposition notice and request for production of documents to August Greaves. The parties have met and conferred in good faith prior to filing this letter, including by exchange of emails.

## **Attestation**

Counsel for Plaintiff John Cress and Defendant Nexo Capital Inc. have met and conferred in good faith to resolve the disputes set forth below.

Dated: June 9, 2026               TAYLOR-COPELAND LAW

                                  By: */s/ James Taylor-Copeland*

                                  Attorneys for Plaintiff

Date: June 9, 2026                BAKER & MCKENZIE LLP

                                  By: */s/ Ian S. Shelton*

                                  Attorneys for Defendant

**NEXO'S POSITION.** Cress's notice of deposition of Augustus Greaves should be quashed. Greaves's only relevance to this matter is that he verified Nexo's interrogatory responses as an authorized corporate representative. He has no personal knowledge of the underlying facts. He was not an identified custodian in this matter. And Cress has already taken seven hours of corporate representative testimony, with one of the topics specifically addressing Nexo's interrogatory responses:

> Nexo's responses and objections to Plaintiff's Interrogatories, including but not limited to: a. the factual bases for each response and objection; b. the identity of all persons who provided information, input, or approval for each response; c. the documents, data sources, information systems, and custodians relied upon in preparing each response; d. the steps taken by Nexo to investigate, verify, and ensure the completeness and accuracy of its responses; e. any limitations, assumptions, qualifications, or reservations underlying the responses; f. any information known to Nexo that was not included in its responses and the reasons for any such omission; and g. the process by which Nexo collected, reviewed, and synthesized information for purposes of responding to Plaintiff's Interrogatories.

*See* Cress's 30(b)(6) Depo. Notice, Topic No. 49, **Exhibit A**.

Compelling Greaves to sit for an deposition about interrogatory responses as to which he lacks firsthand knowledge would impose substantial burden for no incremental value—particularly where Nexo already designated and produced a Rule 30(b)(6) witness on that topic. That burden is even more pronounced because Cress noticed the deposition in San Francisco, even though Greaves resides in Singapore.

### I.    A verifier does not need to have personal knowledge of each interrogatory response.

A corporate party may answer interrogatories through "any officer or agent," and that person must furnish the information available to the organization. The Rule does not require the verifying representative to possess personal knowledge of every response. Fed. R. Civ. P. 33(b)(1)(B). Courts have recognized that distinction. *See U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646 (C.D. Cal. 2007). More recently, *MacNeil Automotive Products Ltd. v. Yita, LLC* reaffirmed that "an agent may answer interrogatories on behalf of a corporation" and that, under amended Rule 33, "the agent who answers on behalf of the corporation does not need to have personal knowledge." 2025 WL 2201140, at *3 (W.D. Wash. May 15, 2025). So the fact that Greaves signed Nexo's interrogatory verifications does not transform him into a percipient witness subject to deposition on the substance of each interrogatory answer. He verified the responses in his representative capacity as a director of Nexo Capital Inc., based on information available to the company, exactly as Rule 33 permits.

### II.    The Court should quash the deposition based solely on Greaves's status as an verifier.

Verifying interrogatory responses alone does not justify a deposition, and courts routinely quash or limit depositions that seek discovery into discovery. In *Freed v. Home Depot U.S.A., Inc.*, the court quashed a deposition notice directed to a corporate employee whose only connection to the case was that she verified discovery responses. 2019 WL 582346, at *5 (S.D. Cal. Feb. 13, 2019). The court held that the plaintiff had "failed to provide any evidence or support for the idea that [the verifier's] deposition is relevant or proportional," particularly where the defendant had already confirmed the substance of its discovery responses and agreed to produce a Rule 30(b)(6) witness on the same subject. *Id.* That reasoning applies with equal force here. Greaves verified Nexo's interrogatory responses in his representative capacity. Cress does not contend that Greaves is a custodian, that he has personal knowledge of the events underlying this lawsuit, or even that he has personal knowledge of the substance of any interrogatory response. Cress has already examined Nexo's designated Rule 30(b)(6) witness on Topic 49, which covered the factual bases for interrogatory responses, the persons involved

1

in preparing them, the custodians and sources consulted, and the steps taken to investigate and verify completeness. In the only case cited by Plaintiffs in this circuit for the proposition that a court can order a deposition of a verifier, the Court held that an attorney cannot be the verifier then object to a deposition based on privilege; it did not hold that where a party does not have personal knowledge of the facts in an interrogatory the Court may order the deposition in any event. *City of Colton v. Am. Promotional Events*, 2012 U.S. Dist. LEXIS 202710, at *227 (C.D. Cal. June 7, 2012).

