# EXHIBIT D

You can state an answer, if you can.

A.   The implication of your question is that it is not included here.

BY MR. TAYLOR-COPELAND:

Q.   Correct.

A.   I do not know that this is true.

Q.   But you agree it should be included, if -- if it took place?

MR. SHELTON:  Same objection.

A.   I agree that if legal counsel via this document has confirmed that it will provide Nexo's direct sales, that it should do so.

BY MR. TAYLOR-COPELAND:

Q.   So Mr. Augustus Greaves verified this response on behalf of Nexo; right?

Do you know what he did to verify that the information provided was full and complete?

A.   I do not.

MR. SHELTON:  Were you referring to the verification document?

MR. TAYLOR-COPELAND:  Correct.

MR. SHELTON:  That's the last page, Mr. Trenchev.

A.   Yes.

MR. SHELTON:  You can read it before you

answer.

A.   Well, now I know.   He has read the defendant's amended objections and the responses to plaintiff's third, fifth and twelfth interrogatories in the Cress vs. Nexo Capital Inc. case, and he has confirmed that to the best of his knowledge this information is correct.

BY MR. TAYLOR-COPELAND:

Q.   But you didn't speak with him in preparing for today; right?

A.   I have not spoken to him in preparation of today.

Q.   When's the last time you spoke with Mr. Greaves?

A.   I do not have that on top of my head.

Q.   Has it been more than a year?

A.   No it was sooner.   Last couple of months for sure.

Q.   Does Mr. Greaves have access to Nexo's transactional records?

MR. SHELTON:   Objection, calls for speculation.

A.   I do not know what access to records he particularly has.

BY MR. TAYLOR-COPELAND:

Q.   Okay, looking at the top of page 2, there are