James Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Phone: (619) 734-8770
Fax: (619) 566-4341

*Counsel for Plaintiff John Cress*

Ian S. Shelton (264863)
ianshelton@bakermckenzie.com
BAKER & MCKENZIE LLP
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

*Counsel for Defendant Nexo Capital Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN CRESS,<br><br>            Plaintiff,<br><br>      v.<br><br>NEXO CAPITAL INC.,<br><br>            Defendant. | Case No. 3:23-CV-00882-TSH<br><br>**JOINT STIPULATION REGARDING DEPOSITIONS, AND ORDER** |

1

JOINT STIPULATION TO PERMIT DEPOSITIONS AFTER DISCOVERY CUTOFF

**JOINT STIPULATION**

1. The Court's operative Amended Scheduling Order (Dkt. 109) sets June 29, 2026 as the deadline for the close of both fact and expert discovery in this action (the "discovery cutoff"). The parties have taken, or are in the process of scheduling, between eight and ten depositions to be completed between the date of this filing and the discovery cutoff.

2. Plaintiff John Cress ("Plaintiff") and Defendant Nexo Capital Inc. ("Nexo") jointly stipulate to (a) permit three depositions to be taken after the discovery cutoff and (b) certain agreements intended to promote efficiency and eliminate technical and jurisdictional objections to remote depositions.

3. Good cause exists for this limited accommodation, which is sought in good faith to address scheduling and logistical constraints, will not affect any other case deadline, and will not prejudice any party.

4. The parties served a total of six expert reports by the April 20, 2026, expert disclosure deadline. The parties served a total of five rebuttal reports by the June 5, 2026, rebuttal disclosure deadline. The parties have thus been scheduling numerous depositions to be completed before the discovery cutoff.

5. Plaintiff first informed Nexo that he intended to depose Mr. Greaves on May 22, 2026, and subsequently noticed the deposition of Augustus Greaves for June 18, 2026. On June 8, 2026, the parties submitted a joint letter brief regarding Nexo's Motion to Quash the Deposition of Mr. Greaves.

6. On June 2, 2026, the Court entered a Discovery Order (Dkt. 120) that, among other things, (a) ordered Defendant Nexo Capital Inc. ("Nexo") to provide a Rule 30(b)(6) designee (or designees) for one additional hour of deposition testimony concerning the VIP program, which the Court ordered "may be conducted remotely"; and (b) denied Nexo's motion to quash the depositions of Kosta Kantchev and Yasen Damyanov, limited each such deposition to four hours, and likewise ordered that those depositions "may be conducted remotely." Plaintiff has also designated an expert, Shimon Kogan, who is scheduled for remote

2

JOINT STIPULATION TO PERMIT DEPOSITIONS AFTER DISCOVERY CUTOFF

deposition. These deponents—Nexo's 30(b)(6) designee on the VIP program, Kosta Kantchev, Yassen Damyanov, and Shimon Kogan (the "Remote Deponents")—may be located outside the United States.

7. The parties stipulate to the following:

    a. Notwithstanding the discovery cutoff, Plaintiff may take the depositions of Nexo's expert witnesses Saul Solomon and Kristina Shampanier after the discovery cutoff.

    b. If the Court denies Nexo's Motion to Quash the Deposition of Augustus Greaves, Plaintiff may take the deposition of Mr. Greaves after the discovery cutoff.

    c. All other deadlines set forth in the operative Amended Scheduling Order (Dkt. 109) shall remain in full force and effect.

    d. The depositions of the Remote Deponents shall be conducted by remote videoconference means pursuant to Federal Rule of Civil Procedure 30(b)(4) and the Court's Order (Dkt. 120), before a privately retained court reporter, who need not be in the physical presence of the deponent. The parties waive any objection under Federal Rules of Civil Procedure 28 and 30(b)(5) to the court reporter administering the oath by remote means, and agree that an oath so administered shall be deemed as valid and effective as if administered in the physical presence of the deponent within the United States.

    e. The parties agree that the depositions are voluntary and waive any requirement to proceed via the Hague Evidence Convention, letters rogatory, or the judicial authorities of any country in which a Remote Deponent is physically located.

    f. Notwithstanding that a deposition taken by remote means is ordinarily deemed taken where the deponent answers the questions, the parties agree that the depositions shall be treated as if taken within the United States for purposes of Federal Rules of Civil Procedure 30 and 32, and the parties waive any objection to the use of the transcript or video based on the location of the deposition, the location of the deponent, the location or qualifications of the officer, or the manner in which the oath was administered.

    g. The parties agree that the Stipulated Protective Order (Dkt. 52) is sufficient to safeguard all data in connection with the depositions.

Dated: June 11, 2026               TAYLOR-COPELAND LAW, P.C.

                                By: /s/ James Taylor-Copeland

JOINT STIPULATION TO PERMIT DEPOSITIONS AFTER DISCOVERY CUTOFF

Attorneys for Plaintiff

Dated: June 11, 2026                    BAKER & MCKENZIE LLP

By: /s/ Matthew Rawlinson

Attorneys for Defendant

JOINT STIPULATION TO PERMIT DEPOSITIONS AFTER DISCOVERY CUTOFF

**ATTESTATION**

Pursuant To Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Date: June 11, 2026                           TAYLOR-COPELAND LAW, P.C.

                                              By: /s/ James Taylor-Copeland

JOINT STIPULATION TO PERMIT DEPOSITIONS AFTER DISCOVERY CUTOFF

## <u>ORDER</u>

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   June 11, 2026

_____
HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

JOINT STIPULATION TO PERMIT DEPOSITIONS AFTER DISCOVERY CUTOFF