# EXHIBIT D

James Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimilie: 619-566-4341

*Counsel for Plaintiff John Cress*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CRESS,<br><br>                    Plaintiff,<br><br>        v.<br><br>NEXO CAPITAL INC.<br><br>                    Defendant. | Case No. 3:23-cv-00882-TSH<br><br>**NOTICE OF ISSUANCE OF SUBPOENA TO EVERSHEDS SUTHERLAND (US) LLP** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiff John Cress by and through his undersigned counsel of record hereby provides notice that:

1.  The Subpoena to Produce Documents, Information, or Objects attached hereto as **Exhibit A** will be served upon Eversheds Sutherland (US) LLP at the following address:

Eversheds Sutherland
101 California St
Suite 4750
San Francisco CA, 94111

And emailed to the following individual:

Rocco E. Testani, Partner, General Counsel, US

roccotestani@eversheds-sutherland.com

DATED:  May 19, 2026

Respectfully submitted,

/s/James Taylor-Copeland
James Q. Taylor-Copeland
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Plaintiff John Cress*

1

NOTICE OF ISSUANCE OF SUBPOENA TO EVERSHEDS SUTHERLAND - 3:23-cv-00882-TSH

James Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimilie: 619-566-4341

*Counsel for Plaintiff John Cress*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CRESS,<br><br>        Plaintiff,<br><br>        v.<br><br>NEXO CAPITAL INC.<br><br>        Defendant. | Case No. 3:23-cv-00882-TSH<br><br>**PROOF OF SERVICE** |

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am over the age of eighteen years and not a party to the within action.

On May 19, 2026, I served the following document in the manner described below:

**NOTICE OF ISSUANCE OF SUBPOENA TO EVERSHEDS SUTHERLAND (US) LLP**

☐    BY UNITED STATES MAIL: By mailing a true and correct copy of the documents listed above in the United States mail, first class, postage prepaid, addressed to the addresses set forth below.

☑    BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy from my email address, maxambrose@taylorcopelandlaw.com to the email addresses set forth below.

On the following parties in this action:

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 19, 2026, at San Diego, California.

DATED:  May 19, 2026                By,

*/s/James Taylor-Copeland*
James Taylor-Copeland
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Plaintiff John Cress*

2
PROOF OF SERVICE – Case No. 3:23-cv-00882-TSH

## **SERVICE LIST**

Attorneys for Defendant by electronic service:

- Ian Shelton - Ian.Shelton@bakermckenzie.com

- Matthew Rawlinson - Matthew.Rawlinson@bakermckenzie.com

- Kirsten Dooley - Kirsten.Dooley@bakermckenzie.com

- Adrienne Harreveld - Adrienne.Harreveld@bakermckenzie.com

- Katie Zinecker - Katie.Zinecker@bakermckenzie.com

Plaintiff's counsel by electronic service:

- James Taylor-Copeland – james@taylorcopelandlaw.com

- Max Ambrose – maxambrose@taylorcopelandlaw.com

# Exhibit A

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California  🔽

| | |
|---|---|
| John Cress | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   23-cv-00882-TSH |
| Nexo Capital Inc. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                             Eversheds Sutherland (US) LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

       See attached Schedule A.

| Place: Taylor-Copeland Law, P.C.<br>      501 W. Broadway, Suite 800, San Diego, CA 92101 | Date and Time:<br>      06/08/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/19/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff John Cress
_____ , who issues or requests this subpoena, are:

James Taylor-Copeland, 501 W. Broadway, Suite 800, San Diego, CA 92101, james@taylorcopelandlaw.com, 619734770

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-00882-TSH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

The document requests below are served subject to all instructions and definitions set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, as well as to the instructions and definitions set forth below.

### INSTRUCTIONS

1. Any responsive document in electronic form shall be produced in electronic form, including, without limitation, originals and all copies of email; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; image files in any format; PDF files; and all other electronic files or file fragments, regardless of the media on which they are stored and regardless whether the data reside in an active file, deleted file, or file fragments.

2. All documents electronically produced shall be provided in a file format that can be read by a computer configured to process ADOBE ACROBAT®, Microsoft Word®, or Microsoft Excel® formatted files, when possible. Should a document not be capable of being produced in one of these file formats (or in a standard image format), identify the software application, including the version number and trade name, that can be used to open such document.

3. Produce all documents in the order in which they appear in your files. Documents that, in their original condition, are stapled, clipped or otherwise fastened together shall be produced in the same condition.

4. Produce all documents within your possession, custody, or control including all documents in the possession, custody, or control of any employee, agent, representative, consultant, attorney, accountant, advisors, or other persons directly or indirectly connected with you or subject to your control.

1

5.    If any responsive document has been lost, destroyed, removed from, or is no longer in your possession, custody, or control for any reason, please identify the document, its last known location, and the circumstances surrounding its loss, destruction, or removal.

6.    If you contend that any responsive document is protected from disclosure pursuant to any privilege or work-product doctrine, please specifically set forth the privilege being asserted and any factual or legal basis for its assertion. Also set forth the date and title of the document, its subject matter generally, its author(s) and recipient(s), and its Bates number(s).

7.    If no documents responsive to a particular request exist, or if such documents exist but are not in your possession, custody, or control, then your response to that request shall so state.

8.    Pursuant to the Federal Rules of Civil Procedure, these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

### DEFINITIONS

1.    "Communication" means the transmission of information (in the form of facts, ideas, inquiries or otherwise), or attempted transmission of information, whether written, oral, electronic or by any other means.

2.    "Concerning" means regarding, relating to, referring to, describing, evidencing, or constituting.

3.    "Cress" or "Plaintiff" refers to Plaintiff John Cress in this Litigation.

4.    "Nexo" means the defendant Nexo Capital, Inc. and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or

performing similar functions, and encompasses the entire Nexo group of companies, including those operating the websites Nexo.com and Nexo.io.

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).

6. "Litigation" means the entire legal dispute between John Cress and Nexo beginning from March 2021 to present, including but not limited to:

    a. Nexo's business dealings with Cress,

    b. Nexo's loans to Cress,

    c. Nexo's OTC transactions with Cress,

    d. Nexo's liquidations of Cress,

    e. Cress's allegations of Nexo's unlawful conduct, including the conduct raised through Cress's demand letters to Nexo in October 2021 and November 2021, and in *John Cress v. Nexo Capital Inc.*, Case No. 3:23-cv-00882-TSH,

    f. The entire action of *John Cress v. Nexo Capital Inc.*, Case No. 3:23-cv-00882-TSH, first filed on February 27, 2023.

7. "Person" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative.

8. "Referring" or "regarding" or "relating to" or "concerning" mean all documents that comprise, explicitly or implicitly refer to, were reviewed in conjunction with or were created, generated or maintained as a result of the subject matter of the request, including, without

limitation, all documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request.

9.    "Relevant Period" means the period of January 1, 2021, through the date of document production.

10.    "You" or "Your" means the party responding to this subpoena and the party's predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

4

## DOCUMENT REQUESTS

1.      All Communications between You and Nexo Concerning Cress or this Litigation from February 27, 2023 through March 7, 2023.

2.      All Documents or Communications provided to Nexo regarding its document retention preservation obligations related to Cress or this Litigation.