# EXHIBIT E

**Wednesday, June 10, 2026 at 8:28:10 PM Pacific Daylight Time**

| | |
|---|---|
| **Subject:** | RE: Nexo/Cress |
| **Date:** | Thursday, June 4, 2026 at 8:55:18 PM Pacific Daylight Time |
| **From:** | Shelton, Ian |
| **To:** | James Taylor-Copeland, Max Ambrose |
| **CC:** | Rawlinson, Matthew, Dooley, Kirsten, Harreveld, Adrienne, Zinecker, Katie |
| **Attachments:** | image001.png |

James,

We are in possession of the Eversheds file. Because we previously declined to log our post-lawsuit attorney-client communications (the same as you), we are not going confirm date ranges of privileged communications or the subject matter of those communications, which you seek in your first two questions.

As for your third question, the RFPs are a separate discovery dispute. You are asking us to explain or supplement RFPs. Nexo's letter brief about the Eversheds subpoena says nothing about RFPs. We also don't agree with your framing or assumptions. You should drop the Eversheds subpoena because we have the Eversheds file. Other disputes can be addressed in the normal course. Please either confirm you are withdrawing the subpoena or get us your portion of the joint letter brief.

**Ian Shelton**
Partner, Litigation
Baker & McKenzie LLP
800 Capitol, Suite 2100
Houston, Texas 77002
United States
Dir: +1 713 427 5029
Tel: +1 713 427 5000
ian.shelton@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | X

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** James Taylor-Copeland <james@taylorcopelandlaw.com>
**Sent:** Thursday, June 4, 2026 10:17 PM
**To:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Cc:** Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>; Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>
**Subject:** [EXTERNAL] Re: Nexo/Cress

Ian,

We want to resolve this through party discovery, exactly as Nexo proposes, and we are prepared to withdraw the Eversheds subpoena without prejudice the moment Nexo confirms the factual premises of its own position. That is the whole point of my June 3 email.

Your response does not provide those confirmations. Nexo's general statement that it "confirms the accuracy" of its draft letter brief, and your reference to the June 2 Eversheds objection letter, do not answer the three specific questions I asked. Until Nexo answers them, we are not in a position to withdraw the subpoena.

To be concrete, please confirm:

1. That Nexo and/or its counsel of record are in possession, custody, or control of all communications between Eversheds and Nexo concerning Cress or this litigation from February 27, 2023 through March 7, 2023, including within the correspondence files transferred from Eversheds to Baker & McKenzie;

2. That Nexo and/or its counsel of record are in possession, custody, or control of all documents and communications provided by Eversheds to Nexo regarding Nexo's document retention and preservation obligations related to Cress or this litigation; and

3. Whether Nexo searched its own files, including Nexo's corporate files and the Eversheds files now in counsel's possession, for documents responsive to Plaintiff's Sixth Set of Requests for Production before serving its March 13, 2026 amended responses, or whether its search was limited to the court-ordered custodians and noncustodial sources.

The RFPs are not a separate dispute we are injecting. They are the test of the very premise Nexo relies on to quash the subpoena. Nexo argues the subpoena is duplicative because the responsive material is already in its counsel's possession. Yet Nexo's amended responses to RFP Nos. 269, 270, 272, 273, 283, 290, and 291 each state that it "has no documents to produce." Those two positions cannot both be true. Either Nexo did not search the files within its control before responding, or it and you as counsel of record are not in possession of any responsive documents. We need to know which.

So please either (a) confirm that, after a reasonable search including of the transferred Eversheds files, no responsive documents exist within Nexo's possession, custody, or control; or (b) if responsive documents exist but are being withheld on Nexo's objections, say so expressly per Rule 34(b)(2)(C) and identify them consistent with Rule 26(b)(5)(A). If the amended responses were served without a search of these files, please supplement them.

Provide those confirmations and we will withdraw the Eversheds subpoena without prejudice and proceed through party discovery, mooting the joint letter. If Nexo declines,

we will address this correspondence in our portion of the joint letter.

Thanks

James

---

**From:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>
**Date:** Thursday, June 4, 2026 at 7:57 PM
**To:** James Taylor-Copeland <james@taylorcopelandlaw.com>; Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Cc:** Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>; Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>
**Subject:** RE: Nexo/Cress

James:

Nexo confirms the accuracy of the statements in its June 3 draft of the joint letter brief. The Eversheds objection letter, dated June 2, corroborates Nexo's position. Those two confirmations should be sufficient for you to withdraw the Eversheds subpoena, which is the only discovery matter at issue in this letter brief. It is unclear why you are referring to RFPs when this letter brief addresses the propriety of a third-party subpoena. Please confirm that you will withdraw the Eversheds subpoena. Any disputes about party discovery should be addressed separately.

