UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CRESS,

          Plaintiff,

    v.

NEXO CAPITAL INC.,

          Defendant.

Case No.  23-cv-00882-TSH

**DISCOVERY ORDER**

Re: Dkt. No. 127

Cress has served a subpoena on Nexo's former counsel in this litigation, Eversheds Sutherland, for two categories of documents:

> 1. All Communications between You and Nexo Concerning Cress or this Litigation from February 27, 2023 through March 7, 2023.
>
> 2. All Documents or Communications provided to Nexo regarding its document retention preservation obligations related to Cress or this Litigation.

The district of compliance is the Southern District of California, so this Court lacks jurisdiction to rule on a motion to quash the subpoena.  *See* Fed. R. Civ. Proc. 45(d)(3)(A). Alternatively, Nexo moves for a protective order barring the subpoena.  This Court is where the action is pending, and therefore it may rule on a motion for a protective order.  *See* Fed. R. Civ. Proc. 26(c)(1).

Nexo says the subpoena should be barred under Rule 26(b)(2)(C)(i) because "the discovery . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive," namely Nexo's current counsel in this case.  ECF No. 127 at 2 ("Thus, the information, if any, sought by Cress is in Nexo's counsel possession.").  Specifically, Nexo says that when counsel changed firms, they took such responsive documents as may exist with them.

Cress expresses some skepticism about this, citing his RFP 269, which sought "All Documents showing litigation hold notices, preservation memoranda, or instructions regarding document retention issued to any of Your employees, agents, or contractors, including without limitation the Nexo Source Accounts, between January 1, 2017 to the present." In response, Nexo asserted a bunch of objections, including attorney-client privilege, and then said: "Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request." Cress reads that as Nexo saying it has no responsive documents, period, but that isn't what the response said. It said that in light of Nexo's objections, it has nothing to produce. That's consistent with Nexo's current position that its counsel have any responsive documents as may exist that are sought by the subpoena, and they are all privileged.

The Court sees no reason to doubt Nexo's assertion that its current counsel have such requested documents as may exist. The former firm thinks that too. ECF No. 127-3 ("In connection with Mr. Shelton's move, Eversheds Sutherland transferred to Baker & McKenzie files for the referenced action, including Mr. Shelton's emails, in accordance with instructions we received at the time. It would impose an undue burden on Eversheds Sutherland, which is a non-party to the pending action, to require the firm to investigate the extent to which it may still have access to additional copies of documents already provided to Mr. Shelton at Baker & McKenzie . . .").

Accordingly, the Court **GRANTS** Nexo's motion for a protective order and **BARS** the subpoena to Eversheds Sutherland. The Court declines to address the other issues the parties raise, as doing so is unnecessary to resolve the outcome of the subpoena.

**IT IS SO ORDERED.**

Dated: June 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2