# EXHIBIT E

# Taylor-Copeland Law, P.C.

501 W. Broadway, Suite 800
San Diego, CA  92101
(619) 734-8770
www.taylorcopelandlaw.com

James Taylor-Copeland | 619 734 8770 | james@taylorcopelandlaw.com

**By Electronic Mail**

**February 26, 2026**
Ian Shelton
Ian.Shelton@bakermckenzie.com
Matthew Rawlinson
Matthew.Rawlinson@bakermckenzie.com
Kirsten Dooley
Kirsten.Dooley@bakermckenzie.com
Baker Mckenzie
10250 Constellation Blvd.
Los Angeles, CA 90067

Re:    ***Cress v. Nexo Capital Inc.***, **Case No. 3:23-cv-00882-TSH (N.D. Cal.) – Meet and Confer Letter regarding Nexo's February 20, 2026 Privilege Log**

**Counsel,**

We write regarding Nexo's privilege log served on February 20, 2026 (the "Privilege Log"). After careful review of the Privilege Log's 286 entries, we have identified significant deficiencies in 175 entries that require Nexo to either provide additional information sufficient to substantiate its privilege claims or produce the documents at issue. We have attached a spreadsheet identifying each challenged entry and setting forth the specific basis for each challenge.

As an initial matter, many of the individuals identified by Nexo as "in-house legal" counsel in your February 25, 2026 email do not appear to be attorneys. In fact, with the exception of Bianca Veleva, we have been unable to find any evidence that any of these individuals are licensed attorneys. For Rosen Kostov, Olga Nedkova, Viktor Dimov, Marina Yankova, Bozhidar Dobrev, and Alexander Sardanov, can you please provide the jurisdiction in which they are licensed, the date they first obtained that licensure, and the period of time the license was active?

Our challenges fall into the following categories:

**1.     Standalone Documents With No Attorney Identified (118 entries).** The majority of our challenges concern standalone documents—including draft statements, memos, reports, and cease-and-desist responses—for which Nexo has not identified the author, the attorney who directed the document's preparation, or any information demonstrating that the documents were prepared in anticipation of litigation or for the purpose of providing legal advice. These entries contain descriptions so vague that it is impossible to assess the privilege claim. Nexo must, at a minimum,

identify the author and the attorney involved for each document, describe the nature of the legal advice purportedly reflected therein, and establish the basis for the claimed privilege.

**2.      Google Docs Authored by Non-Attorneys or Unidentified Authors (27 entries).** Nexo has designated 27 Google Docs notifications as privileged. Of these, 15 identify authors—including Viktor Dimov, Rosen Kostov, Alexander Rakshiev, and Antoni Trenchev—who do not appear in the Bulgarian Unified Register of Lawyers and for whom no evidence of legal licensure in any jurisdiction has been identified. The remaining 12 fail to identify the author at all, generically referencing "in-house counsel" without specifying the attorney. Nexo must confirm the licensure status of each identified author and, for entries with unidentified authors, disclose who authored the document.

**3.      Emails Where Counsel Was Merely Copied (9 entries).** Nexo has designated as privileged several emails between non-attorney employees on which in-house counsel (Bianca Veleva) or the purported legal department distribution list (legal@nexo.io) was merely copied. Merely copying an attorney on a business communication does not establish privilege. Nexo must demonstrate that the primary purpose of each communication was to seek or provide legal advice. In addition, the legal@nexo.io email address was, to our understanding, under the control of Antoni Trenchev, who was not identified as Nexo's legal counsel.

**4.      Confluence/Jira Notifications (7 entries).** Nexo has designated project management tool notifications as privileged, claiming they "indicate legal advice to be provided." Confluence and Jira are routine business task-tracking tools, and indicating that legal advice may at some point be provided is insufficient to establish that any privileged communication occurred.

**5.      Documents Attached to Challenged Emails (7 entries).** Nexo has designated several documents as privileged solely because they were attached to emails purportedly involving in-house counsel, but in several instances the parent email's privilege claim is itself deficient. Moreover, a document is not privileged merely by virtue of being attached to a separately challenged email.

**6.      Communications With No Attorney in Metadata (7 entries).** Four emails and three Slack messages have been designated as privileged despite the absence of any attorney in the sender, recipient, CC, or BCC fields. One Slack message was distributed to approximately 88 recipients. Nexo must identify the attorney involved in each communication.

The specific deficiency and demand for each entry is set forth in Column P of the attached spreadsheet. We request that Nexo provide the requested additional information or produce the challenged documents within seven (7) days of this letter, by **Thursday March 5, 2026**. If Nexo is unable to substantiate its privilege claims within that timeframe, we intend to raise this matter with the Court promptly.

Plaintiff reserves all rights, including to address additional issues with Nexo's privilege designations. Please do not hesitate to contact me if you wish to discuss this matter.

Best regards,

*/s/James Taylor-Copeland*
James Taylor-Copeland
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW, P.C.
501 W. Broadway, Suite 800
San Diego, CA 92101