# EXHIBIT F



**Subject: Response to Plaintiff's Challenges to Nexo's Privilege Log**

Counsel,

We, the Nexo Legal and Regulatory Compliance Team, acknowledge receipt of your letter regarding Nexo's Privilege Log dated February 20, 2026 and your subsequent challenges.

At the outset, we address your threshold contention that certain members of Nexo's internal Legal Department "do not appear to be attorneys." That assertion reflects a misunderstanding of the applicable legal framework governing legal qualification and privilege in the jurisdiction where Nexo's legal team is based and performs its professional functions — namely, the Republic of Bulgaria.

### I. Status of Nexo's Internal Legal Team Under Bulgarian Law

All members of Nexo's internal Legal Department located in Bulgaria hold legal capacity (юридическа правоспособност) pursuant to the Bulgarian Judiciary System Act (Закон за съдебната власт).

Under Bulgarian law:

A person obtains legal capacity after:

- ○ Completing a law degree (LL.M. equivalent),

- ○ Successfully passing the state legal capacity examination administered by the Ministry of Justice,

- ○ Being entered into the official public register of legally capable jurists.

Legal capacity confers the formal right to practice law in Bulgaria.

Importantly:

- Bulgarian law does not require corporate (in-house) legal counsel to be registered attorneys-at-law admitted to a Bar Association in order to provide legal advice to their employer.

- Registration in the Unified Register of Attorneys is required only for independent attorneys-at-law practicing as members of the Bar under the Bulgarian Bar Act.

- Corporate counsel employed under an employment agreement are legally qualified jurists exercising the legal profession internally and are not required to maintain bar membership to provide legal advice and/or representation (including in court) to their employer.



Thus, the absence of a listing in the Bulgarian Unified Register of Lawyers is legally irrelevant to whether a person is a qualified lawyer under Bulgarian law or capable of rendering legal advice.

## II. In-House Counsel as Attorneys for Privilege Purposes

Under Bulgarian law and established European legal principles:

1. Communications between a legally qualified jurist and their client for the purpose of providing legal advice are confidential.

2. The confidentiality obligation arises from:

   - The constitutional right to defense,

   - The general duty of professional secrecy applicable to legal professionals,

   - Employment-based legal advisory relationships.

Unlike certain EU competition law contexts (e.g., the Akzo Nobel jurisprudence, limited to EU Commission investigations), Bulgarian domestic law does not exclude in-house counsel from confidentiality protections merely because of their employment status.

Under Bulgarian civil and commercial law principles:

- An employment relationship does not negate the independence of legal analysis.

- Internal legal counsel is engaged specifically to provide legal advice and risk assessment.

- Communications made for the purpose of seeking or providing legal advice retain their confidential character.

Accordingly, for purposes of privilege analysis in this matter, Bulgarian-qualified in-house counsel must be considered attorneys acting in their professional legal capacity vis-à-vis their employer.

## III. Licensure Information

As noted above, Bulgarian law distinguishes between:

- **Legal capacity (юридическа правоспособност)** – which all identified members possess; and

- **Bar admission (адвокатска правоспособност)** – which is not required for in-house counsel. However, as you correctly noted, Bianca Veleva is admitted to the BG Bar Association, as well as  Alexander Sardanov , which is visible from public sources.



To the extent necessary, we can confirm that the individuals identified as in-house legal hold Bulgarian legal capacity, including the year of obtaining such capacity. We do not concede that U.S. bar licensure is the relevant standard for assessing privilege over communications created in Bulgaria by Bulgarian-qualified jurists under Bulgarian law.

## IV. Substantive Privilege Standards

Your categorical challenges appear to apply a U.S.-centric conception of attorney status and privilege formalities to communications created and maintained in Bulgaria.

Where:

- Communications were created by or at the direction of the Legal Department,

- The primary purpose was to seek or provide legal advice,

- Or the materials were prepared in anticipation of litigation,

those communications are privileged.

Privilege does not depend upon:

- Formal bar membership in a specific register,

- Whether an attorney is the sole author,

- Or whether counsel is included via distribution list, provided the communication was for the purpose of legal advice.

We reject the premise that internal legal counsel are not attorneys or that privilege is unavailable merely because a jurist is not listed in the Bulgarian Bar Register.

## V. Reservation of Rights

Nexo maintains its privilege claims in full and reserves all rights.

We remain available to confer regarding specific entries once you have reviewed the legal framework outlined above.

Sincerely,
Nexo Legal & Regulatory Compliance Team