# EXHIBIT G

Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ianshelton@bakermckenzie.com
10250 Constellation Blvd., Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721
*Attorneys for Defendant Nexo Capital Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CRESS, | CASE NO. 3:23-cv-00882-TSH |
| Plaintiff, | The Honorable Thomas S. Hixson |
| vs. | **DECLARATION OF BIANCA VELEVA** |
| NEXO CAPITAL INC., | |
| Defendant. | |

DECLARATION OF BIANCA VELEVA

1. My name is Bianca Veleva. I am over 21 years old, and I have personal knowledge of all facts stated herein.

2. I am a citizen of Bulgaria.

3. I am currently a resident of Sofia, Bulgaria.

4. I am a Bulgarian attorney who possesses legal capacity.

5. I am a registered attorney-at-law admitted to the Sofia Bar Association *See* Registers of the Bulgarian Bar Association, Registration of Bianca Veleva at https://public.bar-register.bg/attorney/1300622110

6. As part of the legal services rendered by me, I have supervisory and oversight authority over the in-house legal department of NDS EOOD, to which Nexo outsources, among others, legal services, and all members of that department.

7. The in-house legal department of NDS EOOD provides legal services and advice to Nexo.

8. At all times, the in-house legal department of NDS EOOD maintained the confidentiality of their communications, and it was always understood that the internal communications of the legal department, their legal work product, their communications within Nexo, and their communications with all outside legal counsel hired by Nexo were protected from disclosure by the legal professional privilege under Bulgarian and European Union (EU) law.

9. Present and past members of NDS EOOD's in-house legal department include Rosen Kostov, Olga Nedkova, Viktor Dimov, Marina Yankova, and Bozhidar Dobrev (collectively, "In-House Attorneys"). All members of NDS EOOD's in-house legal department are citizens of Bulgaria, reside in Bulgaria, and provide (provided) legal services to Nexo from Bulgaria.

10. All In-House Attorneys work (worked) under my supervision and regularly report to me regarding their delegated legal responsibilities. During their employment at NDS EOOD, they have assisted me to provide legal services to Nexo. Their communications with me, within Nexo, and with other outside legal counsel have been for the purpose of facilitating legal advice to Nexo.

11. As a rule, in-house attorneys at NDS EOOD possess legal capacity under Bulgarian law. They obtain that legal capacity by completing legal education, evidenced by the award of a

-1-

DECLARATION OF BIANCA VELEVA

Master of Laws (LLM) degree, followed by a period of practical traineeship and passing an examination for legal capacity. NDS EOOD's job description for its in-house legal counsel role required the possession of legal capacity to act as an in-house legal counsel under Bulgarian law. Bulgarian law does not require in-house legal counsels to be registered attorneys-at-law admitted to a Bar Association.

12.     Alexander Sardanov has legal capacity, is a registered attorney-at-law and is admitted to the Plovdiv Bar Association. He is also a member of NDS EOOD's in-house legal department and reports to me.

13.     NDS EOOD hired the Bulgarian law firm of Georgiev and Petrov (G&P Law) to prepare a legal memorandum regarding the applicability of legal professional privilege to communications and work product of the In-House Attorneys (G&P Law Memorandum).

14.     A true and correct copy of the G&P Law Memorandum is attached as **Exhibit 1**.

15.     I rely on the analysis in the G&P Law Memorandum that the legal professional privilege applies to the communications and work product of all In-House Attorneys under Bulgarian and EU law.

I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:   June 12, 2026

_____
Bianca Veleva

-2-
DECLARATION OF BIANCA VELEVA

# EXHIBIT 1



To

**NDS EOOD**, located in Sofia, postal code 1142, Sredets district, 37A Prof. Fridtjof Nansen St., 5th floor, registered with the Bulgarian Commercial Register under No 205165666

**LEGAL OPINION**

From

**Georgiev and Petrov Law Firm (G&P Law)**

Sofia Bar Association

Sofia 1000, Bulgaria, 17 Tsar Asen str. Phone: +359 885 202 859 Email: georgiev@gplawbg.com Website: www.gplawbg.com

Represented by Attorney at law Georgi Georgiev

**Subject:** The applicability of legal professional privilege to the correspondence between legal entities and their in-house lawyers when a legal opinion or legal advice is requested from the latter

Dear Mrs. Kalacheva,

This legal opinion summarizes why legal profession privilege should apply to the correspondence between legal entities and their in-house lawyers when a legal opinion or legal advice is requested from the latter, according to the applicable Bulgarian and EU law.

### 1. Legal Professional Capacity

Legal professions in Bulgaria are regulated due to their significance for society.

Entry into the legal profession is preceded by competitive admission to a higher education institution accredited to deliver education in the field of Law, a period of academic training, and the successful completion of semester and state examinations. The attainment of legal education is evidenced by the award of a Master of Laws degree. This diploma, however, is not in itself sufficient for the practice of most legal professions. Graduates must additionally undertake a period of practical traineeship and prove their professional competence by passing an examination for legal capacity.

