**EXHIBIT A**

**Requests at Issue on Plaintiff's Motion to Compel (Interrogatory 23 and Seventh Set of Requests for Production)**

*Cress v. Nexo Capital, Inc.,* Case No. 3:23-cv-00882-TSH.

| # | ROG Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| 23 | **INTERROGATORY NO. 23:** Identify all payments or transfers of funds or assets (including but not limited to fiat currencies, cryptocurrencies, digital assets, or physical assets), with a value of over $5,000 You made to or received from: Nexo Services, LLC, Nexo Inc., Nexo Financial LLC, Nexo Services UAB, Nexo Global Investments LLC, Nexo MENA Holding Ltd., Nexo Services S.r.l., Nexo Payments Limited, Nexo Clearing and Custody Ltd., Nexo Finance Limited, AFS Holding Ltd., AFS Advance Financial Solutions Ltd., Nexo Markets Ltd., Nexo Bank Inc., NPEM Ltd., Nexo AG, NDS EOOD, MIRASTAR EOOD, | **Nexo's Response:** Nexo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant to any party's claim or defense within the meaning of Rule 26(b)(1). The Interrogatory seeks "[a]ll payments or transfers" over $5,000 between Nexo Capital, Inc. and a sweeping list of affiliates and individuals, without limitation to the specific transactions, time periods, alleged misrepresentations, or alleged predicate acts that remain at issue in this case. Alleging an enterprise and a pattern of racketeering does not open the door to the boundless affiliate-wide discovery Plaintiff seeks. Courts in the Ninth Circuit have recognized that "[t]he need to reasonably limit the scope of discovery is acute for claims brought under the RICO statute," and that plaintiffs may not use RICO allegations to expand discovery "far beyond anything in dispute between the parties." *PMC, Inc. v. Ferro Corp.*, 131 F.R.D. 184, 187 (C.D. Cal. 1990). | Plaintiff stands on his request. | Nexo stands on its response to this shockingly irrelevant, overbroad, unduly burdensome, and non-proportional ROG. This ROG seeks to compel Nexo to inventory, without time limitation, every payment over $5,000 between or among 23 corporate affiliates and 2 individuals, including the "reason for the payment." The request is also not limited to cash or fiat transfers and includes "all payments or transfers of funds or assets" including "cryptocurrencies, digital assets, or physical assets." This ROG is untethered from any specific RICO or other allegation in the case. |

1

| # | ROG Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | Nexo Financial Services LTD, Nexo Trading Inc., Nexo Financial Services Inc., Nexo Services Ltd, Nexo Payments, Inc., Antoni Trenchev, or Kosta Kantchev, including (1) the date of the payment, (2) the amount of the payment, and (3) the reason for the payment. | Furthermore, where RICO allegations sound in fraud, discovery must remain tethered to the fraud allegations that satisfy Rule 9(b). Id. Here, there are no surviving fraud allegations pleaded with particularity as to any alleged enterprise member other than, at most, NDS EOOD employees; accordingly, discovery cannot properly extend to every transfer involving every Nexo affiliate or the individual persons listed in the Interrogatory. Nexo further objects because the Interrogatory improperly seeks discovery concerning entities other than Defendant Nexo Capital, Inc. All other Nexo entities were dismissed from this action for lack of personal jurisdiction, and Plaintiff cannot use party discovery served on Nexo Capital, Inc. as a backdoor means to obtain merits discovery from dismissed foreign affiliates or nonparties. Nexo further objects that the Interrogatory is vague and ambiguous as to the terms "payments," "transfers," "funds," "assets," "reason for the payment," and "You," particularly to the extent Plaintiff attempts to impute to Nexo Capital, Inc. transactions by separate corporate entities or nonparties. Nexo also objects to the extent the | | |

| # | ROG Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | Interrogatory calls for information equally available to Plaintiff through documents already produced or would require Nexo to marshal information into a narrative compilation not maintained in the ordinary course. Furthermore, the Interrogatory has no time limitation rendering the request overbroad and unduly burdensome. Every single payment between Nexo Capital and affiliated entities with a narrative description and no subject matter or time limitation is not at all proportional to the needs of the case.<br><br>Subject to and without waiving these objections, Nexo responds that it will not be providing a response for this interrogatory. | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| 296 | Documents sufficient to show the corporate structure, ownership, governance, and management of each entity that is a member of the Nexo Enterprise and | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive categories of documents | Plaintiff will narrow this Request to documents sufficient to show the corporate structure, ownership, governance, and management of each entity identified in the | Nexo produced the organizational chart at NEXO-0221024 which details the corporate structure and ownership of the Nexo affiliates. No |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | any other entity that directed, controlled, or participated in the conduct of the affairs of the Nexo Enterprise during the Relevant Period. | regarding the "corporate structure, ownership, governance, and management" of not only Nexo Capital, Inc., but also "each entity that is a member of the Nexo Enterprise" and "any other entity" that allegedly "directed, controlled, or participated" in the purported enterprise, without limitation as to relevance, time, subject matter, or nexus to Plaintiff's claims. The Request is further vague and ambiguous as to the terms "directed," "controlled," and "participated," rendering it impossible to determine the scope of documents sought. To the extent the Request seeks duplicative information already produced in response to prior requests or addressed through organizational charts and corporate disclosures previously produced pursuant to the Court's orders, Defendant objects on that basis as well. Defendant further objects to the extent this Request seeks confidential, proprietary, or sensitive corporate governance information that is neither relevant nor proportional.<br><br>**Response:** Subject to and without waiving these objections, Nexo performed custodial and non-custodial searches and previously produced responsive documents, including documents that relate to this Request, | SAC as a member of the Nexo Enterprise, and will drop the open-ended "any other entity that directed, controlled, or participated" language. Organizational charts, ownership registers or capitalization tables, and officer/director listings for each such entity will suffice. Sensitive ownership information may be produced subject to the protective order. | further production is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | including its organizational chart NEXO-0221024. | | |
| 300 | All documents and communications sent to Plaintiff or any other customer describing that Nexo has a ZeroFees policy, a "no hidden fees" policy, or that Nexo charges no fees, markups, commissions, or taxes for on its credit lines, cryptocurrency exchanges, OTC transactions, or liquidations. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks "all documents and communications" sent to Plaintiff or any other customer concerning alleged ZeroFees or "no hidden fees" policies across multiple products and transaction types, without limitation as to time, subject matter, or relevance to Plaintiff's claims. Plaintiff's claims are brought solely on behalf of John Cress, not on behalf of all U.S. customers, and discovery into communications with "any other customer" is therefore disproportionate and not justified by the needs of this case. To the extent the Request seeks information regarding entities other than Nexo Capital, Inc., or seeks duplicative materials already produced in response to prior requests and pursuant to the Court's discovery orders, Nexo objects on those grounds as well. Nexo further objects to the extent this Request seeks confidential, proprietary, or commercially sensitive business information that is neither relevant nor proportional. | Plaintiff will narrow this Request to documents sufficient to show the standardized or templated representations Nexo disseminated to U.S. customers that it charged no fees, markups, commissions, or taxes—rather than every individualized customer communication—and limiting to the period from 2017 through 2022. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld non-Plaintiff responsive document; sensitive material may be produced subject to the protective order. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources. The limitation "documents sufficient to show standardized or templated representations" is not proportional and incomprehensible. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | **Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request as to Plaintiff. | | |
| 301 | All OTC trade confirmations sent by You to Plaintiff or any other U.S. customer, including all internal drafts, templates, and instructions for preparing trade confirmations. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all OTC trade confirmations sent to any other U.S. customer, as well as internal drafts, templates, and instructions, without limitation as to time period, transaction, custodian, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged OTC transactions. As drafted, the Request improperly seeks discovery into transactional documents and communications relating to other customers' trades, which are unrelated to Plaintiff's individual claims. Nexo further objects because Plaintiff brings his claims solely on his own behalf and does not assert class-wide claims. Plaintiff's allegations concern alleged fees, pricing, and disclosures in connection with Plaintiff's OTC transactions. Discovery into OTC trade | Plaintiff will narrow this Request to the standard templates and written instructions used to prepare OTC trade confirmations, together with the confirmations issued to Plaintiff, rather than the individual trade confirmations of every other U.S. customer. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document, with a privilege log for anything withheld. | Nexo has already produced the OTC trade confirmations issued to Plaintiff. The limitation "standard templates and written instructions used to prepare OTC trade confirmations" is not proportional and incomprehensible. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | confirmations sent to other customers is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks internal drafts, templates, or instructions for preparing OTC trade confirmations, as such materials constitute internal operational, training, or system-generated documentation bearing no meaningful nexus to Plaintiff's claims. To the extent such materials reflect internal legal guidance, compliance analysis, or communications with counsel, they are protected by the attorney-client privilege and work-product doctrine. **Response:** Subject to and without waiving these objections, Nexo states that it has produced OTC trade confirmations as to Plaintiff. | | |
| 303 | All documents and communications concerning the creation, development, approval, or modification of liquidation taxes or fees, including any instructions or policies regarding what information to include or exclude from liquidation taxes or fees. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, vague, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "concerning" the creation, development, approval, or modification of liquidation taxes or fees, including internal instructions or policies about what to include or exclude, without any limitation as to | Plaintiff will narrow this Request to documents sufficient to show the creation, approval, or modification of Nexo's liquidation taxes or fees and any policies or instructions governing what to include or exclude, rather than all documents and communications, and limiting to the period from 2017 through 2022. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|-------------------------------|---------------------|
| | | time, custodian, transaction, audience, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged liquidation events. As drafted, the Request sweeps in expansive categories of internal operational, training, financial, and strategic materials bearing no meaningful connection to Plaintiff's claims. Nexo further objects because Plaintiff's claims are brought solely on his own behalf and concern alleged disclosures and fees in connection with Plaintiff's individual liquidation events. Plaintiff does not assert class-wide claims or allege that platform-wide internal policies, instructions, or development processes relating to liquidation taxes or fees caused him harm. Discovery into the enterprise-wide creation or modification of liquidation fee practices applicable to other customers or other liquidation events is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks confidential, proprietary, and commercially sensitive internal materials, including internal analyses, pricing strategy, operational guidance, and internal decision-making concerning liquidation practices. Disclosure of such materials would impose substantial burden and competitive harm while offering, at | Plaintiff seeks only non-privileged materials and requests a privilege log for anything withheld. | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | most, marginal relevance. To the extent the Request seeks internal legal guidance or communications with counsel regarding disclosure or fee practices, such materials are protected by the attorney-client privilege and work-product doctrine. **Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request. | | |
| 304 | All liquidation confirmations sent by You to Plaintiff or any other U.S. customer, including all internal drafts, templates, and instructions for preparing liquidation confirmations. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all liquidation confirmations sent to any other U.S. customer, as well as internal drafts, templates, and instructions, without limitation as to time period, transaction, custodian, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged liquidation events. As drafted, the Request improperly seeks discovery into communications and transactional documents relating to other customers' liquidations, which are unrelated to Plaintiff's individual claims. Nexo further objects because Plaintiff brings his claims solely on his | Plaintiff will narrow this Request to the standard templates and written instructions used to prepare liquidation confirmations, together with the confirmations issued to Plaintiff, rather than the individual liquidation confirmations of every other U.S. customer. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document, with a privilege log for anything withheld. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources. The limitation "standard templates and written instructions used to prepare liquidation confirmations" is not proportional and incomprehensible. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | own behalf and does not assert class-wide claims. Plaintiff's allegations concern disclosures, fees, and liquidation practices as applied to Plaintiff's account. Discovery into liquidation confirmations sent to other customers is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks internal drafts, templates, or instructions for preparing liquidation confirmations, as such materials constitute internal operational and training documents bearing no meaningful nexus to Plaintiff's claims. To the extent such materials reflect internal legal guidance or communications with counsel regarding disclosure obligations, they are protected by the attorney-client privilege and work-product doctrine.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request as to Plaintiff. | | |
| 305 | All documents and communications informing Plaintiff or any other customer that Nexo took a liquidation fee or tax. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all | Plaintiff will narrow this Request to documents sufficient to show the standardized or templated communications by which Nexo informed U.S. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources. The limitation "standardized |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | documents and communications informing any other customer that Nexo took a liquidation fee or tax, without any limitation as to time, transaction, custodian, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged liquidation events. As drafted, the Request improperly seeks discovery into disclosures made to other customers in unrelated transactions. Nexo further objects because Plaintiff brings his claims solely on his own behalf and does not assert class-wide claims. Plaintiff's allegations concern alleged disclosures made to Plaintiff in connection with his liquidation events, not disclosures made to other customers. Discovery into communications with other customers is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks confidential, proprietary, or personally identifying information of third-party customers, the disclosure of which would improperly intrude on privacy interests and provide, at most, marginal relevance. To the extent the Request seeks communications with counsel or internal legal analyses concerning disclosure obligations, such materials are protected by the attorney-client privilege and work-product doctrine. | customers that it took a liquidation fee or tax, together with those sent to Plaintiff, rather than every individualized customer communication, and limiting to the period from 2017 through 2022. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld non-Plaintiff responsive document. | or templated communications by which Nexo informed U.S. customers that it took a liquidation fee or tax" is not proportional and incomprehensible. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | Furthermore, Nexo objects to the characterization of a "liquidation tax." **Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request as to Plaintiff. | | |
| 306 | Documents sufficient to show the roles, responsibilities, and functions of each member of the Nexo Enterprise in connection with Your operation, including the operation of the OTC Desk, the execution of customer transactions, and the processing of customer liquidations. | **Objections:** Nexo objects to this Request because it is overbroad, vague, ambiguous, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks documents "sufficient to show" the roles, responsibilities, and functions of "each member of the Nexo Enterprise," without defining what is required to be responsive, or what documents would be deemed "sufficient." As drafted, the Request would require Nexo to compile or create a narrative description of personnel roles and operational responsibilities rather than produce documents maintained in the ordinary course of business. Nexo further objects because the Request improperly assumes the existence of a single "Nexo Enterprise," a characterization that Nexo disputes, and seeks discovery concerning entities and individuals beyond Nexo Capital, | Plaintiff will narrow this Request to documents sufficient to show the roles, responsibilities, and functions of the SAC-identified Nexo Enterprise members in operating the OTC Desk and processing customer liquidations, rather than every function across all operations. Existing organizational charts, role descriptions, and desk-staffing documents will suffice in lieu of any created narrative. Sensitive personnel data may be produced subject to the protective order. | Nexo maintains its objections. Plaintiff's compromise still seeks broad operational role and responsibility documents across alleged enterprise entities and would require Nexo to compile or create a narrative. Nexo has already produced its organizational chart and will not produce additional documents in response to this Request. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | Inc. without any demonstrated nexus to Plaintiff's individual claims. Plaintiff's claims are brought solely on his own behalf and concern alleged fees, pricing, and disclosures in connection with Plaintiff's own OTC transactions and liquidations—not enterprise-wide operational roles across affiliated entities. Nexo also objects because the Request is duplicative of other requests seeking corporate structure, organizational charts, personnel responsibilities, and internal operations, and because it seeks information more appropriately requested, if at all, through interrogatories rather than a document request. To the extent the Request seeks confidential, proprietary, or commercially sensitive information concerning internal operations, staffing, or allocation of responsibilities, or seeks communications with counsel, such materials are protected and not discoverable.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | | |
| 307 | All communications between or among any member of the Nexo | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to | Plaintiff stands on his request. | Nexo has already produced responsive documents by applying the agreed search |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | Enterprise concerning Plaintiff, Plaintiff's account, Plaintiff's transactions, or Plaintiff's liquidations. | the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all communications "between or among any member of the Nexo Enterprise," without limitation as to time, custodian, communication medium, or subject matter, and thus sweeps in expansive categories of internal communications bearing no meaningful connection to Plaintiff's claims. As drafted, the Request would encompass duplicative, tangential, and irrelevant communications across multiple entities and custodians. Nexo further objects because the Request improperly assumes the existence of a single "Nexo Enterprise," a characterization that Nexo disputes, and seeks discovery concerning entities and individuals beyond Nexo Capital, Inc. without any demonstrated nexus to Plaintiff's individual claims. Plaintiff's claims are brought solely on his own behalf and concern alleged fees, pricing, and disclosures in connection with Plaintiff's own transactions and liquidations, not enterprise-wide internal communications among affiliated entities. Nexo also objects because the Request encompasses communications protected by the attorney-client privilege, the work-product doctrine, and other applicable | | terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

