**EXHIBIT A**

*John Cress v. Nexo Capital Inc.*, Case No. 3:23-cv-00882-TSH

**INTERROGATORY NO. 24:**

For each Google Workspace admin label identified in the Google Vault Audit Log produced as NEXO-0369409, including but not limited to the labels in Column F, "LabelRet" and "rom," state: (a) the date the label was created; (b) the person who created it; (c) the purpose for which it was created; (d) the criteria or process used to determine which documents would receive the label; (e) the names of all documents to which the label was applied; and (f) the date on which the label was applied to each document.

**Nexo's Response:** Nexo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant to any party's claim or defense within the meaning of Rule 26(b)(1). The Interrogatory seeks detailed information about every Google Workspace label reflected in a Google Vault Audit Log without establishing any connection between those labels and the claims or defenses that remain at issue in this action. Nexo further objects that the labels "LabelRet" and "rom," and related documents referenced in the Google Vault Audit Log relate to the Morton litigation in the United Kingdom, which is not connected to this dispute. Documents associated with that matter were produced in the Morton action and thereafter deleted following entry of a confidential settlement agreement in that case. To the extent Plaintiff seeks discovery into document management or retention activity relating to other disputes or litigations, including the Morton litigation in the UK, the request exceeds the proper scope of discovery in this case. Nexo further objects that it is not required in this action to provide a retrospective, document-by-document accounting concerning materials from a separate, resolved litigation, particularly where doing so would implicate confidentiality obligations, privileged litigation-management decisions, and information outside Nexo Capital, Inc.'s current possession, custody, or control. Nexo further objects that the Interrogatory is vague and ambiguous as to the terms "purpose," "criteria," "process," "documents," and "applied." Nexo further objects because the Interrogatory seeks information concerning documents, custodians, systems, or events outside Nexo Capital, Inc.'s possession, custody, or control, including information relating to other entities, third-party service providers, and separate litigations. Nexo further objects because the Interrogatory calls for a document-by-document narrative compilation and forensic reconstruction of historical labeling events that is not maintained in the ordinary course and would impose an undue burden far outweighing any likely benefit. Nexo further objects to the extent the Interrogatory seeks information equally available to Plaintiff from documents already produced, including the audit log itself.

Subject to and without waiving these objections, Nexo responds that it will not be providing a response for this interrogatory.

**INTERROGATORY NO. 25:**

Identify each email deleted or destroyed pursuant to the retention rules implemented in the Google Vault Audit Log produced as NEXO-0369409, including (a) the subject of the email, (b) the sender

of the email, (c) the recipient(s) of the email, (d) the date the email was sent, (e) the retention rule causing the deletion or destruction of the email, (f) the purpose of the rule implementation causing the deletion or destruction.

**Nexo's Response:** Nexo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant to any party's claim or defense within the meaning of Rule 26(b)(1). The Interrogatory seeks identification of "each email deleted or destroyed" pursuant to retention rules reflected in a Google Vault Audit Log and demands a granular reconstruction of metadata and content attributes—including subject lines, senders, recipients, send dates, the rule causing deletion, and the purpose of the rule implementation—for emails that Plaintiff assumes can now be individually identified and described. That request would require Nexo to undertake a retrospective forensic reconstruction that is not maintained in the ordinary course, is not reasonably accessible in the manner Plaintiff suggests, and would impose a burden far out of proportion to any likely benefit. Nexo further objects that the Interrogatory is vague and ambiguous as to the terms "deleted," "destroyed," "retention rules," "implemented," "causing," and "purpose," and further objects because it assumes facts not established, including that the Google Vault Audit Log permits Nexo to identify each specific email purportedly affected and the precise rule and purpose associated with each such event. Nexo further objects because the Interrogatory seeks information concerning documents, custodians, systems, or events outside Nexo Capital, Inc.'s possession, custody, or control, including information relating to separate entities, third-party systems, and other litigations. Nexo further objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense doctrine, or any other applicable immunity or protection, including information concerning litigation hold decisions, retention settings, legal review protocols, and the purpose for which any retention rule was implemented in connection with actual or anticipated litigation. Nexo objects that it is not required in this action to identify each email purportedly affected by historical retention activity, or to reconstruct for each such email the subject, sender, recipient, date, retention rule, and purpose of the rule implementation, particularly where doing so would require burdensome retrospective forensic analysis, implicate privileged litigation-management decisions, and concern information outside Nexo Capital, Inc.'s current possession, custody, or control. Nexo further objects to the extent the Interrogatory seeks information that is confidential and/or subject to obligations arising from another proceeding, including the Morton litigation and the confidential settlement agreement entered in that matter. Furthermore, Nexo objects on the basis that materials subject to a retention policy have been deleted in accordance with the retention policy evident on the Google Audit Log. Because those materials have been deleted, they are not in Nexo's custody or control.

Subject to and without waiving these objections, Nexo responds that it will not be providing a response for this interrogatory.