# Exhibit G

# Exhibit G

CONFIDENTIAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

_____

JOHN CRESS,

       Plaintiff,

   v.                      Case No.

NEXO CAPITAL, INC.,            3:23-cv-00882-TSH

       Defendant.

_____

VIDEOTAPED DEPOSITION OF

MICHAEL KUNKEL

DATE:          Tuesday, June 9, 2026

TIME:          11:08 a.m.

LOCATION:      Baker & McKenzie LLP

               1900 North Pearl Street, Suite 1500

               Dallas, TX 75201

OFFICIATED BY: Cristal McCrory

JOB NO.:      8243044

Page 1

CONFIDENTIAL

bottom of the page.

A    I see that.

MR. AMBROSE:  I just object that the document speaks for itself.

BY MR. SHELTON:

Q    So here you're giving an example, this "all OTC deals part one."  You refer to it in paragraph 34. Do you have reason -- do you dispute that Nexo produced it in this litigation?

MR. AMBROSE:  Objection.  Vague.  Calls for speculation.

THE WITNESS:  Okay.  So I don't dispute that Nexo produced this document from what -- that I've been handed.  I find it interesting that the document I've been handed is not actually an email where the subject line is "all OTC deals part-one" with dates.  It is a forward of that email, which I -- I'm only seeing.  I -- and I couldn't even say is authentic.

There's no provenance of this document. You've just handed it to me.  But with all of those points, I -- I'm comfortable with my testimony about it.

BY MR. SHELTON:

Q    When you made this list of emails, did you

Page 168

CONFIDENTIAL

It was written by Edward Tonkov, according to Exhibit 189, which you handed me today.

BY MR. SHELTON:

Q    Right.  And my question is, if Nexo produced the foreword of this email with all these attachments listed, are you testifying that that forward would be missing information that's not contained in the original email?

MR. AMBROSE:  Same objections.

THE WITNESS:  I don't know if the forward contains the same information that was in the original email.  Forwards can change.  But that's also outside the scope of my -- of this matter for me.

BY MR. SHELTON:

Q    Paragraphs 35 -- we already discussed 35. But on paragraph 34O and 35, you refer to specific RFC 822 message IDs that were targeted for deletion.  But to be clear, you have no knowledge that any of those targeted emails relate to this litigation.  Correct?

MR. AMBROSE:  Objection.  Calls for legal conclusion.  Asked and answered.

THE WITNESS:  As I said, I -- I don't know what they pertain to.  I mean, you've implied to me that they're, possibly every single one of them, spam, which -- which is interesting.  But I don't know

Page 173