James Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

*Counsel for Plaintiff John Cress*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CRESS,<br><br>Plaintiff,<br><br>v.<br><br>NEXO CAPITAL INC.<br><br>Defendant. | Case No. 3:23-CV-00882-TSH<br><br>**DECLARATION OF MAX AMBROSE IN SUPPORT OF PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS OR, IN THE ALTERNATIVE, CURATIVE SANCTIONS PURSUANT TO FED. R. CIV. P. 37(e), 37(b), AND THE COURT'S INHERENT AUTHORITY**<br><br>Date: August 13, 2026<br>Time: 10:00 AM<br><br>Judge: Hon. Thomas S. Hixson<br><br>Courtroom:   San Francisco Courthouse<br>Courtroom E – 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

I, Max Ambrose, hereby declare as follows:

1.     I am a member in good standing of the bar of the State of California, an attorney at the law firm Taylor-Copeland Law, P.C., and counsel of record for Plaintiff John Cress ("Plaintiff"). I have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently thereto.

2.     I make this declaration in support of Plaintiff's Motion for Terminating Sanctions or, in the Alternative, Curative Sanctions Pursuant to Fed. R. Civ. P. 37(e), 37(b), and the Court's Inherent Authority (the "Motion"). On July 1, 2026, Plaintiff's counsel reached out to schedule a meet and confer conference regarding Plaintiff's Rule 37 motion. Counsel for Nexo refused. A true and correct copy of the correspondence is attached as Exhibit 40.

**Deposition Transcripts and Deposition Exhibits**

3.     Attached as Exhibit 1 are true and correct copies of excerpts from the certified transcript of the deposition of Antoni Trenchev, cited in the Motion as "Trenchev Tr." (Volume I) and April 2, 2026 (Volume II). Mr. Trenchev testified in his individual capacity and as the designated corporate representative of Defendant Nexo Capital Inc. ("Nexo") pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding the following topics:

Topic No. 8(33): Nexo's business data retention policies, procedures, and practices.

Topic No. 8(34): Nexo's steps to preserve documents and ESI potentially relevant to this action, including when litigation was first anticipated, when litigation holds were issued or modified, and the custodians, data sources, and categories of information subject to preservation.

Topic No. 8(35): The manner in which Nexo implemented and enforced preservation obligations, including instructions provided to custodians, monitoring or follow-up to ensure compliance, and any adjustments to auto-deletion or auto archiving.

Topic No. 8(36): Any deletion, loss, overwriting, or unavailability of potentially responsive documents or ESI, including timing and circumstances.

2

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

Topic No. 8(37): The collection and search of documents and ESI from senior executives and other custodians involved in the matters at issue.

Topic No. 8(38): The data sources and systems identified as reasonably likely to contain responsive information, including email systems, messaging platforms (e.g. Slack, Telegram, Signal, WhatsApp), CRM and operational systems, cloud repositories, and company-issued devices.

Topic No. 8(39): The data sources and systems actually searched for responsive documents and ESI, and any sources not searched or only partially searched, including reasons why.

4.      Attached as Exhibit 2 are true and correct copies of excerpts from the certified transcript of the deposition of Kosta Kantchev, cited in the Motion as "Kantchev Tr."

5.      Attached as Exhibit 3 are true and correct copies of excerpts from the certified transcript of the deposition of Yasen Damyanov, cited in the Motion as "Damyanov Tr."

6.      Attached as Exhibit 4 are true and correct copies of excerpts from the certified transcript of the deposition of David Greetham, Nexo's retained expert regarding electronically stored information, cited in the Motion as "Greetham Tr."

7.      Attached as Exhibit 5 are true and correct copies of excerpts from the certified transcript of the deposition of Hristiyan Hristov, cited in the Motion as "Hristov Tr."

8.      Attached as Exhibit 6 are true and correct copies of excerpts from the certified transcript of Volume I of the deposition of Octavian Dinca, cited in the Motion as "Dinca Tr."

9.      Attached as Exhibit 7 are true and correct copies of excerpts from the certified transcript of Volume II of the deposition of Octavian Dinca, cited in the Motion as "Dinca II Tr."

