# Exhibit 23

# Exhibit 23



February 28, 2022

**Via Electronic Mail**

Credissimo Holding Ltd
Credissimo EAD
Orange Point Building, Fl. 2
Dun Karm Street
Birkirkara 9037, Malta

Nexo Capital Inc.
**Attn: Antoni Trenchev, Kosta Kantchev, Alexander Sardanov and Bianca Veleva**
Two Artillary Court, 2nd Floor
161 Shedden Road, PO Box 799
Grand Cayman, Cayman Islands
KY1-1103

Dear Nexo,

Our firm has been retained by Scott Schaaf and Yeidy Montero (hereinafter collectively referred to as the "Plaintiffs") to investigate and potentially bring an action on their behalf against Nexo Capital Inc., Credissimo EAD, and Credissimo Holding Ltd (hereinafter collectively referred to as "Nexo") concerning the losses from improper liquidations of collateralized loan obligations ("CLO") on May 17, 2021, May 19, 2021, and May 23, 2021.

In an effort to explore the possibility of resolution now, prior to incurring significant litigation expenses, as set forth below, please find our preliminary analysis of liability, causation and damages.

## I.    PERTINENT FACTS:

Nexo is a cryptocurrency loan platform that markets itself to customers as the "the world's most advanced, regulated digital assets institution offering instant crypto loans, daily earning on assets, exchange, and the only blockchain company to provide its services in 40+ fiat currencies." Nexo advertises to customers that it has legal entities throughout the world and is in compliance with all applicable global and local regulations. Specifically, Nexo assures its customers that "Nexo is compliant everywhere it provides services and retains top-tier legal counsels in the jurisdictions of its operation. All aspects of Nexo's activities are vetted before execution by the relevant legal and compliance teams."

515 East Las Olas Boulevard, Suite 120, Fort Lauderdale, Florida 33301
Phone: (954) 710-0116 | Fax: (954) 710-0115
Email: agustin@ambarbara.com | Website: www.ambarbara.com

CONFIDENTIAL                                    CRESS-00015168

Nexo Legal
February 28, 2022
Page 2

Nexo maintains and operates a website, Nexo.io, through which its customers can use their crypto-assets to post as collateral and borrow against those assets up to a particular loan-to-value ("LTV") ratio. The program is called "Nexo Crypto Credit" and it is governed by Nexo's Borrow Terms, which users agree to in order to borrow using the Nexo Crypto Credit program. At the heart of the Nexo cryptocurrency loan platform is the Nexo Oracle. This Oracle is responsible for governance over the network, controlling real-time asset monitoring and data analytics to determine loan distribution and repayment structure. The Oracle determines how much a customer is given, how much it costs a customer to borrow against their collateral, and how long the customer has to repay.

The Nexo Crypto Credit program allows customers to borrow as much cash as they want as long as they maintain a certain loan-to-value ("LTV") ratio. The value of the collateral fluctuates with the price of the cryptocurrency assets staked as collateral. Customers can maintain the requisite LTV ratio by staking more cryptocurrency assets or paying back their loan. If a customer's LTV ratio rises above an 83.3% threshold, Nexo will—*after providing notice to the customer*—liquidate the collateral.

Nexo's Borrow Terms provide that "The value of the Nexo Crypto Credit shall be calculated by the loan-to-value-ratio, as indicated on the Nexo Platform and subject to revision from time to time, ("LTV"), against the value of the Collateral at the time of granting. The value of the Collateral shall be dynamically calculated by Nexo in accordance with its applicable policy at the moment, on the basis of margin percentages applied to the market value of the Collateral, according to an exchange ratio equivalent to the volume weighted average price of the relevant Digital Assets, across leading cryptocurrency exchanges."

Specifically, Nexo's Terms advertises to customers that "If the LTV increases above certain thresholds, as indicated on the Nexo Platform, *you shall, at our request*, provide additional Collateral and/or make the required repayments to rebalance the Nexo Crypto Credit….If the LTV increases above the maximum permitted threshold, as indicated on the Nexo Platform, Nexo shall liquidate the necessary amount of Collateral to rebalance your Nexo Crypto Credit, *after having devoted significant efforts to notify you thereof in advance*, if and to the extent possible under the prevailing market conditions.

The Terms further inform customers that "If the collateral assets decrease in value significantly, *the client will be warned to add more collateral*…If your collateralized assets decrease in value and you do not add additional assets to your Nexo account *after receiving warnings* from the Nexo blockchain oracle, the Nexo Oracle may initiate partial automatic loan repayments to rebalance the Loan-to-Value back within limits.

Despite repeatedly advertising to customers that Nexo will notify them before liquidating, Nexo also informs them that "it may not be technically possible for Nexo to notify you prior to the relevant liquidation" and makes customers "solely responsible for monitoring

CONFIDENTIAL

Nexo Legal
February 28, 2022
Page 3

the prevailing market conditions at any given time and maintaining their LTV in full accordance with these General Terms".

## II.    <u>LIABILTY</u>

Florida Statute §501.202 purports "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

Nexo's liquidation practices mislead its customers and fails to put them on notice of the true operation of Nexo's platform. The information is materially false and misleading customers about Nexo's conduct in market events. Customers are reasonably led to believe that they would have an opportunity to cure should a market event occur.

Furthermore, Nexo fails to disclose to investors that its system will liquidate collateralized loans without notice and without a commercially reasonable time to post collateral. For example, it is not commercially reasonable for Nexo to require investors to monitor their email 24 hours a day, seven days a week. The law generally requires a "commercially reasonable" amount of time for investors to post collateral to their account. Nexo's liquidations within one hour of any notifications are not commercially reasonable and are legally deficient.

Additionally, Nexo fails to disclose that it will liquidate users' collateral without any notifications at all if there is a large market event. This was the case for many users on May 17, 2021, May 19, 2021, and May 23, 2021, including Mr. Schaaf and Ms. Montero.

Nexo also fails to disclose, and misleadingly discloses the amount of collateral needed to avoid liquidations. Thus, it was impossible for investors to properly post collateral in extreme market events as occurred on May 17th, May 19th and May 23rd. Additionally, while other DeFi companies temporarily halted their Oracle during the market events above, Nexo took full advantage of it. By improperly liquidating Mr. Schaaf's and Ms. Montero's positions during this market event for its own account, Nexo was able to obtain these crypto assets at market lows and profit from their quick rebound in value.

As a result, Mr. Schaaf and Ms. Montero suffered significant losses. Specifically, Nexo liquidated Mr. Schaaf's 8.083943 BTC for a total value of $290,598.47 and 122,301.64 Nexo Tokens for a total value of $204,754.40. Ms. Montero suffered a liquidation of 8.4617854 BTC for a total value of $340,049.21 and 38,104.583 Nexo Tokens for a total value of $66,433.88.

/ / /
/ / /

CONFIDENTIAL                                CRESS-00015170

Nexo Legal
February 28, 2022
Page 4

### III.    <u>**EVALUATION**</u>

Mr. Schaaf and Ms. Montero have suffered substantial personal losses as a result of Nexo's actions. As such, we believe it is in our fiduciary duty as their counsel to attempt a speedy and informal resolution of their claims. If you believe that such a resolution may be possible, we invite your prompt response prior to our drafting and filing a formal complaint

Sincerely,

Agustin M. Barbara, Esq.
Managing Partner

Cc: support@nexo.io
Cc: antoni@nexo.io
Cc: kosta@nexo.io
Cc: alexander.sardanov@nexo.io
Cc: bianca@nexo.io
Cc: sokol.iankov@credissimo.com

                    CRESS-00015171