# Exhibit 25

# Exhibit 25



**THE CRYPTO LAWYERS**

November 21, 2022

**VIA ELECTRONIC MAIL**

Nexo Capital Inc.
Attention: Legal Department
Two Artillary Court, 2nd Floor
161 Shedden Road, PO Box 799
Grand Cayman E9 KY1-1103
legal@nexo.io

## FINAL DEMAND

**Re:    Return of Improperly Liquidated Cryptocurrency, Account Documents and
        Statements, and Notice Of Preservation
        Account Names: Scott Schaaf and Yeidy Estefany Montero**

Dear Nexo Capital Inc. Legal Department:

As you are aware, our firm has been retained by Scott Schaaf and Yeidy Estefany Montero
("Mr. Schaaf" and "Mrs. Montero" singularly, or "Claimants" jointly) in an effort to
resolve their dispute against Nexo Capital Inc., Nexo Inc., Nexo Financial LLC, and any
other associated entities that provided financial services to the Claimants as part of the
Nexo Group (collectively "Nexo") since 2020. Specifically, Mr. Schaaf and Mrs. Montero
seek to be made whole after Nexo improperly, and without notice as required by its own
Terms and Conditions, liquidated the totality of both accounts, causing hundreds of
thousands of dollars in avoidable loss in May 2021, and exposing the couple to the palpable
risk of bankruptcy.

Over the past ten months, Mr. Schaaf and Mrs. Montero have attempted to resolve their
issue with Nexo, first through traditional support channels, and subsequently through
retaining our firm. However, Nexo has functionally disregarded these repeated efforts at
constructive engagement, through a mixture of ignoring support requests and demand
letters, declining to provide any solution, and failing to negotiate a settlement. This letter
serves as a final notice of demand, following repeated support requests from Mr. Schaaf
and Mrs. Montero, and repeated contact efforts from our firm, to resolve this dispute
without litigation. If Mr. Schaaf and Mrs. Montero's demands are not met, we have been
instructed to pursue litigation consistent with applicable state laws and Nexo's Terms of
Service.

848 Brickell Avenue, Penthouse 5, Miami, Florida 33131
(305) 423-3514 | agustin@thecryptolawyers.com | www.thecryptolawyers.com

CONFIDENTIAL                                                    CRESS-00015161

Nexo Capital Inc.
Legal Department
November 21, 2022
Page 2

## I. **PERTINENT FACTS.**

Nexo holds itself out as "the world's most advanced, regulated digital assets institution offering quick fiat on-ramps for 40+ cryptocurrencies…."[1] Nexo provides a list of licenses and registrations held by its assorted entities, including Money Service Business Registration with the U.S. Financial Crimes Enforcement Network, and otherwise represents itself to be compliant with US law, offering its services to American citizens. Per Art III.1.2 (CLIENT) of the Nexo Crypto Credit General Terms and Conditions, Nexo's credit offerings are open to all non-sanctioned individuals, so long as they are not "a citizen or resident of Bulgaria, Estonia and the State of New York." Mr. Schaaf is a US citizen (and a citizen of the state of Florida) with resident status in Puerto Rico and the Dominican Republic. His wife, Mrs. Montero, is a citizen of the Dominican Republic and a resident of the Dominican Republic and Puerto Rico. They are both, per your stated terms and as affirmed by their successful onboarding and prolonged membership, legally eligible to participate in Nexo's credit offerings.

Nexo, by and through its Nexo.io website, offers the "Nexo Crypto Credit" service, which was offered to and utilized by the Claimants. The operations of this program are largely automated, controlled by the Nexo Oracle, which monitors assets in real time, and manages all core loan management functions. However, the Nexo Oracle is not meant to execute the sale of assets to bring down an account's loan-to-value ("LTV") ratio below the required 83.3% on its own. Rather, it is meant to provide notice to the accountholder, informing them of a deadline by which the customer must add assets to their account, failing which an automated liquidation to meet LTV ratio requirements will occur.

Per Art VI.1 (MARGIN CALLS. LIQUIDATION), "If the LTV increases above certain thresholds, as indicated on the Nexo Platform, you shall, at our request, provide additional Collateral and/or make the required repayments to rebalance the Nexo Crypto Credit." As further noted in in Art VI.2, Nexo will devote "significant efforts to notify" the accountholder of their capital requirements before selling off assets to meet the LTV ratio requirements.

