# Exhibit 40

# Exhibit 40

 Outlook

---

## RE: Meet and cover re Plaintiff's Motion for Sanctions

---

**From** Shelton, Ian <Ian.Shelton@bakermckenzie.com>

**Date** Thu 7/2/2026 9:05 AM

**To** James Taylor-Copeland <james@taylorcopelandlaw.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>; Garza, Iliana <Iliana.Garza@bakermckenzie.com>; Max Ambrose <maxambrose@taylorcopelandlaw.com>

James,

Nexo's position is that your threatened sanctions motion is meritless for the reasons previewed in our July 1, 2026 joint letter brief (Dkt. 133). Consequently, we oppose the entirety of your requested relief, believe we are at impasse, and do not believe a meet and confer would be productive.

Now that you had the opportunity to conduct discovery, Nexo also contends that your threatened sanctions motion crosses the line from meritless to frivolous. You are now privy to information showing that your allegations lack a factual basis, as reflected in your constant revisions to the July 1 letter brief backtracking your positions after, for example, we produced the documents you falsely claimed were deleted, or the deleted spam messages you misrepresented to the Court as having some connection to the case. You know you have emails and Slacks for every one of Cress's OTC purchases – it's in our interrogatory responses – and you have 60,000+ other documents as well. Nexo reserves all rights should you force us and the Court to incur the burden of responding to this frivolous motion.

**Ian Shelton**
Partner, Litigation
Baker & McKenzie LLP
800 Capitol, Suite 2100
Houston, Texas 77002
United States
Dir: +1 713 427 5029
Tel: +1 713 427 5000
ian.shelton@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | X

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** James Taylor-Copeland <james@taylorcopelandlaw.com>
**Sent:** Wednesday, July 1, 2026 9:48 PM

**To:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>; Garza, Iliana <Iliana.Garza@bakermckenzie.com>; Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Subject:** [EXTERNAL] Meet and cover re Plaintiff's Motion for Sanctions

Counsel:

As you know, Plaintiff intends to move for sanctions arising from Nexo's destruction of ESI.

Please let us know if you are available tomorrow for a conference to meet and confer regarding the motion and whether any portion of it can be resolved or narrowed without the Court's intervention.

So that the conference is productive, the relief Plaintiff intends to seek includes the following:

1. An order striking Nexo's Answer and entering default judgment under Rules 37(e)(2)(C) and 37(b)(2)(A), or, in the alternative;
2. Adverse-inference findings and instructions under Rule 37(e)(2), with corresponding presumptions applicable at summary judgment;
3. Orders precluding Nexo from arguing the absence of internal communications in support of its defenses, from contesting the authenticity or completeness of third-party-preserved copies of destroyed documents, and from offering testimony concerning the contents of destroyed ESI;
4. A sworn accounting of the destruction (including the membership of the MNGRET and MNG organizational units and the documents bearing the "LabelRet" and "rom" labels), with a limited Rule 30(b)(6) deposition on the accounting; and
5. Plaintiff's reasonable attorneys' fees, expert fees, and costs.

For the record, this request follows the parties' extensive prior efforts on these issues, including Plaintiff's letters of September 9 and 15 and October 23, 2025, and January 14 and February 3, 2026, and the parties' January 22, 2026 telephonic conference.

If Nexo declines to confer, we will note Nexo's position in our motion pursuant to Civil Local Rule 37-1 and proceed accordingly.

We reserve all rights.

Best regards,

James