# Exhibit 48

# Exhibit 48

# Baker McKenzie.

**Baker & McKenzie LLP**

10250 Constellation Boulevard
Suite 1850
Los Angeles, California 90067

Tel: +1 310 299 8535
Fax: +1 310 201 4721
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Munich
Paris
Prague
Riyadh*
Rome
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

\* Associated Firm
\*\* In cooperation with
Trench, Rossi e Watanabe
Advogados

January 23, 2025

James Taylor-Copeland
james@taylorcopelandlaw.com
Max Ambrose
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

**Re:**    *Cress v. Nexo Capital Inc.*, **Case No. 3:23-cv-00882-TSH (N.D. Cal.)**

Dear Counsel,

I write regarding the Court's Discovery Order dated January 10, 2025 (Dkt. 55) ("Order"), our January 21 letter, your January 21 letter, and our January 22 meet and confer. In particular, we wanted to address certain follow-up issues we discussed on our call.

In our view, a primary source of disagreement regarding custodians and search terms, and the relevance and proportionality of discovery, relate to Plaintiff's positions that (1) every Nexo Token transaction and communication since 2018 (including the 2018 ICO) is subject to discovery because it is relevant to the securities claims, and (2) every Nexo communication related to the VIP Relationship Brochure or the Liquidation Relief Program, including with customers other than Mr. Cress, is relevant to the fraud claims. Nexo fundamentally disagrees with those two positions. The "investment contract" securities status of the Nexo Token is based on the specific Nexo Token transactions at issue, which occurred between March and June 2021. The fraud claims are based on events during that same time period that are specific to Mr. Cress. Your client did not participate in the 2018 ICO, and communications with other customers have nothing to do with whether Mr. Cress was allegedly defrauded by statements directed to him specifically. The two positions cited above have led to the untenable positions set forth in your January 21 letter and our meet and confer, which incorrectly assume relevance and do not consider proportionality at all:

1. Based on the March and June 2021 NDS org chart produced by Nexo, Plaintiff initially seeks to search 42 custodians[1] (including the 18 that Nexo already offered with some connection to Mr. Cress).

---

[1] Plaintiff refers to 10 of those Nexo email addresses as non-custodial sources.



2. Plaintiff wishes to meet and confer regarding the potential inclusion of 102 additional custodians (for a total of 144).
3. Plaintiff requests six more org charts for 2018, 2019, and 2020, presumably so it can add even more custodians or potential custodians beyond the 144.
4. Despite this staggering number of proposed custodians, Plaintiff has not offered to eliminate or narrow any of the incredibly broad 129 search terms that it proposed on September 30, 2024, which include terms like "profit" and "Coinbase" without any limiters. Plaintiff also seeks a long date range search of 2018 to the present for the custodians. Running such broad terms across such a lengthy list of custodians over such a long time period will undoubtedly result in hundreds of thousands, if not millions, of hits.

Our position on the matters discussed during our meet and confer call is set forth below.

**ORG CHARTS**

Consistent with the Court's order, Nexo produced an org chart listing the names and titles of the individuals who worked at NDS in March 2021 and June 2021—the relevant time period for this litigation. Nexo also produced an org chart for Nexo Capital showing director and officer appointments in 2018, 2021, and 2023. Those individuals were the only people who worked at Nexo Capital. Plaintiff has proposed 42 definite custodians and 102 "meet and confer" custodians from these lists alone. For the reasons explained above, Nexo declines to produce six more org charts for NDS for 2018, 2019, and 2020. Furthermore, production of even more org charts from irrelevant time periods would be pointless given the number of custodians that Plaintiff has identified in the produced charts, which is already too many.

Regarding your question about acronyms, we confirm the following:

• BI = Business Intelligence
• CRM = Administrators of the Customer Relationship Management (CRM) System
• QA = Quality Assurance
• M&A = Mergers and Acquisitions
• CSR = Customer Support Representative
• SDR = Sales Department Representative

**CUSTODIANS**

As you were previously informed in our letter dated October 29, 2024, Nexo has identified 18 custodial accounts that it is willing to search for responsive documents. Nexo has reason to believe that these 18 custodians might have information relevant to Mr. Cress. Nexo will ask the Court to limit review to these 18 custodians.

