# Exhibit A

# Exhibit A

Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5000
Fax: (713) 427-5067

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CRESS,<br><br>   Plaintiff,<br><br> vs.<br><br>NEXO CAPITAL, INC.<br><br>   Defendant. | CASE NO. 3:23-cv-00882-TSH<br><br>**DEFENDANT'S OBJECTIONS AND AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS NOS. 33 AND 65** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Nexo Capital, Inc. ("Defendant" or "Nexo"), by and through its attorneys, hereby serves amended responses to Plaintiff's Requests for Production Nos. 33 and 65, as set forth below.

## **GENERAL OBJECTIONS**

The following objections are incorporated into and considered part of Nexo's objections and responses to each request as if set forth individually and specifically therein.

1.    Nexo's responses are made on behalf of Defendant Nexo Capital, Inc., only, and are not to be construed as being made on behalf of any other individual or entity. Consequently, Nexo objects to the extension of Definition No. 14 to other Nexo affiliates.

2.    The Court has ordered production from 14 Nexo individual custodians and 9 non-custodial sources (the "Custodians"). Nexo does not agree to add additional custodians or search terms in responding to these requests.

3.    Given the volume of data and documents requested, Nexo may produce documents and data responsive to the requests on a rolling basis.

4.    In responding to these requests, Nexo does not concede the competency, relevance, materiality, or admissibility of the subject matter of any request or any document Nexo agrees to produce in response to the requests.

5.    These Responses are made subject to the Court's prior rulings regarding the scope of these Requests.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 33:** Documents sufficient to identify each NEXO transaction You entered into during the Relevant time period, including the date and time of each transaction, the quantity, consideration received, counterparty, and place where the transaction was authorized.

**RESPONSE:** Nexo objects to this Request because "Nexo transaction" and "place where transaction was authorized" are not defined terms and are vague and ambiguous. Nexo further objects to this request as not reasonably tailored to discovery of relevant or admissible information or proportional to the needs of the case as the Request is not limited to sales of NEXO Token to Plaintiff or direct sales of NEXO token by Nexo and would include sale and/or purchase of NEXO token through third-party exchanges which is not at issue in this litigation. Nexo further objects to this Request as overbroad and unduly burdensome, oppressive and harassing, not proportional to the needs of the case, and not reasonably tailored to the discovery of relevant or admissible information. Nexo further objects to this Request because the burden of responding to this Request greatly outweighs its relevance. Nexo further objects to this Request because the burden of responding to this Request is not proportional to the amount in controversy. Nexo further objects to this Request because it is not limited in time or scope. Nexo further objects to this Request because it is overly broad and seeks information irrelevant to Plaintiff's claims.

Subject to and without waiving the foregoing objections, Nexo will produce the transaction history for Plaintiff's purchase and/or sale of NEXO Tokens.

**AMENDED RESPONSE:** Nexo incorporates its objections set forth above into this Amended Response. Further, Nexo states that the Court has previously ruled on the scope of this request and adopted Nexo's Position on the request. ECF 69. Therefore, the Request is limited to the production of "documents or information sufficient to show direct sales of the NEXO Token in the United States. Nexo will also produce accredited investor certificates for US customers who purchased the NEXO Token." ECF 66-1. Nexo has produced documents and information "sufficient to show" direct sales of the NEXO Token in the US as well as accredited investor certificates, in full compliance with the Court's order. Nexo's Amended Response is supplemented by its Response to Interrogatory No. 3 and associated exhibits referenced therein.

Plaintiff has recently tried to, again, expand the scope of this Request even though it has been appropriately narrowed by the Court. In so doing, Plaintiff has demanded that Nexo search its exchange records to identify direct sales of the NEXO Token to US purchasers. While Nexo does not believe an additional response is necessary, Nexo states that it has conducted a reasonable search of its Nexo exchange records and no additional responsive documents exist.

**REQUEST NO. 65:** All documents and communications regarding Your direct sales of NEXO.

**RESPONSE:** Nexo objects to this request as not reasonably tailored to discovery of relevant or admissible information, and not proportional to the needs of the case as "communication regarding … direct sales" of NEXO Token would encompass with customers other than Plaintiff who are not at issue in this litigation. Nexo further objects to this Request as overboard as '[a]ll documents and communications regarding" direct sale of the NEXO Token is not limited to the issued remaining in this litigation and encompass documents wholly irrelevant to Plaintiff's claims. Nexo further objects to this Request as overbroad and unduly burdensome, oppressive and harassing, not proportional to the needs of the case, and not reasonably tailored to the discovery of relevant or admissible information. Nexo further objects to this Request because the burden of responding to this Request greatly outweighs its relevance. Nexo further objects to this Request because the burden of responding to this Request is not proportional to the amount in controversy. Nexo further objects to this Request because it is not limited in time or scope. Nexo further objects to this Request because it is overly broad and seeks information irrelevant to Plaintiff's claims. Nexo further objects to this request as calling for information protected by the attorney client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Nexo will produce transaction history for Plaintiff's NEXO Token transactions. See NEXO-0002705.

**AMENDED RESPONSE:** Nexo incorporates its objections set forth above into this Amended Response. Further, Nexo states that the Court has previously ruled on the scope of this request and adopted Nexo's Position on the request. ECF 69. Therefore, the Request is limited to the production of "documents or information sufficient to show direct sales of the NEXO Token in

the United States. Nexo will also produce accredited investor certificates for US customers who purchased the NEXO Token." ECF 66-1. Nexo has produced documents and information "sufficient to show" direct sales of the NEXO Token in the US as well as accredited investor certificates, in full compliance with the Court's order. Nexo's Amended Response is supplemented by its Response to Interrogatory No. 3 and associated exhibits referenced therein.

Plaintiff has recently tried to, again, expand the scope of this Request even though it has been appropriately narrowed by the Court. In so doing, Plaintiff has demanded that Nexo search its exchange records to identify direct sales of the NEXO Token to US purchasers. While Nexo does not believe an additional response is necessary, Nexo states that it has conducted a reasonable search of its Nexo exchange records and no additional responsive documents exist.

DATED:   July 6, 2026

By */s/ Ian S. Shelton*
    Ian S. Shelton

    Attorneys for Defendant
    Nexo Capital Inc.

**PROOF OF SERVICE**

On July 6, 2026 I served true copies of the following document(s) described as **DEFENDANT'S OBJECTIONS AND AMENDED RESPONSES TO PLAINTIFF'S PRODUCTION OF DOCUMENTS NOS. 33 and 65** on the interested parties in this action as follows:

James Taylor-Copeland
james@taylorcopelandlaw.com
Max Ambrose
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

**E-MAIL.**  I caused to be served the above-referenced document by electronic mail.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

DATED  July 6, 2026

By */s/ Ian S. Shelton*
Ian S. Shelton

Attorneys for Defendant
Nexo Capital Inc.