Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, California 90067
Telephone:     (310) 299-8535
Facsimile:     (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol Street, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5067
Fax: (713) 427-5099

*Attorneys for Defendant Nexo Capital Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CRESS,<br><br>        Plaintiff,<br><br>     vs.<br><br>NEXO CAPITAL INC.,<br><br>        Defendant. | CASE NO. 3:23-CV-00882-TSH<br><br>The Honorable Thomas S. Hixson<br><br>**DEFENDANT'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 134)**<br><br>*Declaration of Matthew Rawlinson and Augustus Greaves Filed Concurrently* |

-1-

DEFENDANT'S STATEMENT IN RESPONSE TO ADMINISTRATIVE MOTION TO FILE
UNDER SEAL

Pursuant to Local Rule 79-5(f), Defendant Nexo Capital Inc. ("Nexo") files this statement in response to Plaintiff John Cress's Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 134). Concurrently with this statement, Nexo is filing the Declaration of Matthew Rawlinson and Augustus Greaves in support of its sealing request. Cress has conditionally filed under seal his Motion for Terminating Sanctions or, in the Alternative, Curative Sanctions Pursuant to Fed. R. Civ. P. 37(e), 37(b), and the Court's Inherent Authority, and Exhibits 1-3, 5-8, 15-19, 24, and 27-38 in support of his motion. *See* Dkt. 134-3 through 134-28.

As explained below, Nexo does not object to the public filing of the Motion or Exhibits 1-3, 5-8, 15-19, 27-34, and 38. Nexo only requests the redaction of third-party customers' names, email addresses, and financial account numbers in Exhibits 24, 35 and 36.

## ARGUMENT

### I.    LEGAL STANDARD

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption in favor of public access with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp*., 809 F.3d 1092, 1100-01 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179, such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id*.; "to release trade secrets," *id*.; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties

-2-

DEFENDANT'S STATEMENT IN RESPONSE TO ADMINISTRATIVE MOTION TO FILE UNDER SEAL

moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). In addition, Fed. R. Civ. P. 5.2 requires the protection of certain personal identifying information, including financial account numbers.

This circuit generally applies the "compelling reasons" standard to exhibits attached to dispositive motions such as the one here, seeking terminating sanctions. *See, e.g.*, *Smahi v. STMicroelectronics, Inc.*, 789 F. Supp. 3d 690, 696 (N.D. Cal. 2025) (applying "compelling reasons" standard to sealing records related to a motion for terminating sanctions).

For the reasons explained below, Nexo contends that its proposed limited redactions are appropriate regardless of whether the "compelling reasons" or "good cause" standard applies.

## II.    ANALYSIS

### A.    Nexo Does Not Object to the Public Filing of Certain Exhibits

Nexo does not object to the public filing of Exhibits 1-3, 5-8, 15-19, 27-34, and 38.

### B.    The Court Should Redact Documents that Disclose Third-Party Customer Names, Email Addresses, and Financial Account Numbers

Nexo requests the redaction of the third-party names, email addresses, and financial account numbers of Nexo customers in Exhibits 24, 35 and 36. Greaves Dec., ¶ 5; Rawlinson Dec., ¶¶ 5, 7. These Nexo customers are not parties to this litigation, and Nexo seeks to protect the private information of its customers from public disclosure. *Id.*; *see also* Fed. R. Civ. P. 5.2 (requiring redaction of financial-account numbers). Specific prejudice or harm will result if the information is publicly disclosed because it will result in the public dissemination of private identifying information such as email addresses. Greaves Dec., ¶ 5; Rawlinson Dec., ¶¶ 5, 7.; *see also Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 U.S. Dist. LEXIS 66535, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and irrelevance to the

-3-

Case No. 3:23-cv-00882-TSH

DEFENDANT'S STATEMENT IN RESPONSE TO ADMINISTRATIVE MOTION TO FILE UNDER SEAL

matter are compelling reasons to seal the exhibit); *Labarge*, 2025 U.S. Dist. LEXIS 85513, at \*4-5 (sealing "a non-party's medical records").

## CONCLUSION

Nexo respectfully requests that the Court grant the proposed sealing order submitted concurrently by Nexo, as reflected in the following chart:

| Document | Party Designating Confidentiality | ECF No. | Court Order |
|---|---|---|---|
| Exhibit 24 to the Ambrose Declaration (NEXO-0137559) | Defendant Nexo Capital Inc. | 134-16 | The Court orders the redaction of the Nexo customer name, email address, and financial account numbers in Exhibit 24 with the remainder to be filed publicly. |
| Exhibit 35 to the Ambrose Declaration (NEXO-0257203) | Defendant Nexo Capital Inc. | 134-25 | The Court orders the redaction of the Nexo customer name and email address in Exhibit 35 with the remainder to be filed publicly. |
| Exhibit 36 to the Ambrose Declaration (NEXO-0044718) | Defendant Nexo Capital Inc. | 134-26 | The Court orders the redaction of the Nexo customer name and email address in Exhibit 36 with the remainder to be filed publicly. |

DATED: July 13, 2026                    BAKER & MCKENZIE LLP


By: */s/ Ian S. Shelton*
    Ian S. Shelton

*Attorneys for Defendant Nexo Capital Inc.*

-4-

DEFENDANT'S STATEMENT IN RESPONSE TO ADMINISTRATIVE MOTION TO FILE UNDER SEAL