# EXHIBIT 29

Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5000
Fax: (713) 427-5067

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN CRESS,<br><br>          Plaintiff,<br><br>    vs.<br><br>NEXO CAPITAL, INC.<br><br>          Defendant. | CASE NO. 3:23-cv-00882-TSH<br><br>**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S EIGHTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Nexo Capital, Inc. ("Defendant" or "Nexo"), by and through its attorneys, hereby submits its objections and responses to Plaintiff's Sixth Set of Interrogatories, dated May 7, 2026 (the "Interrogatories"), as follows:

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S**
**SIXTH SET OF INTERROGATORIES**
1

discovery concerning entities other than Defendant Nexo Capital, Inc. All other Nexo entities were dismissed from this action for lack of personal jurisdiction, and Plaintiff cannot use party discovery served on Nexo Capital, Inc. as a backdoor means to obtain merits discovery from dismissed foreign affiliates or nonparties. Nexo further objects that the Interrogatory is vague and ambiguous as to the terms "payments," "transfers," "funds," "assets," "reason for the payment," and "You," particularly to the extent Plaintiff attempts to impute to Nexo Capital, Inc. transactions by separate corporate entities or nonparties. Nexo also objects to the extent the Interrogatory calls for information equally available to Plaintiff through documents already produced or would require Nexo to marshal information into a narrative compilation not maintained in the ordinary course. Furthermore, the Interrogatory has no time limitation rendering the request overbroad and unduly burdensome. Every single payment between Nexo Capital and affiliated entities with a narrative description and no subject matter or time limitation is not at all proportional to the needs of the case.

Subject to and without waiving these objections, Nexo responds that it will not be providing a response for this interrogatory.

**INTERROGATORY NO. 24:**

For each Google Workspace admin label identified in the Google Vault Audit Log produced as NEXO-0369409, including but not limited to the labels in Column F, "LabelRet" and "rom," state: (a) the date the label was created; (b) the person who created it; (c) the purpose for which it was created; (d) the criteria or process used to determine which documents would receive the label; (e) the names of all documents to which the label was applied; and (f) the date on which the label was applied to each document.

**Nexo's Response**: Nexo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant to any party's claim or defense within the meaning of Rule 26(b)(1). The Interrogatory seeks detailed information about every Google Workspace label reflected in a Google Vault Audit Log without establishing any connection between those labels and the claims or defenses that remain at issue in this action. Nexo further objects that the labels "LabelRet" and "rom," and related documents

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
SIXTH SET OF INTERROGATORIES

11

referenced in the Google Vault Audit Log relate to the *Morton* litigation in the United Kingdom, which is not connected to this dispute. Documents associated with that matter were produced in the *Morton* action and thereafter deleted following entry of a confidential settlement agreement in that case. To the extent Plaintiff seeks discovery into document management or retention activity relating to other disputes or litigations, including the *Morton* litigation in the UK, the request exceeds the proper scope of discovery in this case. Nexo further objects that it is not required in this action to provide a retrospective, document-by-document accounting concerning materials from a separate, resolved litigation, particularly where doing so would implicate confidentiality obligations, privileged litigation-management decisions, and information outside Nexo Capital, Inc.'s current possession, custody, or control. Nexo further objects that the Interrogatory is vague and ambiguous as to the terms "purpose," "criteria," "process," "documents," and "applied." Nexo further objects because the Interrogatory seeks information concerning documents, custodians, systems, or events outside Nexo Capital, Inc.'s possession, custody, or control, including information relating to other entities, third-party service providers, and separate litigations. Nexo further objects because the Interrogatory calls for a document-by-document narrative compilation and forensic reconstruction of historical labeling events that is not maintained in the ordinary course and would impose an undue burden far outweighing any likely benefit. Nexo further objects to the extent the Interrogatory seeks information equally available to Plaintiff from documents already produced, including the audit log itself.

Subject to and without waiving these objections, Nexo responds that it will not be providing a response for this interrogatory.

**INTERROGATORY NO. 25:**

Identify each email deleted or destroyed pursuant to the retention rules implemented in the Google Vault Audit Log produced as NEXO-0369409, including (a) the subject of the email, (b) the sender of the email, (c) the recipient(s) of the email, (d) the date the email was sent, (e) the retention rule causing the deletion or destruction of the email, (f) the purpose of the rule implementation causing the deletion or destruction.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
SIXTH SET OF INTERROGATORIES**

12

DATED:  June 10, 2026

By */s/ Ian S. Shelton*

Ian S. Shelton

Attorneys for Defendant
Nexo Capital, Inc.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
SIXTH SET OF INTERROGATORIES**

15

**PROOF OF SERVICE**

On June 10, 2026, I served true copies of the following document(s) described as **DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SIXTH SET OF INTERROGATORIES** on the interested parties in this action as follows:

James Taylor-Copeland
james@taylorcopelandlaw.com
Max Ambrose
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341


**E-MAIL.** I caused to be served the above-referenced document by electronic mail.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

DATED: June 10, 2026

By*/s/ Ian S. Shelton*
Ian S. Shelton

Attorneys for Defendant
Nexo Capital, Inc.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
SIXTH SET OF INTERROGATORIES**

16