UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CRESS,

Plaintiff,

v.

NEXO CAPITAL INC.,

Defendant.

Case No. 23-cv-00882-TSH

**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 134

## I. INTRODUCTION

Plaintiff John Cress filed this action against Defendants Nexo Financial LLC, Nexo Financial Services Ltd., Nexo AG, Nexo Capital, Inc., and Antoni Trenchev, Nexo's CEO, alleging the Nexo parties fraudulently induced him to take out loans collateralized by millions of dollars in digital assets, which were ultimately sold by the Nexo parties. ECF No. 1. Nexo Capital, Inc. ("Nexo") is the only remaining defendant in the case. ECF No. 37 at 7. Pending before the Court is Cress's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 134. For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** the Motion.[1]

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978)). Courts generally apply a "compelling reasons" standard when

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point." *Id.* (cleaned up). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up). By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180.

Here, the documents at issue in Cress's Administrative Motion (ECF No. 134) were filed in connection with Cress's Motion for Sanctions in which Cress seeks terminating sanctions (ECF No. 134-3). Motions for dispositive case sanctions, along with their attached documents, are more than tangentially related to the merits of a case. *See Smahi v. STMicroelectronics, Inc.*, 789 F. Supp. 3d 690, 692, 696 (N.D. Cal. 2025) (applying compelling reasons standard to motion seeking terminating sanctions). Accordingly, the compelling reasons standard applies to Cress's Administrative Motion.

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L.R. 79-5(f). This motion must identify each document or portions thereof for which sealing is sought. *Id.* "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." *Id.* at 79-5(c)(1), (f). That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. *Id.* at 79-5(c)(1). A failure to file a statement or declaration may result in the

United States District Court
Northern District of California

unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

## III. DISCUSSION

On July 6, 2026, Cress filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with his Motion for Sanctions. ECF Nos. 134, 134-3. Cress requests that twenty-five documents be filed under seal:

- Declaration of Max Ambrose ("Ambrose Decl.") (ECF No. 134-1), Ex. 1 (ECF No. 134-4)
- Ambrose Decl., Ex. 2 (ECF No. 134-5)
- Ambrose Decl., Ex. 3 (ECF No. 134-6)
- Ambrose Decl., Ex. 5 (ECF No. 134-7)
- Ambrose Decl., Ex. 6 (ECF No. 134-8)
- Ambrose Decl., Ex. 7 (ECF No. 134-9)
- Ambrose Decl., Ex. 8 (ECF No. 134-10)
- Ambrose Decl., Ex. 15 (ECF No. 134-11)
- Ambrose Decl., Ex. 16 (ECF No. 134-12)
- Ambrose Decl., Ex. 17 (ECF No. 134-13)
- Ambrose Decl., Ex. 18 (ECF No. 134-14)
- Ambrose Decl., Ex. 19 (ECF No. 134-15)
- Ambrose Decl., Ex. 24 (ECF No. 134-16)
- Ambrose Decl., Ex. 27 (ECF No. 134-17)
- Ambrose Decl., Ex. 28 (ECF No. 134-18)
- Ambrose Decl., Ex. 29 (ECF No. 134-19)
- Ambrose Decl., Ex. 30 (ECF No. 134-20)
- Ambrose Decl., Ex. 31 (ECF No. 134-21)
- Ambrose Decl., Ex. 32 (ECF No. 134-22)
- Ambrose Decl., Ex. 33 (ECF No. 134-23)
- Ambrose Decl., Ex. 34 (ECF No. 134-24)

- Ambrose Decl., Ex. 35 (ECF No. 134-25)
- Ambrose Decl., Ex. 36 (ECF No. 134-26)
- Ambrose Decl., Ex. 37 (ECF No. 134-27)
- Ambrose Decl., Ex. 38 (ECF No. 134-28)

ECF No. 134. Cress also requests that his Motion for Sanctions (ECF No. 134-3) be filed with redacted portions quoting or describing designated material. *Id.*

On July 13, 2026, Nexo responded to Cress's Administrative Motion requesting "redaction of third-party customers' names, email addresses, and financial account numbers" in three documents: Ambrose Decl., Exs. 24, 35, 36. ECF No. 141. In support of its request, Nexo submits a declaration from Agustus Greaves and a declaration from Matthew Rawlinson setting forth the bases for sealing each document. *See* Declaration of Augustus Greaves (ECF No. 141-1); Declaration of Matthew Rawlinson (ECF No. 141-2).

The Court has reviewed the requested documents to be sealed and finds that compelling reasons exist to redact names, email addresses, and financial account numbers of Nexo customers from Exhibits 24, 35 and 36 to the Ambrose Declaration. *See Doe v. City of San Diego*, No. 12-cv-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (finding compelling reasons exist to seal documents containing personal information that is irrelevant to the matter).

Accordingly, the Court **GRANTS** Cress's Administrative Motion to redact portions of the Ambrose Decl., Ex. 24 (ECF No. 134-16), Ambrose Decl., Ex. 35 (ECF No. 134-25), and Ambrose Decl., Ex. 36 (ECF No. 134-26) containing names, email addresses, and financial account numbers of Nexo customers. As Nexo has filed redacted versions of these documents on the public record, no further action is needed regarding these documents. *See* ECF Nos. 141-3 (Ex. 24), 141-4 (Ex. 35), 141-5 (Ex. 36).

Nexo states that it does not request sealing of Cress's Motion for Sanctions or Exhibits 1–3, 5–8, 15–19, 27–34, and 38 to the Ambrose Declaration. ECF No. 141. Accordingly, the Court **DENIES** Cress's Administrative Motion to seal Cress's Motion for Sanctions (ECF No. 134-3), Ambrose Decl., Ex. 1 (ECF No. 134-4), Ambrose Decl., Ex. 2 (ECF No. 134-5), Ambrose Decl., Ex. 3 (ECF No. 134-6), Ambrose Decl., Ex. 5 (ECF No. 134-7), Ambrose Decl., Ex. 6 (ECF No.

134-8), Ambrose Decl., Ex. 7 (ECF No. 134-9), Ambrose Decl., Ex. 8 (ECF No. 134-10), Ambrose Decl., Ex. 15 (ECF No. 134-11), Ambrose Decl., Ex. 16 (ECF No. 134-12), Ambrose Decl., Ex. 17 (ECF No. 134-13), Ambrose Decl., Ex. 18 (ECF No. 134-14), Ambrose Decl., Ex. 19 (ECF No. 134-15), Ambrose Decl., Ex. 27 (ECF No. 134-17), Ambrose Decl., Ex. 28 (ECF No. 134-18), Ambrose Decl., Ex. 29 (ECF No. 134-19), Ambrose Decl., Ex. 30 (ECF No. 134-20), Ambrose Decl., Ex. 31 (ECF No. 134-21), Ambrose Decl., Ex. 32 (ECF No. 134-22), Ambrose Decl., Ex. 33 (ECF No. 134-23), Ambrose Decl., Ex. 34 (ECF No. 134-24), and Ambrose Decl., Ex. 38 (ECF No. 134-28), and Cress is hereby **DIRECTED** to file these items in the public record within four days from the date of this order.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** Cress's Administrative Motion.

**IT IS SO ORDERED.**

Dated: July 28, 2026

THOMAS S. HIXSON
United States Magistrate Judge