# Exhibit 8

# Exhibit 8

Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5000
Fax: (713) 427-5067

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CRESS,<br><br>   Plaintiff,<br><br>  vs.<br><br>NEXO CAPITAL, INC.<br><br>   Defendant. | CASE NO. 3:23-cv-00882-TSH<br><br>**DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Nexo Capital, Inc. ("Defendant" or "Nexo") serves this amended response to Plaintiff's Sixth Set of Requests for Production, dated February 4, 2026, as set forth below. Nexo is willing to meet and confer with Plaintiff concerning these objections.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

EXHIBIT
10S
Trenchev
D 800-631-6989

## GENERAL OBJECTIONS

The following objections are incorporated into and considered part of Nexo's objections and responses to each request as if set forth individually and specifically therein.

1. Nexo's responses are made on behalf of Defendant Nexo Capital, Inc., only, and are not to be construed as being made on behalf of any other individual or entity. Consequently, Nexo objects to the extension of Definition No. 17 to other Nexo affiliates.

2. The Court has ordered production from 14 Nexo individual custodians and 9 noncustodial sources (the "Custodians"). Nexo does not agree to add additional custodians or search terms in responding to these requests.

3. The Court has ruled on the scope of Plaintiff's RFPs on multiple occasions. Nexo will comply with the Court's orders regarding discovery and will not produce documents beyond the scope of the Court's orders.

4. Nexo may produce documents and data responsive to the requests on a rolling basis.

5. In responding to these requests, Nexo does not concede the competency, relevance, materiality, or admissibility of the subject matter of any request or any document Nexo agrees to produce in response to the requests.

6. Nexo objects to these requests in total as they are based on a faulty premise—namely, that Nexo did not properly preserve and produce documents in this case. As such, a response that "there are no responsive documents" could, and likely will, be misconstrued by Plaintiff. To be clear, when Nexo was alerted to the potential claims by Cress, it gathered and preserved documents relating to Cress and his transactions. Plaintiff is now on a fishing expedition claiming that any change in document retention procedures somehow affected documents relevant to Cress's claims. That is not the case. Further, many of Plaintiff's RFPs are in the nature of interrogatories, seeking a substantive response rather than actual document production. Nexo treats these request as they are styled— requests for production—and has not provided a narrative response. Finally, the absence of any category of document does not mean that verbal instructions covering the same ground were not

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

provided. In short, it is anticipated that Plaintiff will misuse these responses in an effort to "prove" allegedly sanctionable conduct. Nexo's responses should not be misconstrued and Nexo reserves the right to provide a fulsome response during any depositions or in response to motions.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**RESPONSES TO REQUESTS**

**REQUEST NO. 269**: All Documents showing litigation hold notices, preservation memoranda, or instructions regarding document retention issued to any of Your employees, agents, or contractors, including without limitation the Nexo Source Accounts, between January 1, 2017 to the present.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all Documents" that are not limited to the relevant time period or this lawsuit. The Request is facially overbroad and unduly burdensome as to time period in seeking all documents "between January 1, 2017 to the present." Further, the Request improperly seeks information that is duplicative and cumulative of other discovery regarding data retention and preservation issues. Nexo further objects because the Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges and protections, including but not limited to communications reflecting legal advice, legal strategy, risk assessments, and compliance analyses related to document retention obligations. The Request also improperly seeks internal deliberative materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request.

**REQUEST NO. 270**: Communications sufficient to show all litigation hold notices to any of Your employees, agents, or contractors, including without limitation the Nexo Source Accounts, between January 1, 2017 to the present.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all litigation hold notices" that are not limited to the relevant time period or this lawsuit. The Request is facially overbroad and unduly

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

burdensome as to time period in seeking all documents "between January 1, 2017 to the present." Further, the Request improperly seeks information that is duplicative and cumulative of other discovery regarding data retention and preservation issues. Nexo further objects because the Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges and protections, including but not limited to communications reflecting legal advice, legal strategy, risk assessments, and compliance analyses related to document retention obligations. The Request also improperly seeks internal deliberative materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request.

