# Exhibit 15

# Exhibit 15

Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5000
Fax: (713) 427-5067

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CRESS,<br><br>          Plaintiff,<br><br>     vs.<br><br>NEXO CAPITAL, INC.<br><br>          Defendant. | CASE NO. 3:23-cv-00882-TSH<br><br>**DEFENDANT'S SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, NEXO CAPITAL, INC. ("Defendant" or "Nexo"), by and through its attorneys, hereby serves its second amended objections and responses to Plaintiff's Fifth Set of Requests for Admission, dated May 29, 2026 (the "Requests") as follows:

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

## SPECIFIC LIMITATIONS

The following objections are incorporated into and considered part of Nexo's responses and objections to each request as if set forth individually and specifically therein:

1. Nexo objects to Definition No. 13. Nexo Capital, Inc., is the Defendant in this action and all other Nexo affiliates and individuals have been dismissed from the action. Consequently, Nexo objects to the extension of Definition No. 13 beyond Nexo Capital Inc. to "its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside the United States or anyone acting on your behalf." Nexo particularly objects to extending the definition of Nexo to "affiliates," "parents," and "subsidiaries," which renders a large number of RFAs vague, compound, and unintelligible.

2. In serving responses to Plaintiff's Fifth Set of RFAs, Nexo does not concede the competency, relevance, materiality, or admissibility of the subject matter of any RFA.

3. Nexo responds to each RFA, to the extent no objection is made, based upon its interpretation and understanding of the RFA.

4. Nexo does not concede the admissibility of these responses, or any portion thereof, at summary judgment, trial, or in connection with any non-discovery motion, dispositive motion, or other proceeding. Nexo reserves the right to object to the admission of these responses in such circumstances.

5. In serving responses to Plaintiff's Fifth Set of RFAs, Nexo does not waive but expressly preserves all objections based on the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Nexo's responses should not be construed as a waiver of such privileges and protections.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

# I.    DEFINITIONS AND OBJECTIONS

1.    "All" shall include the term "each," and vice versa, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

**Objection:** Nexo objects to this definition as overbroad and improper to the extent it expands the scope of any request beyond the limits of relevance, proportionality, and reasonableness imposed by Federal Rule of Civil Procedure 26(b)(1) and Rule 36(a)(1).

2.    "Board" refers to current and former members of Nexo's Board of Directors.

**Objection:** This term does not appear in the Requests.

3.    "CCFPL" means the California Consumer Financial Protection Law (Cal. Fin. Code § 90000 et seq.) and related regulations (10 C.C.R. § 1000 et seq.).

**Objection:** Nexo objects to this definition as overbroad and improper to the extent it sweeps together numerous distinct regulations. The definition improperly assumes that all regulations may be treated interchangeably, a characterization that Nexo disputes and does not concede.

4.    "CFL" means the California Financing Law (CFL) (Cal. Fin. Code § 22000 et seq.) and related regulations (10 C.C.R. § 1404 et seq.).

**Objection:** Nexo objects to this definition as overbroad and improper to the extent it sweeps together numerous distinct regulations. The definition improperly assumes that all regulations may be treated interchangeably, a characterization that Nexo disputes and does not concede.

5.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

**Objection:** Nexo objects to this definition as overbroad and improper to the extent it expands the scope of any request beyond the limits of relevance, proportionality, and reasonableness imposed by Federal Rule of Civil Procedure 26(b)(1) and Rule 36(a)(1). Nexo further objects to this definition to the extent it is used to impose an obligation to identify or reconstruct unwritten,

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

3

ephemeral, or informal communications, or to expand the scope of discovery beyond reasonably accessible, non-privileged documents maintained in the ordinary course of business.

6. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

**Objection:** Nexo objects to this definition as impermissibly overbroad and vague. The term "concerning," as defined, lacks reasonable particularity and, if applied literally, would encompass documents that are only tangentially, remotely, or incidentally related to the subject matter of a request. Such an expansive construction improperly **sweeps** in irrelevant materials beyond the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1) and Rule 36(a)(1) and invites burdensome, disproportionate discovery untethered to Plaintiff's claims.

**Objection:** Nexo objects to this definition as impermissibly overbroad and vague. The term "concerning," as defined, lacks reasonable particularity and, if applied literally, would encompass documents that are only tangentially, remotely, or incidentally related to the subject matter of a request. Such an expansive construction improperly sweeps in irrelevant materials beyond the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1) and 36(a)(1) and invites burdensome, disproportionate discovery untethered to Plaintiff's claims.

7. "Consent Order" means the January 14, 2026 CONSENT ORDER captioned In the Matter of: THE COMMISSIONER OF FINANCIAL PROTECTION AND INNOVATION, Complainant, v. Nexo Capital Inc. Respondent" attached as **Exhibit A**, and available here: https://dfpi.ca.gov/wp-content/uploads/2026/01/Consent-Order-Nexo-Capital-Inc.pdf.

**Objection:** Nexo objects to this definition to the extent an Exhibit A was not attached to Plaintiff's requests. Nexo otherwise construes this definition as stated.

8. "Commissioner" means to the Commissioner of the California Department of Financial Protection and Innovation, and the California Department of Financial Protection and Innovation.

**Objection:** No objection.

9.     "CPA" means the Cryptocurrency Purchase Agreement entered into between Plaintiff and Nexo.

**Objection:** No objection.

10.     "DFPI" means the California Department of Financial Protection and Innovation.

**Objection:** No objection.

11.     "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a),including, without limitation, all written, recorded, graphic or visual matter, or other electronic or paper data compilation of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, however denominated and by whomever prepared or to whomever addressed, and includes, but is not limited to, written communications, letters, correspondence, memoranda, minutes, notes, photographs, slides, videotapes, motion pictures, tapes or sound records, recordings of any type, email and deleted email (whether sent via standard email, e.g., Gmail, Yahoo, AOL, MSN, Hotmail; via internet conferencing, e.g., Skype, or via social networking sites such as Facebook, Linked-In, Twitter), computer records, electronic files, contracts, agreements, multimedia, spreadsheets, database files, applications, policies, performance reports, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, drawings, other documents and material similar to any of the foregoing, or any data compilation from which information can be obtained or translated, to the extent necessary, through forensic analysis devices or techniques into reasonably usable forms.  .

**Objection:** Nexo objects to this definition as overbroad, unduly burdensome, and disproportionate. Although Defendant does not object to the use of the term "documents" consistent with Federal Rule of Civil Procedure 34(a), Nexo objects to this definition to the extent it purports to expand the scope of discovery beyond Rule 34 by including drafts, deleted materials, ephemeral communications, data compilations requiring forensic recovery, or materials not maintained in the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

5

ordinary course of business. Nexo further objects to the extent this definition is used to impose an obligation to conduct forensic analysis, recover deleted or inaccessible data, or produce materials outside Nexo's possession, custody, or control, or to require production of materials that are privileged, protected, irrelevant, or disproportionate under Rule 26(b)(1).

12.    "Including" means including without limitation.

**Objection:** Nexo objects to this definition as overbroad and improper to the extent it is used to eliminate reasonable bounds on the scope of discovery or to expand any request beyond the limits imposed by Federal Rules of Civil Procedure 26(b)(1) and 36. Nexo does not agree that the term "including" renders any request limitless, and construes it to mean "including, but not limited to, items that are relevant and proportional to the claims and defenses in this action."

13.    "Nexo" and "You" and "Your" refers to the party to whom the following requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside the United States or anyone acting on your behalf.

**Objections:** Nexo objects to this definition as overbroad and improper to the extent it purports to expand the scope of discovery beyond Defendant Nexo Capital, Inc. to include an undefined and unlimited group of affiliated entities, predecessors, successors, agents, and third parties, many of whom are not parties to this action and are not within Nexo Capital, Inc.'s possession, custody, or control. Nexo will only respond to requests on behalf of Nexo. Nexo construes this definition consistent with the Federal Rules of Civil Procedure to include only Nexo Capital, Inc.

14.    "Nexo Group" refers to the Nexo Group described on Nexo.com, e.g., that the "Nexo Group has legal entities in various locations throughout the world to efficiently service 150+ jurisdictions, as described here: https://support.nexo.com/article/where-is-nexo-registered-and-is-it-centralised, and here https://nexo.com/ae/security.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**Objections:** Nexo objects to this definition as overbroad, vague, and improper. The definition improperly assumes that all listed entities and individuals may be treated interchangeably as a single "Nexo Group," a characterization that Nexo disputes and does not concede. The definition sweeps together numerous non-parties without any demonstrated relevance to Plaintiff's individual claims. Nexo further objects to this definition to the extent it is used to expand discovery beyond Defendant Nexo Capital, Inc. or to impose discovery obligations based solely on Plaintiff's unproven allegations in the SAC. Nexo construes this definition consistent with the Federal Rules of Civil Procedure to include only Nexo Capital, Inc. and only non-privileged documents within its possession, custody, or control that are relevant and proportional to the claims and defenses in this action.

15.     "NEXO" refers to the blockchain tokens sold by Nexo, including the tokens with Ethereum contract address: 0xb62132e35a6c13ee1ee0f84dc5d40bad8d815206.

**Objection:** No objection.

16.     "Person" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative.

**Objection:** No objection.

17.     "Plaintiff" means Plaintiff John Cress.

**Objection:** No objection.

18.     "Referring" or "relating to" or "concerning" mean all documents that comprise, explicitly or implicitly refer to, were reviewed in conjunction with or were created, generated or maintained as a result of the subject matter of the request, including, without limitation, all documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

7

**Objection:** Nexo objects to this definition as overbroad, vague, and unduly burdensome. Nexo has no way of knowing whether a document "implicitly" refers to a Request. Further, it is overburdensome for Nexo to have to search for all documents that were reviewed in conjunction with a particular request, "including without limitation" all documents that even reflect or "consider" the subject matter of the Request. It would be impossible for Nexo to discern what documents are contemplated under this definition.

19.    The "Relevant Period" is the period of January 1, 2017 through the present.

**Objection:** No objection.

20.    "SEC" means the United States Securities and Exchange Commission.

**Objection:** No objection.

21.    The "US Lending Period" is the period from July 26, 2018 through November 22, 2022.

**Objection:** No objection.

22.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Objection:** Nexo objects to this definition as overbroad and improper to the extent it seeks to expand the scope of discovery beyond what is reasonably interpreted from the plain language of each request and beyond the limits imposed by Federal Rule of Civil Procedure 26(b)(1) and 36(a)(1). Nexo does not agree that the use of the connectives "and" or "or" permits unilateral enlargement of discovery requests to capture materials otherwise outside the reasonable scope of the request. Nexo construes these terms according to their ordinary meaning and consistent with principles of relevance, proportionality, and reasonable particularity under the Federal Rules of Civil Procedure.

23.    The use of the singular form of any word includes the plural and vice versa, and the masculine, feminine or neuter form of any words includes each of the other genders.

