James Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

*Counsel for Plaintiff John Cress*

**FILED UNDER SEAL**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| JOHN CRESS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEXO CAPITAL INC.,<br><br>　　　　　　Defendant. | Case No. 3:23-CV-00882-TSH<br><br>**SUPPLEMENTAL DECLARATION OF MAX AMBROSE IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS OR, IN THE ALTERNATIVE, CURATIVE SANCTIONS PURSUANT TO FED. R. CIV. P. 37(e), 37(b), AND THE COURT'S INHERENT AUTHORITY**<br><br>Hearing Date: August 20, 2026<br>Hearing Time: 10:00 a.m.<br><br>Courtroom:　San Francisco Courthouse<br>　　　　　　Courtroom E – 15th Floor<br>　　　　　　450 Golden Gate Avenue<br>　　　　　　San Francisco, CA 94102 |

SUPPLEMENTAL DECLARATION OF MAX AMBROSE
Case No. 3:23-CV-00882-TSH

I, Max Ambrose, hereby declare as follows:

1.      I am a member in good standing of the bar of the State of California, an attorney at the law firm Taylor-Copeland Law, P.C., and counsel of record for Plaintiff John Cress. I have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently thereto.

2.      I make this declaration in support of Plaintiff's Reply in Support of Motion for Terminating Sanctions or, in the Alternative, Curative Sanctions Pursuant to Fed. R. Civ. P. 37(e), 37(b), and the Court's Inherent Authority (the "Reply").

3.      I have reviewed the documents, and the accompanying metadata, that Defendant Nexo Capital Inc. ("Nexo") has produced in this action.

4.      My review of Nexo's Slack message exports from Nexo's Slack workspace shows only 42 Slack channel documents bear dates from 2018 through 2021, while zero Slack direct message documents bearing dates from 2018 through August 2024.

5.      Attached as Exhibit 1 is a true and correct copy of a an excerpt from an internal Nexo spreadsheet produced by Nexo in this action at Bates number NEXO-0168743. The language quoted in the Reply appears in a note within that spreadsheet.

6.      Attached as Exhibit 2 is a true and correct copy of relevant excerpts of the transcript of the deposition of Nexo's expert witness, Dr. Valentine.

7.      I have reviewed the chart of surviving Slack threads at pages 8 through 9 of Nexo's Opposition to Plaintiff's Motion for Terminating Sanctions or, in the Alternative, Curative Sanctions (the "Opposition"), together with the produced Slack screenshots summarized there. Each of the Slack screenshots contains highlighting that appears to reflect the search used to locate the thread. In each, the only highlighted text is Mr. Cress' Nexo account number or his email address; Mr. Cress' name is not highlighted in any of the screenshots, nor is any other search term. None of the Slack messages Nexo has produced discuss Nexo's liquidation of Plaintiff's assets or the fees charged on those liquidations.

2
SUPPLEMENTAL DECLARATION OF MAX AMBROSE
Case No. 3:23-CV-00882-TSH

8.     Attached as Exhibit 3[1] is a true and correct copy of the Defence filed by Nexo in the proceedings brought against it by the Morton claimants in the Commercial Court of England and Wales, Claim No. CL-2022-000516 (the "Morton Action"), which was verified by a statement of truth signed by Antoni Trenchev. Paragraph 9(i) of the Defence is cited in the Reply.

9.     Attached as Exhibit 4 is a true and correct copy of Nexo's Updated Response to the Morton claimants' Request for Further Information under CPR Part 18, served in the Morton Action and verified by a statement of truth signed by Antoni Trenchev. Responses 1, 2(b), and 2(e) are cited in the Reply.

10.     Attached as Exhibit 5 is a true and correct copy of an April 2026 email exchange between counsel for Plaintiff and counsel for Nexo concerning Plaintiff's request to take the deposition of Kalin Metodiev, in which Nexo declined to produce Mr. Metodiev on the ground that he is no longer affiliated with Nexo.

11.     Attached as Exhibit 6 are true and correct copies of excerpts from the certified transcript of the deposition of Michael Kunkel, cited in the Reply as "Kunkel Tr."

12.     Attached as Exhibit 7 are true and correct copies of excerpts from the certified transcript of the deposition of Antoni Trenchev, cited in the Reply as "Trenchev Tr. (Reply)"

13.     Attached as Exhibit 8 are rue and correct copies of excerpts from the certified transcript of the deposition of David Greetham, cited in the Reply as "Greetham Tr. (Reply)"

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

---

[1] Exhibits 3 and 4 do not have Exhibit Cover Sheets because they are verified Court filings that could not be modified.

3

SUPPLEMENTAL DECLARATION OF MAX AMBROSE
Case No. 3:23-CV-00882-TSH

Executed this 3rd day of August, 2026.


/s/ *Max Ambrose*

Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

*Counsel for Plaintiff John Cress*

4

SUPPLEMENTAL DECLARATION OF MAX AMBROSE
Case No. 3:23-CV-00882-TSH