# Exhibit 5

# Exhibit 5

 Outlook

---

## RE: [EXTERNAL] Re: Cress v. Nexo Depositions

---

**From** Shelton, Ian <Ian.Shelton@bakermckenzie.com>

**Date** Tue 4/21/2026 7:32 AM

**To** Max Ambrose <maxambrose@taylorcopelandlaw.com>

**Cc** James Taylor-Copeland <james@taylorcopelandlaw.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>

Max, we will produce the documents between Yasen and Slack by April 23.

**Ian Shelton**
Partner, Litigation
Baker & McKenzie LLP
800 Capitol, Suite 2100
Houston, Texas 77002
United States
Dir: +1 713 427 5029
Tel: +1 713 427 5000
ian.shelton@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | X

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

---

**From:** Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Sent:** Sunday, April 19, 2026 9:29 AM
**To:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>
**Cc:** James Taylor-Copeland <james@taylorcopelandlaw.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
**Subject:** Re: [EXTERNAL] Re: Cress v. Nexo Depositions

Ian,

Following up on this request:

Nexo has produced incomplete screenshots of relevant and responsive communications between Yasen and Slack (e.g., NEXO-0369390, NEXO-0369410). These screenshots, do not, for example, display Nexo's communications to Slack and thus are not fully responsive. We request that Nexo produce the full communications of these chats in their original format, as

they are already responsive to past requests (e.g., RFPs 274, 275, 276, 277, 278, 279, 283, 286, 287).

Thanks,

Max

On Tue, Apr 14, 2026 at 8:36 AM Shelton, Ian <Ian.Shelton@bakermckenzie.com> wrote:

> James,
>
> Mr. Metodiev left Nexo in March 2025, and he is no longer an officer, owner, or director.
>
> We respectfully decline your proposed compromise, but we assume you will agree to those location and duration limits if the Court compels the depositions of Mr. Kantchev or Mr. Damyanov. Let us know if you disagree with that position, since we need to know what issues to brief.
>
> We assume that we will address these two proposed depositions in a single letter brief, and we will get started on preparing our portion. Let us know when you will be able to exchange your portion.
>
> Best,
> Ian
>
> **Ian Shelton**
> Partner, Litigation
> Baker & McKenzie LLP
> 800 Capitol, Suite 2100
> Houston, Texas 77002
> United States
> Dir: +1 713 427 5029
> Tel: +1 713 427 5000
> ian.shelton@bakermckenzie.com
>
>
>
> bakermckenzie.com | Facebook | LinkedIn | X
>
> This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.
>
> **From:** James Taylor-Copeland <james@taylorcopelandlaw.com>
> **Sent:** Monday, April 13, 2026 9:58 PM
> **To:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Max Ambrose <maxambrose@taylorcopelandlaw.com>
> **Cc:** Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
> **Subject:** Re: [EXTERNAL] Re: Cress v. Nexo Depositions
>
> Hi Ian,
> When did Mr. Metodiev depart Nexo? Is Nexo's position that he is no longer an officer, owner, or director was well?

We see no basis for your position with respect to Mr. Kantchev and Mr. Damyanov, but we agree that a letter brief is the proper vehicle for challenging these notices and that compliance may be stayed pending the Court's ruling.

Our final proposed compromise for each of these depositions is as follows. If Nexo will voluntarily produce Mr. Kantchev and Mr. Damyanov, we are willing to conduct each deposition remotely beginning at 8am PT and to limit each deposition to four hours on the record.

Best regards

James

---

**From:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>
**Date:** Monday, April 13, 2026 at 7:38 PM
**To:** Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Cc:** James Taylor-Copeland <james@taylorcopelandlaw.com>, Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>, Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>, Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
**Subject:** RE: [EXTERNAL] Re: Cress v. Nexo Depositions

Max,

Mr. Metodiev no longer works for Nexo. Thus, the deposition notice as to him is ineffective.

We will start preparing our inserts for the letter brief seeking to quash, or for protective order, regarding the deposition notices of Mr. Kantchev and Mr. Damyanov. As a procedural matter, please confirm that Mr. Cress will agree that a letter brief is the proper vehicle for challenging these notices, and that the depositions will be stayed until the Court rules on the letter brief. We will work with you to get the letter briefs on file before the noticed deposition dates.

Finally, for purposes of the letter brief, please provide your final proposed compromise regarding whether you seek to take these depositions remotely and the number of hours for each. We need to know whether you are seeking to compel these Bulgarian citizens to travel to San Francisco.