Cress's noticing of an interrogatory verifier's deposition appears to be a backdoor effort to obtain the equivalent of additional Rule 30(b)(6) testimony. The problem with this approach is that (1) Greaves is not a Rule 30(b)(6) witness, (2) Cress has served no topics on him, (3) Nexo has no obligation to prepare him to testify as another corporate rep, (4) Cress has already completed a Rule 30(b)(6) deposition on the same topic, and (5) Greaves has no personal knowledge of the facts stated in the interrogatory, but instead relied on knowledgeable Nexo employees with subject matter expertise before verifying the interrogatories.This is hardly surprising given the numerous, complex, and factual varied interrogatories addressing all facets of Nexo's business, which no single person would be expected to know personally.

In assessing undue burden, courts consider not only the burden on the witness, but also Rule 26's proportionality principles. *Pegatron Technology Service, Inc. v. Zurich American Insurance Co.*, 377 F. Supp. 3d 1197 (N.D. Cal. 2019). The analysis balances the relevance of the discovery sought, the requesting party's need, and the hardship imposed on the witness. *ATS Products, Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527 (N.D. Cal. 2015).

Cress's theory appears to be that, because Greaves signed the verifications, Cress is entitled to depose him about how Nexo prepared its interrogatory responses. Cress's attorneys admitted as much in meet and confer correspondence, justifying the deposition by falsely claiming that Nexo's interrogatory responses "contradict each other" so "Plaintiff is entitled to investigate the basis for the responses." *See* **Exhibit B**. But that is classic "discovery about discovery," which courts have repeatedly rejected. *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C 05-01022, 2006 WL 3371576, at *4 (N.D. Cal. Nov. 21, 2006) ("discovery about discovery" is, by definition, not information reasonably calculated to lead to the discovery of admissible evidence); *Google Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C 03-5340, 2006 WL 2578277, at *3 (N.D. Cal. Sept. 6, 2006) (describing requests seeking confirmation that a party produced all responsive documents as improper "discovery about discovery"); *Jiminez-Carillo v. Autopart Int'l, Inc.*, 285 F.R.D. 668, 670 (S.D. Fla. 2012) (denying depositions of corporate officers who verified discovery responses because they did not have, and need not have, personal knowledge of the underlying facts). Nevertheless, Plaintiff's insert makes clear that this is the purpose of the deposition stating that he seeks "what Greaves reviewed, whom he consulted, and how he reconciled the changes before attesting"; and "what Greaves reviewed, whom he consulted, what steps he took, and how he reconciled the contradictions before he swore the answers were true." The Federal Rules do not create a free-standing right to take discovery for the sole purpose of auditing the opposing party's discovery process. A deposition of Greaves would do nothing more than revisit how Nexo gathered information for its interrogatory responses—a subject Cress already explored through the Rule 30(b)(6) deposition—and would therefore be duplicative and improper.

The deposition notice is improper for the additional reason that it would necessarily intrude into privileged communications and work product. Discovery is limited to nonprivileged matter. Fed. R. Civ. P. 26(b)(1). And materials prepared in anticipation of litigation—including counsel's communications with corporate representatives concerning document collection, factual investigation, and the formulation of discovery responses—receive protection under the work-product doctrine. *Hickman v. Taylor*, 329 U.S. 495 (1947); Fed. R. Civ. P. 26(b)(3). Courts have therefore recognized that attempts to depose a corporate representative about how discovery responses were assembled, what information counsel requested, or how litigation-related inquiries were conducted risk invading

2

protected attorney-client and work-product material, particularly where the witness lacks independent factual knowledge. *See Estate of Levingston v. County of Kern*, 320 F.R.D. 520 (E.D. Cal. 2017) (disallowing deposition of employee with no personal knowledge where the requested testimony was disconnected from the underlying incident and lower-level witnesses more closely tied to the facts had not been examined). That concern is acute here. Any knowledge Greaves has about this case was acquired after litigation began and through counsel's efforts to collect information, confer with knowledgeable persons at Nexo, and prepare Nexo's responses in consultation with Nexo. Cress cannot use a verifier deposition as an end run around those privilege protections.The Court has already halted Cress's efforts to take similar discover on the basis. *See* ECF 107 (denying motion to compel where discovery about discovery was "disproportional to the needs of the case" and "finding it highly doubtful" that discovery exists that is not work product). If there were any doubt that Cress seeks to intrude upon privileged matters, it is dispelled by the single document request in the deposition notice, seeking "All documents relied on in verifying the accuracy of Nexo's discovery responses."