**Ian Shelton**
Partner, Litigation
Baker & McKenzie LLP
800 Capitol, Suite 2100
Houston, Texas 77002
United States
Dir: +1 713 427 5029
Tel: +1 713 427 5000
ian.shelton@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | X

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

---

**From:** James Taylor-Copeland <james@taylorcopelandlaw.com>
**Sent:** Wednesday, June 3, 2026 4:47 PM
**To:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Cc:** Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne

<[Adrienne.Harreveld@bakermckenzie.com](mailto:Adrienne.Harreveld@bakermckenzie.com)>; Zinecker, Katie <[Katie.Zinecker@bakermckenzie.com](mailto:Katie.Zinecker@bakermckenzie.com)>
**Subject:** [EXTERNAL] Re: Nexo/Cress

Hi Ian,
We have reviewed Nexo's portion of the draft joint discovery letter regarding Plaintiff's subpoena to Eversheds . Nexo's position is that the subpoena should be quashed as "duplicative of party discovery" because "Eversheds transferred files in this action, including correspondence files, to Baker & McKenzie," such that "the information sought by Cress is in Nexo's counsel['s] possession."

Plaintiff is willing to resolve this dispute through party discovery, as Nexo proposes, provided Nexo confirms the factual premises of its position in writing. Please confirm by close of business tomorrow:

1. That Nexo and/or its counsel of record are in possession, custody, or control of all communications between Eversheds and Nexo concerning Cress or this litigation from February 27, 2023 through March 7, 2023, including within the correspondence files transferred from Eversheds to Baker & McKenzie;
2. That Nexo and/or its counsel of record are in possession, custody, or control of all documents and communications provided by Eversheds to Nexo regarding Nexo's document retention and preservation obligations related to Cress or this litigation; and
3. Whether Nexo searched its own files — including Nexo's corporate files and the Eversheds files now in counsel's possession — for documents responsive to Plaintiff's Sixth Set of Requests for Production before serving its March 13, 2026 amended responses, or whether its search was limited to the court-ordered custodians and noncustodial sources.

On the third point: Nexo's amended responses to RFP Nos. 269, 270, 272, and 273 — and Nos. 283, 290, and 291 — each represent that "Nexo has no documents to produce in response to this Request." RFP No. 269, for example, sought all documents showing "litigation hold notices, preservation memoranda, or instructions regarding document retention issued to any of Your employees, agents, or contractors." Documents in the two categories above are squarely responsive to those requests. Nexo's representation that it "has no documents" cannot be reconciled with the position taken in its draft letter brief unless either (a) Nexo did not search the files within its control before responding, or (b) no responsive documents exist anywhere, including in the transferred Eversheds files.

Accordingly, please either: (a) confirm that, after a reasonable search including of the transferred Eversheds files, no documents responsive to those requests exist within Nexo's possession, custody, or control; or (b) if responsive documents exist but are being withheld pursuant to Nexo's objections, say so expressly, as Rule 34(b)(2)(C) requires, and identify the withheld documents in a manner consistent with Rule 26(b)(5)(A). If Nexo's amended

responses were served without a search of these files, please supplement them.

If Nexo provides these confirmations, Plaintiff is prepared to withdraw the Eversheds subpoena without prejudice and proceed through party discovery, mooting the joint letter. If Nexo declines to provide these confirmations, we will address this correspondence in our portion of the joint letter.

Best regards

James

---

**From:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>
**Date:** Wednesday, June 3, 2026 at 1:59 PM
**To:** Max Ambrose <maxambrose@taylorcopelandlaw.com>; James Taylor-Copeland <james@taylorcopelandlaw.com>
**Cc:** Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>; Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>
**Subject:** Nexo/Cress

James and Max,

Please see Nexo's portion of the JLB regarding the Eversheds subpoena. We will stand by for your insert.

**Ian Shelton**
Partner, Litigation
Baker & McKenzie LLP
800 Capitol, Suite 2100
Houston, Texas 77002
United States
Dir: +1 713 427 5029
Tel: +1 713 427 5000
ian.shelton@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | X

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.