1

17 Tsar Asen St., floor 2, Sofia 1000
office@gplawbg.com
+359 883 333 797

Partners: Atty. Georgi Georgiev (Managing Partner),
Atty. Petya Norova, Atty. Dimitar Petrov
Sofia Bar Association No. 2000055110, VAT No.: BG177338147



The acquisition of legal capacity confers upon persons holding a higher education degree in Law and the professional qualification of lawyer the right to exercise professions for which the legislator has made such capacity a statutory requirement. Legal capacity is compulsory for a range of professions, including judge, prosecutor and investigating magistrate; state enforcement officer and registry judge; notary; private enforcement agent; lawyers; and in-house lawyers, where the job description prescribes the possession of legal capacity[1].

The acquisition of legal capacity constitutes an important guarantee for the quality and reliability of legal services, since legal professionals must meet the legislative requirements and professional standards prescribed for the exercise of their functions.

Clients could assign a request for legal advice or opinion both to sole practitioners and to in-house lawyers. This choice is based on business and structural reasons and not on legislative requirements applicable to lawyers and their registration with a professional association, as the acquired legal capacity grants them rights to provide these services. In substance both sole practitioners and in-house lawyers are entitled to provide legal advice, opinions and represent the entity or individual in court and administrative proceedings.

Bulgarian law does not require corporate (in-house) legal counsel to be registered attorneys-at-law admitted to a Bar Association in order to provide legal advice to their employer.

Several legislative safeguards are provided for in the regulatory framework governing the legal professions and legal professional privacy is a typical example of these safeguards.

## 2. Legal Professional Privilege

Legal Professional Privilege under Bulgarian and EU law guarantees that the correspondence between legal professionals and their clients for the purposes of legal advice is deemed confidential.

The rationale behind legal professional privilege is based on the need to protect confidential lawyer–client communications in order to ensure effective legal assistance and the proper administration of justice.

An individual or a legal entity must be able to consult a lawyer without fear that their communications will later be disclosed. Legal professional privilege therefore protects confidential exchanges between lawyer and client made for the purpose of seeking or giving legal advice. This protection ensures that clients can assess their legal position freely and securely.

---

[1] Decision of the Bulgarian Constitutional Court No 8/04.06.2024, constitutional case No 21/2023

2

17 Tsar Asen St., floor 2, Sofia 1000
office@gplawbg.com
+359 883 333 797

Partners: Atty. Georgi Georgiev (Managing Partner),
Atty. Petya Norova, Atty. Dimitar Petrov
Sofia Bar Association No. 2000055110, VAT No.: BG177338147



The privilege encourages "open and honest" communication, allowing lawyers to be fully informed and provide proper advice and representation. Without this protection, legal advice might be incomplete or inaccurate.

Privilege allows parties to prepare their case and seek advice without being forced to disclose their legal strategy or communications. This contributes to procedural fairness and equality between litigants.

Legal professional privilege is enshrined both in Bulgarian national law and the EU legislation and jurisprudence.

In its recent ruling the Court of Justice of the European Union (CJEU) clarified that EU legal professional privilege applies to legal advice in general, such as commercial or regulatory advice, as opposed only to advice that is prepared in the context of the client's rights of defense for the purposes of legal proceedings. The CJEU held that Article 7 of the EU Charter of Fundamental Rights protects the confidentiality of exchanges between lawyers and their clients, with that protection covering "not only the activity of defense but also legal advice".

According to article 45 of the Bar Association Act, lawyers are obliged to maintain their clients' confidentiality indefinitely, this includes all types of correspondence, e.g., documents, emails any other data carrier.

The failure to maintain the clients' confidentiality constitutes a disciplinary violation. It could also constitute a criminal offence under article 145 of the Bulgarian Criminal Code where no distinction between a sole practitioner and in-house lawyer is made.

## 3. Conclusion

The analysis of the applicable Bulgarian and EU legislation and the principles enshrined in them lead to the logical conclusion, that legal professional privacy shall also apply to in-house lawyers, because:

- They must acquire legal capacity and meet the formal requirements to provide legal services.

- Once they have acquired the legal capacity they are entitled to the same rights as lawyers registered with the Bar Association when providing legal advice to their employer.

- The fair and unbiased legal advice to the employer requires the same level of safeguard as the communication between an external lawyers and their clients.

17 Tsar Asen St., floor 2, Sofia 1000
office@gplawbg.com
+359 883 333 797

Partners: Atty. Georgi Georgiev (Managing Partner),
Atty. Petya Norova, Atty. Dimitar Petrov
Sofia Bar Association No. 2000055110, VAT No.: BG177338147

gplawbg.com

- The applicable law does not make any difference when sanctioning the disclosure of confidential legal information shared between in-house lawyers and their employer and between external lawyers and their clients. They apply in both cases.

Our team remains at your disposal for any further clarifications on that or any other matter.

Yours sincerely,

4

17 Tsar Asen St., floor 2, Sofia 1000
office@gplawbg.com
+359 883 333 797

Partners: Atty. Georgi Georgiev (Managing Partner),
Atty. Petya Norova, Atty. Dimitar Petrov
Sofia Bar Association No. 2000055110, VAT No.: BG177338147