14

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | protections, including communications with counsel and internal discussions undertaken in anticipation of litigation. To the extent the Request seeks such materials, they are not discoverable.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request as it relates to Plaintiff, Plaintiff's account, and Plaintiff's transactions. | | |
| 308 | Documents sufficient to identify the decision-makers within the Nexo Enterprise who authorized, directed, or oversaw the fee and pricing practices for OTC transactions and liquidations. | **Objections:** Nexo objects to this Request because it is vague, ambiguous, overbroad, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request is vague and ambiguous as to the terms "decision-makers," "authorized," "directed," "oversaw," and "fee and pricing practices," and it fails to define what level of involvement or authority purportedly qualifies an individual as a "decision-maker." The Request also improperly assumes the existence of a "Nexo Enterprise," which Nexo disputes, and seeks discovery concerning entities and individuals beyond Nexo Capital, Inc. without any demonstrated nexus to Plaintiff's individual claims. Nexo | Plaintiff will narrow this Request to documents sufficient to identify the individuals at Nexo Capital and the SAC-identified Nexo Entities with authority over the OTC Desk's and liquidation fee and pricing practices, rather than every entity or individual, and will accept existing role or authority documents in lieu of any created summary. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | further objects because the Request, by seeking "documents sufficient to identify" particular persons who purportedly "authorized, directed, or oversaw" practices, is not a proper request for production to the extent it seeks a narrative identification of individuals and their roles—information more appropriately sought, if at all, through interrogatories and within the scope of discovery already ordered. The Request is also duplicative of other requests seeking corporate structure, roles, and personnel responsibilities and would require Nexo to compile or create an identification or summary not maintained in the ordinary course. Nexo also objects to the extent the Request seeks confidential, proprietary, or commercially sensitive information concerning internal pricing and fee governance, and to the extent it seeks communications with counsel or legal analyses, which are protected by the attorney-client privilege and work-product doctrine.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request to the extent | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | such documents exist as to Plaintiff and the OTC Desk. | | |
| 309 | All documents and communications concerning the source of the digital assets (including BTC, ETH, and NEXO Tokens) that Nexo delivered to Plaintiff in connection with Plaintiff's OTC purchases, including whether such assets were purchased from third parties, taken from Nexo's own inventory, or obtained from other customers' deposits. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "concerning the source" of digital assets delivered to Plaintiff, without limitation as to custodian, time, or document type, and would sweep in internal trading, liquidity management, treasury, and inventory-management materials bearing no meaningful connection to Plaintiff's claims. Nexo further objects because Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with Plaintiff's OTC transactions—not the internal sourcing, inventory, or liquidity practices by which Nexo acquired digital assets to fulfill those transactions. Plaintiff has not alleged that the source of the digital assets delivered to him caused him harm or is material to liability or damages. Discovery into internal asset-sourcing practices is therefore irrelevant and disproportionate.