10.     Attached as Exhibit 8 is a true and correct copy of Exhibit 105 to the Trenchev deposition, which is a copy of Nexo's Responses and Objections to Plaintiff's Sixth Set of Requests for Production, including Nexo's responses to Request Nos. 269, 270, 290, and 291.

3

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

11.     Attached as Exhibit 9 is a true and correct copy of Exhibit 230 to the Greetham deposition, which is a copy of a Particulars of Claim dated September 29, 2022 filed in the *Morton v. Nexo Capital Inc.* matter in the High Court of Justice of England and Wales (the "Morton matter"). Paragraph 34 of Exhibit 230 identifies Hristov as the Mortons' relationship manager.

12.     Attached as Exhibit 10 is a true and correct copy of Exhibit 232 to the Greetham deposition, which is a copy of a Tomlin Order concerning the resolution of the Morton matter on June 6, 2025.

13.     Attached as Exhibit 11 is a true and correct copy of Exhibit 233 to the Greetham deposition, which is a copy of an order of the High Court of Justice of England and Wales in the Morton matter dated August 2, 2024.

14.     Attached as Exhibit 12 is a true and correct copy of Exhibit 234 to the Greetham deposition, which is a copy of an Order dated October 23, 2024 describing Nexo's September 20, 2024 application in the Morton matter to extend the deadline for the court-ordered "Reconducted Disclosure Exercise."

**Expert Report of Michael Kunkel**

15.     Attached as Exhibit 13 is a true and correct copy of the Expert Report of Michael Kunkel of Setec Security Technologies, cited in the Motion as the "Kunkel Rep."

**Discovery Requests and Responses**

16.     Attached as Exhibit 14 is a true and correct copy of Plaintiff's First Set of Requests for Production of Documents to Nexo, served on July 25, 2024.

17.     Attached as Exhibit 15 are true and correct copies of excerpts of Nexo's Second Amended Responses to Plaintiff's Fifth Set of Requests for Admission, dated July 3, 2026, including Nexo's responses to Request Nos. 405, 408 through 413, 726, and 727.

**Demand Letters, Regulatory Investigations, and Notice of This Action**

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

18.     Attached as Exhibit 16 is a true and correct copy of an email chain dated February 24, 2020. This document was produced by the SEC in response to a subpoena served by Plaintiff and was produced in this action at Bates number CRESS-00014362.

19.     Attached as Exhibits 17, 18, and 19 are true and correct copies of documents produced by Nexo in this action at Bates numbers NEXO-0344589, NEXO-0245592, and NEXO-0245602, respectively.

20.     Attached as Exhibit 20 is a true and correct copy of a demand letter dated October 26, 2021 from Plaintiff's former counsel to Nexo, produced by Nexo in this action at Bates number NEXO-0344294.

21.     Attached as Exhibit 21 is a true and correct copy of a demand letter dated November 29, 2021 from Plaintiff's former counsel to Nexo, produced by Nexo in this action at Bates number NEXO-0248181.

22.     Attached as Exhibit 22 is a true and correct copy of a November 30, 2021 email from Plaintiff's former counsel to Nexo attaching the November 29, 2021 demand letter, produced by Plaintiff in this action at Bates number CRESS-00015181.

23.     Attached as Exhibit 23 is a true and correct copy of a demand letter dated February 28, 2022 from former Nexo customers Scott Schaaf and Yeidy Montero to Nexo, Kosta Kantchev, and Antoni Trenchev, produced by Plaintiff in this action at Bates number CRESS-00015168.

24.     Attached as Exhibit 24 is a true and correct copy of a demand letter dated August 29, 2022, produced by Nexo in this action at Bates number NEXO-0137559.

25.     Attached as Exhibit 25 is a true and correct copy of a demand letter dated November 21, 2022, produced in this action at Bates number CRESS-00015161.

26.     Plaintiff filed the Complaint in this action on February 27, 2023. Attached as Exhibit 26 is a true and correct copy of correspondence dated February 28, 2023, by which Plaintiff's counsel transmitted the Complaint to Nexo's counsel, produced in this action at Bates number CRESS-00015188.