At no point prior to the liquidation events of May 2021 was any notice provided to either Claimant, denying them their respective opportunities to add collateral to their accounts and avoid a financially devastating liquidation of their entire on-platform holdings, valued at over $900,000.00. In March 2021, the Claimants became members of the Nexo VIP Relationship Program. Per advertising material sent to the Claimants in advance of their joining the program, Nexo listed a series of benefits to joining the VIP Relationship Program, critically including access to a "Liquidation Relief Program" available "in the

---

[1] https://support.nexo.io/s/article/what-is-nexo

CRESS-00015162

Nexo Capital Inc.
Legal Department
November 21, 2022
Page 3

event of a market crash to recover your liquidated assets." In May and June of 2021, Mr. Schaaf sent multiple emails expressing a desire to exercise this benefit, though Nexo never delivered this promised benefit, and began ignoring requests for information and/or the execution of this promised benefit.

As of November 21, 2022, none of the improperly sold assets previously held by the Claimants have been restored, despite the Nexo Oracle executing sales improperly, and despite Mr. Schaaf and Mrs. Montero being VIP Relationship Members entitled to liquidation relief.

## II.    <u>LIABILITY</u>.

In offering its services to US citizens, whether said residents are domiciled within the United States or abroad, Nexo holds itself out as being subject to US law, a fact affirmed by its aforementioned regulatory registrations with the federal government and numerous state agencies. Nexo is obligated to adhere to terms of any contract it makes, as it had with both Claimants.

The contracts in question - ratified by the onboarding of both Claimants as an initial matter and supplemented with additional terms and agreements by their participation in the VIP Relationship Program - are solemnized in the various Terms  Conditions maintained on the Nexo.io website. The contracts in question are adhesion contracts, drafted by a sophisticated party with significant legal resources. Accordingly, where any ambiguity in the terms exist, any American court or arbitrating entity would construe it in favor of the Claimants rather than Nexo.

The terms as written however do not have considerable ambiguity. Rather, they make clear that Nexo has an affirmative duty to provide notice, and the opportunity for its customers to add new collateral to an account before automatically liquidating existing collateral to lower the LTV ratio. Not made explicit, but as affirmed through caselaw and statutes across the United States, is that any such notice must be commercially reasonable, meaning that notice measured in minutes or hours would be inadequate. But notice of any sort was not provided, meaning that Nexo breached its own terms in selling off collateral without providing notice and an associated opportunity to remedy the LTV ratio.

Assuming *arguendo* that Nexo was within its rights to execute a liquidation without notice to the Claimants, Nexo was still obligated to facilitate asset recovery per the terms of its Liquidation Relief Program that was advertised as a benefit of its VIP Relationship Program, to which both Mr. Schaaf and Mrs. Montero belonged. Mr. Schaaf made repeated email communications to his relationship manager, Octavian Dinca, over the course of May and June of 2021, to take advantage of this promised remedy. The replies received were inadequate to facilitate the execution of this promised benefit, such that Mr. Schaaf has not

                    CRESS-00015163

Nexo Capital Inc.
Legal Department
November 21, 2022
Page 4


been made whole. Likewise, Alexander Mrozinski, Mrs. Montero's relationship manager, ignored her June 2021 requests for information about how to take advantage of the Liquidation Relief Program. She too has not been made whole. Nexo liquidated Mr. Schaaf's 8.083943 BTC for a total value of $290,598.47 and 122,301.64 Nexo Tokens for a total value of $204,754.40. Ms. Montero suffered a liquidation of 8.4617854 BTC for a total value of $340,049.21 and 38,104.583 Nexo Tokens for a total value of $66,433.88.

## III.    **EVALUATION AND DEMAND.**

Mr. Schaaf and Mrs. Montero were in full compliance with all Terms and Conditions of Nexo generally, and its Credit program specifically. They were in regular contact with Nexo Support and their relationship managers prior to and following the automated liquidations in May 2021. The automated liquidation was contrary to the Terms Nexo drafted and to which the Claimants agreed when joining Nexo and participating in its credit offerings. Thereafter, Nexo ignored its Liquidation Relief Program obligations to help make the Claimants whole after market disruptions caused the improper automated liquidation of their respective accounts.