2



| AGREED CUSTODIANS FOR NEXO'S DATA |
| --- |
| • hristiyan@nexo.io; hristyan@nexo.com - Hristiyan Hristov<br>• edward@nexo.io - Edward Tonkov<br>• octavian@nexo.io; octavian@nexo.com - Octavian Dinca<br>• alexander.rakshiev@nexo.io - Alexander Rakshiev<br>• tsvetan@nexo.io - Tsvetan Videlov<br>• ognyan@nexo.io - Ognyan Pankov<br>• martin.pavlov@nexo.io - Martin Pavlov<br>• kaloyan@nexo.io - Kaloyan Stanev<br>• mustafa@nexo.io - Mustafa Aliev<br>• bozhidar.dobrev@nexo.io - Bozhidar Dobrev<br>• bizdev.replies@nexo.io<br>• payments@nexo.io<br>• kyc@nexo.io<br>• ops@nexo.io<br>• support@nexo.io; support@nexo.com<br>• otc@nexo.io<br>• salesvacationresponder@nexo.com<br>• salesforce.bcc@nexo.com |

Nexo declines to include the 24 additional custodians proposed in your January 21 letter, as they are not relevant to Mr. Cress or his claims, and review of their documents would not be proportional:

# Baker McKenzie.

| CRESS CUSTODIAN LIST (22 additional) | | |
|---|---|---|
| Name | Job Title | Department |
| Nadezhda Boykova Ivanova | CFO | Finance |
| Trayan Krasimirov Nikolov | COO | Management |
| Denitsa Dimitrova Dimitrova | Marketing Project Manager | Marketing |
| Yordan Ivaylov Shanov | Direct Marketing Specialist | Marketing |
| Lazar Rumenov Lazarov | Content Marketing Specialist | Marketing |
| Lyubcho Georgiev Kostadinov | Head of Marketing | Marketing |
| Nikol Rumen Genova | Content Marketing Specialist | Marketing |
| Magdalena Damyanova Hristova | Copywriter | Media/PR |
| Maria Asenova Agova | Head of PR | Media/PR |
| Martin Dimitrov Marinov | Social Media Manager | Media/PR |
| Rosen Anatoliev Angelov | Community Manager | Media/PR |
| Aleksander- Georg Mrozinski | Account Manager | Sales |
| Borislav Danielov Vatkov | Account Manager | Sales |
| Kiril Simeonov Nikolov | Institutional Lending Desk Associate | Sales |
| Marco Paladino | Junior Sales Associate | Sales |
| Teodora Plamenova Atanasova | SDR | Sales |
| Tom Mariyanov Stanev | Head of Trading | Trading |
| **OFFICERS AND DIRECTORS** | | |
| Antoni Trenchev | Director/Managing Partner | N/A |
| Kosta Kantchev | Director/Managing Partner | (NDS March 2021) |
| Georgi Shulev | Director/Managing Partner | N/A |
| Vasil Petrov | CTO | IT (NDS March 2021) |
| Kalin Metodiev | CBO | N/A |

23     investors@nexo.io; investors@nexo.com
24     investor@nexo.io; investor@nexo.com

As for the 102 additional "meet and confer" custodians in your Excel spreadsheet, Nexo declines to include them as custodians. If Plaintiff believes specific individuals should be added to the custodian list based on specific information that ties that custodian to Plaintiff's claims, Nexo is willing to meet and confer regarding potential additions as discovery proceeds.

## SEARCH TERMS AND DATE RANGE

Regarding search terms, on September 30, you proposed 129 search terms of staggering breadth, including generic terms like "profit" and the names of seven major cryptocurrency exchanges without limiters. To date, you have not offered to limit the number or scope of those terms in any way. We also do not have agreement on time period, with Plaintiff apparently seeking review of documents over a 7-year period (2018 to the present). The proportionality inquiry is necessarily driven by the number of custodians, the search time period, and the breadth of the terms. Our proposal to search 18 custodians is based on the assumption that the search terms are reasonable and tailored to the RFPs agreed by the parties or ordered by the Court. If any search terms result in an excessive number of hits, Nexo will meet and confer with Plaintiff in

4



an attempt to get the document review universe to a manageable level. Nexo requests that Plaintiff propose narrowed terms and date ranges as soon as possible—Nexo proposed a narrowed set of terms in its January 20 letter.

***

We are available to continue to meet and confer regarding these issues. We are preparing a 2.5 page insert for the Court-ordered status report due tomorrow. We plan to exchange inserts tomorrow afternoon for filing.

Regards,

/s/ Ian S. Shelton

5