**REQUEST NO. 271:** Communications sufficient to show all document retention policies sent to Your employees, agents, or contractors, including without limitation the Nexo Source Accounts between January 1, 2017 to the present.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all document retention policies" that are not limited to the relevant time period. The Request is facially overbroad and unduly burdensome as to time period in seeking all documents "between January 1, 2017 to the present." Further, the Request improperly seeks information that is duplicative and cumulative of other discovery regarding data retention and preservation issues. Nexo further objects because the Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges and protections, including but not limited to communications reflecting legal advice, legal strategy, risk assessments, and compliance analyses related to document retention obligations. The Request also improperly seeks internal deliberative

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

5

materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety.

**Response:** Nexo has already agreed to produce documents in response to RFP 50. Nexo will not produce further documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has produced all documents responsive to this Request.

**REQUEST NO. 272**: Communications sufficient to show Your employees, agents, or contractors, including without limitation the Nexo Source Accounts, acknowledged any litigation holds between January 1, 2017 to the present.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents that are not limited to the relevant time period or this lawsuit. The Request is facially overbroad and unduly burdensome as to time period in seeking all documents "between January 1, 2017 to the present." Further, the Request improperly seeks information that is duplicative and cumulative of other discovery regarding data retention and preservation issues. Nexo further objects because the Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges and protections, including but not limited to communications reflecting legal advice, legal strategy, risk assessments, and compliance analyses related to document retention obligations. The Request also improperly seeks internal deliberative materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 273**: Communications sufficient to show Your employees, agents, or contractors, including without limitation the Nexo Source Accounts, acknowledged any document retention policies January 1, 2017 to the present.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents that are not limited to the relevant time period or this lawsuit. The Request is facially overbroad and unduly burdensome as to time period in seeking all documents "between January 1, 2017 to the present." Further, the Request improperly seeks information that is duplicative and cumulative of other discovery regarding data retention and preservation issues. Nexo further objects because the Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges and protections, including but not limited to communications reflecting legal advice, legal strategy, risk assessments, and compliance analyses related to document retention obligations. The Request also improperly seeks internal deliberative materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request.

**REQUEST NO. 274**: All Documents and Communications, including internal emails, IT tickets, or change logs, regarding the decision to authorize or implement the Retention Policy Changes.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all Documents and Communications," including internal emails, IT tickets, and change logs, without any reasonable limitation as to time period, custodian, subject matter, or data source, and would require an expansive and disproportionate search across multiple technical and administrative systems. The Request is also

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

7

vague and ambiguous as to what it means to "authorize or implement," rendering it impossible to determine the full scope of responsive materials. Further, the Request improperly seeks information that is duplicative and cumulative of other discovery regarding data retention and preservation issues. Nexo further objects because the Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges and protections, including but not limited to communications reflecting legal advice, legal strategy, risk assessments, and compliance analyses related to document retention obligations. The Request also improperly seeks internal deliberative materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety.

**Response:** Nexo will produce documents sufficient to show the Retention Policy Changes, to the extent they exist. Nexo will not produce further documents in response to this Request.

**REQUEST NO. 275**: Documents sufficient to show logs, histories, and activity reports from Your Google Workspace/Vault and Slack administration consoles, including but not limited to audit logs, matter histories, or admin activity reports showing:

1.  The specific dates legal holds or retention rules were created or assigned to the Nexo Source Accounts; and

2.  Any "expungement" events where data was permanently removed from the Nexo Source Accounts.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents from multiple administrative systems—Google Workspace/Vault and Slack—without reasonable limitation as to, custodian, data source, or scope, and would require the collection and review of extensive audit logs, administrative histories, and system-level activity reports that are largely technical in nature and of marginal relevance. The Request is also vague and ambiguous as to what constitutes "logs, histories, and activity reports," as well as what qualifies as an "expungement" event, making it impossible to

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

determine the full scope of potentially responsive materials. To the extent the Request seeks information regarding the creation, assignment, or management of legal holds or retention rules, it improperly seeks materials reflecting legal advice, litigation strategy, or counsel-directed preservation efforts, which are protected by the attorney-client privilege and the work-product doctrine. The Request further seeks confidential, proprietary, and security-sensitive information concerning Defendant's internal systems, administrative controls, and data governance practices, the disclosure of which would be inappropriate. For these reasons, Defendant objects to this Request in its entirety.