**Objection:** No objection.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

24.    The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

**Objection**: Nexo objects to this definition to the extent it is used to expand the scope of any discovery request beyond its plain and reasonable meaning or to impose discovery obligations untethered to relevance and proportionality under Federal Rule of Civil Procedure 26(b)(1) and 36(a)(1). Nexo construes verbs according to their ordinary usage in context and does not agree that this rule of construction permits unilateral enlargement of discovery requests beyond what is reasonably contemplated by their language.

## INSTRUCTIONS AND OBJECTIONS

1.    Each individual discovery request set forth herein shall be construed independently and not with reference to any other request for purposes of limitation unless the request so specifies.

**Objections:** No objection.

2.    If You object to responding to a request on the basis of a claimed privilege, then with respect to each such request:

a.  State with specificity the reason or reasons for your objection and/or the nature of any privilege asserted;

b.  State the name and address of each person having knowledge of the factual basis, if any, upon which the privilege or other objection is asserted; and

c.  Identify any document, communication, or other item to which you claim supports your assertion of privilege, with sufficient specificity to permit a determination of the propriety of such claim.

d.  Answer the request to the extent it calls for information with respect to which you do not claim a privilege.

**Objections:** No objection.

3.    These requests are continuing in nature and require prompt supplementation of Your responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

9

**Objections:** No objection.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**OBJECTIONS AND AMENDED RESPONSES
TO FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 342**:  Admit that Nexo entered into a Consent Order with the Commissioner on or about January 14, 2026.

   **Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 343**:  Admit that Antoni Trenchev signed the Consent Order on behalf of Nexo.

   **Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 344**:  Admit that Antoni Trenchev was the Managing Director of Nexo at all times from [sic] during the US Lending Period.

   **Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

11

**REQUEST NO. 345:**  Admit that Antoni Trenchev possessed authority to bind Nexo to the Consent Order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 346:**  Admit that Nexo Capital Inc. is a Cayman Islands corporation formed in 2018.

**Response:**  Admitted.

**REQUEST NO. 347:**  Admit that Nexo owns and operates the website nexo.com.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 348:**  Admit that Nexo owns and operates a mobile application through which it offers financial services.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

12

**REQUEST NO. 349:** Admit that Nexo Capital Inc. did not hold a license under the California Financing Law at any time during the US Lending Period.

**Response:** Admitted.

**REQUEST NO. 350:** Admit that Nexo has never held a license under the California Financing Law.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 351:** Admit that a license under the California Financing Law is required to engage in the business of a finance lender in California.

**Response:** Nexo objects to this request as it calls for a legal conclusion, and it is vague and ambiguous as to what type of "business" the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to the business of offering cryptocurrency credit lines.

**REQUEST NO. 352:** Admit that Nexo engaged in the business of a finance lender under CFL section 22100 in California during the US Lending Period.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as it calls for a legal conclusion, and it is vague and ambiguous as to what type of "business" the RFA is referring to. Subject to and without waiving the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

13

foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 353:**  Admit that Nexo contracted for loans with California residents during the US Lending Period.

   **Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as it calls for a legal conclusion, and it is vague and ambiguous as to the term "contracted for loans." Nexo objects to this request as compound because it refers to multiple "loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. offered cryptocurrency credit lines to California residents during the US Lending Period, but denied that those cryptocurrency credit lines were "loans" within the meaning of the CFL.

**REQUEST NO. 354:**  Admit that Nexo originated loans to California residents during the US Lending Period.

   **Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as it calls for a legal conclusion, and it is vague and ambiguous as to the term "originated loans." Nexo objects to this request as compound because it refers to multiple "loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. originated cryptocurrency credit lines to California residents during the US Lending Period, but denied that those cryptocurrency credit lines were "loans" within the meaning of the CFL.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

14

**REQUEST NO. 355:**  Admit that Nexo contracted for loans with at least 5,000 California residents during the US Lending Period.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as it calls for a legal conclusion, and it is vague and ambiguous as to the term "contracted for loans." Nexo objects to this request as compound because it refers to multiple "loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. issued cryptocurrency credit lines to at least 5,000 California residents during the US Lending Period, but denied that those cryptocurrency credit lines were "loans" within the meaning of the CFL.

**REQUEST NO. 356:**  Admit that Nexo was aware of the California Financing Law (CFL) before extending credit to California residents.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the term "aware." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. was aware of the CFL before extending cryptocurrency credit lines to California residents, but denied that those cryptocurrency credit lines were "loans" within the meaning of the CFL.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 357:**  Admit that Nexo consulted with legal counsel regarding California lending regulations before extending credit to California residents.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as seeking information protected by the attorney-client privilege. Based on these objections, Nexo is unable to respond to the RFA as written.

**REQUEST NO. 358:**  Admit that Nexo offered Crypto Credit Lines to California residents without first obtaining a CFL license.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as it calls for a legal conclusion. Nexo objects to this request as compound because it refers to multiple "Crypto Credit Lines" allegedly offered. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. offered cryptocurrency credit lines to California residents without first obtaining a CFL license, but denied that those cryptocurrency credit lines were "loans" within the meaning of the CFL.

**REQUEST NO. 359:**  Admit that Nexo did not have specific underwriting policies in place for consumer loans to California residents during the US Lending Period.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "specific underwriting policies" and "consumer loans." Nexo objects to this request as compound because it refers to multiple "consumer loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

16

Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 360:** Admit that Nexo did not evaluate borrowers' credit history before originating loans during the US Lending Period.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "borrowers' credit history" and "originating loans." Nexo objects to this request as compound because it refers to multiple "loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 361:** Admit that Nexo did not evaluate borrowers' debt before originating loans during the US Lending Period.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "evaluate borrowers' debt" and "originating loans." Nexo objects to this request as compound because it refers to multiple "loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

17

**REQUEST NO. 362:**  Admit that Nexo did not evaluate borrowers' income before originating loans during the US Lending Period.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "evaluate borrowers' income" and "originating loans." Nexo objects to this request as compound because it refers to multiple "loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 363:**  Admit that Nexo did not evaluate borrowers' expenses before originating loans during the US Lending Period.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "evaluate borrowers' expenses" and "originating loans." Nexo objects to this request as compound because it refers to multiple "loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 364:**  Admit that Nexo did not calculate borrowers' debt-to-income ratios before originating loans during the US Lending Period.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "calculate borrowers' debt-to-income ratios" and "originating loans." Nexo objects to this request as compound because

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

it refers to multiple "loans" during a lengthy time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 365:**  Admit that Nexo did not assess borrowers' ability to repay loans in the time and manner provided in the loan agreements.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "assess borrowers' ability to repay loans" and "in the time and manner provided in the loan agreements." Nexo objects to this request as compound because it refers to multiple "loan agreements." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 366:**  Admit that Nexo required borrowers to overcollateralize their loans instead of assessing their ability to repay.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "overcollateralize their loans" and "assessing their ability to repay." Nexo objects to this request as compound because it refers to multiple "loans." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 367:**  Admit that prior to Plaintiff taking out his loans with Nexo, Nexo marketed the absence of credit checks as a benefit of its Crypto Credit Lines.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "loans" and "Crypto Credit Lines," and whether they are intended to mean the same thing. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 368:**  Admit that Nexo stated on its website in 2021 that "there are no credit checks" for its Crypto Credit Lines.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to which "website" URL the RFA refers to, and which advertisement or statement the RFA refers to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 369:**  Admit that overcollateralization is not a substitute for evaluating a borrower's ability to repay a loan.

**Response:**    Nexo objects to this request as vague and ambiguous, calling for a legal conclusion, and an incomplete hypothetical. Nexo objects to this request as vague and ambiguous as to the term "overcollateralization." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 370:**   Admit that under Nexo's loan agreements, Nexo acquired ownership of borrowers' collateral while loans were outstanding.

**Response**:     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "loan agreements." To the extent the RFA is referring to a document, Nexo objects that the RFA is vague and ambiguous because it does not identify the document or the language at issue. Nexo objects that the RFA is vague and ambiguous as to time period, the type of loan agreement, and the jurisdiction at issue. Nexo objects to this request as vague and ambiguous, calling for a legal conclusion, and incomplete hypothetical. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the Nexo Crypto Credit General Terms and Conditions in effect at the time of Plaintiff's purchases and liquidations stated: "Unless prohibited by any Applicable Law, by virtue of this Agreement Nexo acquires the ownership of the Collateral while the Nexo Crypto Credit is outstanding." CRESS-00000723.

**REQUEST NO. 371:**   Admit that under Nexo's loan agreements, Nexo could dispose of borrowers' collateral at its sole discretion without further consent from borrowers.

**Response**:     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this as vague and ambiguous as to the term "loan agreements." To the extent the RFA is referring to a document, Nexo objects that the RFA is vague and ambiguous because it does not identify the document or the language at issue. Nexo objects that the RFA is vague and ambiguous as to time period, the type of loan agreement, and the jurisdiction at issue. Nexo objects to this request as vague and ambiguous, calling for a legal conclusion, and incomplete hypothetical. Subject to and without waiving the foregoing objections, including the specific

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

21

limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it had the contractual right to liquidate a customer's collateral if the loan-to-value ratio was breached.

**REQUEST NO. 372:**  Admit that Nexo could automatically liquidate borrowers' collateral when the loan-to-value ratio reached or exceeded 83.33%.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 373:**  Admit that Nexo charged a liquidation fee of 5% on forced liquidations.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the type of liquidation, the circumstances of the liquidation, and the time period of the liquidation. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 374:**  Admit that liquidation fees represented a significant source of revenue to Nexo during 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the term "significant source of revenue." Subject to and without waiving the foregoing objections, including the specific

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that NEXO-0345212 contains the following sentence: "A liquidation fee of 5.0% is applied in such cases and these fees represent a significant source of revenue to Nexo."

**REQUEST NO. 375:**   Admit that market price movements in cryptocurrency could trigger automatic liquidation of borrowers' collateral through no fault of the borrower.

**Response:**   Nexo objects to this request as vague and ambiguous, calling for a legal conclusion, and an incomplete hypothetical. Nexo objects to the request as vague and ambiguous as to the term "through no fault of the borrower." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 376:**  Admit that Nexo profited from the liquidation of borrowers' collateral.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the type of liquidation, the circumstances of the liquidation, and the time period of the liquidation. Nexo objects to this request as compound because it refers to multiple borrowers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. charged a fee on the liquidation of borrowers' collateral.

**REQUEST NO. 377:**  Admit that Nexo profited from the liquidation of Plaintiff's collateral.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the type of liquidation, the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

circumstances of the liquidation, and the time period of the liquidation. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. charged a fee on the liquidation of Plaintiff's collateral.

**REQUEST NO. 378:**  Admit that Plaintiff John Cress provided a California address to Nexo when opening his Nexo account.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 379:**  Admit that Nexo's records reflect that Plaintiff's address was located in California.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 380:**  Admit that Nexo did not independently verify Plaintiff's state of residence before extending credit to him.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

24

limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 381:**  Admit that Nexo collected IP address data from Plaintiff that was consistent with a California location.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "collected IP address data" and "consistent with a California location."   Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny this Request.