Thanks,
Ian

**Ian Shelton**
Partner, Litigation
Baker & McKenzie LLP
800 Capitol, Suite 2100
Houston, Texas 77002
United States
Dir: +1 713 427 5029
Tel: +1 713 427 5000
ian.shelton@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | X

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

---

**From:** Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Sent:** Monday, April 13, 2026 5:25 PM
**To:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>
**Cc:** James Taylor-Copeland <james@taylorcopelandlaw.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
**Subject:** [EXTERNAL] Re: Cress v. Nexo Depositions

Ian,

Please find the attached deposition notices for Yasen Damyanov, Kosta Kantchev, and Kalin Metodiev. We disagree that these witnesses have no unique or overlapping knowledge. We remain available to meet and confer about the timing and logistics of the notices, but if the witnesses will not appear, Nexo will need to submit that dispute to the Court.

Separately, Nexo has produced incomplete screenshots of relevant and responsive communications between Yasen and Slack (e.g., NEXO-0369390, NEXO-0369410). These screenshots, do not, for example, display Nexo's communications to Slack and thus are not fully responsive. We request that Nexo produce the full communications of these chats in their original format, as they are already responsive to past requests (e.g., RFPs 274, 275, 276, 277, 278, 279, 283, 286, 287).

Best regards,

Max

On Fri, Apr 10, 2026 at 9:50 AM Shelton, Ian <Ian.Shelton@bakermckenzie.com> wrote:

> Counsel,
>
> Nexo's position is that Nexo's corporate representative witnesses were fully prepared on their designated topics, as set forth in Nexo's amended designations dated March 24. Nexo will not contend that you delayed raising this issue, but Nexo reserves all rights as to the merits of your challenge.
>
> Mr. Kosta Kantchev has no unique, non-repetitive knowledge of relevant facts relevant to Cress's claims, such that deposing him will be duplicative of discovery Cress has already obtained. Additionally, seeking to depose this apex witness is harassing and unjustified. Cress has already obtained information through a 10-hour deposition of Mr. Trenchev and an exhaustive list of corporate representative topics provided by multiple witnesses.
>
> As for Mr. Yasen Damyanov, we similarly believe this deposition request to be unreasonably duplicative given the overlap between his knowledge and Nexo's corporate representative deposition. Cress's 30(b)(6) notice already spanned 17 topics relating to "Discovery Search, Production, and Preservation" issues. Mr. Damyanov's deposition would be duplicative of the same.
>
> The Court's March 25 order has already denied Cress of discovery disproportionate to the needs of the case. If Cress seeks to depose Kantchev or Damyanov, we will seek to quash such deposition as disproportionate

to the needs of the case, unduly burdensome, and repetitive of discovery Cress has already obtained. Nexo cannot agree to allow harassing and duplicative depositions. Nexo will also seek to quash the deposition of Mr. Kantchev based on the apex doctrine.

**Ian Shelton**
Partner, Litigation
Baker & McKenzie LLP
800 Capitol, Suite 2100
Houston, Texas 77002
United States
Dir: +1 713 427 5029
Tel: +1 713 427 5000
ian.shelton@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | X

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** James Taylor-Copeland <james@taylorcopelandlaw.com>
**Sent:** Tuesday, April 7, 2026 8:06 PM
**To:** Shelton, Ian <Ian.Shelton@bakermckenzie.com>; Rawlinson, Matthew <Matthew.Rawlinson@bakermckenzie.com>; Dooley, Kirsten <Kirsten.Dooley@bakermckenzie.com>; Harreveld, Adrienne <Adrienne.Harreveld@bakermckenzie.com>
**Cc:** Max Ambrose <maxambrose@taylorcopelandlaw.com>
**Subject:** [EXTERNAL] Cress v. Nexo Depositions

Counsel,

As discussed, Plaintiff's position is that Nexo's corporate representatives were not adequately prepared to testify regarding numerous topics identified in Plaintiff's Rule 30(b)(6) notice. Consistent with our discussion during Mr. Trenchev's deposition, Plaintiff proposes that the parties first review the deposition transcripts and then meet and confer regarding whether additional 30(b)(6) testimony is necessary.

We understand that Nexo agrees to this approach and will not contend that Plaintiff delayed in raising these issues. Please let us know promptly if Nexo takes a different position.

In addition, Plaintiff intends to depose Mr. Kosta Kantchev and Mr. Yasen Damyanov (owner of the yasen@nexo.com and yasen@nexo.io email addresses). We are willing to take those depositions remotely, provided Nexo agrees to produce the witnesses at times reasonably convenient for Pacific Time. If Nexo agrees to produce the witnesses voluntarily, we are also willing to discuss limiting the duration of those depositions to less than seven hours.

Please let us know Nexo's position by Thursday April 9.

Best regards

James


--
Taylor-Copeland Law
maxambrose@taylorcopelandlaw.com
501 W. Broadway Suite 800
San Diego, CA 92101
Phone: (602) 570-2656
www.taylorcopelandlaw.com


--
Taylor-Copeland Law
maxambrose@taylorcopelandlaw.com
501 W. Broadway Suite 800
San Diego, CA 92101
Phone: (602) 570-2656
www.taylorcopelandlaw.com