Finally, Nexo did not rewrite all of its deposition answers. It reserved an omnibus set of responses, which included supplementations to prior responses, which all Parties are obligated to do throughout discovery. The additions to Interrogatories 13 and 16 are supplementations—they do not contradict any prior statement. Rather, they represent additional responsive information that was confirmed at Hrsitov's deposition, which Cress had full opportunity to interrogate.

**PLAINTIFF'S POSITION.** Just days ago, the Court denied Nexo's last attempt to quash depositions, finding the Kantchev and Damyanov depositions "worth taking" and ordering them to proceed remotely. ECF 120 at 2 (June 2, 2026). Days later, Nexo is again burdening the Court with a frivolous bid to quash a brief remote deposition.  Nexo's motion should be denied and Mr. Greaves should be ordered to testify. Greaves is a director who signed sworn verifications attesting that Nexo's interrogatory answers are "true and correct . . . **based upon my personal knowledge of such matters**, upon my discussions with persons known or believe by me to have personal knowledge of such matters, or upon my review of documents and records relating to such matters." **Exhibit C** (emphasis added). Many of those Interrogatory responses contradict one another. Most recently, Nexo's May 22, 2026 "Omnibus Amended Responses"—served after Nexo's Rule 30(b)(6) witness testified—rewrote sworn answers across the full set of 22 interrogatories. Cress noticed a single deposition to examine the basis for those contradictory sworn statements. Nexo—which offers no evidence of any burden—asks for the most extraordinary relief: an order excusing its own chosen verifying witness from examination altogether.

The contradictions are concrete and material. For example, Nexo's prior sworn answer to Interrogatory No. 16 (served March 3, 2026) recounted Hristov's 2021 oral communications with Cress in detail— including the March 22, 2021 call at the center of this case—without ever stating that the parties discussed fees. The rewritten answer now claims, for the first time, that on that same call Hristov "discussed the OTC desk services with Cress" and "told him that all the services connected with the OTC desk are associated with fees," though the exact fees "are not known before execution." The same new fee-disclosure account was written into the rewritten answer to Interrogatory No. 13. Nexo's sworn account of the same conversation thus changed—on one of the central disputed issues in this case, whether Nexo disclosed its fees—between two verified answers served less than three months apart. Whether either sworn version is true—and what Greaves reviewed, whom he consulted, and how he reconciled the changes before attesting—are facts within his unique knowledge.

**Depositions of witnesses verifying interrogatory responses are common.**

It is thus unsurprising that courts regularly permit parties to depose witnesses who verify interrogatory responses. *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1999 U.S. Dist. LEXIS 19163, at *2-3 (N.D. Ill. Dec. 2, 1999) (verification of interrogatories is "an invitation to be deposed"); *EEOC*

3

*v. Doherty Grp., Inc.*, No. 14-cv-81184, 2017 U.S. Dist. LEXIS 34787 (S.D. Fla. Feb. 28, 2017) (deposition permitted of person who "signed the interrogatory responses" as to "why [party] changed its supplemental interrogatory response so recently"); *City of Colton v. Am. Promotional Events*, No. EDCV 09-01864 PSG (SSx), 2012 U.S. Dist. LEXIS 202710, at *227, n.2 (C.D. Cal. June 7, 2012) ("[A]ttorneys who verified the responses could be deposed," and non-attorney verifying witnesses can "answer[] factual questions without concern for privilege").

All the more so here, where Nexo seeks to prevent any inquiry into its interrogatory responses by waiting until after its 30(b)(6) deposition to change its sworn interrogatory responses, and then arguing that the proper mechanism to examine those responses is a 30(b)(6) deposition. *EEOC v. Doherty Grp., Inc.*, No. 14-cv-81184, 2017 U.S. Dist. LEXIS 34787, at *18 (S.D. Fla. Feb. 28, 2017) (permitting deposition of witness verifying supplemental interrogatory responses where "the 30(b)(6) representative's deposition preceded the filing of the supplemental interrogatory response, so Defendant could not have sought this information from the 30(b)(6) representative").

**Nexo cannot meet its burden to show why Greaves cannot testify.**

A party "seeking to prevent a deposition carries a heavy burden to show why discovery should be denied," and "it is very unusual 'for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'" *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (citations omitted); *accord Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (party resisting deposition must carry a "heavy burden of showing why discovery was denied"). Good cause under Rule 26(c) requires a particularized showing of "specific prejudice or harm." Nexo's own authorities place that burden squarely on Nexo—and refused to bar the depositions at issue. *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 377 F. Supp. 3d 1197, 1202–03 (D. Or. 2019) (quoting *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011)) (involving a nonparty, where the court declined to bar the deposition and phased discovery instead); *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (movant bears the "burden of persuasion"; denying motion to quash a deposition).