**Response:** Subject to and without waiving these objections, Nexo states | Plaintiff will narrow this Request to documents sufficient to show the source of the digital assets Nexo delivered to Plaintiff in connection with his OTC purchases—whether acquired from third parties, drawn from Nexo's own inventory, or sourced from other customers' deposits—rather than all documents and communications concerning asset sourcing. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request as it relates to Plaintiff. | | |
| 310 | All documents and communications concerning the Portfolio Booster's development, approval, implementation, terms, conditions, marketing, and application to Plaintiff's account or any other U.S. customer's account. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications concerning every aspect of the Portfolio Booster—including its development, approval, implementation, and marketing—without limitation as to time, custodian, document type, or reasonable nexus to Plaintiff's specific account or alleged transactions. As drafted, the Request sweeps in expansive categories of internal product development materials, strategic discussions, marketing plans, and customer communications bearing no meaningful connection to Plaintiff's claims. Nexo further objects because Plaintiff's claims are brought solely on his own behalf and concern alleged fees, pricing, and disclosures as applied to Plaintiff's account. Plaintiff does not assert class-wide claims. To the extent the Request seeks documents concerning the application of the | Plaintiff will narrow this Request to documents sufficient to show the Portfolio Booster's terms, conditions, and fee or pricing mechanics and its application to Plaintiff's account, rather than all development, approval, and marketing materials or its application to other U.S. customers. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document; confidential material may be produced subject to the protective order. | This request is irrelevant because Plaintiff did not use the portfolio booster product. In any event, Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | Portfolio Booster to "any other U.S. customer's account," it is irrelevant and disproportionate. Nexo also objects to the extent the Request seeks confidential, proprietary, and commercially sensitive materials, including internal analyses concerning product development, pricing, and marketing strategy, the disclosure of which would impose substantial burden and competitive harm while offering, at most, marginal relevance. To the extent the Request seeks internal legal analyses or communications with counsel, such materials are protected by the attorney-client privilege and work-product doctrine.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request as it relates to Plaintiff. | | |
| 312 | All documents and communications concerning any instances in which Nexo charged a commission, fee, spread, or tax in connection with OTC transactions, portfolio boosters, or liquidations of a U.S. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications concerning any fees, spreads, commissions, or taxes charged to any | Plaintiff will narrow this Request from "all documents and communications" to documents sufficient to show the commissions, fees, spreads, markups, or taxes Nexo charged on OTC transactions, | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | customer, whether or not the fee was disclosed to the customer. | U.S. customer across multiple products and transaction types, without limitation as to time period, transaction, custodian, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request impermissibly seeks enterprise-wide discovery untethered to Plaintiff's individual claims. Nexo further objects because Plaintiff brings his claims solely on his own behalf and does not assert class-wide claims. Plaintiff's allegations concern alleged fees and disclosures in connection with Plaintiff's OTC transactions, portfolio booster activity, and liquidations—not fees charged to other customers. Discovery into transactions involving other customers is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request assumes, without factual basis, that Nexo charged undisclosed fees to customers or maintained documents categorizing fees as "disclosed" or "undisclosed." The Request improperly seeks to require Nexo to compile or create summaries of enterprise-wide fee activity or disclosure practices not maintained in the ordinary course of business. Additionally, the Request seeks confidential, proprietary, and commercially sensitive information | Portfolio Boosters, and liquidations, including records reflecting the true execution price and the amount reported to the customer. Plaintiff will accept summary or representative records for U.S. customers in lieu of every individual transaction file, produced subject to the protective order. | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | concerning Nexo's pricing, spreads, margins, and fee practices across products and customers, the disclosure of which would impose substantial burden and competitive harm while offering, at most, marginal relevance.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request as to Plaintiff. | | |
| 313 | All documents and communications concerning any obligation Nexo had or believed it had to disclose fees, markups, profits, or pricing methodology to Plaintiff or other customers in connection with OTC transaction. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, vague, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "concerning any obligation Nexo had or believed it had" to disclose fees, markups, profits, or pricing methodology, without any limitation as to time, custodian, transaction, customer, or nexus to Plaintiff's specific OTC transactions. The phrase "believed it had" is impermissibly vague and subjective, rendering the Request impossible to answer without speculation as to internal, unexpressed thoughts, impressions, or legal interpretations. | Plaintiff will narrow this Request to documents sufficient to show Nexo's understanding of its obligation to disclose OTC fees, markups, profits, or pricing methodology, dropping the subjective "believed it had" phrasing and limiting to the period from 2017 through 2022. Plaintiff seeks only non-privileged materials and requests a privilege log for anything withheld. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | Nexo further objects because the Request improperly seeks discovery concerning obligations to "other customers." Plaintiff brings his claims solely on his own behalf and does not assert class-wide claims. Discovery into disclosure obligations relating to other customers or other OTC transactions is therefore irrelevant and disproportionate to the claims and defenses in this action. Nexo also objects because the Request seeks internal legal analyses, interpretations, or assessments of disclosure obligations, which are not discoverable and are protected by the attorney-client privilege and work-product doctrine. To the extent Plaintiff seeks to determine whether Nexo was required to make certain disclosures in connection with Plaintiff's OTC transactions, that inquiry is governed by the operative contractual documents, applicable law, and materials already produced—not by Nexo's internal legal views or subjective beliefs.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request relating to disclosure of fees to Plaintiff. | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| 314 | All documents and communications concerning any obligation Nexo had or believed it had to disclose fees, profits, or pricing methodology to Plaintiff or other customers in connection with liquidations of customer assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, vague, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "concerning any obligation Nexo had or believed it had" to disclose information regarding liquidation fees, profits, or pricing methodology, without limitation as to time, custodian, transaction, customer, or nexus to Plaintiff's specific liquidation events. The phrase "believed it had" is impermissibly vague and subjective, rendering the Request impossible to answer without speculation as to internal, unexpressed thoughts, impressions, or legal interpretations. Nexo further objects because the Request improperly seeks materials concerning obligations to "other customers." Plaintiff brings his claims solely on his own behalf and does not assert class-wide claims. Discovery into disclosure obligations relating to other customers or other liquidation events is therefore irrelevant and disproportionate to the claims and defenses in this action. Nexo also objects because the Request seeks internal legal analyses, interpretations, or assessments of | Plaintiff will narrow this Request to documents sufficient to show Nexo's understanding of its obligation to disclose liquidation fees, profits, or pricing methodology, dropping the subjective "believed it had" phrasing and limiting to the period from 2017 through 2022. Plaintiff seeks only non-privileged materials and requests a privilege log for anything withheld. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | disclosure obligations, which are not discoverable and are protected by the attorney-client privilege and work-product doctrine. To the extent Plaintiff seeks to determine whether Nexo was required to make certain disclosures in connection with Plaintiff's liquidation events, that inquiry is governed by the operative contractual documents, applicable law, and materials already produced—not by Nexo's internal legal views or subjective beliefs. **Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request relating to Plaintiff. | | |
| 315 | All policies, procedures, practices, guidelines, training materials, or instructions provided to Nexo employees or agents concerning what information to disclose or withhold from customers regarding OTC transaction fees, commissions, markups, or profits. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, vague, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all internal materials "concerning" what information to disclose or withhold regarding OTC transaction fees, commissions, markups, or profits, without any limitation as to time period, custodian, audience, transaction type, customer, or nexus to Plaintiff, Plaintiff's account, or | Plaintiff will narrow this Request to documents sufficient to show Nexo's policies, guidelines, and training materials instructing employees or agents on what to disclose or withhold from customers regarding OTC fees, commissions, markups, or profits, rather than every practice or instruction. Sensitive training material may be | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | Plaintiff's alleged OTC transactions. As drafted, the Request would encompass expansive categories of internal training materials, operational guidance, informal communications, and strategic discussions bearing no meaningful connection to any claim or defense in this action. Nexo further objects because Plaintiff's claims are brought solely on his own behalf and concern alleged disclosures in connection with Plaintiff's individual OTC transactions. Plaintiff does not assert class-wide claims or allege that generalized employee or agent instructions or platform-wide disclosure practices caused him harm. Discovery into internal policies or training materials relating to disclosures made to other customers or in other OTC transactions is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks confidential, proprietary, and commercially sensitive internal materials reflecting pricing strategy, fee structures, margins, or internal decision-making concerning OTC transactions. Disclosure of such materials would impose substantial burden and competitive harm while offering, at most, marginal relevance. To the extent the Request seeks internal legal guidance or communications with | produced subject to the protective order, with a privilege log for anything withheld. | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | counsel regarding disclosure obligations, such materials are protected by the attorney-client privilege and work-product doctrine.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | | |
| 316 | All policies, procedures, practices, guidelines, training materials, or instructions provided to Nexo employees or agents concerning what information to disclose or withhold from customers regarding liquidation fees, taxes or profits. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, vague, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all internal materials "concerning" what information to disclose or withhold regarding liquidation fees, taxes, or profits, without limitation as to time, custodian, audience, product, transaction, customer, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged liquidation events. As drafted, the Request would sweep in expansive categories of internal operational, training, and strategic materials bearing no meaningful connection to any claim or defense in this action. Nexo further objects because Plaintiff's claims are brought solely on his own behalf and concern alleged disclosures made to Plaintiff in connection with his individual liquidation events. Plaintiff | Plaintiff will narrow this Request to documents sufficient to show Nexo's policies, guidelines, and training materials instructing employees or agents on what to disclose or withhold from customers regarding liquidation fees, taxes, or profits. Plaintiff requests a Rule 34(b)(2)(C) statement confirming whether any responsive materials are withheld; sensitive material may be produced subject to the protective order. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

26

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | does not assert class-wide claims or allege that generalized employee or agent instructions or platform-wide disclosure practices caused him harm. Discovery into internal policies or training materials relating to other customers, other transactions, or platform-wide practices is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks confidential, proprietary, and commercially sensitive internal training and operational materials, including internal guidance concerning communications with customers, disclosure practices, and business strategy. Disclosure of such materials would impose substantial burden and risk competitive harm while offering, at most, marginal relevance. To the extent the Request seeks internal legal guidance or communications with counsel regarding disclosure obligations, such materials are protected by the attorney-client privilege and work-product doctrine. **Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request. | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| 317 | All documents and communications referencing the statement "WE SHOULD NEVER, UNDER ANY CIRCUMSTANCES MENTION THERE IS A LIQUIDATION TAX" or any similar policy to conceal, omit, or misrepresent liquidation fees, to customers, including the author, recipients, date, and context of such statement. | **Objections:** Nexo objects to this Request because it is overbroad, vague, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "referencing" a purported statement or "any similar policy," without limitation as to time, custodian, medium, transaction, customer, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged liquidation events. The phrase "any similar policy" is undefined and subjective, rendering the Request impermissibly open-ended and impossible to answer without speculation as to what materials Plaintiff contends are "similar." Nexo further objects because the Request assumes facts not in evidence—namely, that Nexo maintained a policy to "conceal, omit, or misrepresent" liquidation fees to customers. Plaintiff's allegations concern his own transactions and disclosures; he does not assert class-wide claims or allege that a platform-wide concealment policy existed. Discovery premised on an unproven assumption of misconduct and untethered to Plaintiff's specific account is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks documents | Plaintiff stands on this request as written. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | concerning communications, policies, or instructions unrelated to Plaintiff, communications involving other customers, or internal discussions divorced from Plaintiff's alleged transactions. To the extent the Request seeks internal legal guidance or communications with counsel, such materials are protected by the attorney-client privilege and work-product doctrine.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request. | | |
| 318 | All documents and communications concerning instructions to Your employees or agents about how to disclose OTC transaction prices or liquidations fees or taxes. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, vague, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "concerning instructions" to employees or agents regarding disclosures of OTC transaction prices or liquidation fees or taxes, without any limitation as to time, custodian, audience, transaction, customer, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request | Plaintiff will narrow this Request to documents sufficient to show Nexo's instructions to employees or agents on how to disclose OTC transaction prices and liquidation fees or taxes, rather than all documents and communications. Plaintiff requests a Rule 34(b)(2)(C) statement confirming whether responsive materials are withheld; sensitive material may be produced | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | would encompass expansive categories of internal training materials, policies, guidance, informal communications, and operational discussions bearing no meaningful connection to Plaintiff's claims. Nexo further objects because Plaintiff's claims are brought solely on his own behalf and concern alleged disclosures in connection with Plaintiff's individual OTC transactions and liquidations. Plaintiff does not assert class-wide claims or allege that generalized employee instructions or platform-wide disclosure practices caused him harm. Discovery into employee or agent instructions relating to disclosures made to other customers or in other transactions is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks confidential, proprietary, and commercially sensitive internal operational and training materials, the disclosure of which would impose substantial burden while offering, at most, marginal relevance. To the extent the Request seeks internal legal guidance or communications with counsel regarding disclosure obligations, such materials are protected by the attorney-client privilege and work-product doctrine.<br><br>**Response:** Subject to and without waiving these objections, Nexo states | subject to the protective order. | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request. | | |
| 319 | All internal policies, procedures, guidelines, training materials, practices, memoranda, analyses, or communications concerning OTC transaction fees, commissions, taxes, or profits. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all internal materials "concerning" OTC transaction fees, commissions, taxes, or profits, without any limitation as to time, custodian, product, transaction, audience, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged OTC transactions. As drafted, the Request would sweep in expansive categories of internal operational, financial, and strategic materials bearing no meaningful connection to any claim or defense in this action. Nexo further objects because Plaintiff's claims are brought solely on his own behalf and concern alleged fees and disclosures in connection with Plaintiff's individual OTC transactions. Plaintiff does not assert class-wide claims or allege that platform-wide internal policies, training materials, or internal profitability analyses caused him harm. Discovery into internal discussions, analyses, or practices | Plaintiff will narrow this Request to documents sufficient to show Nexo's internal policies, guidelines, training materials, and analyses concerning OTC transaction fees, commissions, taxes, or profits, rather than all such materials and communications. Confidential pricing analyses may be produced subject to the protective order. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