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

27.    Attached as Exhibit 27 is a true and correct copy of a document produced by Nexo in this action at Bates number NEXO-0223227.

**The Google Vault Audit Log and Nexo's Data Retention Policy**

28.    Attached as Exhibit 28 is a true and correct copy of the Google Vault audit log produced by Nexo in this action at Bates number NEXO-0369409 (the "Audit Log").

29.    Attached as Exhibit 29 is a true and correct copy of Nexo's Data Retention and Disposal Policy, dated March 27, 2023, marked as Exhibit 235 to the deposition of David Greetham and produced by Nexo in this action at Bates number NEXO-0183586.

**Additional Documents Produced in Discovery and Public Court Filings**

30.    Attached as Exhibit 30 is a true and correct copy of a document produced by Nexo in this action at Bates number NEXO-0137893. The document is a PDF file generated from a true and correct copy produced by Nexo in Native file format showing comments.

31.    Attached as Exhibit 31 is a true and correct copy of a Slack notification email to teodora@nexo.io (Custodian Teodora Atanasova) dated June 14, 2023, produced by Nexo in this action at Bates number NEXO-0256022. Plaintiff's counsel has been unable to locate the underlying Slack communications referenced in Exhibit 31 in Nexo's productions.

32.    Attached as Exhibit 32 is a true and correct copy of a Slack notification email teodora@nexo.io dated June 10, 2024 produced by Nexo in this action at Bates number NEXO-0256662. Plaintiff's counsel has been unable to locate the underlying Slack communications referenced in Exhibit 32 in Nexo's productions.

33.    Attached as Exhibit 33 is a true and correct copy of an email dated March 1, 2022 from magdalena@nexo.io, produced by Nexo in this action at Bates number NEXO-0103303.

34.    Attached as Exhibit 34 is a true and correct copy of a list of Slack channels produced by Nexo in this action at Bates number NEXO-0369388.

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

35. Attached as Exhibit 35 is a true and correct copy of an email chain dated December 17, 2024 between Octavian Dinca and Kosta Kantchev produced by Nexo in this action at Bates number NEXO-0257203.

36. Attached as Exhibit 36 is a true and correct copy of an email chain dated March 2, 2021 from Alexander Mrozinski to a Nexo customer produced by Nexo in this action at Bates number NEXO-0044718.

37. Attached as Exhibit 37 is a true and correct copy of a document produced by Nexo in this action at Bates number NEXO-0146532.

38. Attached as Exhibit 38 is a true and correct copy of document produced in this action at Bates number NEXO-0250411.

39. Attached as Exhibit 39 is a true and correct copy of the Government's Motion to Modify Defendant's Bail Conditions, dated January 27, 2023, filed in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y.), which states that Mr. Bankman-Fried "directed that Slack and Signal communications … be set to autodelete after 30 days or less," resulting in auto-deletion of "relevant and incriminating conversations."

**Meet-and-Confer Correspondence and Related Events**

40. Attached as Exhibit 41 is a true and correct copy of a letter dated September 9, 2025 from Plaintiff's counsel to counsel for Nexo identifying deficiencies in Nexo's document productions, including the absence of emails from key custodians and of Slack communications, and requesting an explanation.

41. Attached as Exhibits 42, 43, 44, and 45 are true and correct copies of follow-up letters from Plaintiff's counsel to counsel for Nexo dated September 15, 2025, October 23, 2025, January 14, 2026, and February 3, 2026, respectively. Together with the September 9, 2025 letter, this correspondence identified missing categories of documents—including regulator communications and internal communications concerning Plaintiff's transactions, the NEXO Token, and the VIP

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

Program—and repeatedly requested an explanation for the absence of communications from key custodians and from Slack.

42.    Nexo did not agree to a telephonic meet and confer concerning these deficiencies until January 22, 2026. During the January 22, 2026 meet and confer, Nexo agreed to provide information regarding its document searches and preservation practices.