Rather than incur potentially hundreds of thousands in litigation costs – Nexo's Terms and Conditions do not require binding arbitration, and are silent as to venue, allowing the Claimants to bring suit in their residential jurisdictions of Puerto Rico or the Dominican Republic – Mr. Schaaf and Mrs. Montero seek for an expedient and fair resolution that provides for a mutually beneficial outcome. In addition to avoiding the cost of litigation and the prospect of punitive damages and attorney's fees, by settling Nexo stands to avoid incurring further regulatory wrath from the United States, of which Puerto Rico is a territory and of which Mr. Schaaf is a citizen, at a time when your company is being sued by eight states for a series of offenses, including offering unregistered securities.

Accordingly, Claimants demand Nexo to return $495,352.87 USD to Mr. Schaaf, and $406,483.09 to Mrs. Montero, or $901,835.96 USD jointly. Moreover, Claimants demand once more that Nexo provide all financial, transaction, correspondence, notifications, emails, call logs, and chat history for Mr. Schaaf and Mrs. Montero's Nexo accounts.

Please be advised that the Claimants are willing and prepared to take all necessary steps, including seeking compensatory, statutory, and punitive damages, attorneys' fees, and costs of suit, if Nexo fails or delays in complying with these demands. If our firm does not receive a satisfactory response from Nexo to these demands within thirty (30) days from the receipt of this letter, the Claimants may take further action. *This is not an idle threat*.

The above is not an exhaustive statement of all the relevant facts and law—Mr. Schaaf and Mrs. Montero expressly reserves all of their legal and equitable rights and remedies, including the right to seek injunctive relief and recover monetary damages.

Nexo Capital Inc.
Legal Department
November 21, 2022
Page 5

Should you have any questions, please contact me at the above referenced telephone number.

Sincerely,

Agustin M. Barbara, Esq.
Managing Partner

cc:    support@nexo.io
info@nexo.io
Rafael Yakobi, Esq., The Crypto Lawyers

encl.   Client Authorization Letter

CONFIDENTIAL                                    CRESS-00015165

Nexo Capital Inc.
Legal Department
November 21, 2022
Page 6

**<u>NOTICE OF PRESERVATION</u>**

Nexo is hereby notified of its pre-existing obligation to preserve any evidence, whether stored electronically or in any other medium, potentially relevant to litigation involving Mr. Schaaf, Mrs. Montero, and Nexo, and in accordance with state and federal law.

This notice applies to Nexo's on and off-site computer systems and removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used for Nexo's overall operation. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data.

Further, this notice applies to archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail, and other data. All operating systems, software, applications, hardware, operating manuals, codes, keys, and other support information needed to fully search, use, and access the electronically stored information must also be preserved. The importance of immediate action cannot be overstated. Electronically stored information is easily corrupted, altered, and deleted in normal daily operations. Even booting a drive, running an application, or reviewing a document can permanently alter evidence. An important method for preserving data in its original state is to have a forensic image (mirror image or clone image) made of pertinent hard drives of both office and home computers used for business and of network servers. This image captures all current data, including the background or metadata about each document. Simply copying data to a CD-ROM or other common backup medium is not adequate. For each captured image file, record and identify the person creating the image and the date of creation. Secure the file to prevent subsequent alteration or corruption and create a chain of custody log. Once the forensic data image file is created, the pertinent computer or other device can be placed back into operation.



## AUTHORIZATION LETTER

I, Scott Schaaf, hereby authorize the Nexo.io Legal Department to release to The Crypto Lawyers Law Firm and their authorized representatives, all financial, transaction, correspondence, notifications, emails, signed loan documents, and chat history related to my personal Nexo account.

By: _Scott Schaaf_____

Scott Schaaf

Date: _7/7/2022_____

848 Brickell Avenue, Penthouse 5, Miami, Florida 33131
(954) 710-0116 | agustin@thecryptolawyers.com | www.thecryptolawyers.com

CRESS-00015167