**Response:** Nexo will produce documents sufficient to show the Retention Policy Changes, to the extent they exist. Nexo will not produce further documents in response to this Request.

**REQUEST NO. 276**: Documents sufficient to identify the features of Your Slack "Business+" plan from 2017 to present, specifically regarding the availability and activation of legal holds, litigation, or discovery features.

**Objections:** Nexo objects to this Request is vague and ambiguous as to what "features" are intended to be captured and what is meant by "availability and activation" of "legal holds, litigation, or discovery features," including whether Plaintiff seeks contractual terms, administrative settings, or workspace-specific configurations or something else. Nexo objects to the request as overbroad and unduly burdensome in seeking information "from 2017 to the present." To the extent the Request seeks information equally available to Plaintiff from Slack's publicly available documentation, product descriptions, or vendor records, the Request is improper and imposes unnecessary burden. Further, to the extent the Request seeks documents reflecting counsel-directed retention, preservation, legal hold decisions, or litigation strategy concerning the use or activation of any such features, any responsive materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced. Defendant also objects to the extent the Request seeks

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

confidential, proprietary, or security-sensitive information regarding Defendant's internal Slack configuration or administrative controls.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has produced documents sufficient to show the information sought by this Request.

**REQUEST NO. 277**: Documents sufficient to identify the features of Your Slack Enterprise plan from Summer 2025 to present, specifically regarding the availability and activation of legal holds, litigation, or discovery features.

**Objection:** Nexo objects to this Request is vague and ambiguous as to what "features" are intended to be captured and what is meant by "availability and activation" of "legal holds, litigation, or discovery features," including whether Plaintiff seeks contractual terms, administrative settings, or workspace-specific configurations or something else. To the extent the Request seeks information equally available to Plaintiff from Slack's publicly available documentation, product descriptions, or vendor records, the Request is improper and imposes unnecessary burden. Further, to the extent the Request seeks documents reflecting counsel-directed retention, preservation, legal hold decisions, or litigation strategy concerning the use or activation of any such features, any responsive materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced. Defendant also objects to the extent the Request seeks confidential, proprietary, or security-sensitive information regarding Defendant's internal Slack configuration or administrative controls.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has produced documents sufficient to show the information sought by this Request.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 278**: All Slack admin exports, Slack audit logs, and retention change logs for the workspace(s) for January 1, 2017 to present, including export command/settings.

**Objection:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all Slack admin exports, Slack audit logs, and retention change logs" for all workspace(s) from January 1, 2017 to the present, without any reasonable limitation as to custodian, relevance, subject matter, or scope, and would require the collection and review of voluminous system-level data that is highly technical in nature and of marginal relevance. The Request is further overbroad in seeking export commands and settings and other automatically generated logs wholesale, many of which are duplicative, cumulative, or do not meaningfully relate to the claims or defenses in this action. To the extent the Request seeks materials reflecting or relating to counsel-directed legal hold decisions, retention practices, preservation efforts, or litigation strategy, such materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced. The Request also improperly seeks confidential, proprietary, and security-sensitive information regarding Nexo's internal Slack configuration, administrative controls, and data governance practices, the disclosure of which would be inappropriate and potentially harmful. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has produced all documents responsive to this Request.

**REQUEST NO. 279**: Documents sufficient to show Your Slack export settings at all times from January 1, 2017 to present.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all Slack admin exports, Slack audit logs, and retention change logs" for all workspace(s) over an expansive time period from January 1, 2017

---

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

to the present, without any reasonable limitation as to custodian, relevance, subject matter, or scope, and would require the collection and review of voluminous system-level data that is highly technical in nature and of marginal relevance. The Request is further overbroad in seeking export commands and settings, audit logs, and retention change logs wholesale, many of which are generated automatically, are duplicative, or do not meaningfully relate to the claims or defenses in this action. To the extent the Request seeks materials reflecting or relating to counsel-directed legal hold decisions, retention practices, preservation efforts, or litigation strategy, such materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced. The Request also seeks confidential, proprietary, and security-sensitive information regarding Defendant's internal Slack configuration, administrative controls, and data governance practices, the disclosure of which would be inappropriate. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has produced all documents responsive to this Request.