**REQUEST NO. 382:**  Admit that Plaintiff was a California resident in 2021.

**Response:**    Nexo objects to the extent this request calls for a legal conclusion regarding residency. Because this information regarding his residency is exclusively in the possession of Plaintiff, Nexo lacks knowledge or information sufficient to allow it to admit or deny. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 383:**  Admit that Plaintiff was a California resident in 2022.

**Response:**    Nexo objects to the extent this request calls for a legal conclusion regarding residency. Because this information regarding his residency is exclusively in the possession of Plaintiff, Nexo lacks knowledge or information sufficient to allow it to admit or deny. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 384:** Admit that Nexo's records reflect that Plaintiff was not a resident of Iceland.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to which "records" the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that Plaintiff was not a resident of Iceland.

**REQUEST NO. 385:** Admit that Nexo's records reflect that Plaintiff was a resident of Iceland.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to which "records" the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that Plaintiff was not a resident of Iceland.

**REQUEST NO. 386:** Admit that Plaintiff was among the California residents with whom Nexo contracted for loans during the US Lending Period.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the term "contracted for loans." Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. extended cryptocurrency credit lines to Plaintiff during the US Lending Period.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 387:**  Admit that Nexo disclosed Plaintiff as a California resident to the DFPI.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the term "disclosed Plaintiff as a California resident." Nexo objects to the request as vague and ambiguous as to which document Plaintiff is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny this Request.

**REQUEST NO. 388:**  Admit that Nexo extended credit to Plaintiff through Nexo's Crypto Credit Line.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. extended cryptocurrency credit lines to Plaintiff.

**REQUEST NO. 389:**  Admit that Nexo contracted for one or more loans with Plaintiff in 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "contracted for one or more loans." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. extended cryptocurrency credit lines to Plaintiff in 2021.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 390:** Admit that Nexo extended credit to Plaintiff in an aggregate amount exceeding $2 million.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. extended cryptocurrency credit lines to Plaintiff in an aggregate amount exceeding $2 million.

**REQUEST NO. 391:** Admit that Nexo extended credit to Plaintiff in an aggregate amount exceeding $5 million.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. extended cryptocurrency credit lines to Plaintiff in an aggregate amount exceeding $5 million.

**REQUEST NO. 392:** Admit that Nexo extended credit to Plaintiff in an aggregate amount exceeding $10 million.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. extended cryptocurrency credit lines to Plaintiff in an aggregate amount exceeding $10 million.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 393:** Admit that Nexo's maximum loan amount policy for Crypto Credit Lines during 2021 was $2 million.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "maximum loan amount policy." Nexo objects to the request as vague and ambiguous because it does not identify the document to which it refers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 394:** Admit that Nexo made an exception to its $2 million maximum loan amount policy for Plaintiff.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "maximum loan amount policy." Nexo objects to the request as vague and ambiguous because it does not identify the document to which it refers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 395:** Admit that Nexo did not assess Plaintiff's ability to repay before extending credit to him.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "ability to repay."

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

29

Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 396:** Admit that Nexo did not request or obtain Plaintiff's income information before extending credit to him.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "income information." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 397:** Admit that Nexo did not request or obtain information about Plaintiff's existing debts before extending credit to him.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "existing debts." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 398:** Admit that Nexo did not calculate Plaintiff's debt-to-income ratio before extending credit to him.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "debt-to-income

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

30

ratio." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 399:** Admit that Nexo did not perform a credit check on Plaintiff before extending credit to him.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "credit check." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 400:** Admit that Nexo's loans to Plaintiff violated the CFL.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "loans." Nexo objects to the request as compound in referring to multiple loans. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 401:** Admit that Nexo's loans to Plaintiff violated the CCFPL.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "loans." Nexo objects to the request as compound in referring to multiple loans. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

31

the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 402:**  Admit that Nexo liquidated cryptocurrency collateral belonging to Plaintiff.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 403:**  Admit that Nexo liquidated Plaintiff's collateral through an automated process.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the liquidation through Nexo's oracle was an automated process.

**REQUEST NO. 404:**  Admit that Nexo did not provide Plaintiff advance written notice before liquidating his collateral.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 405:**  Admit that Nexo charged Plaintiff a liquidation fee in connection with the liquidation of his collateral.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple transactions. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 406:**  Admit that Nexo charged Plaintiff a liquidation fee of 5% on forced liquidations of his collateral.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple transactions. Nexo objects to this request as vague and ambiguous as referring to multiple transactions at different times. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 407:**  Admit that Nexo charged Plaintiff a fee of 0.75% on manual liquidations.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple transactions. Nexo objects to this request as vague and ambiguous as referring to multiple transactions at different times. Nexo objects to this request as vague and ambiguous as to the term "manual liquidations." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

33

**REQUEST NO. 408:** Admit that Nexo charged a liquidation fee between 2.08% and 4.39% on Nexo's forced liquidations of Plaintiff's BTC.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple transactions. Nexo objects to this request as vague and ambiguous as referring to multiple transactions at different times. Nexo objects to the request as vague and ambiguous as to the terms "liquidation fee" and "forced liquidations." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 409:** Admit that Nexo charged a repayment fee between 1% to 1.26% on Nexo's forced liquidations of Plaintiff's BTC.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple transactions. Nexo objects to this request as vague and ambiguous as referring to multiple transactions at different times. Nexo objects to the request as vague and ambiguous as to the terms "repayment fee" and "forced liquidations." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 410:** Admit that Nexo charged a liquidation fee between 0.49% and 0.5% on Plaintiff's manual liquidations of ETH and BTC.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

unintelligible. Nexo objects to the request as compound in referring to multiple transactions. Nexo objects to this request as vague and ambiguous as referring to multiple transactions at different times. Nexo objects to the request as vague and ambiguous as to the terms "liquidation fee" and "manual liquidations." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 411:**  Admit that Nexo charged a repayment fee of 0.26% on Plaintiff's manual liquidations of ETH and BTC.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple transactions. Nexo objects to this request as vague and ambiguous as referring to multiple transactions at different times. Nexo objects to the request as vague and ambiguous as to the terms "repayment fee" and "manual liquidations." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 412:**  Admit that Nexo charged a repayment fee of 1% on Nexo's forced liquidations of Plaintiff's USDC and USDT.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple transactions. Nexo objects to this request as vague and ambiguous as referring to multiple transactions at different times. Nexo objects to the request as vague and ambiguous as to the terms "repayment fee" and "forced liquidations." Subject to and without waiving the foregoing objections, including the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 413:** Admit that Nexo took fees on each of Plaintiff's OTC transactions with Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple OTC transactions. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 414:** Admit that Nexo profited from each of Plaintiff's OTC transactions with Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "profited." Nexo objects to the request as compound in referring to multiple OTC transactions. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it charged fees on each of Plaintiff's OTC transactions.

**REQUEST NO. 415:** Admit that each of Nexo's June 2021 forced liquidations of Plaintiff's BTC was for 12.006 BTC.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple liquidations. Nexo objects to the request as vague and ambiguous as to the term "forced liquidations." Subject to and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 416:**  Admit that the liquidation of Plaintiff's collateral was triggered by a decline in the market value of the collateral, rather than by Plaintiff's failure to make a required payment.

    **Response:**    Denied.

**REQUEST NO. 417:**  Admit that Plaintiff requested that Nexo delay, halt, or reverse the liquidation of his collateral.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous, and compound, as to the terms "delay, halt, or reverse." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 418:**  Admit that Nexo denied Plaintiff's request to delay, halt, or reverse the liquidation of his collateral.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous, and compound, as to the terms "delay, halt, or reverse." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 419:**  Admit that Nexo retained proceeds from the sale of Plaintiff's collateral.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "retained the proceeds." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 420:**  Admit that Nexo applied the terms permitting automatic liquidation to Plaintiff without Plaintiff separately signing those terms.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous for failing to identify the "terms" at issue, and as to the language "signing those terms." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 421:**  Admit that Nexo Financial LLC holds CFL License No. 60DBO-109416.

**Response:**    Admitted.

**REQUEST NO. 422:**  Admit that Nexo Financial LLC is a separate legal entity from Nexo Capital Inc.

**Response:**    Admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

38

**REQUEST NO. 423:**  Admit that Plaintiff did not enter into any agreement with Nexo Financial LLC.

   **Response:**    Nexo objects to this request as seeking admissions regarding a non-party to this litigation. Nexo objects to this request as vague and ambiguous as to the term "any agreement." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 424:**  Admit that Nexo did not disclose the existence of Nexo Financial LLC to Plaintiff during the US Lending Period.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible.  Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 425:**  Admit that Nexo Financial LLC was not a party to any loan agreement between Nexo and Plaintiff.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as seeking admissions regarding a non-party to this litigation. Nexo objects to this request as vague and ambiguous as to the term "loan agreement." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

39

**REQUEST NO. 426:**  Admit that Nexo did not disclose to Plaintiff that Nexo lacked a California lending license.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible.  Nexo objects to this request because it assumes the fact that Nexo Capital Inc. needed a "California lending license" to offer cryptocurrency credit lines to Plaintiff. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it made no representation to Plaintiff regarding whether Nexo Capital Inc. held a California lending license.

**REQUEST NO. 427:**  Admit that Nexo did not disclose to Plaintiff that Nexo's Crypto Credit Lines to California residents may violate California law.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 428:**  Admit that Nexo did not disclose to Plaintiff the exact LTVs under which Nexo automatically liquidated his collateral.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "disclose to Plaintiff the exact LTVs." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 429:**  Admit that Nexo did not disclose to Plaintiff that Nexo would profit from liquidating his collateral through liquidation fees.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as it assumes facts (that Nexo would "profit"), and is vague and ambiguous regarding the terms "profit" and "liquidation fees." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 430:**  Admit that Nexo did not disclose to Plaintiff that it had not assessed his ability to repay.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the term "ability to repay." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 431:**  Admit that Nexo received inquiries or communications from the DFPI before November 22, 2022.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous, and compound, as to the terms "inquiries or communications." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

41

**REQUEST NO. 432:**  Admit that Nexo continued to offer Crypto Credit Lines to California residents after receiving inquiries from the DFPI.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous, and compound, as to the term "inquiries." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 433:**  Admit that Nexo communicated with the DFPI regarding Plaintiff.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "regarding Plaintiff." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny this Request.

**REQUEST NO. 434:**  Admit that Nexo communicated with the DFPI about this litigation, Case No. 3:23-cv-00882-TSH.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what communication Plaintiff is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny this Request.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

42

**REQUEST NO. 435:**  Admit that Nexo sent a spreadsheet to the DFPI in 2022 disclosing California users' accounts.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to which "users' accounts" and which "spreadsheet" the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny this Request.

**REQUEST NO. 436:**  Admit that Nexo communicated with the U.S. Securities and Exchange Commission regarding its Crypto Credit Lines.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "regarding its Crypto Credit Lines."  Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 437:**  Admit that in a September 20, 2021 letter to the SEC (NEXO-0226070), Nexo represented that liquidation fees "represent a significant source of revenue to Nexo."