**Personal knowledge is tested at a deposition—it is not a ground to forbid one.**

Rule 33(b)(1)(B) addresses who may *answer* interrogatories for a corporation; it says nothing about who may be *deposed*. Nexo's verification cases hold only that an agent may verify without personal knowledge of every response—neither *O'Connell* nor *MacNeil* addresses, much less prohibits, a deposition of the verifier. While Greaves swore that his verification was based at least in part on his "personal knowledge," a claimed lack of knowledge is, by itself, insufficient to preclude a deposition because "the party seeking the discovery is entitled to test the asserted lack of knowledge." *Naftchi v. N.Y. Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997); *Apple*, 282 F.R.D. at 263. The verification cases confirm the point: a verifying agent "must have a basis for signing the responses." *Shepherd v. ABC*, 62 F.3d 1469, 1482 (D.C. Cir. 1995). That basis—and the process Greaves used to form it—is exactly what a deposition is meant to test.

Greaves is no stranger to this case. He is a director who swore—in place of any percipient employee Nexo could have designated—that Nexo's answers were true and correct, and who did so, by Nexo's own account, only after relying on "knowledgeable Nexo employees with subject matter expertise." What he did to verify the answers, whom he consulted, what he reviewed, and how he reconciled responses that contradict one another are facts within his personal knowledge. Nor do the seven hours of Rule 30(b)(6) testimony foreclose this examination: Rule 30(b)(6) "does not preclude a deposition by any other procedure allowed by these rules," Fed. R. Civ. P. 30(b)(6), and the testimony of an individual "is distinct from the testimony of an entity," *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012). Indeed, Nexo served its contradictory Omnibus

4

Amended Responses *after* the Rule 30(b)(6) depositions.[1] The deposition Nexo resists is the only means of learning what the one witness who swore to the answers actually knew and did.

**Examining the basis for contradictory answers is not "discovery about discovery."**

Interrogatory answers are evidence. When a party's sworn answers contradict one another, examination into their basis goes to the reliability and weight of evidence—not to an abstract audit of Nexo's discovery process. Nexo's own cases recognize the difference. The same *Advante* order Nexo quotes held that "serious questions" as to "the reliability and the completeness" of a party's discovery responses justify departing from ordinary discovery procedures—and granted a forensic examination on that showing, denying depositions of counsel's IT staff "[p]articularly in light of" that alternative relief. *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C 05-01022, 2006 WL 3371576, at *1, *4 (N.D. Cal. Nov. 21, 2006). *Freed* quashed a Rule 45 *subpoena* requiring a *paralegal*—not a director—to travel from Atlanta to San Diego in violation of Rule 45's geographic limits, where the plaintiff "failed to provide any evidence" of relevance and identified no deficiency in the responses. 2019 WL 582346, at *5 & n.3 (S.D. Cal. Feb. 13, 2019). Here, by contrast, Greaves is a director of the defendant itself, the deposition can proceed remotely, and Cress has identified specific contradictions in the verified answers.

ECF 107 does not decide this motion. That order addressed Cress's Sixth Set of RFPs. It did not hold that Nexo's sworn, mutually contradictory answers are immune from examination.

**Privilege is asserted question by question; it does not support a blanket bar.**

A deposition is not forbidden in advance on speculation that some questions may draw a privilege objection. The procedure is familiar: counsel objects and, where necessary, instructs the witness not to answer "to preserve a privilege." Fed. R. Civ. P. 30(c)(2); *see Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000). The attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Cress does not seek counsel's communications or work product; he seeks the facts supporting the verification: what Greaves reviewed, whom he consulted, what steps he took, and how he reconciled the contradictions before he swore the answers were true. To the extent particular documents "relied on in verifying" the responses are protected, the remedy is a privilege log—not the suppression of the deposition.

**The only burden Nexo identifies is of its own making—and it is easily addressed.**

Nexo chose a Singapore-based director as its verifying agent. Having selected him, it cannot wield his location as a shield. Regardless, Cress is prepared to take the deposition remotely and will agree to limit it to four hours on the record. A short remote deposition of the director who swore to contradictory answers is proportional to the needs of this case by any measure.

---

[1]Moreover, when Cress questioned Nexo's 30(b)(6) witness regarding its previous Interrogatory responses, he testified that he had no idea what Nexo did "to verify that the information provided [in Nexo's previous interrogatory responses] was full and complete," did not "speak with [Greaves] in preparing for" his 30(b)(6) deposition, and has no idea "what access to records [Greaves] particularly has." Exhibit D, Trenchev Tr. 249:14-250:11.