31

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|-------------------------------|----------------------|
| | | relating to OTC transactions involving other customers is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks confidential, proprietary, and commercially sensitive information, including internal pricing analyses, spreads, margin information, and internal decision-making concerning OTC transaction pricing and execution. Disclosure of such materials would impose substantial burden and competitive harm while offering, at most, marginal relevance. To the extent the Request seeks internal legal analyses or communications with counsel, such materials are further protected by the attorney-client privilege and work-product doctrine.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request relating to Plaintiff. | | |
| 320 | All internal policies, procedures, guidelines, training materials, practices, memoranda, analyses, or communications concerning liquidation | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all internal materials "concerning" | Plaintiff will narrow this Request to documents sufficient to show Nexo's internal policies, guidelines, training materials, and analyses concerning liquidation | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | fees, commissions, taxes, or profits. | liquidation fees, commissions, taxes, or profits, without any limitation as to time, custodian, product, transaction, audience, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged liquidation events. As drafted, the Request would sweep in expansive categories of internal operational, financial, and strategic materials that bear no meaningful connection to any claim or defense in this action. Nexo further objects because Plaintiff's claims are brought solely on his own behalf and concern alleged fees and disclosures in connection with Plaintiff's individual liquidation events. Plaintiff does not assert class-wide claims or allege that generalized internal policies or internal profitability analyses caused him harm. Discovery into platform-wide policies, internal fee analyses, or internal discussions relating to other customers or other liquidation events is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks confidential, proprietary, and commercially sensitive information, including internal pricing analyses, margin information, risk assessments, and internal decision-making concerning liquidation practices. Disclosure of such materials would impose substantial burden and | fees, commissions, taxes, or profits, rather than all such materials and communications. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld documents; confidential analyses may be produced subject to the protective order. | further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | competitive harm while offering, at most, marginal relevance. To the extent the Request seeks internal legal analyses or communications with counsel, such materials are further protected by the attorney-client privilege and work-product doctrine.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request. | | |
| 321 | All drafts, versions, and iterations of the CPA during the Relevant Period. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all drafts, versions, and iterations of the CPA without any limitation as to time, custodian, purpose, or nexus to Plaintiff's specific Purchase Orders or claims. As drafted, the Request would require production of internal negotiating drafts, markups, and revisions that have no bearing on the operative agreement governing the parties' relationship. Nexo further objects because the executed CPA is the controlling contract, and its terms speak for themselves. To the extent Plaintiff seeks to interpret or enforce | Plaintiff will narrow this Request to documents sufficient to show each materially different draft or version of the CPA and the revisions between them during the Relevant Period, rather than every iteration. If no drafts exist, Plaintiff will accept a verified statement to that effect; non-privileged drafts may be produced subject to the protective order, with a privilege log for anything withheld. | Nexo maintains its objections and will not produce CPA drafts or iterations. Plaintiff's compromise still seeks superseded negotiation materials that have no bearing on the operative agreement and may reflect attorney-client communications, work product, or negotiation strategy. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | the CPA, that inquiry is properly resolved by reference to the final executed agreement, not superseded drafts that have no legal effect. Draft agreements are irrelevant where, as here, there is no allegation of fraud in the inducement, ambiguity requiring extrinsic evidence, or dispute as to which version governs. Nexo also objects to the extent the Request seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable protections, including drafts reflecting legal advice, contract-negotiation strategy, and revisions made in consultation with counsel.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | | |
| 322 | All documents and communications concerning Nexo's obligation under the CPA to confirm Purchase Orders within the ten-minute "Review Period," including any internal policies, procedures, or guidelines regarding the Review Period. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "concerning" Nexo's contractual obligation under the CPA, without limitation as to time, custodian, transaction, or nexus to Plaintiff's specific Purchase Orders. As drafted, | Plaintiff will narrow this Request to documents sufficient to show Nexo's policies, procedures, or guidelines concerning, and its handling of, the ten-minute "Review Period" for confirming Purchase Orders, rather than all documents and communications. Plaintiff requests a Rule | Nexo has produced non-privileged responsive documents, including the CPA and related transactional materials. Nexo objects to further production concerning internal policies, procedures, or subjective handling of the Review Period because the CPA governs and Plaintiff's |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | the Request improperly sweeps in internal analyses, contract-interpretation discussions, and internal deliberations that go beyond the operative contractual language. Nexo further objects because the CPA is the controlling agreement governing the parties' rights and obligations, and the ten-minute "Review Period" is expressly defined by the CPA's terms. To the extent Plaintiff seeks to determine the scope, meaning, or effect of the Review Period, that inquiry is properly resolved by reference to the four corners of the CPA itself, not through discovery into internal communications, policies, or subjective interpretations. Discovery is not an appropriate vehicle to probe a party's internal views or legal interpretations of an unambiguous contractual provision. Nexo also objects to the extent the Request seeks duplicative materials already produced, including executed versions of the CPA and transactional documents, or seeks privileged attorney-client communications and attorney work product reflecting legal analysis of the CPA. **Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously | 34(b)(2)(C) statement as to any withheld responsive document. | request seeks irrelevant or privileged contract-interpretation materials. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | produced non-privileged documents responsive to this Request. | | |
| 323 | All documents and communications concerning Nexo's obligation under the CPA to deliver digital assets to Plaintiff "free and clear of any and all Liens." | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "concerning" Nexo's obligations under the CPA, without limitation as to time, custodian, transaction, or nexus to Plaintiff's specific Purchase Orders. As drafted, the Request would improperly sweep in internal legal analyses, contract-interpretation discussions, and internal deliberations that go beyond the operative contractual language. Nexo further objects because the CPA is the controlling agreement governing the parties' rights and obligations, and the requirement that assets be delivered "free and clear of any and all Liens," if any, is defined by the CPA's text. To the extent Plaintiff seeks to determine the scope or meaning of this provision, that issue is properly resolved by reference to the four corners of the CPA itself, not through discovery into internal communications or subjective interpretations. Discovery is not a vehicle for probing a party's internal views or legal interpretations of an | Plaintiff will narrow this Request to documents sufficient to show Nexo's policies, procedures, and handling of its obligation to deliver digital assets "free and clear of any and all Liens," rather than all documents and communications. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document. | Nexo has produced non-privileged responsive documents. Nexo objects to further production concerning internal policies or handling of the "free and clear" provision because the CPA's text controls and any internal legal interpretation or analysis is irrelevant, privileged, and disproportionate. |