43.    Attached as Exhibit 46 is a true and correct copy of a letter from Nexo's counsel dated January 30, 2026 (the "January 30, 2026 Letter"), in which Nexo disclosed that it had implemented automatic deletion policies affecting, among other things, the emails of Messrs. Trenchev and Kantchev and Slack communications. The January 30, 2026 Letter was the first time Nexo disclosed the existence of these deletion policies to Plaintiff.

44.    Attached as Exhibits 47 and 48 are true and correct copies of meet-and-confer correspondence between counsel concerning the identification of document custodians, dated January 21, 2025 (Plaintiff requesting Metodiev as custodian at 5, 8, 9) and dated January 23, 2025 (Nexo representing Metodiev is "not relevant to Mr. Cress or his claims" at 3).

**Plaintiff's Review of Nexo's Document Productions**

45.    I have reviewed Nexo's document productions in this action. Based on that review, Nexo's productions contain virtually no emails sent to or from Messrs. Trenchev, Kantchev, or Metodiev, and almost no internal communications among Nexo personnel in Slack channels.

46.    Based on that review, Nexo has produced zero Slack direct messages predating August 2024.

47.    The file paths accompanying the Slack communications Nexo has produced in this action indicate that Nexo's Slack data was exported on March 10, 2025.

48.    The file names of the Slack communications Nexo has produced in this action identify the Slack channel in which the communications were sent, or contain text indicating that the communications were direct messages. I exported the file names of the Slack communications produced by Nexo into a spreadsheet and analyzed the number of distinct Slack channels in Nexo's

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

production. Based on that analysis and my review of the list of Slack channels produced at Bates number NEXO-0369388 (Exhibit 34), Nexo has produced Slack messages from only approximately 38 of the 1,347 Slack channels identified therein (approximately 1.1%), and has produced no Slack messages from the remaining 1,309 channels (approximately 98.9%).

**Attorneys' Fees, Expert Fees, and Costs (Civil Local Rule 37-4(b)(3))**

49.    Plaintiff has incurred attorneys' fees, expert fees, and costs as a result of the conduct described in the Motion, including in connection with: (a) investigating the deficiencies in Nexo's document productions; (b) the meet-and-confer efforts from September 2025 through February 2026 described above; (c) the portions of the depositions of Messrs. Damyanov, Kantchev, Trenchev, and Greetham addressing Nexo's document retention, preservation, and deletion practices; (d) retaining Michael Kunkel and Setec Security Technologies and the preparation of the Kunkel Report; (e) preparing Joint Letter Briefs regarding Nexo's document retention, preservation, and deletion practices and (f) preparing the Motion, this declaration, and the accompanying papers.

50.    Pursuant to Civil Local Rule 37-4(b)(3), paragraph 51 sets forth an itemization of the time and expenses so incurred:

51.    The attorneys' fees incurred, by category of work, are as follows. Mr. Taylor-Copeland's time is billed at $875 per hour and Mr. Ambrose's time at $575 per hour. Hours attributable to the Trenchev deposition and to general document review and production administration are stated at 50% of the time actually incurred, as a voluntary reduction. Amounts are rounded to the nearest quarter hour. Even though Spoliation issues were discussed at the depositions of Tonkov, Dinca, and Kostadinov, in an abundance of caution, Plaintiff is not seeking reimbursement for those depositions. Despite also incurring additional spoliation-related paralegal and intern-related costs, Plaintiff is not seeking reimbursement for those costs.

**Max Ambrose (billed at $575/hour)**

| Category | Hours | Fees ($) |
| --- | --- | --- |
| Sanctions motion and spoliation-sanctions research | 49.00 | $28,175.00 |
| Discovery requests and joint letter briefs regarding spoliation | 67.00 | $38,525.00 |