**REQUEST NO. 280**: Documents sufficient to show a report or data export showing the total number of responsive documents (the "raw hit count") identified for Nexo Source Accounts prior to the application of deduplication and email threading, including showing separate hits counts for emails, Slack messages, and Google Drive documents.

**Objections:** Nexo objects to this Request because it is irrelevant. Nexo further objects because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Nexo further objects because the terms "data export," "total number of responsive documents," "hit counts," and "raw hit count," are vague, ambiguous and unintelligible, as Nexo does not know what search terms Plaintiff is referring to, or how he defines responsive. The Request seeks documents and communications protected by the attorney-client privilege, the attorney work-product doctrine, and

---

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

12

other applicable privileges and protections, including but not limited to the mechanics and operation of Nexo's document review process. The Request further seeks highly granular, processing-level information that reflects counsel-directed discovery processing decisions, review strategy, and document-production methodology, all of which constitute attorney work product protected from disclosure. The Request also improperly seeks internal deliberative materials and confidential business information unrelated to any claim or defense. For these reasons, Defendant objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**REQUEST NO. 281**: All documents related to Your disaster recovery, backup tape, or cold storage inventories that may contain email or Slack data from the period of January 1, 2017 through present.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks "all documents related to" Nexo's disaster recovery, backup tape, or cold storage inventories that may contain email or Slack data over an expansive time period from January 1, 2017 to the present, without any reasonable limitation as to custodian, relevance, system, or scope. As drafted, the Request would require Nexo to identify, collect, and review highly technical infrastructure and archival materials maintained for business continuity and disaster recovery purposes, many of which are not reasonably accessible, are maintained solely for system-level recovery, and are not searchable in the ordinary course of business. The Request is also vague and speculative in seeking materials that "may contain" email or Slack data, rendering compliance impracticable. To the extent the Request seeks information regarding preservation decisions, backup restoration capabilities, or the feasibility of data recovery in connection with litigation, such materials reflect counsel-directed preservation efforts and litigation strategy and are protected by the attorney-client privilege and/or the work-product doctrine. The Request further seeks confidential, proprietary, and security-sensitive information regarding Nexo's internal disaster recovery architecture, backup systems, and data-storage

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

13

practices, the disclosure of which would be inappropriate and potentially harmful. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request.

**REQUEST NO. 282:** Documents sufficient to show all locations and databases, whether physical or digital, searched for each Nexo Source Account, including without limitation, data repositories, databases, devices, drives, computers, email accounts, Slack accounts, Google accounts, cell phones, office buildings, storage facilities, and file cabinets.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents sufficient to show *all* locations and databases—whether physical or digital—searched for each Nexo Source Account, including an expansive and non-exhaustive list of repositories, devices, accounts, facilities, and even physical locations, without any reasonable limitation as to time period, relevance, or scope. As drafted, the Request would require Nexo to compile exhaustive, system-level and physical inventories that are not maintained in the ordinary course of business and that extend well beyond what is required by the Federal Rules. The Request is also vague and ambiguous as to what it means to "show" all locations and databases "searched," including whether Plaintiff seeks narrative descriptions, technical inventories, or collection logs, rendering compliance impracticable. To the extent the Request seeks information reflecting counsel-directed collection decisions, search methodologies, preservation efforts, or litigation strategy, such information is protected by the attorney-client privilege and/or the work-product doctrine. The Request further seeks confidential, proprietary, and security-sensitive information regarding Nexo's internal systems, infrastructure, and data-governance practices, the disclosure of which would be inappropriate and potentially harmful. For these reasons, Nexo objects to this Request in its entirety.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

14

**Response:** Nexo will not produce documents in response to this Request.

**REQUEST NO. 283:** Documents sufficient to show that auto-deletion jobs were suspended, modified, or otherwise managed for Nexo Source Accounts and the date those steps occurred.