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

43

that the letter states: "A liquidation fee of 5.0% is applied in such cases and these fees represent a significant source of revenue to Nexo."

**REQUEST NO. 438:**  Admit that in a September 20, 2021 letter to the SEC (NEXO-0226070), Nexo represented that "[t]he maximum loan amount is $2 million."

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the letter states: "The maximum loan amount is $2,000,000."

**REQUEST NO. 439:**  Admit that Nexo did not disclose to the DFPI that it had extended credit to Plaintiff in excess of $2 million.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible.  Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny this Request.

**REQUEST NO. 440:**    Admit that Plaintiff lost cryptocurrency assets as a result of Nexo's liquidation of his collateral.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as the term "lost" is vague and ambiguous. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

44

Definitions and Objections to Instructions, Nexo Capital Inc. admits that Plaintiff's cryptocurrency assets were liquidated to repay his cryptocurrency credit lines.

**REQUEST NO. 441:** Admit that the fair market value of Plaintiff's liquidated collateral at the time of liquidation exceeded his outstanding loan balance.

**Response:** Nexo objects to this request as vague and ambiguous as the terms "fair market value" and "at the time of liquidation" and "outstanding loan balance." Nexo objects to this request as compound in referring to multiple liquidations over time. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 442:** Admit that the fair market value of Plaintiff's credit line collateral always exceeded his outstanding loan balance.

**Response:** Nexo objects to this request as vague and ambiguous as to the terms "fair market value" and "outstanding loan balance." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 443:** Admit that Nexo charged Plaintiff interest on his Crypto Credit Line.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

45

**REQUEST NO. 444:**  Admit that Nexo charged Plaintiff fees in connection with his Crypto Credit Line, in addition to interest.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 445:**  Admit that Nexo earned revenue from its relationship with Plaintiff.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "earned revenue from its relationship." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc.

**REQUEST NO. 446:**  Admit that Plaintiff threatened litigation against Nexo in 2021.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "threatened litigation." Nexo objects to the request as vague and ambiguous because it fails to identify the document to which it refers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that Plaintiff sent a demand letter to Nexo on October 26, 2021.

**REQUEST NO. 447:**  Admit that Plaintiff threatened litigation against Nexo in October 2021.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

46

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "threatened litigation." Nexo objects to the request as vague and ambiguous because it fails to identify the document to which it refers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that Plaintiff sent a demand letter to Nexo on October 26, 2021.

**REQUEST NO. 448:**  Admit that Nexo agreed to pay a penalty of $500,000 to the DFPI under the Consent Order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible.  Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it paid $500,000 to DFPI, which the Consent Order characterized as a "penalty," but the Consent Order also stated "Nexo Capital neither admits or denies" the allegations in the Consent Order.

**REQUEST NO. 449:**  Admit that Nexo agreed to desist and refrain from violating the CFL under the Consent Order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous in failing to identify the language of the Consent Order that the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the Consent Order stated "Nexo Capital is hereby ordered

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

47

to desist and refrain" from violating the CFL and related regulations, but the Consent Order also stated "Nexo Capital neither admits or denies" the allegations in the Consent Order.

**REQUEST NO. 450:**  Admit that Nexo agreed to desist and refrain from violating the CCFPL under the Consent Order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous in failing to identify the language of the Consent Order that the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the Consent Order stated "Nexo Capital is hereby ordered to desist and refrain" from violating the CCFPL, but the Consent Order also stated "Nexo Capital neither admits or denies" the allegations in the Consent Order.

**REQUEST NO. 451:**  Admit that Nexo waived its right to a hearing on the matters addressed in the Consent Order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous in failing to identify the language of the Consent Order that the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the Consent Order contained a waiver of hearing rights in paragraph 9 of the Consent Order, but the Consent Order also stated "Nexo Capital neither admits or denies" the allegations in the Consent Order.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 452:**  Admit that the Consent Order provides that the transfer of consumer funds shall not be conditioned on consumers waiving any right.

**Response:**    Nexo objects to the request as vague and ambiguous in failing to identify the language of the Consent Order that the RFA is referring to. Nexo objects to the request as calling for a legal conclusion.  Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the Consent Order contained a no waiver by consumer provision in paragraph 6 of the Consent Order, but the Consent Order also stated "Nexo Capital neither admits or denies" the allegations in the Consent Order.

**REQUEST NO. 453:**  Admit that all information supplied by Nexo to the DFPI in connection with the Consent Order investigation is true.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "all information." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the information it provided to DFPI was true to the best of Nexo Capital Inc.'s knowledge, information and belief.

**REQUEST NO. 454:**  Admit that Credissimo EAD is an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**REQUEST NO. 455:**  Admit that NDS EOOD is an affiliate of Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

49

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 456:**  Admit that Nexo Services, LLC is an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 457:**  Admit that Nexo Inc. is an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 458:**  Admit that Nexo Financial LLC is an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 459:**  Admit that Nexo Services UAB is an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 460:**  Admit that Nexo Global Investments LLC is an affiliate of Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

50

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 461:**  Admit that Nexo MENA Holding Ltd. is an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 462:**  Admit that Nexo Services S.r.l. is an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 463:**  Admit that Nexo Payments Limited an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate."  Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 464:**  Admit that Nexo Clearing and Custody Ltd. is an affiliate of Nexo Capital Inc.

**Response:**    Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 465:** Admit that AFS Holding Ltd. is an affiliate of Nexo Capital Inc.

**Response:** Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 466:** Admit that AFS Advance Financial Solutions Ltd. is an affiliate of Nexo Capital Inc.

**Response:** Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 467:** Admit that Nexo Markets Ltd. is an affiliate of Nexo Capital Inc.

**Response:** Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 468:** Admit that Nexo Bank Inc. is an affiliate of Nexo Capital Inc.

**Response:** Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 469:** Admit that NPEM Ltd. is an affiliate of Nexo Capital Inc.

**Response:** Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 470:**  Admit that Nexo AG is an affiliate of Nexo Capital Inc.

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 471:**  Admit that MIRASTAR EOOD is an affiliate of Nexo Capital Inc.

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 472:**  Admit that Nexo Financial Services LTD is an affiliate of Nexo Capital Inc.

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 473:**  Admit that Nexo Trading Inc. is an affiliate of Nexo Capital Inc.

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 474:**  Admit that Nexo Financial Services Inc. is an affiliate of Nexo Capital Inc.

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 475:**  Admit that Nexo Services Ltd. is an affiliate of Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

53

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 476:**  Admit that Nexo Payments, Inc. is an affiliate of Nexo Capital Inc.

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 477:**  Admit that Antoni Trenchev is an affiliate of Nexo Capital Inc.

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**REQUEST NO. 478:**  Admit that Kosta Kantchev is an affiliate of Nexo Capital Inc.

**Response:**     Nexo objects to the request as vague and ambiguous as to the undefined term "affiliate." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**REQUEST NO. 479:**  Admit that Nexo Capital Inc. is part of the Nexo Group.

**Response:**     Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

54

**REQUEST NO. 480:**  Admit that Credissimo EAD is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group."  Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**REQUEST NO. 481:**  Admit that NDS EOOD is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 482:**  Admit that Nexo Services, LLC is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 483:**  Admit that Nexo Inc. is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 484:**  Admit that Nexo Financial LLC is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 485:**  Admit that Nexo Services UAB is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 486:**  Admit that Nexo Global Investments LLC is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 487:**  Admit that Nexo MENA Holding Ltd. is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 488:**  Admit that Nexo Services S.r.l. is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 489:**  Admit that Nexo Payments Limited part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 490:**  Admit that Nexo Clearing and Custody Ltd. is part of the Nexo Group.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**Response:**     Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 491:**  Admit that AFS Holding Ltd. is part of the Nexo Group.

**Response:**     Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 492:**  Admit that AFS Advance Financial Solutions Ltd. is part of the Nexo Group.

**Response:**     Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 493:**  Admit that Nexo Markets Ltd. is part of the Nexo Group.

**Response:**     Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 494:**  Admit that Nexo Bank Inc. is part of the Nexo Group.

**Response:**     Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

57

**REQUEST NO. 495:**  Admit that NPEM Ltd. is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 496:**  Admit that Nexo AG is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 497:**  Admit that MIRASTAR EOOD is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 498:**  Admit that Nexo Financial Services LTD is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 499:**  Admit that Nexo Trading Inc. is part of the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 500:**  Admit that Nexo Financial Services Inc. is part of the Nexo Group.

 **Response:** Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 501:**  Admit that Nexo Nexo Services Ltd. is part of the Nexo Group.

 **Response:** Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 502:**  Admit that Nexo Payments, Inc. is part of the Nexo Group.

 **Response:** Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 503:**  Admit that Antoni Trenchev is part of the Nexo Group.

 **Response:** Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**REQUEST NO. 504:**  Admit that Kosta Kantchev is part of the Nexo Group.

 **Response:** Nexo objects to the request as vague and ambiguous as to the terms "part of" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 505:**  Admit that Kosta Kantchev manages the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "manages" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 506:**  Admit that Kosta Kantchev controls the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "controls" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**REQUEST NO. 507:**  Admit that Antoni Trenchev manages the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "manages" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 508:**  Admit that Antoni Trenchev controls the Nexo Group.

**Response:**    Nexo objects to the request as vague and ambiguous as to the terms "controls" and "Nexo Group." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**REQUEST NO. 509:**  Admit that Nexo Capital Inc. shared common management, officers, or directors with Credissimo EAD during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 510:**  Admit that Nexo Capital Inc. shared common management, officers, or directors with NDS EOOD during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 511:**  Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Services, LLC during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 512:**  Admit that Nexo Capital Inc. shared common management, officers, or directors to the present with Nexo Inc. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

61

**REQUEST NO. 513:**  Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Financial LLC during the period from 2019 to the present.

> **Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 514:**  Admit that Nexo Capital Inc. shared common management, officers, or directors Nexo Services UAB during the period from 2019 to the present.

> **Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 515:**  Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Global Investments LLC during the period from 2019 to the present.

> **Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 516:**  Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo MENA Holding Ltd. during the period from 2019 to the present.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**Response:** Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 517:** Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Services S.r.l. during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 518:** Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Payments Limited during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 519:** Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Clearing and Custody Ltd. during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 520:**   Admit that Nexo Capital Inc. shared common management, officers, or directors with AFS Advance Financial Solutions Ltd. during the period from 2019 to the present.

**Response:**   Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 521:**   Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Markets Ltd. during the period from 2019 to the present.

**Response:**   Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 522:**   Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Bank Inc. during the period from 2019 to the present.

**Response:**   Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 523:**   Admit that Nexo Capital Inc. shared common management, officers, or directors with NPEM Ltd. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 524:**   Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo AG during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 525:**   Admit that Nexo Capital Inc. shared common management, officers, or directors with MIRASTAR EOOD during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 526:** Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Financial Services LTD. during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 527:** Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Trading Inc. during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 528:** Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Financial Services Inc. during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

66

**REQUEST NO. 529:**   Admit that Nexo Capital Inc. shared common management, officers, or directors during the period from 2019 to the present with Nexo Services Ltd.