37

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | unambiguous contractual provision. Nexo also objects to the extent the Request seeks duplicative materials already produced, including executed versions of the CPA and related transactional documents, or seeks privileged attorney-client communications and attorney work product reflecting legal analysis of the CPA. **Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request. | | |
| 325 | All documents and communications concerning whether the CPA authorized Nexo to charge any fees or take any profits in connection with fulfilling Purchase Orders. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all documents and communications "concerning whether" the CPA authorized fees or profits, without any limitation as to time, custodian, subject matter, or nexus to Plaintiff's specific Purchase Orders. As drafted, the Request would sweep in internal legal analyses, contract-interpretation discussions, and internal deliberations that add nothing beyond the contents of the CPA itself. Nexo further objects | Plaintiff will narrow this Request to non-privileged documents sufficient to show Nexo's contemporaneous, non-attorney understanding of whether the CPA authorized it to charge fees or take profits in fulfilling Purchase Orders, rather than all internal contract-interpretation materials. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document, with a privilege log for anything withheld. | Nexo has produced the CPA, which is responsive to this Request. Nexo objects to producing non-attorney "understanding" documents because the request still seeks subjective contract interpretation rather than relevant documents, and any legal analysis or privileged communications will not be produced. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | because the CPA is the operative contract governing the parties' rights and obligations, and its terms speak for themselves. To the extent Plaintiff seeks to determine whether the CPA authorized certain conduct, that inquiry is properly resolved by reference to the CPA's text, not through discovery into internal communications or post-hoc interpretations. Discovery is not appropriate to probe a party's internal views or legal interpretations of an unambiguous contract. Nexo also objects to the extent the Request seeks duplicative materials already produced, including executed versions of the CPA and related transactional documents, or seeks privileged or attorney-client communications and attorney work product reflecting legal analysis of the CPA.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced the CPA, which is responsive to this Request. | | |
| 328 | All documents and communications concerning Your representations that You did not charge fees on Your platform, including | **Objections:** Nexo objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents and communications concerning" a broad and disparate set | Plaintiff will narrow this Request to documents sufficient to show Nexo's representations that it did not charge fees and any internal discussion or | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress- |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | Your ZeroFees policy, that there are "no additional costs associated with [Your] services," that You have "no hidden fees," or that you do not "charge any credit line, origination, forex, and exchange fees," including any internal discussion or analysis concerning Your fees on OTC transactions, liquidations, or other customer transactions. | of marketing statements and policies relating to fees, without any limitation as to time period, custodians, transaction type, customer population, or document category. Nexo further objects to the extent this request improperly assumes that its public-facing statements or policies required or were supported by formal internal discussions or analyses concerning every category of transaction identified, and to the extent it seeks documents or analyses that do not exist, as Nexo is not required to create materials that are not maintained in the ordinary course of business. Finally, this request is not proportionate to the needs of the case.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request. | analysis of whether those representations were accurate as to OTC and liquidation fees, rather than all documents and communications, and limiting to the period from 2017 through 2022. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document; sensitive material may be produced subject to the protective order. | specific search terms. No further search is appropriate or proportional. |
| 329 | All documents and communications between Nexo and any media outlet, journalist, or publishing platform concerning Nexo's fee policies, including any statements or | **Objections:** Nexo objects because Plaintiff's claims are brought solely on his own behalf and concern alleged fees and disclosures in connection with Plaintiff's individual OTC transactions and liquidations—not public statements or media communications directed to third parties or the general public. Plaintiff has not alleged that any media | Plaintiff will narrow this Request to documents sufficient to show Nexo's communications with any media outlet, journalist, or publishing platform concerning its fee or pricing policies, including representations that it | Nexo maintains its objections and will not produce documents in response to this Request. Plaintiff's narrowed request remains irrelevant and disproportionate because media communications did not govern Plaintiff's |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | representations that Nexo did not charge fees. | statement caused him harm, influenced his transactions, or is material to liability or damages. Discovery into media communications is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request is duplicative of other requests seeking documents and communications concerning Nexo's fee policies, ZeroFees representations, and disclosures, including requests to which Nexo has already responded and produced non-privileged documents. To the extent Plaintiff seeks the same information through this Request, it is cumulative and unnecessary.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | charged no fees, rather than all documents and communications. That some statements also appear publicly is no basis to withhold Nexo's own communications. | transactions, and Plaintiff has not shown that any media statement caused him harm or bears on liability or damages. |
| 330 | All documents and communications concerning the total amount of fees, commissions, taxes, markups, and profits Nexo derived from all customers through the practices alleged in the Complaint, including but not limited to (1) OTC fees commissions, and markups, (2) liquidation | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks enterprise-wide financial and accounting information concerning fees, markups, and profits allegedly derived from all customers, without any limitation as to time, transaction, product, customer, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's | Plaintiff will narrow this Request to documents sufficient to show the aggregate fees, commissions, taxes, markups, and profits Nexo derived from (1) OTC transactions, (2) liquidations, and (3) Portfolio Booster charges, rather than transaction-level data for every customer, and limiting to | Nexo has produced non-privileged documents responsive to this Request as to Plaintiff. Nexo objects to producing aggregate enterprise-wide fee, markup, or profit information for all customers because Plaintiff brings individual claims only, and the request would require burdensome financial analysis or compilations not |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | fees and taxes, and (3) Portfolio Booster charges and fees. | alleged transactions. As drafted, the Request would require the collection, aggregation, and analysis of broad categories of financial data bearing little to no relationship to any claim or defense in this action. Nexo further objects because Plaintiff brings his claims solely on his own behalf and has not asserted class-wide claims or sought class certification. Plaintiff's allegations concern alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions, Portfolio Booster activity, and liquidation events, not the total fees or profits Nexo may have derived from other customers. Discovery into enterprise-wide revenues, fees, or profits from "all customers" is therefore irrelevant and disproportionate. Nexo also objects because the Request assumes, without factual basis, that Nexo maintains documents quantifying profits allegedly derived from the "practices alleged in the Complaint" across its entire customer base, and improperly seeks to require Nexo to create summary analyses, calculations, or compilations not otherwise maintained in the ordinary course of business. Discovery may not be used to compel a party to generate new damages models or enterprise-level financial analyses untethered to a | the period from 2017 through 2022. Plaintiff will accept summary or representative records in lieu of underlying account files, produced subject to the protective order. | proportional to the needs of the case. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | plaintiff's individualized claims. Additionally, the Request seeks confidential, proprietary, and commercially sensitive financial information regarding Nexo's pricing, margins, and profitability across products and customers, the disclosure of which would impose substantial burden and competitive harm while offering, at most, marginal relevance. The Request further assumes facts not in evidence, including that enterprise-wide fees or profits are material to liability or damages in this case.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request as to Plaintiff. | | |
| 333 | All documents and communications concerning Your representations that You did not charge fees on Your platform, including Your statements that You had a ZeroFees policy, that there are "no additional costs associated with [Your] services," that You have "no hidden | **Objections:** Nexo objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents and communications concerning" a range of generalized marketing statements regarding fees, without any limitation as to time period, custodians, audience, transaction type, or document category. As drafted, the request would encompass a sweeping assortment of | Plaintiff stands on this request as written. Plaintiff requests a Rule 34(b)(2)(C) statement as to any withheld responsive document. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | fees," or that you do not "charge any credit line, origination, forex, and exchange fees." | internal and external materials—including operational communications, pricing and revenue discussions, internal reviews, and drafts—well beyond what is relevant to any claim or defense. The request is also vague and ambiguous insofar as it relies on undefined and subjective phrases such as "did not charge fees," "ZeroFees policy," "no additional costs," and "no hidden fees," which are not tied to any specific product, transaction, or time frame and do not account for distinctions between express fees and other transaction-related characteristics. Nexo further objects to the extent this request improperly assumes that its public-facing statements were supported by or necessitated comprehensive internal documentation or analysis, and to the extent it seeks documents that do not exist, as Nexo is not required to create materials not maintained in the ordinary course of business. Nexo also objects insofar as the request seeks confidential, proprietary, or trade-secret information concerning its internal pricing, revenue structure, and platform operations, the disclosure of which would cause competitive harm. Nexo further objects to the extent the request seeks documents protected by the attorney-client privilege, the work- | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | product doctrine, or other applicable privileges or protections.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced non-privileged documents responsive to this Request. | | |
| 338 | All Communications between You and any California regulatory agency regarding Nexo's Crypto Credit Lines. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all communications with any California regulatory agency concerning Crypto Credit Lines, without limitation as to time, subject matter, regulatory purpose, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would encompass a wide range of regulatory, compliance, supervisory, and informal communications that bear no meaningful connection to any claim or defense in this action. Nexo also objects because communications with regulatory agencies frequently contain confidential, sensitive, and protected information, including supervisory communications and materials exchanged in the course of regulatory oversight. Compelled production of | Plaintiff will narrow this Request to documents sufficient to show Nexo's communications with any California regulatory agency regarding its Crypto Credit Lines, rather than all such communications. Because the cross-reference to Requests 334–335 reaches only the DFPI, Plaintiff requests a substantive response covering all California regulators and a Rule 34(b)(2)(C) confirmation as to any withheld document. | Nexo has already produced responsive documents by applying the agreed search terms to the 23 custodians and non-custodial sources, including the agreed Cress-specific search terms. No further search is appropriate or proportional. |

45

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | such materials would impose undue burden and risk disclosure of sensitive regulatory information while offering, at most, marginal relevance. The Request further assumes facts not in evidence, including that Nexo's regulatory communications are relevant to Plaintiff's claims. **Response:** This Request is addressed by Requests 334-335. | | |
| 339 | All documents reflecting the ownership structure of each Nexo Entity, including stock ledgers, membership interest registries, capitalization tables, and any documents reflecting changes in ownership during the Relevant Period. | **Objections:** Nexo objects to this Request because it is extraordinarily overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks board-level governance materials for each Nexo entity over the entire Relevant Period based on expansive and ill-defined categories such as "financial relationships," "revenue sharing," and "the relationship between Nexo Entities," without any limitation as to transaction, time, subject matter, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would require review and potential production of extensive internal governance materials bearing no meaningful connection to any claim or defense in this action. Nexo further objects because Plaintiff | Plaintiff will narrow this Request to documents sufficient to show the ownership structure of each SAC-identified Nexo Entity—e.g., a stock ledger, membership-interest registry, or capitalization table per entity, plus documents showing material ownership changes—rather than all documents reflecting ownership. Sensitive ownership data may be produced subject to the protective order. | Nexo has already produced its corporate organizational chart, which is sufficient to show corporate structure and ownership for purposes of this case. Nexo objects to producing stock ledgers, capitalization tables, or ownership registries for each entity because such sensitive ownership materials are not relevant to Plaintiff's individual claims and remain disproportionate. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | has not alleged—and no issue in this case places in dispute—any improper intercompany financial transactions, unlawful revenue sharing, or misconduct arising from corporate structure or reorganization decisions. Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not Nexo's internal board deliberations, strategic governance decisions, or enterprise-level financial oversight. Discovery into board minutes, resolutions, and agendas addressing such matters is therefore irrelevant and disproportionate. Nexo also objects because board-level materials are highly confidential and commercially sensitive, often reflecting candid deliberations regarding corporate strategy, governance, and internal operations. Compelled disclosure of such materials would impose substantial burden and competitive harm while offering, at most, marginal relevance. The Request further assumes facts not in evidence—namely, that board-level discussions concerning intercompany matters or corporate structure are material to liability or damages in this case.<br><br>**Response:** Subject to and without waiving these objections, Nexo | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | responds that it will not be producing documents related to this Request. Nexo already produced its corporate organizational chart. See supra Request 296. | | |
| 340 | All board of directors minutes, resolutions, written consents, and meeting agendas for each Nexo Entity during the Relevant Period that reference, discuss, or relate to: (a) intercompany financial transactions; (b) revenue sharing or allocation; (c) the relationship between Nexo Entities; or (d) the corporate structure or reorganization of any Nexo Entity. | **Objections:** Nexo objects to this Request because it is extraordinarily overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks board-level governance materials for each Nexo entity over the entire Relevant Period based on expansive and ill-defined categories such as "financial relationships," "revenue sharing," and "the relationship between Nexo Entities," without any limitation as to transaction, time, subject matter, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would require review and potential production of extensive internal governance materials bearing no meaningful connection to any claim or defense in this action. Nexo further objects because Plaintiff has not alleged—and no issue in this case places in dispute—any improper intercompany financial transactions, unlawful revenue sharing, or misconduct arising from corporate | Plaintiff will narrow this Request to board minutes, resolutions, or written consents of the SAC-identified Nexo Entities that approve or memorialize intercompany financial transactions or revenue sharing/allocation, rather than every minute, agenda, or consent touching the four listed topics. Plaintiff will accept redaction of unrelated board business and production subject to the protective order. | Nexo maintains its objections and will not produce board minutes, resolutions, or written consents in response to this Request. Plaintiff's compromise still seeks highly confidential board-level governance materials concerning enterprise financial matters that are not tied to Plaintiff's transactions, claims, or damages. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|---------------------|
| | | structure or reorganization decisions. Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not Nexo's internal board deliberations, strategic governance decisions, or enterprise-level financial oversight. Discovery into board minutes, resolutions, and agendas addressing such matters is therefore irrelevant and disproportionate. Nexo also objects because board-level materials are highly confidential and commercially sensitive, often reflecting candid deliberations regarding corporate strategy, governance, and internal operations. Compelled disclosure of such materials would impose substantial burden and competitive harm while offering, at most, marginal relevance. The Request further assumes facts not in evidence—namely, that board-level discussions concerning intercompany matters or corporate structure are material to liability or damages in this case. **Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | | |
| 341 | All organizational charts, diagrams, or presentations | **Objections:** Nexo objects to this Request because it is overbroad, unduly | Plaintiff will narrow this Request to documents | Nexo has produced its corporate organizational |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|---------------------|
| | depicting the corporate structure, reporting relationships, or operational relationships among the Nexo Entities at any time during the Relevant Period. | burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all organizational charts, diagrams, and presentations depicting corporate, reporting, or operational relationships among Nexo entities at any time during the Relevant Period, without any limitation as to purpose, audience, level of detail, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would encompass a wide array of internal management materials, presentations, and working documents bearing no meaningful connection to any claim or defense in this action. Nexo further objects because Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not the broader internal reporting or operational relationships among affiliated entities. Plaintiff has not alleged that any particular corporate or reporting structure caused him harm or is material to liability or damages. Discovery into every version of internal organizational or operational materials is therefore irrelevant and disproportionate. Nexo also objects to the extent the Request seeks | sufficient to show the corporate, reporting, and operational relationships among the SAC-identified Nexo Entities— representative organizational charts or diagrams per period rather than every version, draft, or presentation. Sensitive internal management material may be produced subject to the protective order. | chart. Nexo objects to producing additional organizational charts, diagrams, or presentations concerning reporting or operational relationships because Plaintiff's compromise remains duplicative, seeks confidential internal management materials, and is not proportional to Plaintiff's individual claims. |