9

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

| | Hours | Fees ($) |
|---|---|---|
| Forensics expert work (Kunkel / Setec) | 14.75 | $8,481.25 |
| Spoliation depositions – full (Greaves, Damyanov, Kunkel, Greetham, Kantchev) | 40.75 | $23,431.25 |
| Depositions recoverable in part (Trenchev) (hours reduced by 50%) | 24.50 | $14,087.50 |
| Spoliation deficiency investigation and meet-and-confer | 85.00 | $48,875.00 |
| Review of Nexo's productions (hours reduced by 50%) | 73.25 | $42,118.75 |
| **TOTAL REQUESTED** | **354.25** | **$203,693.75** |

**James Taylor-Copeland (billed at $875/hour)**

| Category | Hours | Fees ($) |
|---|---|---|
| Sanctions motion and spoliation-sanctions research | 31.00 | $27,125.00 |
| Discovery requests and joint letter briefs regarding spoliation | 55.75 | $48,781.25 |
| Forensics expert work (Kunkel / Setec) | 6.75 | $5,906.25 |
| Spoliation depositions – full (Greaves, Damyanov, Kunkel, Greetham, Kantchev) | 46.00 | $40,250.00 |
| Depositions recoverable in part (Trenchev) (hours reduced by 50%) | 31.00 | $27,125.00 |
| Spoliation deficiency investigation and meet-and-confer | 57.00 | $49,875.00 |
| Review of Nexo's productions (hours reduced by 50%) | 10.00 | $8,750.00 |
| **TOTAL REQUESTED** | **237.50** | **$207,812.50** |

**Combined – Both Attorneys**

| Category | Hours | Fees ($) |
|---|---|---|
| Sanctions motion and spoliation-sanctions research | 80.00 | $55,300.00 |
| Discovery requests and joint letter briefs regarding spoliation | 122.75 | $87,306.25 |
| Forensics expert work (Kunkel / Setec) | 21.50 | $14,387.50 |
| Spoliation depositions – full (Greaves, Damyanov, Kunkel, Greetham, Kantchev) | 86.75 | $63,681.25 |
| Depositions recoverable in part (Trenchev) (hours reduced by 50%) | 55.50 | $41,212.50 |
| Spoliation deficiency investigation and meet-and-confer | 142.00 | $98,750.00 |
| Review of Nexo's productions (hours reduced by 50%) | 83.25 | $50,868.75 |
| **TOTAL REQUESTED** | **591.75** | **$411,506.25** |

**Expert Fees and Costs**

| Expert Fees | Amount ($) |
|---|---|
| Setec Investigations Expert Report (Kunkel) | $1,500.00 |

10

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

| Costs (Deposition Transcripts, Court Reporter, and Videographer Fees) | Amount ($) |
|---|---|
| Yasen Damyanov | $5,468.65 |
| Kosta Kantchev | $6,438.15 |
| David Greetham | $8,556.03 |
| Antoni Trenchev (Vol. I) | $5,798.13 |
| Augustus Greaves | To be submitted with Plaintiff's Reply |
| **Total Expert Fees and Costs (excluding Greaves; cost to be submitted with Reply)** | **$27,760.96** |

**Total Fees and Costs**

| Fees and Costs | Amount ($) |
|---|---|
| Total Attorneys' Fees | $411,506.25 |
| Total Expert Fees and Costs (excluding Greaves) | $27,760.96 |
| **Total Fees and Costs (Greaves deposition cost to be submitted with Reply)** | **$439,267.21** |

Plaintiff thus seeks reimbursement for a current total of $439,267.21 in costs and fees.

52.    The hourly rates set forth above are the standard rates charged by Taylor-Copeland Law for the attorneys involved and are commensurate with the rates charged by attorneys of comparable skill and experience in this District.

53.    Plaintiff took the deposition of Nexo's spoliation expert David Greetham on June 16, 2026. While neither Greetham or Nexo has submitted any invoice to Plaintiff in connection with Greetham's preparation for, or attendance at, that deposition, Plaintiff further requests that as part of its award of fees and costs, that the Court order Nexo to bear its own costs in association with Greetham's deposition preparation and attendance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed July 6, 2026, at Corona, California.

11
DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH

/s/ *Max Ambrose*

Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

*Counsel for Plaintiff John Cress*

12

DECLARATION OF MAX AMBROSE ISO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 3:23-CV-00882-TSH