**Objections:** Nexo objects to this Request because it is based on improper factual assumptions and is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request assumes, without evidentiary support, that "auto-deletion jobs" applicable to Nexo Source Accounts existed and were "suspended, modified, or otherwise managed," and that such actions occurred on identifiable dates, none of which Nexo admits. Nexo does not concede the truth of these assumptions. The Request is also vague and ambiguous as to what constitutes "auto-deletion jobs," what systems or data sources are implicated, and what it means for such jobs to be "managed," rendering it impossible to determine the scope of responsive materials. To the extent the Request seeks documents reflecting counsel-directed decisions regarding data retention, legal holds, or preservation efforts, such materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced. The Request further seeks technical, system-level, and security-sensitive information regarding Nexo's internal data-management processes that is of marginal relevance and disproportionate to the needs of the case. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request.

**REQUEST NO. 284:** Your NUIX/processing deduplication map and email threading mapping, including for each produced family/document, all custodians/paths that were deduped and the custodian chosen as the produced instance, thread-IDs and the rules applied for producing top-thread vs. inclusive emails.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

15

**Objections:** Nexo objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks Nexo's "NUIX/processing deduplication map and email threading mapping," but fails to define or explain what is meant by a "map," rendering the Request unclear and preventing Nexo from determining what documents, if any, are being sought. Nexo is not aware of any discrete document, report, or artifact maintained in the ordinary course of business that constitutes a "deduplication map" or "email threading mapping" as described. The Request further seeks highly granular, processing-level information—including custodians and paths subject to deduplication, custodian selection decisions, thread-IDs, and rules applied for producing top-thread versus inclusive emails—that reflects counsel-directed discovery processing decisions, review strategy, and document-production methodology, all of which constitute attorney work product protected from disclosure. In addition, the Request would require the creation or reconstruction of technical analyses and reports that do not exist in the ordinary course of business and would impose substantial and disproportionate burden for marginal relevance. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**REQUEST NO. 285**: Documents sufficient to show the export tool/method used and the raw export metadata for each Google Drive document (including Google file ID, parent IDs, owner, mimeType, created/modified timestamps, and any available folder/parent information).

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents sufficient to show the export tool or method used and the "raw export metadata" for *each* Google Drive document, including extensive and granular system-level fields such as file IDs, parent IDs, ownership data, mimeTypes, and timestamps, without any reasonable limitation as to time period, custodian, relevance, or scope. As drafted, the Request would require Nexo to collect and produce voluminous, technical metadata

that is not maintained or reviewed in the ordinary course of business and that would require specialized processing or reconstruction solely for purposes of discovery. The Request is also vague and ambiguous as to what constitutes "raw export metadata" and whether Plaintiff seeks native system fields, processing-generated fields, or customized export reports, rendering compliance impracticable. To the extent the Request seeks information reflecting counsel-directed collection decisions, export methodologies, processing workflows, or document-production strategy, such information constitutes attorney work product and is protected from disclosure. The Request further seeks confidential, proprietary, and security-sensitive information regarding Nexo's internal Google Workspace configuration, file-management structure, and data-governance practices, the disclosure of which would be inappropriate and potentially harmful. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**REQUEST NO. 286**: Documents sufficient to show all email retention policies in effect for Antoni Trenchev, Kosta Kantchev, or other Nexo Source Accounts from January 1, 2017 to present, including any changes to such policies during that period.

**Objections:** Nexo objects to this Request because it is not relevant to the claims or defenses in this action and is duplicative of other discovery requests seeking the same or substantially similar information regarding data retention and preservation practices. The Request seeks documents sufficient to show all email retention policies applicable to certain individuals and other Nexo Source Accounts from January 1, 2017 to the present, including any changes to such policies, despite Nexo having already produced retention policy materials responsive to overlapping requests. As drafted, the Request imposes unnecessary and cumulative burden without corresponding probative value and is not proportional to the needs of the case. The Request is also overly broad and vague as to what constitutes an "email retention policy," including whether Plaintiff seeks formal written policies, system-level configurations, or account-specific settings. To the extent the Request seeks

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

materials reflecting counsel-directed retention decisions, legal hold implementation, or preservation efforts, such materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will produce documents in response to this request, to the extent they exist, from January 1, 2021 to present.

**REQUEST NO. 287**: Documents sufficient to show all Slack retention policies in effect for Public and Private Channels from January 1, 2017 present, including any changes to such policies during that period.