**Response:**   Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 530:**   Admit that Nexo Capital Inc. shared common management, officers, or directors with Nexo Payments, Inc. during the period from 2019 to the present.

**Response:**   Nexo objects to this request as vague and ambiguous as to the term "common management." Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to this request as compound regarding "shared common management, officers, or directors." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 531:**   Admit that Nexo Capital Inc. shared common ownership with Credissimo EAD during the period from 2019 to the present.

**Response:**   Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

67

**REQUEST NO. 532:**  Admit that Nexo Capital Inc. shared common ownership with NDS EOOD during the period from 2019 to the present.

**Response:**     Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 533:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Services, LLC during the period from 2019 to the present.

**Response:**     Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 534:**  Admit that Nexo Capital Inc. shared common ownership to the present with Nexo Inc. during the period from 2019 to the present.

**Response:**     Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 535:** Admit that Nexo Capital Inc. shared common ownership with Nexo Financial LLC during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 536:** Admit that Nexo Capital Inc. shared common ownership Nexo Services UAB during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 537:** Admit that Nexo Capital Inc. shared common ownership with Nexo Global Investments LLC during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

69

**REQUEST NO. 538:**  Admit that Nexo Capital Inc. shared common ownership with Nexo MENA Holding Ltd. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 539:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Services S.r.l. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 540:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Payments Limited during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

70

**REQUEST NO. 541:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Clearing and Custody Ltd. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 542:**  Admit that Nexo Capital Inc. shared common ownership with AFS Advance Financial Solutions Ltd. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 543:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Markets Ltd. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 544:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Bank Inc. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

71

to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 545:**  Admit that Nexo Capital Inc. shared common ownership with NPEM Ltd. during the period from 2019 to the present.

    **Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 546:**  Admit that Nexo Capital Inc. shared common ownership with Nexo AG during the period from 2019 to the present.

    **Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 547:**  Admit that Nexo Capital Inc. shared common ownership with MIRASTAR EOOD during the period from 2019 to the present.

    **Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 548:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Financial Services LTD. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 549:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Trading Inc. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 550:**  Admit that Nexo Capital Inc. shared common ownership with Nexo Financial Services Inc. during the period from 2019 to the present.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 551:**  Admit that Nexo Capital Inc. shared common ownership during the period from 2019 to the present with Nexo Services Ltd.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

73

to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 552:** Admit that Nexo Capital Inc. shared common ownership with Nexo Payments, Inc. during the period from 2019 to the present.

**Response:** Nexo objects to this request as vague and ambiguous as to the term "shared common ownership." Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted.

**REQUEST NO. 553:** Admit that Nexo used the United States mail or interstate wire facilities to send trade confirmations to Plaintiff.

**Response:** Nexo objects to this request because it calls for a legal conclusion. Nexo objects to the request as compound because it refers to "mail or interstate wire facilities." Nexo objects to the request as vague and ambiguous as to the term "trade confirmations." Nexo objects to the request as vague and ambiguous because it does not identify the documents that the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. sent emails to Plaintiff regarding his OTC transactions.

**REQUEST NO. 554:** Admit that Nexo used the United States mail or interstate wire facilities to send trade confirmations to customers other than Plaintiff.

**Response:** Nexo objects to this request because it calls for a legal conclusion. Nexo objects to the request as compound because it refers to "mail or interstate wire facilities." Nexo objects to the request as vague and ambiguous as to the term "trade confirmations." Nexo objects to the request as vague and ambiguous because it does not identify the documents that the RFA is referring to.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

74

Nexo objects to the request because it refers to unidentified "customers other than Plaintiff." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted that Nexo Capital Inc. sent emails to customers other than Plaintiff regarding their OTC transactions

**REQUEST NO. 555:** Admit that Nexo took longer than 10 minutes to execute Plaintiff's March 26, 2021 order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "execute" and "March 26, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 556:** Admit that Nexo took longer than 10 minutes to execute Plaintiff's March 30, 2021 order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "execute" and "March 30, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 557:**  Admit that Nexo took longer than 10 minutes to execute Plaintiff's April 14, 2021 order.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "execute" and "April 14, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 558:**  Admit that Nexo took longer than 10 minutes to execute Plaintiff's May 2, 2021 order.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "execute" and "May 2, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 559:**  Admit that Nexo credited Plaintiff with less BTC than Nexo bought for Plaintiff's March 26, 2021order.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "credited" and "March 26, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 560:**  Admit that Nexo charged Plaintiff with a higher NEXO price than Nexo quoted internally for Plaintiff's March 26, 2021 order.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "quoted internally" and "March 26, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 561:**  Admit that Nexo credited Plaintiff with less BTC than Nexo bought for Plaintiff's March 30, 2021 order.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "credited" and "March 30, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 562:**  Admit that Nexo charged Plaintiff with a higher NEXO price than Nexo quoted internally for Plaintiff's March 30, 2021 order.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "quoted internally" and "March 30, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions,

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

denied as to Nexo Capital Inc. only.

**REQUEST NO. 563:**  Admit that Nexo credited Plaintiff with less BTC than Nexo bought for Plaintiff's April 1, 2021 order.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "credited" and "April 1, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 564:**  Admit that Nexo charged Plaintiff with a higher NEXO price than Nexo quoted internally for Plaintiff's April 14 2021 order.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "quoted internally" and "April 14, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 565:**  Admit that Nexo credited Plaintiff with less ETH than Nexo bought for Plaintiff's May 2, 2021order.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "credited" and "May 2, 2021 order." Subject to and without waiving the foregoing objections, including the specific

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 566:**  Admit that Nexo charged Plaintiff with a higher NEXO price than Nexo quoted internally for Plaintiff's May 2, 2021 order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "quoted internally" and "May 2, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 567:**  Admit that Nexo did not disclose the fee for Plaintiff's March 26, 2021 order before executing the order.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "disclose the fee," "before executing the order," and "March 26, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 568:**  Admit that Nexo did not disclose the fee for Plaintiff's March 26, 2021 order between the order's execution and June 23, 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "disclose the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

79

fee," "execution," and "March 26, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 569:** Admit that Nexo did not disclose the fee for Plaintiff's March 30, 2021 order before executing the order.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "disclose the fee," "before executing the order," and "March 30, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 570:** Admit that Nexo did not disclose the fee for Plaintiff's March 30, 2021 order between the order's execution and June 23, 2021.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "disclose the fee," "execution," and "March 30, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 571:** Admit that Nexo did not disclose the fee for Plaintiff's April 14, 2021 order before executing the order.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

80

unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "disclose the fee," "before executing the order," and "April 14, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 572:**  Admit that Nexo did not disclose the fee for Plaintiff's April 14, 2021 order between the order's execution and June 23, 2021.

   **Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "disclose the fee," "execution," and "April 14, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 573:**  Admit that Nexo did not disclose the fee for Plaintiff's May 2, 2021 order before executing the order.

   **Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "disclose the fee," "before executing the order," and "May 2, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

81

**REQUEST NO. 574:** Admit that Nexo did not disclose the fee for Plaintiff's May 2, 2021 order between the order's execution and June 23, 2021.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "disclose the fee," "execution," and "May 2, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 575:** Admit that Nexo did not disclose the fee for Plaintiff's liquidations in May 2021.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous, and compound, as to the terms "disclose the fee" and "Plaintiff's liquidations in May 2021." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 576:** Admit that Nexo did not disclose the fee for Plaintiff's liquidations in June 2021.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous, and compound, as to the term "disclose the fee" and "Plaintiff's liquidations in June 2021." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 577:**  Admit that Nexo knew that taking fees on customer OTC transactions for digital assets to be used as credit line collateral increased the risk of customer liquidations.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 578:**  Admit that Nexo knew that taking fees on customer liquidations increased the risk of future customer liquidations.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 579:**  Admit that one or more trade confirmations sent to Plaintiff did not provide information regarding fees, markups, or profits retained by Nexo.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound as to "one or more trade confirmations" and "fees, markups, or profits." Nexo objects to the request as vague as to the term "trade confirmations." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

83

**REQUEST NO. 580:** Admit that Nexo's trade confirmation for Plaintiff's March 26, 2021 order did not provide information regarding fees retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation" and "March 26, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**REQUEST NO. 581:** Admit that Nexo's trade confirmation for Plaintiff's March 26, 2021 order did not provide information regarding profits retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "March 26, 2021 order," and "profits retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**REQUEST NO. 582:** Admit that Nexo's trade confirmation for Plaintiff's March 26, 2021 order did not provide information regarding commissions retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "March 26, 2021 order," and "commissions retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 583:** Admit that Nexo's trade confirmation for Plaintiff's March 26, 2021 order did not provide information regarding markups retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "March 26, 2021 order," and "markups retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**REQUEST NO. 584:** Admit that Nexo's trade confirmation for Plaintiff's March 30, 2021 order did not provide information regarding fees retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation" and "March 30, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**REQUEST NO. 585:** Admit that Nexo's trade confirmation for Plaintiff's March 30, 2021 order did not provide information regarding profits retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "March 30, 2021 order," and "profits retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 586:** Admit that Nexo's trade confirmation for Plaintiff's March 26, 2021 order did not provide information regarding commissions retained by Nexo.

   **Response:**    Nexo objects to this request as verbatim duplicative of RFA 583 and stands on its objections to RFA 583. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**REQUEST NO. 587:** Admit that Nexo's trade confirmation for Plaintiff's March 30, 2021 order did not provide information regarding markups retained by Nexo.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "March 30, 2021 order," and "markups retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**REQUEST NO. 588:** Admit that Nexo's trade confirmation for Plaintiff's April 14, 2021 order did not provide information regarding fees retained by Nexo.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation" and "April 14, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

86

**REQUEST NO. 589:** Admit that Nexo's trade confirmation for Plaintiff's April 14, 2021 order did not provide information regarding profits retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "April 14, 2021 order," and "profits retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**REQUEST NO. 590:** Admit that Nexo's trade confirmation for Plaintiff's April 14, 2021 order did not provide information regarding commissions retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "April 14, 2021 order," and "commissions retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**REQUEST NO. 591:** Admit that Nexo's trade confirmation for Plaintiff's April 14, 2021 order did not provide information regarding markups retained by Nexo.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "April 14, 2021 order," and "markups retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 592:**  Admit that Nexo's trade confirmation for Plaintiff's May 2, 2021 order did not provide information regarding fees retained by Nexo.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation" and "May 2, 2021 order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 593:**  Admit that Nexo's trade confirmation for Plaintiff's May 2, 2021 order did not provide information regarding profits retained by Nexo.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "May 2, 2021 order," and "profits retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 594:**  Admit that Nexo's trade confirmation for Plaintiff's May 2, 2021 order did not provide information regarding commissions retained by Nexo.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "May 2, 2021 order," and "commissions retained by Nexo." Subject to and without

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 595:** Admit that Nexo's trade confirmation for Plaintiff's May 2, 2021 order did not provide information regarding markups retained by Nexo