50

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | confidential, proprietary, and commercially sensitive internal presentations reflecting internal management structures, reporting lines, or operational relationships, the disclosure of which would offer at most marginal relevance while imposing unnecessary burden.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it has already produced its corporate organizational chart. See supra. Request 296. Nexo will not be producing documents related to this Request. | | |
| 342 | All contracts, agreements, memoranda of understanding, side letters, and term sheets between or among any Nexo Entities, including but not limited to: (a) intercompany services agreements; (b) cost-sharing or expense allocation agreements; (c) management or advisory agreements; (d) licensing or intellectual property agreements; (e) loan or credit agreements; (f) revenue-sharing or profit-allocation agreements; | **Objections:** Nexo objects to this Request because it is extraordinarily overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks all contracts and agreements of virtually every conceivable type between or among any Nexo entities, without any limitation as to time, subject matter, transaction type, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would require the collection, review, and production of a vast universe of enterprise-wide contractual materials bearing little to no relationship to any | Plaintiff will narrow this Request to the operative intercompany agreements among the SAC-identified Nexo Entities in the listed categories (services, cost-sharing, management/advisory, licensing/IP, loan/credit, revenue-sharing/profit-allocation, and transfer-pricing), rather than every MOU, side letter, term sheet, and draft. Confidential agreements may be produced subject to the protective order. | Nexo maintains its objections and will not produce intercompany agreements in response to this Request. Plaintiff's compromise still seeks broad enterprise-level contractual materials that are not tied to Plaintiff, his transactions, or any claim or defense, and would reveal confidential commercial and tax-related information. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | and (g) transfer pricing agreements or policies. | claim or defense in this action. Nexo further objects because Plaintiff has not alleged—and no issue in this case places in dispute—any improper intercompany agreements, cost-sharing arrangements, transfer-pricing policies, or internal contractual relationships among Nexo entities. Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not the existence or terms of intercompany services agreements, intellectual-property licenses, financing arrangements, or other internal corporate contracts. Discovery into such enterprise-level agreements is therefore irrelevant and disproportionate. Nexo also objects because the Request seeks highly confidential, proprietary, and commercially sensitive business information, including internal services arrangements, financing terms, intellectual-property agreements, and tax-related policies, the disclosure of which would impose substantial burden and competitive harm while offering, at most, marginal relevance. The Request further assumes facts not in evidence—namely, that intercompany contracts or transfer-pricing policies are material to liability or damages in this action. | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | **Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | | |
| 343 | All financial statements (audited and unaudited), including balance sheets, income statements, statements of cash flows, and statements of equity, for each Nexo Entity for each fiscal year during the Relevant Period. This request includes consolidated and unconsolidated financial statements. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks enterprise-wide financial statements—audited and unaudited—for each Nexo entity and for each fiscal year during the Relevant Period, including both consolidated and unconsolidated statements, without any limitation as to subject matter, transaction type, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would require collection and production of extensive corporate financial reporting materials that bear little to no relationship to the claims and defenses at issue. Nexo further objects because Plaintiff has not alleged—and no issue in this case places in dispute—any improper intercompany balances, misstated financial statements, accounting irregularities, or enterprise-level financial misconduct. Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with | Plaintiff will narrow this Request to the year-end financial statements (balance sheet and income statement) for each SAC-identified Nexo Entity for each fiscal year in the Relevant Period, plus any consolidated statements, rather than all audited and unaudited statements of every type. Statements may be produced subject to the protective order. | Nexo maintains its objections and will not produce financial statements in response to this Request. Plaintiff's compromise still seeks entity-level and consolidated financial reporting materials that are not relevant to Plaintiff's individual fee and disclosure claims and are commercially sensitive and disproportionate. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | Plaintiff's individual OTC transactions and liquidations, not Nexo's consolidated financial performance, entity-level financial reporting, or the accuracy of enterprise financial statements. Discovery into audited and unaudited financial statements for numerous entities is therefore irrelevant and disproportionate. Nexo also objects because the Request seeks confidential, proprietary, and commercially sensitive financial information, including detailed financial performance metrics and internal reporting that could cause competitive harm if disclosed, while offering at most marginal relevance to any claim or defense. The Request further assumes facts not in evidence—namely, that Nexo's enterprise-level financial statements are material to liability or damages in this action.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | | |
| 344 | All general ledgers, trial balances, and charts of accounts for each Nexo Entity during the Relevant Period, including any intercompany sub-ledgers or accounts. | **Objections:** Nexo objects to this Request because it is extraordinarily overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks complete general ledgers, trial balances, and charts of | Plaintiff will narrow this Request to documents sufficient to show the ledger entries and accounts reflecting OTC, liquidation, fee, and intercompany activity for the SAC-identified Nexo | Nexo maintains its objections and will not produce ledgers, trial balances, charts of accounts, or sub-ledgers in response to this Request. Plaintiff's compromise still seeks broad accounting records |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | accounts for each Nexo entity for the entire Relevant Period—foundational accounting records that reflect every transaction of every kind across the enterprise—without any limitation as to subject matter, transaction type, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would require production of vast quantities of accounting data bearing no meaningful relationship to any claim or defense in this action. Nexo further objects because Plaintiff has not alleged—and no issue in this case places in dispute— any improper intercompany balances, misstated ledgers, unlawful transfers, or accounting irregularities. Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not the accuracy or completeness of Nexo's internal books and records or enterprise-level accounting practices. Discovery into general ledgers, trial balances, and charts of accounts is therefore irrelevant and disproportionate. Nexo also objects because the Request seeks highly confidential, proprietary, and commercially sensitive accounting information, including detailed financial activity, internal account structures, and intercompany | Entities—including any intercompany sub-ledgers—rather than complete general ledgers, trial balances, and charts of accounts for every transaction. Production may be subject to the protective order. | across alleged enterprise entities and would require disproportionate collection and review of confidential financial data unrelated to Plaintiff's claims. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | accounting data across multiple affiliated entities. Disclosure of such materials would impose significant burden and competitive harm while offering, at most, marginal relevance. The Request further assumes facts not in evidence, including that Nexo's accounting records are improper or material to liability or damages in this case.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | | |
| 345 | All documents reflecting intercompany receivables, payables, transfers, settlements, netting arrangements, or reconciliations between or among the Nexo Entities during the Relevant Period. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive, enterprise-wide accounting and financial records concerning intercompany receivables, payables, transfers, and reconciliations among multiple Nexo entities, without any limitation as to transaction type, subject matter, time, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would require the collection and review of broad categories of internal accounting materials that bear little to no relationship to any claim or defense | Plaintiff will narrow this Request to documents sufficient to show the intercompany transfers, settlements, and reconciliations among the SAC-identified Nexo Entities that involve OTC, liquidation, or fee revenue, rather than all such records for any purpose. Production may be subject to the protective order. | Nexo maintains its objections and will not produce documents in response to this Request. Plaintiff's compromise still seeks intercompany accounting and reconciliation materials based on an alleged enterprise theory and remains untethered to Plaintiff's transactions or any cognizable damages issue. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | in this action. Nexo further objects because Plaintiff has not alleged—and no issue in this case places in dispute—any improper intercompany balances, misstated receivables or payables, unlawful transfers, or misuse of intercompany settlements or netting arrangements. Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not Nexo's internal accounting practices or enterprise-level financial reconciliations. Discovery into such matters is therefore irrelevant and disproportionate. Nexo also objects because the Request seeks confidential, proprietary, and commercially sensitive financial and accounting information concerning internal operations across affiliated entities, the disclosure of which would impose substantial burden and competitive harm while offering, at most, marginal relevance. The Request further assumes facts not in evidence, including that intercompany balances or reconciliations are improper, contested, or material to liability or damages in this case.