**Objections:** Nexo objects to this Request because it is not relevant to the claims or defenses in this action and is not proportional to the needs of the case. The Request is also vague and ambiguous as to what constitutes "Slack retention policies," including whether Plaintiff seeks general product-level retention features, publicly available Slack plan descriptions, or Nexo-specific internal configurations for Public and Private Channels, rendering it unclear what documents are being requested. In addition, the general availability and functionality of Slack retention settings for Public and Private Channels are equally available to Plaintiff through Slack's publicly available documentation, product descriptions, and vendor materials, and the Request therefore imposes unnecessary and cumulative burden without corresponding probative value. To the extent the Request seeks documents reflecting Nexo's internal implementation, configuration, or modification of retention settings in connection with legal holds, preservation obligations, or litigation strategy, such materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will produce documents in response to this request, to the extent they exist, from January 1, 2021 to present.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 288**: Documents sufficient to show all Slack retention policies in effect for Direct Messages from January 1, 2017 through present, including any changes to such policies during that period.

**Objections:** Nexo objects to this Request because it is not relevant to the claims or defenses in this action and is not proportional to the needs of the case. The Request is also vague and ambiguous as to what constitutes "Slack retention policies," including whether Plaintiff seeks general product-level retention features, publicly available Slack plan descriptions, or Nexo-specific internal configurations for Public and Private Channels, rendering it unclear what documents are being requested. In addition, the general availability and functionality of Slack retention settings for Direct Messages are equally available to Plaintiff through Slack's publicly available documentation, product descriptions, and vendor materials, and the Request therefore imposes unnecessary and cumulative burden without corresponding probative value. To the extent the Request seeks documents reflecting Nexo's internal implementation, configuration, or modification of retention settings in connection with legal holds, preservation obligations, or litigation strategy, such materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will produce documents in response to this request, to the extent they exist, from January 1, 2021 to present.

**REQUEST NO. 289**: Documents sufficient to show Your document retention policies for non-custodial sources from January 1, 2017 to present, including all databases, shared drives, Salesforce, and corporate repositories.

**Objections:** Nexo objects to this Request because it is not relevant to the claims or defenses in this action and is not proportional to the needs of the case. The Request is vague and ambiguous as drafted, including as to what constitutes "non-custodial sources," which systems or repositories are implicated, that "databases, shared drives, Salesforce, and corporate repositories" Plaintiff is

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

19

referring to, and what it means to "show" document retention policies for such sources, rendering it unclear what documents are being requested. The Request further seeks information at a generalized, system-wide level untethered to any specific issue in dispute and therefore lacks probative value. To the extent the Request seeks documents reflecting counsel-directed retention decisions, legal hold implementation, or preservation efforts, such materials are protected by the attorney-client privilege and/or the work-product doctrine and will not be produced.

**Response:** Nexo will produce documents in response to this request, to the extent they exist, from January 1, 2021 to present.

**REQUEST NO. 290**: All Documents and Communications regarding the business justification for applying a 30-day email deletion policy exclusively to Antoni Trenchev and Kosta Kantchev.

**Objections:** Nexo objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" regarding any "business justification" for any email deletion policy. The Request is also vague and ambiguous as to "business justification," "regarding," and "exclusively." Nexo further objects to the extent the Request seeks documents protected by the attorney-client privilege, work-product doctrine, and/or other applicable protections, including communications with counsel concerning retention, preservation, litigation risk, or legal compliance. Responding Party also objects to the extent the Request seeks disclosure of confidential, proprietary, or sensitive internal security/IT practices, policies, or controls, and/or information implicating third-party privacy rights.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request.

**REQUEST NO. 291**: All Documents and Communications regarding any efforts to recover, restore, or retrieve deleted emails, Slack messages, or other data for Antoni Trenchev, Kosta Kantchev, or

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

any other Nexo Source Accounts, including without limitation, admin logs showing attempted restores backup/snapshot searches, and any certifications or determinations that backups or snapshots do not exist.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent the Request seeks information reflecting counsel-directed collection decisions, search methodologies, preservation efforts, or litigation strategy, such information is protected by the attorney-client privilege and/or the work-product doctrine.

**Response:** Nexo will not produce documents in response to this Request.

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo has no documents to produce in response to this Request.