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "trade confirmation," "May 2, 2021 order," and "markups retained by Nexo." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 596:** Admit that Nexo's had a practice of sending customer trade confirmations omitting OTC fees and markups from customers in 2018.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice," "trade confirmations," and "markups." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2018. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 597:** Admit that Nexo's had a practice of sending customer trade confirmations omitting OTC fees and markups from customers in 2019.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice," "trade confirmations," and "markups." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2019. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 598:**  Admit that Nexo's had a practice of sending customer trade confirmations omitting OTC fees and markups from customers in 2020.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice," "trade confirmations," and "markups." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2020. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 599:**  Admit that Nexo's had a practice of sending customer trade confirmations omitting OTC fees and markups from customers in 2021.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice," "trade confirmations," and "markups." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2021. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 600:**  Admit that Nexo's had a practice of sending customer trade confirmations omitting OTC fees and markups from customers in 2022.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice," "trade confirmations," and "markups." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2022. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 601:**  Admit that Nexo's had a practice of sending customer trade confirmations omitting OTC fees and markups from customers in 2023

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice," "trade confirmations," and "markups." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2023. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 602:**  Admit that Nexo's had a practice of sending customer trade confirmations omitting OTC fees and markups from customers in 2024.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice," "trade confirmations," and "markups." Nexo objects to the request as compound in referring to a large

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

91

number of unidentified customers in 2024. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 603:**  Admit that Nexo's had a practice of sending customer trade confirmations omitting OTC fees and markups from customers in 2025.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice," "trade confirmations," and "markups." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2025. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 604:**  Admit that Nexo's had a practice of liquidating customers while omitting information regarding fees and taxes from customers in 2018.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice" and "taxes." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2018. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 605:**  Admit that Nexo's had a practice of liquidating customers while omitting information regarding fees and taxes from customers in 2019.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice" and "taxes." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2019. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 606:**  Admit that Nexo's had a practice of liquidating customers while omitting information regarding fees and taxes from customers in 2020.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice" and "taxes." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2020. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 607:**  Admit that Nexo's had a practice of liquidating customers while omitting information regarding fees and taxes from customers in 2021.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice" and "taxes." Nexo objects to the request as compound in referring to a large number of unidentified

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

93

customers in 2021. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 608:**  Admit that Nexo's had a practice of liquidating customers while omitting information regarding fees and taxes from customers in 2022.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice" and "taxes." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2022. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 609:**  Admit that Nexo's had a practice of liquidating customers while omitting information regarding fees and taxes from customers in 2023

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice" and "taxes." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2023. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

94

**REQUEST NO. 610:**  Admit that Nexo's had a practice of liquidating customers while omitting information regarding fees and taxes from customers in 2024.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice" and "taxes." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2024. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 611:**  Admit that Nexo's had a practice of liquidating customers while omitting information regarding fees and taxes from customers in 2025.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "practice" and "taxes." Nexo objects to the request as compound in referring to a large number of unidentified customers in 2025. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 612:**  Admit that Nexo used email to communicate about its fees to Plaintiff and other customers.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to "Plaintiff and other customers." Nexo objects to this request as vague and ambiguous as to which "fees" the RFA is

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

95

referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 613:** Admit that Nexo used email to communicate about its OTC fees to customers in 2018.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2018. Nexo objects to this request as unintelligible because Nexo did not announce the launch of its OTC desk until July 1, 2019. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 614:** Admit that Nexo used email to communicate about its OTC fees to customers in 2019.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2019. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 615:** Admit that Nexo used email to communicate about its OTC fees to customers in 2020.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2020. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 616:** Admit that Nexo used email to communicate about its OTC fees to customers in 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2021. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 617:** Admit that Nexo used email to communicate about its OTC fees to customers in 2022.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2022. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 618:**  Admit that Nexo used email to communicate about its OTC fees to customers in 2023.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2023. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 619:**  Admit that Nexo used email to communicate about its OTC fees to customers in 2024.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2024. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 620:**  Admit that Nexo used email to communicate about its OTC fees to customers in 2025.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2025. Subject to and without waiving the foregoing objections, including

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 621:** Admit that Nexo used Slack to communicate about its OTC fees to customers in 2018.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2018. Nexo objects to this request as unintelligible because Slack was an internal communication system. Nexo objects to this request as unintelligible because Nexo did not announce the launch of its OTC desk until July 1, 2019. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 622:** Admit that Nexo used Slack to communicate about its OTC fees to customers in 2019.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2019. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 623:** Admit that Nexo used Slack to communicate about its OTC fees to customers in 2020.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2020. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 624:** Admit that Nexo used Slack to communicate about its OTC fees to customers in 2021.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2021. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 625:** Admit that Nexo used Slack to communicate about its OTC fees to customers in 2022.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2022. Nexo objects to this request as unintelligible because Slack was an

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 626:** Admit that Nexo used Slack to communicate about its OTC fees to customers in 2023.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2023. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 627:** Admit that Nexo used Slack to communicate about its OTC fees to customers in 2024.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2024. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 628:**  Admit that Nexo Slack to communicate about its OTC fees to customers in 2025.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2025. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 629:**  Admit that Nexo used email to provide information about its OTC fees to customers in 2018.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2018. Nexo objects to this request as unintelligible because Nexo did not announce the launch of its OTC desk until July 1, 2019. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 630:**  Admit that Nexo used email to provide information about its OTC fees to customers in 2019.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2019. Subject to and without waiving the foregoing objections, including

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 631:**  Admit that Nexo used email to provide information about its OTC fees to customers in 2020.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2020. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 632:**  Admit that Nexo used email to provide information about its OTC fees to customers in 2021.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2021. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 633:**  Admit that Nexo used email to provide information about its OTC fees to customers in 2022.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

103

unidentified customers in 2022. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 634:**  Admit that Nexo used email to provide information about its OTC fees to customers in 2023.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2023. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 635:**  Admit that Nexo used email to provide information about its OTC fees to customers in 2024.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2024. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 636:**  Admit that Nexo used email to provide information about its OTC fees to customers in 2025.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2025. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 637:** Admit that Nexo used Slack to provide information about its OTC fees to customers in 2018.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2018. Nexo objects to this request as unintelligible because Slack was an internal communication system. Nexo objects to this request as unintelligible because Nexo did not announce the launch of its OTC desk until July 1, 2019. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 638:** Admit that Nexo used Slack to provide information about its OTC fees to customers in 2019.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2019. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 639:**  Admit that Nexo used Slack to provide information about its OTC fees to customers in 2020.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2020. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 640:**  Admit that Nexo used Slack to provide information about its OTC fees to customers in 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2021. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 641:**  Admit that Nexo used Slack to provide information about its OTC fees to customers in 2022.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2022. Nexo objects to this request as unintelligible because Slack was an

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 642:**  Admit that Nexo used Slack to provide information about its OTC fees to customers in 2023.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2023. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 643:**  Admit that Nexo used Slack to provide information about its OTC fees to customers in 2024.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2024. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 644:**  Admit that Nexo used Slack to provide information about its OTC fees to customers in 2025.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as compound in referring to a large number of unidentified customers in 2025. Nexo objects to this request as unintelligible because Slack was an internal communication system. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 645:**  Admit that Nexo applied the Portfolio Booster to Plaintiff's April 14, 2021 transaction.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "applied the Portfolio Booster" and "April 14, 2021 transaction." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 646:**  Admit that Nexo applied the Portfolio Booster to Plaintiff's April 14, 2021 transaction without Plaintiff's knowledge or consent.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the terms "applied the Portfolio Booster" and "April 14, 2021 transaction." Subject to and without waiving the foregoing

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 647:**  Admit that Nexo took approximately $102,125 from Plaintiff's collateral on or about April 14, 2021, through the Portfolio Booster.

   **Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "through the Portfolio Booster." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 648:**  Admit that Plaintiff never agreed to or consented to a Portfolio Booster being applied to any of his transactions.

   **Response:**     Nexo objects to this request as vague and ambiguous as to the term "Portfolio Booster being applied to any of his transactions." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 649:**  Admit that Nexo sold its own NEXO Tokens to Plaintiff from its own inventory.

   **Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the term "own NEXO Tokens" and "own inventory." Subject to and without waiving the foregoing objections, including

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 650:**  Admit that Nexo sold its own NEXO Tokens to Plaintiff from its own inventory at markups exceeding 100% above Nexo's acquisition cost.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own NEXO Tokens," "own inventory," and "acquisition cost." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 651:**  Admit that Nexo sold its own BTC to Plaintiff from its own inventory.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own BTC" and "own inventory." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 652:**  Admit that Nexo sold its own BTC to Plaintiff from its own inventory at prices above what Nexo paid.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own BTC," "own inventory," and "prices above what Nexo paid." Subject to and without waiving the foregoing

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 653:**  Admit that Nexo sold its own BTC to Plaintiff at prices above what Nexo paid.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the term "prices above what Nexo paid." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 654:**  Admit that Nexo sold its own ETH to Plaintiff from its own inventory.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own ETH" and "own inventory." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 655:**  Admit that Nexo sold its own ETH to Plaintiff at prices above what Nexo paid.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own ETH" and "prices above what Nexo paid." Subject to and without waiving the foregoing objections, including

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

111

the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 656:**  Admit that Nexo sold its own ETH to Plaintiff from its own inventory at prices above what Nexo paid.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own ETH"," "own inventory," and "prices above what Nexo paid." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 657:**  Admit that Hristov represented to Plaintiff that "the NEXO token is registered with the SEC as a security."

**Response:**    Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that Hristov wrote to Plaintiff: "Additionally, please note that the NEXO token is registered with the SEC as a security therefore we are only allowed to facilitate deals for American citizens who are also certified, accredited investors. If you have a certificate, please send it over. In case you don't have an accredited investor certificate but you do satisfy the requirements, you can issue one here-verifyinvestor.com."

**REQUEST NO. 658:**  Admit that at the time Hristov represented to Plaintiff that "the NEXO token is registered with the SEC as a security," Nexo knew that the NEXO Token was not registered with the SEC.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

112

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request because it calls for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 659:**  Admit that Nexo represented to more than ten customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 10 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the language "registered with the SEC as a security" appears in more than ten emails sent to customers.

**REQUEST NO. 660:**  Admit that Nexo represented to more than fifty customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 50 customers. Subject to and without waiving the

foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the language "registered with the SEC as a security" appears in more than fifty emails sent to customers.

**REQUEST NO. 661:** Admit that Nexo represented to more than one hundred customers that the NEXO Token was registered with the SEC as a security.

    **Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 100 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that the language "registered with the SEC as a security" appears in more than one hundred emails sent to customers.

**REQUEST NO. 662:** Admit that Nexo represented to more than two hundred customers that the NEXO Token was registered with the SEC as a security.

    **Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 200 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

the language "registered with the SEC as a security" appears in more than two hundred emails sent to customers.