**Response:** Subject to and without waiving these objections, Nexo responds that it will not produce documents in response to this Request. | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| 350 | All documents reflecting shared employee, contractor, or consultant arrangements between or among Nexo Entities, including any agreements governing the allocation of personnel costs, and any documents identifying individuals who simultaneously provided services to more than one Nexo Entity. | **Objections:** Nexo objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents reflecting" shared employee, contractor, or consultant arrangements across multiple Nexo entities without any limitation as to business function, or relevance to the claims or defenses at issue. As drafted, the request would encompass a sweeping range of human-resources, payroll, accounting, and corporate governance materials having little or no bearing on the matters in dispute. The request is also vague and ambiguous insofar as it refers broadly to "Nexo Entities" without clearly defining the scope of entities implicated or articulating why personnel-sharing arrangements are relevant in this action. Nexo further objects to this request to the extent it seeks confidential, proprietary, and commercially sensitive information, including internal personnel structures, cost-allocation methodologies, compensation information, and intercompany operational arrangements, the disclosure of which would cause competitive harm and implicate employee and contractor privacy rights. Nexo also objects insofar as the request seeks information | Plaintiff will narrow this Request to documents sufficient to show the personnel shared among Nexo Capital and the SAC-identified Nexo Entities that operated the OTC Desk, set or collected fees, or processed liquidations, and any agreements allocating those personnel costs, rather than all shared-personnel records across every entity. Sensitive personnel data may be produced subject to the protective order. | Nexo has produced the relevant contracts for services. Nexo objects to any broader production identifying shared personnel or cost allocations because the request implicates confidential personnel information, privacy interests, and operational arrangements not proportional to Plaintiff's individual claims. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. In addition, Nexo objects to the extent the request seeks documents or compilations that do not exist, as Nexo is not required to create new documents or identify individuals across entities in a manner not maintained in the ordinary course of business. Subject to and without waiving these objections, Nexo will produce non-privileged responsive documents, if any, consistent with an appropriate protective order. **Response:** Subject to and without waiving objections, Nexo responds that it has produced the relevant contracts for services. | | |
| 351 | All documents reflecting shared technology, infrastructure, or software systems used by more than one Nexo Entity, including licensing agreements, service level agreements, and cost-allocation arrangements for shared technology. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive, enterprise-wide information concerning shared technology, infrastructure, and software systems among multiple Nexo entities, without any limitation as to time, system, function, transaction, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As | Plaintiff will narrow this Request to documents sufficient to show which Nexo Entities shared the technology, infrastructure, or software systems used to operate the Platform, OTC Desk, and liquidation functions, and any cost-allocation for that shared technology, rather than all such documents. Sensitive architecture or security details may be excluded or | Nexo maintains its objections and will not produce documents in response to this Request. Plaintiff's compromise still seeks internal technology, infrastructure, software, and cost-allocation information that is not relevant to Plaintiff's transactions. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | drafted, the Request would require the collection and review of wide-ranging IT, operational, and contractual materials bearing no meaningful connection to any claim or defense in this action. Nexo further objects because Plaintiff's claims concern alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations—not the design, sharing, or allocation of internal technology systems across corporate entities. Plaintiff has not alleged that any shared technology, infrastructure, or software caused him harm, affected his transactions, or is material to liability or damages. Discovery into such internal operational matters is therefore irrelevant and disproportionate. Nexo also objects because the Request seeks confidential, proprietary, and commercially sensitive information concerning internal technology architecture, licensing arrangements, service levels, and cost-allocation practices, the disclosure of which would pose substantial competitive and security concerns while offering, at most, marginal relevance. The Request further assumes facts not in evidence, including that shared technology arrangements are improper, disputed, or material to Plaintiff's claims. | produced subject to the protective order. | |

60

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | **Response:** Subject to and without waiving these objections, Nexo responds that it will not produce documents in response to this Request. | | |
| 352 | All Communications between or among officers, directors, or senior management of the Nexo Entities concerning the Financial Relationships between the Nexo Entities, including but not limited to discussions of revenue sharing, profit allocation, intercompany transfers, or the consolidation or separation of operations. | **Objections:** Nexo objects to this Request because it is extraordinarily overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks "all communications" among senior leadership of multiple entities regarding generalized "financial relationships," including high-level topics such as revenue sharing, profit allocation, and corporate structuring, without any limitation as to transaction, time, subject matter, or connection to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. As drafted, the Request would capture vast swaths of internal executive communications bearing no relation to any claim or defense in this action. Nexo further objects because Plaintiff has not alleged—and no issue in this case places in dispute—any improper intercompany transfers, misstated intercompany balances, unlawful profit allocation, or misconduct arising from the consolidation or separation of Nexo entities. Plaintiff's claims concern | Plaintiff will narrow this Request to communications among officers, directors, or senior management that decide or memorialize revenue sharing, profit allocation, or intercompany transfers among the Nexo Entities, rather than all communications concerning their financial relationships generally. Production may be subject to the protective order. | Nexo maintains its objections and will not produce documents in response to this Request. Plaintiff's compromise still seeks high-level communications about unrelated financial relationships that are not tied to Plaintiff's transactions, are commercially sensitive, and are disproportionate. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|-------------------------------|----------------------|
| | | alleged fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not the internal allocation of revenue or enterprise-level financial decision-making. Discovery into such matters is therefore irrelevant and disproportionate. Nexo also objects because the Request seeks confidential, proprietary, and commercially sensitive communications among senior management regarding internal financial strategy and corporate operations, the disclosure of which would impose substantial burden while offering, at most, marginal relevance. The Request further assumes facts not in evidence, including that intercompany financial relationships are improper, contested, or material to liability or damages in this case.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not produce documents in response to this Request. | | |
| 353 | All tax returns (federal, state, local, and foreign) filed by each Nexo Entity for each year during the Relevant Period, including all schedules, attachments, and any consolidated or combined | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks every tax return—federal, state, local, and foreign—filed by each Nexo Entity | Plaintiff will narrow this Request to the as-filed income tax returns of Nexo Capital and any consolidated or combined return that includes it and other SAC-identified Nexo Entities for the Relevant | Nexo maintains its objections and will not produce tax returns in response to this Request. Plaintiff's compromise still seeks highly confidential tax materials without the required showing of |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | returns that include more than one Nexo Entity. | for each year during the Relevant Period, including all schedules and attachments, without any limitation as to subject matter, transaction type, or nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. Such a sweeping demand bears no reasonable connection to Plaintiff's claims, which concern alleged fees, pricing, and disclosures related to Plaintiff's individual OTC transactions and liquidations, not Nexo's tax reporting, tax positions, or compliance across jurisdictions. Nexo further objects because tax returns are highly confidential, sensitive documents that courts routinely recognize are entitled to heightened protection and are not discoverable absent a compelling showing of relevance and necessity, which Plaintiff has not made. Plaintiff has not alleged any impropriety relating to Nexo's tax filings, tax liabilities, transfer pricing, or intercompany tax treatment, nor has Plaintiff alleged that any purported tax issue caused him harm or is material to any claim or defense in this action. Requiring production of tax returns for numerous domestic and foreign entities would therefore be grossly disproportionate to the marginal (if any) relevance of the information sought. Nexo also objects because the | Period, rather than all federal, state, local, and foreign returns of every entity with all schedules. Returns may be produced subject to the protective order, with a meet-and-confer on heightened tax-return protections. | relevance and necessity, and Plaintiff's individual fee and disclosure claims do not place Nexo's tax filings at issue. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | Request seeks consolidated and combined tax returns that would necessarily disclose extensive confidential and privileged financial, accounting, and tax information concerning entities, transactions, and time periods wholly unrelated to Plaintiff or Plaintiff's claims. The Request further assumes facts not in evidence, including that Nexo's tax filings are relevant to liability or damages in this case.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not produce documents in response to this Request. | | |
| 354 | All audit reports, management letters, and correspondence from external auditors to any Nexo Entity during the Relevant Period that address intercompany transactions, related-party transactions, or the Financial Relationships among the Nexo Entities. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive, high-level audit materials concerning intercompany transactions and related-party relationships among Nexo entities, despite the absence of any allegation in the Complaint that Nexo engaged in improper intercompany accounting, misstated intercompany balances, or used intercompany transactions in a manner that caused Plaintiff harm. Plaintiff's claims concern alleged fees, pricing, | Plaintiff will narrow this Request to audit reports and management letters that specifically address intercompany or related-party transactions or the financial relationships among the SAC-identified Nexo Entities, rather than all auditor correspondence. Production may be subject to the protective order. | Nexo maintains its objections and will not produce audit reports or management letters in response to this Request. Plaintiff's compromise still seeks enterprise-level audit materials concerning intercompany or related-party transactions that are not relevant to Plaintiff's claims and contain highly confidential financial information. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not the accuracy of audited financial statements, auditor findings, or the propriety of intercompany accounting practices. Nexo further objects because audit reports, management letters, and auditor correspondence are generated for accounting, financial reporting, and regulatory-compliance purposes at an enterprise-wide level, and bear no reasonable nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions. Requiring production of such materials would necessitate disclosure of sensitive, confidential, and commercially sensitive financial and audit information unrelated to any claim or defense in this action, rendering the Request disproportionate to the marginal (if any) relevance of the information sought. Nexo also objects to the extent the Request assumes facts not in evidence—namely, that intercompany transactions or related-party relationships are improper, contested, or material to liability in this case—when no such issue has been alleged or placed in dispute.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not produce documents in response to this Request. | | |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| 355 | All documents reflecting dividends or distributions paid to NEXO token holders, including the source of funds for such payments, and which Nexo Entity or Entities funded such dividends or distributions. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive information concerning dividends or distributions paid to NEXO token holders—matters that are not tied to Plaintiff, Plaintiff's account, or Plaintiff's alleged transactions, and that bear no meaningful connection to Plaintiff's claims in this action. Plaintiff's allegations concern purported fees, pricing, and disclosures in connection with Plaintiff's individual OTC transactions and liquidations, not token-holder distributions or corporate decisions regarding the allocation of funds related to the NEXO token. Nexo further objects because the Request broadly seeks information about the "source of funds" and which Nexo entities funded any such distributions, effectively demanding sensitive corporate, financial, accounting, and treasury information without any limiting principle as to time, subject matter, or relevance. Such information is confidential, proprietary, and commercially sensitive, and its disclosure would be disproportionate given the absence of any allegation that | Plaintiff will narrow this Request to documents sufficient to show the source of funds for, and the Nexo Entity or Entities that funded, any dividends or distributions to NEXO token holders, rather than all documents reflecting such distributions, and limiting to the period from 2017 through 2022. Sensitive financial data may be produced subject to the protective order. | Nexo has produced all non-privileged documents responsive to this Request as it relates to Plaintiff. Nexo objects to further production concerning token-holder dividends or distributions because those matters are not tied to Plaintiff's account, transactions, or alleged injury and remain confidential and disproportionate. |