**REQUEST NO. 292**: Documents sufficient to show Your current possession, custody, or control of laptops, MacBooks, cell phones, and other electronic devices used by Antoni Trenchev, Kosta Kantchev, Hristiyan Hristov, and all other Nexo Source Accounts from January 1, 2017 to present.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents sufficient to show Nexo's "current possession, custody, or control" of laptops, MacBooks, cell phones, and other electronic devices used by identified individuals and "all other Nexo Source Accounts" over an expansive time period from January 1, 2017 to the present, without any reasonable limitation as to relevance, scope, or device type. As drafted, the Request would require Nexo to identify and document historical and current device usage and custody across numerous individuals and nearly a decade, including devices that may no longer exist, are personally owned, or were never within Nexo's possession, custody, or control. The Request is also vague and ambiguous as to what it means to "show" possession, custody, or control, including whether Plaintiff seeks inventories, chain-of-custody records, ownership documentation, or narrative descriptions, rendering compliance impracticable.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

21

To the extent the Request seeks information reflecting counsel-directed collection decisions, preservation efforts, or litigation strategy, such materials are protected by the attorney-client privilege and/or the work-product doctrine. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**REQUEST NO. 293**: Documents sufficient to identify the source(s) and custodian(s) of the 202 documents and communications regarding Plaintiff that Nexo produced from its "Nexo Corporate Records" custodian, including any collection or processing logs identifying the original location of such documents.

**Objections:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks documents sufficient to identify the source(s) and custodian(s) of a specific subset of documents produced from the "Nexo Corporate Records" custodian, including collection or processing logs purportedly identifying the original location of such documents. As drafted, the Request is vague and ambiguous as to what is meant by "source(s)," "custodian(s)," and "original location," including whether Plaintiff seeks system-level repositories, logical custodians used for collection purposes, or technical processing metadata, rendering compliance impracticable. The Request further seeks detailed collection and processing information, including logs and workflows, that reflects counsel-directed discovery decisions, collection strategy, and processing methodology, which constitute attorney work product and are protected from disclosure. In addition, the Request would require Nexo to reconstruct or generate technical analyses that are not maintained in the ordinary course of business and that are of marginal relevance given the production already made. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

22

**REQUEST NO. 294**: All Communications hitting on the terms "Cress" or "603eec5faed77e2a0a166e27" (Plaintiff's account number) that were removed through deduplication, including all duplicate copies and child documents.

**Objection:** Nexo objects to this Request because it is vague and ambiguous as drafted. The Request seeks "All Communications hitting on the terms" specified that were "removed through deduplication," but fails to define what it means to "hit on" a term, whether this refers to search terms, filters, analytics, or processing criteria, or at what stage of collection or review such "hits" allegedly occurred. The Request is further ambiguous as to what constitutes being "removed through deduplication," including whether Plaintiff is referring to global deduplication, custodian-level deduplication, near-duplicate processing, or some other methodology. In addition, the Request is unclear as to what is meant by "duplicate copies and child documents," including whether this refers to email families, attachments, Slack threads, or other document relationships. These ambiguities render it impossible for Nexo to determine the scope of documents sought or to identify responsive materials, if any. The Request further seeks detailed collection and processing information, including logs and workflows, that reflects counsel-directed discovery decisions, collection strategy, and processing methodology, which constitute attorney work product and are protected from disclosure. In addition, the Request would require Nexo to reconstruct or generate technical analyses that are not maintained in the ordinary course of business and that are of marginal relevance given the production already made. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will not produce documents in response to this Request.

**REQUEST NO. 295**: All of the following Documents in their native, authentic forms, including all iterations of those Documents with any enhanced or expanded metadata, including access logs, tracked changes, version histories, notes, and comments:

- o NEXO-0145948 (Retail OTC Procedures)
- o NEXO-0140611, NEXO-0142440 (information held in the Liquidation transaction)