**REQUEST NO. 663:**  Admit that Nexo represented to more than five hundred customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 500 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that the language "registered with the SEC as a security" appears in more than five hundred emails sent to customers.

**REQUEST NO. 664:**  Admit that Nexo represented to more than one thousand customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 1,000 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that the language "registered with the SEC as a security" appears in more than one thousand emails sent to customers.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 665:**  Admit that Nexo represented to customers that the NEXO Token was not registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 666:**  Admit that Nexo represented to U.S. customers that the NEXO Token was not registered with the SEC as a security in 2018.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers in 2018. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 667:**  Admit that Nexo represented to U.S. customers that the NEXO Token was not registered with the SEC as a security in 2019.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

116

unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers in 2019. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 668:**  Admit that Nexo represented to U.S. customers that the NEXO Token was not registered with the SEC as a security in 2020.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers in 2020. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 669:**  Admit that Nexo represented to U.S. customers that the NEXO Token was not registered with the SEC as a security in 2021.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers in 2021. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 670:**  Admit that Nexo represented to U.S. customers that the NEXO Token was not registered with the SEC as a security in 2022.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers in 2022. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 671:**  Admit that Nexo represented to U.S. customers that the NEXO Token was not registered with the SEC as a security in 2023.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers in 2023. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

118

**REQUEST NO. 672:**  Admit that Nexo represented to U.S. customers that the NEXO Token was not registered with the SEC as a security in 2024.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers in 2024. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 673:**  Admit that Nexo represented to U.S. customers that the NEXO Token was not registered with the SEC as a security in 2025.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers in 2025. Nexo objects to the request as unintelligible because it asks Nexo to admit a negative statement. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 674:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2018.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

119

unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2018" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 675:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2019.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2019" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 676:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2020.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2020" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 677:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2021.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2021" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 678:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2022.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 20122" language refers to when Nexo made the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 679:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2023.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2023" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 680:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2024.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2024" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 681:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2025.

**Response:**  Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2025" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 682:**  Admit that Nexo had an obligation to disclose to Plaintiff the fees, markups, and profits it was charging on OTC transactions.

**Response:**  Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous, and compound, as to the terms "fees, markups, and profits," and "OTC transactions." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits it disclosed fees to Plaintiff that it was charging on OTC transactions.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 683:** Admit that Nexo had an agreement with Plaintiff that required Nexo disclose to Plaintiff the fees, markups, and profits it was charging on OTC transactions.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous, and compound, as to the terms "fees, markups, and profits," and "OTC transactions." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that its agreements with Plaintiff disclosed the fees that it was charging Plaintiff on OTC transactions.

**REQUEST NO. 684:** Admit that Nexo had an obligation to disclose to Plaintiff the fees and profits it derived from liquidations of Plaintiff's assets.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous, and compound, as to the terms "fees and profits," and "derived from liquidations." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits it disclosed fees to Plaintiff that it was charging from liquidations of Plaintiff's assets.

**REQUEST NO. 685:** Admit that Nexo had an agreement with Plaintiff that required Nexo to disclose to Plaintiff the fees and profits it derived from liquidations of Plaintiff's assets.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous, and compound, as to the terms

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

124

"fees and profits," and "derived from liquidations." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that its agreements with Plaintiff disclosed the fees that it was charging Plaintiff on liquidation sales.

**REQUEST NO. 686:**  Admit that Nexo did not inform Plaintiff of the fees it derived from Plaintiff's liquidations.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as compound in referring to multiple liquidations. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 687:**  Admit that Nexo did not inform Plaintiff of the profits it derived from Plaintiff's liquidations.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "profits." Nexo objects to the request as compound in referring to multiple liquidations. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 688:**   Admit that Nexo acted as Plaintiff's agent in purchasing digital assets through its OTC Desk.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

unintelligible. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 689:**  Admit that Nexo was acting as a principal (not an intermediary) when it sold its own digital assets to Plaintiff through its OTC Desk.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that Nexo Capital Inc. owned the Nexo Tokens in its own inventory that it sold Plaintiff.

**REQUEST NO. 690:**  Admit that Plaintiff and Nexo entered into the CPA on or about March 24, 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 691:**  Admit that Nexo executed Plaintiff's first OTC transaction on March 26, 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

126

limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it executed Plaintiff's first OTC transaction between March 26 and March 27, 2021.

**REQUEST NO. 692:** Admit that Nexo drafted the CPA.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 693:** Admit that the CPA required Nexo to confirm or reject Purchase Orders within ten minutes (the "Review Period").

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 694:** Admit that Nexo failed to confirm or reject one or more of Plaintiff's Purchase Orders within the Review Period.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for legal conclusion. Nexo objects to the request as compound in referring to "one or more of Plaintiff's Purchase Orders." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

127

**REQUEST NO. 695:** Admit that the CPA required Nexo to deliver digital assets to Plaintiff "free and clear of any and all Liens."

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the following language appears in the CPA: "With respect to any Counterparty Purchased Cryptocurrency that Nexo sells, transfers and delivers to Counterparty in any Purchase Order, Nexo is the lawful owner of such Counterparty Purchased Cryptocurrency with good and marketable title thereto, free and clear of any and all Liens, and Nexo has the absolute right to sell, assign, convey, transfer and deliver such Counterparty Purchased Cryptocurrency. Upon consummation of such purchase, Counterparty will be vested with good and valid title to such Counterparty Purchased Cryptocurrency free and clear of any and all Liens."

**REQUEST NO. 696:** Admit that the CPA does not authorize Nexo to charge fees or take profits on Purchase Orders.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

128

**REQUEST NO. 697:**  Admit that the CPA does not disclose that Nexo will take fees or profits on Purchase Orders.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 698:**  Admit that Nexo charged Plaintiff fees in connection with Purchase Orders executed under the CPA.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 699:**  Admit that Nexo failed to execute Plaintiff's March 26, 2021 Purchase Order within the ten-minute Review Period.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague as to the term "March 26, 2021 Purchase Order." Nexo objects to this request because it assumes the fact that the CPA required Nexo to execute orders within a ten minute "Review Period" and failed to do so. Based on these objections, Nexo is unable to answer the RFA as written.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

129

**REQUEST NO. 700:**  Admit that Nexo failed to execute Plaintiff's March 30, 2021 Purchase Order within the ten-minute Review Period.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague as to the term "March 30, 2021 Purchase Order." Nexo objects to this request because it assumes the fact that the CPA required Nexo to execute orders within a ten minute "Review Period" and failed to do so. Based on these objections, Nexo is unable to answer the RFA as written.

**REQUEST NO. 701:**  Admit that Nexo failed to execute Plaintiff's April 14, 2021 Purchase Order within the ten-minute Review Period.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague as to the term "April 14, 2021 Purchase Order." Nexo objects to this request because it assumes the fact that the CPA required Nexo to execute orders within a ten minute "Review Period" and failed to do so. Based on these objections, Nexo is unable to answer the RFA as written.

**REQUEST NO. 702:**  Admit that Nexo failed to execute Plaintiff's May 2, 2021 Purchase Order within the ten-minute Review Period.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague as to the term "May 2, 2021 Purchase Order." Nexo objects to this request because it assumes the fact that the CPA required Nexo to execute orders within a ten minute "Review Period" and failed to do so. Based on these objections, Nexo is unable to answer the RFA as written.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 703:** Admit that Nexo's delays in executing Plaintiff's Purchase Orders resulted in Plaintiff receiving less favorable execution prices than were available at the time the Purchase Orders were submitted.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "less favorable execution prices." Nexo objects to the request as compound in referring to multiple Purchase Orders. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 704:** Admit that Nexo did not inform Plaintiff of OTC fees prior to executing the CPA.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 705:** Admit that Nexo did not inform Plaintiff of OTC fees prior to executing his March 26, 2021 order.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "March 26, 2021 Order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 706:** Admit that Nexo did not inform Plaintiff of OTC fees prior to executing his March 30, 2021 order.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "March 30, 2021 Order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 707:** Admit that Nexo did not inform Plaintiff of OTC fees prior to executing his April 14, 2021 order.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "April 14, 2021 Order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 708:** Admit that Nexo did not inform Plaintiff of OTC fees prior to executing his May 2, 2021 order.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "May 2 2021 Order." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 709:**  Admit that Nexo's internal memo states that Nexo's OTC sales of NEXO Tokens are priced "3-5% over the spot price."

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what "internal memo" the RFA is referring to, or what language in the document it is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that NEXO-0138254 contains the following sentence: "NEXO Token – we price them 3-5% over the spot price", but Nexo denies that the document reflects Nexo's policies.

**REQUEST NO. 710:**  Admit that Nexo's internal memo states that Nexo's OTC sales of BTC and ETH are priced "1-3% over the spot price."

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what "internal memo" the RFA is referring to, or what language in the document it is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that NEXO-0138254 contains the following sentence: "BTC, ETH, other popular crypto choices – we price them 1-3% over the spot price", but Nexo denies that the document reflects Nexo's policies.

**REQUEST NO. 711:**  Admit that Nexo's internal documents acknowledge that "We tell customers Nexo does not charge commission on the [OTC] transaction[s], while in fact we do."

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

unintelligible. Nexo objects to the request as vague and ambiguous as to what "internal documents" the RFA is referring to, or what language in the document it is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that NEXO-0138576 contains the following sentence: "We tell customers Nexo does not charge commission on the transaction, while in fact we do", but Nexo denies that the document reflects Nexo's policies.

**REQUEST NO. 712:**  Admit that Nexo acknowledged to the SEC and/or state regulatory agencies that it applies a liquidation fee of approximately 5.0%.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what document the RFA is referring to, or what language in the document it is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that NEXO-0345212 contains the following sentence: "A liquidation fee of 5.0% is applied in such cases and these fees represent a significant source of revenue to Nexo."

**REQUEST NO. 713:**  Admit that Nexo acknowledged to the SEC and/or state regulatory agencies that liquidation fees are a "significant source of revenue to Nexo."

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what document the RFA is referring to, or what language in the document it is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that NEXO-0345212 contains the following

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

134

sentence: "A liquidation fee of 5.0% is applied in such cases and these fees represent a significant source of revenue to Nexo."

**REQUEST NO. 714:**   Admit that Nexo retained sole discretion about whether to offer the liquidation relief program to a customer.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "sole discretion." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 715:**   Admit that Nexo retained sole discretion about whether to offer the liquidation relief program to Plaintiff.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "sole discretion." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 716:**  Admit that Nexo retained sole discretion about the terms on which to offer the LRP to Plaintiff.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "sole discretion." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

135

**REQUEST NO. 717:**  Admit that in order to utilize the liquidation relief program a customer would have to enter into an LRA with Nexo.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that a liquidation relief agreement required a contractual agreement between Nexo and the customer.

**REQUEST NO. 718:**  Admit that in order to utilize the LRP Plaintiff would have needed to enter into an LRA with Nexo.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that a liquidation relief agreement required a contractual agreement between Nexo and the customer.