66

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|---------------------------------|----------------------|
| | | token distributions caused Plaintiff harm or are material to liability in this case. Nexo also objects to the extent the Request is vague and ambiguous as to the terms "dividends," "distributions," and "token holders," including whether Plaintiff contends the NEXO token constitutes equity, debt, or some other financial instrument. The Request further assumes facts not in evidence, including that token distributions are relevant to Plaintiff's claims or that such distributions reflect improper conduct.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it has conducted custodial and non-custodial searches and has previously produced all non-privileged documents responsive to this Request as it relates to Plaintiff. | | |
| 356 | Documents sufficient to show all payments sent to, or received from, Nexo Services, LLC during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Services, LLC, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Services, LLC that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise still seeks intercompany financial information based on an alleged RICO enterprise theory and remains untethered to |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|---------------------|
| | | disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo responds that it will not be producing documents related to this Request. | custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Plaintiff's own transactions, claims, or damages. |
| 357 | Documents sufficient to show all payments sent to, or received from, Nexo Inc. during the Relevant Period and the reason for any such payments. For | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Inc. that involve OTC, | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's proposed narrowing still seeks |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | expansive financial information concerning an affiliated entity, Nexo Inc., based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | confidential intercompany payment information unrelated to Plaintiff's account or any claim or defense and would impose disproportionate burden. |
| 358 | Documents sufficient to show all payments sent to, | **Objections:** Nexo objects to this Request because it is overbroad, unduly | Plaintiff will narrow this Request to documents | Nexo maintains its objections and will not |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | or received from, Nexo Financial LLC during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Financial LLC, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states | sufficient to show the payments Nexo sent to or received from Nexo Financial LLC that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | produce payment records in response to this Request. Plaintiff's compromise remains an improper attempt to obtain intercompany financial records untethered to Plaintiff's transactions and not proportional to the needs of this case. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | that it will not produce documents in response to this Request. | | |
| 359 | Documents sufficient to show all payments sent to, or received from, Nexo Services UAB during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Service UAB, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Services UAB that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise still seeks intercompany payment data based on a disputed enterprise theory and remains disproportionate to Plaintiff's individual claims. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---------|-----------------|--------------------------------|---------------------|
| | | including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 360 | Documents sufficient to show all payments sent to, or received from, Nexo Global Investments LLC during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo MENA Holdings, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Global Investments LLC that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise still seeks confidential intercompany financial information unrelated to Plaintiff's transactions and disproportionate to the needs of this action. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 361 | Documents sufficient to show all payments sent to, or received from, Nexo MENA Holding Ltd. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo MENA Holdings, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo MENA Holding Ltd. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise remains overbroad and disproportionate because it seeks intercompany payment information unrelated to Plaintiff's account, transactions, or alleged injury. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 362 | Documents sufficient to show all payments sent to, or received from, Nexo Services S.r.l. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Services S.r.l., based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Services S.r.l. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise still seeks confidential intercompany financial data premised on an alleged enterprise theory and not tied to any claim or defense. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | may be produced subject to the protective order. | |
| 363 | Documents sufficient to show all payments sent to, or received from, Nexo Payments Limited during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Payments Limited, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Payments Limited that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's proposed narrowing does not cure the disproportionality of seeking intercompany financial information unrelated to Plaintiff's transactions or claims. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | |
| 364 | Documents sufficient to show all payments sent to, or received from, Nexo Clearing and Custody Ltd. during the Relevant Period and the reason for | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Clearing and Custody Ltd. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise still seeks confidential |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|---------------------|
| | any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | expansive financial information concerning an affiliated entity, Nexo Clearing and Custody Ltd, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | intercompany financial records untethered to Plaintiff's individual claims and disproportionate to the needs of the case. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| 365 | Documents sufficient to show all payments sent to, or received from, Nexo Finance Limited during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Finance Limited, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise. | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Finance Limited that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise remains overbroad and disproportionate because it seeks intercompany payment information unrelated to Plaintiff's account, transactions, or alleged injury. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | **Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 366 | Documents sufficient to show all payments sent to, or received from, AFS Holding Ltd. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning AFS Holding Ltd, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from AFS Holding Ltd. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise still seeks confidential payment information for an affiliated or third-party entity without a sufficient nexus to Plaintiff's transactions or any claim or defense. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise. **Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 367 | Documents sufficient to show all payments sent to, or received from, AFS Advance Financial Solutions Ltd. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning AFS Advance Financial Solutions Ltd, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from AFS Advance Financial Solutions Ltd. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's proposed narrowing still seeks confidential payment information premised on an alleged enterprise theory and remains disproportionate to the needs of this case. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise. **Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 368 | Documents sufficient to show all payments sent to, or received from, Nexo Markets Ltd. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Markets Ltd, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Markets Ltd. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise does not cure the overbreadth or disproportionality of seeking confidential intercompany payment data unrelated to Plaintiff's transactions. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|---------------------|
| | | expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 369 | Documents sufficient to show all payments sent to, or received from, Nexo Bank Inc. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Bank Inc., based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Bank Inc. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise still seeks confidential intercompany financial information unrelated to Plaintiff's individual claims and disproportionate to the needs of the case. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|---------------------|
| | | matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | produced subject to the protective order. | |
| 370 | Documents sufficient to show all payments sent to, or received from, NPEM Ltd. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, NPEM Ltd., based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from NPEM Ltd. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise remains overbroad and disproportionate because it seeks confidential payment information unrelated to Plaintiff's account, transactions, or alleged injury. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | |
| 371 | Documents sufficient to show all payments sent to, or received from, Nexo AG during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo AG that involve OTC, liquidation, or fee revenue, and the reason for those | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's proposed narrowing still seeks confidential intercompany payment information |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | transfer of money, digital assets, or any other assets. | AG, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | premised on an alleged enterprise theory and not tied to Plaintiff's transactions or claims. |
| 372 | Documents sufficient to show all payments sent to, or received from, NDS EOOD during the | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or | Nexo maintains its objections and will not produce payment records in response to this Request. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning, NDS EOOD, based solely on Plaintiff's alleged CO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | received from NDS EOOD that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Plaintiff's compromise remains overbroad and disproportionate because it seeks confidential payment information unrelated to Plaintiff's account, transactions, or alleged injury. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| 373 | Documents sufficient to show all payments sent to, or received from, MIRASTAR EOOD during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning MIRASTAR EOOD, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise. | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from MIRASTAR EOOD that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's proposed narrowing still seeks confidential payment information based on an alleged enterprise theory and remains untethered to Plaintiff's individual claims. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | **Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 374 | Documents sufficient to show all payments sent to, or received from, Nexo Financial Services LTD during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Financial Services Ltd, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Financial Services LTD that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise does not cure the overbreadth or disproportionality of seeking confidential intercompany financial information unrelated to Plaintiff's transactions. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 375 | Documents sufficient to show all payments sent to, or received from, Nexo Trading Inc. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Trading Inc., based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Trading Inc. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise still seeks confidential intercompany payment information unrelated to Plaintiff's account, transactions, or alleged injury. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 376 | Documents sufficient to show all payments sent to, or received from, Nexo Financial Services Inc. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Financial Services Inc., based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Financial Services Inc. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's proposed narrowing still seeks confidential intercompany payment information based on an alleged enterprise theory and not tied to Plaintiff's transactions or claims. |

90

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | | impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |
| 377 | Documents sufficient to show all payments sent to, or received from, Nexo Services Ltd during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Services Ltd, based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Services Ltd that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data | |

91

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise. **Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | may be produced subject to the protective order. | |
| 378 | Documents sufficient to show all payments sent to, or received from, Nexo Payments, Inc. during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks expansive financial information concerning an affiliated entity, Nexo Payments, Inc., based solely on Plaintiff's alleged RICO "enterprise" theory—an allegation that Nexo | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Nexo Payments, Inc. that involve OTC, liquidation, or fee revenue, and the reason for those payments—Nexo's own transaction records within | Nexo maintains its objections and will not produce payment records in response to this Request. Plaintiff's compromise remains overbroad and disproportionate because it seeks confidential payment information unrelated to Plaintiff's account, |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | disputes and that does not, standing alone, justify discovery into all payments between corporate entities for any purpose during the entire Relevant Period. The Request is not limited by subject matter, transaction type, time, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's alleged injuries, and instead amounts to an impermissible fishing expedition into intercompany or business-related transfers unrelated to Plaintiff's claims. Nexo further objects because the Request seeks confidential, proprietary, and commercially sensitive financial information concerning third-party or intercompany transactions that are neither relevant nor proportional. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships in furtherance of a RICO enterprise.<br><br>**Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | its possession, custody, or control—rather than all payments of any kind for any purpose. Sensitive financial data may be produced subject to the protective order. | transactions, or alleged injury. |
| 379 | Documents sufficient to show all payments sent to, or received from, Antoni Trenchev during the Relevant Period and the reason for any such | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Antoni Trenchev that involve fee, | Nexo maintains its objections and will not produce payment records concerning Antoni Trenchev. Plaintiff's compromise still seeks |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| | payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | sweeping financial information concerning an individual, Antoni Trenchev, presumably based solely on his purported inclusion in Plaintiff's alleged RICO "enterprise," an allegation that Nexo disputes and that does not, standing alone, justify unfettered discovery into all payments between Nexo and a non-party. The Request is not limited by subject matter, transaction type, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's claims, and instead impermissibly seeks discovery of all transfers of money or digital assets for any reason during the entire Relevant Period. Nexo further objects because the Request seeks confidential, proprietary, and highly sensitive financial and personal information of a third party, the disclosure of which is neither relevant nor proportional and would improperly intrude on legitimate privacy and confidentiality interests. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper payments or financial relationships relevant to Plaintiff's claims. **Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | liquidation, or OTC revenue (e.g., distributions, profit transfers, or compensation tied to those streams), and the reason for them, rather than all transfers of any kind. These are Nexo's own payment records and may be produced subject to the protective order. | highly sensitive personal financial information of a non-party without a sufficient nexus to Plaintiff's transactions, claims, or damages. |

94

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|----------|-----------------|--------------------------------|----------------------|
| 380 | Documents sufficient to show all payments sent to, or received from, Kosta Kantchev during the Relevant Period and the reason for any such payments. For the avoidance of doubt payments includes the transfer of money, digital assets, or any other assets. | **Objections:** Nexo objects to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case under Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure. The Request seeks sweeping financial information concerning an individual, Kosta Kantchev, presumably based solely on his purported inclusion in Plaintiff's alleged RICO "enterprise," an allegation that Nexo disputes and that does not, standing alone, justify unfettered discovery into all payments between Nexo and a non-party. The Request is not limited by subject matter, transaction type, or any nexus to Plaintiff, Plaintiff's account, or Plaintiff's claims, and instead impermissibly seeks discovery of all transfers of money or digital assets for any reason during the entire Relevant Period. Nexo further objects because the Request seeks confidential, proprietary, and highly sensitive financial and personal information of a third party, the disclosure of which is neither relevant nor proportional and would improperly intrude on legitimate privacy and confidentiality interests. Nexo also objects to the extent the Request assumes facts not in evidence, including the existence of improper | Plaintiff will narrow this Request to documents sufficient to show the payments Nexo sent to or received from Kosta Kantchev that involve fee, liquidation, or OTC revenue (e.g., distributions, profit transfers, or compensation tied to those streams), and the reason for them, rather than all transfers of any kind. These are Nexo's own payment records and may be produced subject to the protective order. | Nexo maintains its objections and will not produce payment records concerning Kosta Kantchev. Plaintiff's compromise still seeks highly sensitive personal financial information of a non-party without a sufficient nexus to Plaintiff's transactions, claims, or damages. |

| # | RFP Text | Nexo's Response | Plaintiff's Proposed Compromise | Defendant's Response |
|---|---|---|---|---|
| | | payments or financial relationships relevant to Plaintiff's claims. **Response:** Subject to and without waiving these objections, Nexo states that it will not produce documents in response to this Request. | | |