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

23

- NEXO-0214393, NEXO-0219069 (OTC Services)
- NEXO-0216477 (List of questions the SEC wants Nexo to answer)
- NEXO-0211778 (US market overview of Nexo token holders)
- NEXO-0150967 (text file showing hidden conversation between Stanev and Kantechv regarding liquidation fees)
- NEXO-0211144 (Letter to Arkansas Securities Department re Nexo Financial LLC)
- NEXO-0017325 (Hris OTC deals January – June 2021)
- NEXO-0136995 (Litigation document in Hristov's custodial files)
- NEXO-0137255 (document discussing OTC, Portfolio Booster, NEXO Token)
- NEXO-0137893 (Nexo VIP program flow)
- NEXO-0137920 (Onboarding guide – Account Managers)
- NEXO-0138007, NEXO-0219321 (Goal of the program)
- NEXO-0138207 (Answers to questions regarding Nexo's lending)
- NEXO-0138672, NEXO-0139111 (Hristiyan's OKRs for Q4, 2020)
- NEXO-0138743, NEXO-0140906 (Internal FAQs)
- NEXO-0139009 (Document discussing Yoshiyuki Kubota)
- NEXO-0141048, NEXO-0141050, NEXO-0219682 (Nexo liquidation transaction types)
- NEXO-0141364 (Email purportedly attaching Nexo legal opinions regarding NEXO token regulatory status)
- NEXO-0142401 (Retail OTC Deal Flows)
- NEXO-0145425 (AM Workflow Optimization Proposition (AM Trainee):)
- NEXO-0146247 (OTC deals – performed on Telegram chats)
- NEXO-0147325 (Nexo PR partner search draft emails)
- NEXO-0149277 (Nexo FAQ)
- NEXO-0183586 (Data Retention and Disposal)

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

24

- NEXO-0184400 ($NEXO & $BTC Correlation)
- NEXO-0201588 (Gap Analysis)
- NEXO-0209784 (Nexo VIP Relationship Program nexo.10)
- NEXO-0215538 (SEC letter)
- NEXO-0216078 (Bitmex letter 1)
- NEXO-0219825 (Bitmex letter 2)
- NEXO-0216131 (TERMS AND CONDITIONS OF TOKEN SALE)
- NEXO-0217044 (ICO Questionnaire Coinbase)
- NEXO-0217096 (NEXO Token Terms)
- NEXO-0217236 (Onboarding guide – Sales Ops)

**Objection:** Nexo objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request seeks production of documents in their "native, authentic forms," including "all iterations" and any "enhanced or expanded metadata," such as access logs, tracked changes, version histories, notes, and comments, without any reasonable limitation as to relevance, time period, custodian, or scope. As drafted, the Request improperly demands exhaustive historical versions and system-level metadata that are not maintained in the ordinary course of business and would require Nexo to undertake burdensome and technical reconstruction efforts solely for purposes of discovery. The Request is also vague and ambiguous as to what constitutes "authentic forms," "iterations," and "enhanced or expanded metadata," rendering compliance impracticable. To the extent the Request seeks information reflecting counsel-directed collection, processing, or production decisions, or metadata generated as part of discovery workflows, such materials constitute attorney work product and are protected from disclosure. For these reasons, Nexo objects to this Request in its entirety.

**Response:** Nexo will produce the native versions of the produced, Bates-stamped documents listed above, as they exist in Nexo's document review platform. Nexo will not produce further documents in response to this Request.

---

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

25

**Amended Response:** Subject to and without waiving the foregoing objections, including the General Objections, Nexo will produce the native versions of the produced, Bates-stamped documents listed above, as they exist in Nexo's document review platform. Nexo will not produce native versions of documents that Nexo has clawed back as privileged and/or work product: NEXO-0216477 (List of questions the SEC wants Nexo to answer) and NEXO-0136995 (Litigation document in Hristov's custodial files). Nexo will not produce further documents in response to this Request.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

DATED:  March 13, 2026

By */s/ Ian S. Shelton*

Ian S. Shelton

Attorneys for Defendant
Nexo Capital, Inc.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S
SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

27

**PROOF OF SERVICE**

On March 13, 2026, I served true copies of the following document(s) described as DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION on the interested parties in this action as follows:

James Taylor-Copeland
james@taylorcopelandlaw.com
Max Ambrose
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

**E-MAIL.** I caused to be served the above-referenced document by electronic mail.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

DATED: March 13, 2026

By /s/ *Ian S. Shelton*
        Ian S. Shelton

        Attorneys for Defendant
        Nexo Capital, Inc.

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

28