**REQUEST NO. 719:**  Admit that in order to utilize the LRP, Plaintiff would have to enter into an agreement with Nexo whereby Plaintiff would have to acknowledge that he does not have any objections or claims in regard to the liquidations of his assets.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

136

unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 720:**  Admit that in order to utilize the LRP, Plaintiff would have to enter into an agreement with Nexo where Nexo would use the dollar value of Plaintiff's liquidated assets to repurchase a portion of Plaintiff's assets.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 721:**  Admit that in order to utilize the LRP, Plaintiff would have to enter into an agreement with Nexo whereby Nexo was not obligated to provide Plaintiff with information about the approximate amount of Repurchased Assets to be subject of the repurchase transaction(s), based on the current market value of the Repurchased Assets.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 722:**  Admit that in order to utilize the LRP, Plaintiff would have to enter into an agreement with Nexo whereby Plaintiff would have to pay the expenses associated with the liquidation relief program up to six percent.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 723:**  Admit that in order to utilize the LRP, Plaintiff would have to enter into an agreement with Nexo where if any Party institutes any legal proceedings arising from or relating to this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees, costs, and expenses, in addition to any other relief to which it may be entitled.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 724:**  Admit that in order to utilize the LRP, Plaintiff would have to enter into an agreement with Nexo where the parties release and waive each other from any and all actions, liabilities through the date of the agreement and thereafter.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

138

unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 725:**  Admit that in order to utilize the LRP, Plaintiff would have to enter into an agreement with Nexo where Plaintiff must confirm that Nexo was entitled to liquidate his collateral, and waive any right, whether or not known thereto, to challenge any Nexo or other Releasees' actions in regard to the liquidations effected.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what LRA or agreement the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 726:**  Admit that you received Mr. Cress's October 26, 2021 Demand Letter, e.g., NEXO-0138213 before December 4, 2022.

**Response:**    Nexo objects to this request because the term "You" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

139

**REQUEST NO. 727:**  Admit that you were aware of Mr. Cress' filing of this Case No. 3:23-cv-00882 on or before March 1, 2023.

**Response:**    Nexo objects to this request because the term "You" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits it was aware of the filing by March 1, 2023.

**REQUEST NO. 728:**  Admit that the NEXO Token was available to US purchases on the Nexo exchange in 2018.

**Response:**    Nexo objects to this request because the term "was available to US purchases" is vague and ambiguous, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. denies that the NEXO Token was available to US purchasers on the Nexo exchange in 2018.

**REQUEST NO. 729:**  Admit that the NEXO Token was available to US purchases on the Nexo exchange in 2019.

**Response:**    Nexo objects to this request because the term "was available to US purchases" is vague and ambiguous, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. denies that the NEXO Token was available to US purchasers on the Nexo exchange in 2019.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 730:** Admit that the NEXO Token was available to US purchases on the Nexo exchange in 2020.

**Response:**    Nexo objects to this request because the term "was available to US purchases" is vague and ambiguous, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. denies that the NEXO Token was available to US purchasers on the Nexo exchange in 2020.

**REQUEST NO. 731:** Admit that the NEXO Token was available to US purchases on the Nexo exchange in 2021.

**Response:**    Nexo objects to this request because the term "was available to US purchases" is vague and ambiguous, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. denies that the NEXO Token was available to US purchasers on the Nexo exchange in 2021.

**REQUEST NO. 732:** Admit that the NEXO Token was available to US purchases on the Nexo exchange in 2022.

**Response:**    Nexo objects to this request because the term "was available to US purchases" is vague and ambiguous, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. denies that the NEXO Token was available to US purchasers on the Nexo exchange in 2022.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 733:**  Admit that the Nexo sold the NEXO token on the Nexo exchange in 2018.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 734:**  Admit that the Nexo sold the NEXO token on the Nexo exchange in 2019.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 735:**  Admit that the Nexo sold the NEXO token on the Nexo exchange in 2020.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 736:**  Admit that the Nexo sold the NEXO token on the Nexo exchange in 2021.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific

limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that non-US customers could purchase the NEXO token on the Nexo exchange in 2021.

**REQUEST NO. 737:**  Admit that the Nexo sold the NEXO token on the Nexo exchange in 2022.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that non-US customers could purchase the NEXO token on the Nexo exchange in 2022.

**REQUEST NO. 738:**  Admit that Nexo never filed a registration statement under the Securities Act of 1933 with the SEC for the offer or sale of the NEXO Token.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for a legal conclusion. Nexo objects to the request as vague and ambiguous as to the term "registration statement under the Securities Act of 1933." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it filed a Form D with the SEC in 2018 regarding the NEXO Token, but denies that it filed any other form with the SEC regarding the NEXO Token.

**REQUEST NO. 739:**  Admit that no registration statement under the Securities Act of 1933 covering the NEXO Token has ever been declared effective by the SEC.

**Response:**     Nexo objects to the request as calling for a legal conclusion. Nexo objects to the request as vague and ambiguous as to the term "registration statement under the Securities Act of 1933." Subject to and without waiving the foregoing objections, including the specific limitations

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it filed a Form D with the SEC in 2018 regarding the NEXO Token, but denies that it filed any other form with the SEC regarding the NEXO Token.

**REQUEST NO. 740:**  Admit that Nexo never filed a Form S-1 with the SEC for the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 741:**  Admit that Nexo never filed a Form F-1 with the SEC for the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 742:**  Admit that Nexo never filed any other registration statement under the Securities Act of 1933 with the SEC for the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "any other registration statement under the Securities Act of 1933." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it filed a Form D with the SEC in 2018

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

regarding the NEXO Token, but denies that it filed any other form with the SEC regarding the NEXO Token.

**REQUEST NO. 743:** Admit that Nexo never filed a registration statement under Section 12 of the Securities Exchange Act of 1934 with the SEC for the NEXO Token.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "a registration statement under Section 12 of the Securities Exchange Act of 1934." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it filed a Form D with the SEC in 2018 regarding the NEXO Token, but denies that it filed any other form with the SEC regarding the NEXO Token.

**REQUEST NO. 744:** Admit that Nexo never filed a Form 10-K with the SEC concerning the NEXO Token.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 10-K with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 10-K filings are reports filed by publicly traded companies and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

145

**REQUEST NO. 745:**  Admit that Nexo never filed a Form 10-Q with the SEC concerning the NEXO Token.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 10-Q with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 10-Q filings are reports filed by publicly traded companies and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 746:**  Admit that Nexo never filed a Form 8-K with the SEC concerning the NEXO Token.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 8-K with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 8-K filings are current reports filed by publicly traded companies and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 747:**  Admit that Nexo never filed a Form 20-F with the SEC concerning the NEXO Token.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

146

unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 20-F with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 20-F filings are annual reports that non-US companies file if their shares are publicly traded and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 748:**  Admit that Nexo never filed a Form 6-K with the SEC concerning the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 6-K with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 6-K filings are reports by foreign private issuers and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 749:**  Admit that Nexo never filed any periodic or current report required under the Securities Exchange Act of 1934 with the SEC concerning the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what type of periodic or current report the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 750:** Admit that the Form D filings Nexo made with the SEC in 2018 concerning the NEXO Token are Notices of Exempt Offering of Securities, and not registration statements.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 751:** Admit that filing a Form D with the SEC does not register a security under the Securities Act of 1933.

**Response:** Nexo objects to the request as calling for a legal conclusion. Nexo objects to the request as vague and ambiguous as to the term "register." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 752:** Admit that a Form D Notice of Exempt Offering of Securities is filed to claim an exemption from the registration requirements of the Securities Act of 1933.

**Response:** Nexo objects to the request as calling for a legal conclusion. Nexo objects to the request as vague and ambiguous as to the term "registration requirements of the Securities Act of 1933." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 753:**  Admit that, apart from the Form D filings Nexo made in 2018 concerning the NEXO Token, Nexo has made no other filing with the SEC concerning the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "no other filing." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 754:**  Admit that Nexo has never registered the NEXO Token as a security with the SEC.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 755:**  Admit that Nexo did not file a Form D with the SEC in connection with Nexo's sale of NEXO Tokens to Plaintiff.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "in connection with Nexo's sale of NEXO Tokens to Plaintiff." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 756:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2019.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 757:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2020.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 758:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2021.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 759:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2022.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 760:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2023.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 761:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2024.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 762:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2025.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 763:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2026.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 764:**  Admit that Nexo did not report or disclose Nexo's sale of NEXO Tokens to Plaintiff to the SEC.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny this Request.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

**REQUEST NO. 765:**  Admit that Nexo never registered or qualified the offer or sale of the NEXO Token as a security with any state securities regulator in the United States.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "registered or qualified." Nexo objects to the request as compound in referring to multiple state securities regulators. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 766:**  Admit that no registration or qualification for the offer or sale of the NEXO Token has ever been declared effective by, or been in effect with, any state securities regulator in the United States.

**Response:**   Nexo objects to the request as vague and ambiguous, and compound, as to the term "registration or qualification." Nexo objects to the request as compound in referring to multiple state securities regulators. Nexo objects to the request as vague and ambiguous as to the terms "registration of qualification," and "declared effective by, or been in effect with." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 767:**  Admit that Nexo never qualified the offer or sale of the NEXO Token under California Corporations Code § 25110.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "qualified the offer or sale." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

153

the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 768:**  Admit that Nexo never filed an application to qualify the NEXO Token as a security with the DFPI or its predecessor agency.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed an application to qualify." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 769:**  Admit that no qualification under California Corporations Code § 25110 for the offer or sale of the NEXO Token was in effect at any time Nexo sold the NEXO Token to Plaintiff.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "no qualification." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 770:**  Admit that Nexo has never held an effective qualification or registration permitting the offer or sale of the NEXO Token in California.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

154

unintelligible. Nexo objects to the request as vague and ambiguous as to the term "effective qualification or registration." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 771:**  Admit that Nexo did not report or disclose Nexo's sale of NEXO Tokens to Plaintiff to the DFPI.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that the Request.

**REQUEST NO. 772:** Admit that Nexo did not report or disclose Nexo's sale of NEXO Tokens to Plaintiff to any California regulatory agency.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to time period. Nexo objects to the request as vague and ambiguous as to "any California regulatory agency." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that the Request.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

DATED:  July 3, 2026

By: */s/ Ian S. Shelton*
Ian S. Shelton

Attorneys for Defendant
Nexo Capital, Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

156

**PROOF OF SERVICE**

On July 3, 2026, I served true copies of the following document(s) described as DEFENDANT'S SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION on the interested parties in this action as follows:

| |
|---|
| James Taylor-Copeland<br>james@taylorcopelandlaw.com<br>Max Ambrose<br>maxambrose@taylorcopelandlaw.com<br>TAYLOR-COPELAND LAW<br>501 W. Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: 619-734-8770<br>Facsimile: 619-566-4341 |

**E-MAIL.**  I caused to be served the above-referenced document by electronic mail.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

DATED  July 3, 2026

By:  */s/ Ian S. Shelton*
Ian S. Shelton

Attorneys for Defendant
Nexo Capital, Inc.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

157