Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, California 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol Street, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5067
Fax: (713) 427-5099

*Attorneys for Defendant Nexo Capital Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CRESS, | Case No. 3:23-cv-00882-TSH |
| Plaintiff, | The Hon. Thomas S. Hixon |
| vs. | **DECLARATION OF ANTONI TRENCHEV** |
| NEXO CAPITAL INC., | |
| Defendant. | Hearing Date:  October 22, 2026<br>Hearing Time:  10:00 a.m. |
| | Courtroom:    E – 15th Floor<br>Address:      Federal Building<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102 |

DECLARATION OF ANTONI TRENCHEV

)

**<u>DECLARATION OF ANTONI TRENCHEV</u>**

1. My name is Antoni Trenchev. I am more than twenty-one years old and have personal knowledge of the facts stated herein.

2. I am a director of Defendant Nexo Capital Inc. ("Nexo Capital" or "Nexo"). Given my role, I am familiar with Nexo's customer sign-up process and the online steps necessary to create an account. I am familiar with the online steps necessary to take out a credit line. I am familiar with Nexo's platform, products, and services, as well as the terms and conditions ("T&Cs") governing them. I am also familiar with Nexo's computer systems and records, including its business records.

3. I submit this declaration in support of Nexo's motion for summary judgment.

4. All Nexo documents attached to this declaration as exhibits constitute Nexo's business records, and I am personally familiar with the operation of the business and the circumstances of the preparation, maintenance, and retrieval of the records. The exhibits are records that were recorded regularly in a regularly-conducted business activity, were made at or near the time of the event by someone with knowledge at Nexo, were made and kept in the regular course of business, and making such a record was a regular practice of Nexo. I am not aware of any circumstances indicating that these exhibits are not authentic business records of Nexo.

**<u>NEXO'S TERMS AND CONDITIONS</u>**

5. Nexo Capital is the Nexo entity that provided cryptocurrency services to Plaintiff John Cress.

6. Nexo Capital operated the nexo.com, formerly nexo.io, website, at the time of Mr. Cress's cryptocurrency purchases and liquidations between March and June 2021.

7. Nexo Capital offered cryptocurrency credit lines to Nexo's customers that were secured by the cryptocurrency collateral in their Nexo accounts.

8. Mr. Cress first opened his Nexo account on March 3, 2021 through an online sign-up process.

9. A true and correct copy of Mr. Cress's transaction history is attached as **Exhibit 1,** NEXO-0137019.

10. A true and correct copy of Mr. Cress's activity log is attached as **Exhibit 2**, NEXO-0002696.

11. As reflected in **Exhibit 3**, NEXO-0369726 at -26, when new customers (including Mr. Cress) signed up for a Nexo account, they were directed to click on a "Create Account" button, as shown below:



12. After clicking the "Create Account" button, new customers were directed to a page where they could enter an email address and password, and complete a verification puzzle, as shown below, (**Exhibit 3**, NEXO-0369726 at -28):

DECLARATION OF ANTONI TRENCHEV

**New Account**

Email

example@email.com

Password

••••••••

● Click to verify

**Sign Up**

By signing up you agree with our T&C and Privacy Policy

Already have a Nexo Account? · Login

🌐 English

13. New clients such as Mr. Cress could not create an account without clicking the "Sign Up" button and acknowledging: "By Signing up you agree with our T&C and Privacy Policy." This T&C consent was conspicuously displayed immediately below the "Sign Up" button, and it used the terminology "you agree." As reflected in the screenshots above and below, the T&C and Privacy Policy terms in the consent language hyperlinked to those documents on Nexo's website.



**Sign Up**

By signing up you agree with our T&C and Privacy Policy

14. The "T&C" reference under the "Sign Up" button was hyperlinked to the terms and conditions available for viewing on Nexo's website.

-4-

DECLARATION OF ANTONI TRENCHEV

15. By clicking the "Sign Up" button, Mr. Cress agreed to the Credit Terms effective on March 3, 2021, which consisted of Nexo Crypto Credit General Terms and Condition (**Exhibit 4**, CRESS-00000721); Nexo Exchange Service General Terms and Conditions (**Exhibit 5**, CRESS-00000734); Nexo Wallet Services General Terms and Conditions (**Exhibit 6**, CRESS-00000747); and General Terms and Conditions of Earn Interest Product (**Exhibit 7**, CRESS-00000768).

16. After opening his account, Mr. Cress first deposited cryptocurrency in his Nexo account on March 3, 2021.

17. Mr. Cress agreed to the Credit Terms again when he took out his cryptocurrency credit lines, as shown below:



(**Exhibit 8**, NEXO-0008573).

18. As reflected in his transaction history, Mr. Cress took out his credit lines in the cryptocurrency stablecoin Tether (USDT), not fiat currency (U.S. Dollars). Thus, both Mr. Cress's original credit lines, and the cryptocurrency collateral securing those credit lines, was cryptocurrency, not fiat currency.

19. The Credit Terms provided that the cryptocurrency collateral in a customer's Nexo account could be automatically liquidated, or sold, if the customer failed to maintain the required Loan-to-Value ("LTV") ratio, which is the ratio of the balance of the credit line to the current market value of the cryptocurrency assets used as collateral, expressed as a percentage. At all relevant times, the LTV ratio triggering automatic liquidations was set by Nexo at 83.3%. Automatic liquidations would start to occur once the credit line balance exceeded 83.3% of current market value of the cryptocurrency collateral. The disclosure of the LTV ratio on Nexo's website at the

DECLARATION OF ANTONI TRENCHEV

time of Mr. Cress's liquidations is attached as **Exhibit 9**, NEXO-0009125**.**

20. Liquidations were governed by the Credit Terms and performed by automated processes based on the market value of the cryptocurrency collateral at the time of the liquidations.

21. The first forced liquidation of Mr. Cress's collateral occurred on May 23, 2021.

22. The second forced liquidation of Mr. Cress's collateral occurred between June 21 and June 23, 2021. The second forced liquidation is the final liquidation that is the subject of this lawsuit.

### NEXO'S CORPORATE STRUCTURE AND OPERATIONS

23. I (Antoni Trenchev) and Kosta Kantchev are directors of Nexo Capital. All of the work that we performed on behalf of Nexo Capital was in furtherance of Nexo's business purpose of providing cryptocurrency services to Nexo's customers.

24. NDS EOOD ("NDS") fits under the corporate umbrella of the "Nexo Group", which includes Nexo Capital. The common purpose of the Nexo Group was providing Nexo's cryptocurrency services to Nexo's global customer base.

25. Mr. Kantchev is a director of Nexo Inc. and the direct 100% beneficial owner of Nexo Inc. The following members of the Nexo Group were direct or indirect subsidiaries of Nexo Inc. in 2021 and 2022: Nexo Payments Limited, Nexo Clearing and Custody Ltd., Nexo Capital Inc., Nexo Finance Ltd., AFS Holding Ltd., AFS Advance Financial Solutions Ltd., Nexo Markets Ltd., Nexo (Antigua) Ltd., NPEM Ltd., Nexo AG, NDS EOOD, Nexo Financial Services Ltd., Nexo Trading Inc., and Nexo Financial Services Inc. *See* **Exhibit 10**, NEXO-0251323 (March 1, 2021 org. chart); **Exhibit 11**, NEXO-0182354 (January 19, 2022 org. chart). During that time period, Mr. Kantchev was also the direct 100% beneficial owner of Nexo Services OU, Nexo Services UAB, and Nexo Financial LLC. Mr. Kantchev was the direct 70% beneficial owner, and I was the 30% beneficial owner, of Nexo Global Investments LLC. All of the Nexo entities referenced in this paragraph were members of the Nexo Group.

26. Nexo Capital and NDS are downstream wholly owned subsidiaries of Nexo Inc.

27. Nexo Capital is the Nexo affiliate that interacted with and provided services to Mr. Cress in 2021. However, all worldwide Nexo affiliates that are part of the Nexo Group exist for the purpose of providing Nexo's cryptocurrency services to Nexo's global customer base. Because

DECLARATION OF ANTONI TRENCHEV

Nexo offers its services to customers in multiple jurisdictions throughout the world, it has created Nexo affiliates in various jurisdictions to provide Nexo's services to those customers. Not all members of the Nexo Group contributed to the provision of Nexo's cryptocurrency services to customers in any given jurisdiction. Customers in different jurisdictions might be serviced by different members of the Nexo Group.

28. The Nexo Group includes certain entities identified as the "Nexo Enterprise" in paragraph 207 of Mr. Cress's Second Amended Complaint, and certain additional Nexo entities identified in Mr. Cress's interrogatory response, including Nexo Inc., Nexo Financial LLC, Nexo Services UAB, Nexo Global Investments LLC, Nexo MENA Holding Ltd., Nexo Services S.r.l., Nexo Payments Limited, Nexo Clearing and Custody Ltd., Nexo Finance Limited, AFS Holding Ltd., AFS Advance Financial Solutions Ltd., Nexo Markets Ltd., Nexo Bank Inc., NPEM Ltd., Nexo AG, NDS EOOD, MIRASTAR EOOD, Nexo Financial Services Ltd., Nexo Trading Inc., Nexo Financial Services Inc., Nexo Services Ltd., Nexo Payments Inc., Nexo Services OU, Nexo Global Investments LLC, and Nexo (Antigua) Ltd.

29. Mr. Cress's Second Amended Complaint identifies Nexo Services LLC as a member of the Nexo Enterprise. I am not familiar with that entity and it is not a part of the Nexo Group.

30. Mr. Cress's interrogatory response identifies Zenga Limited and Credissimo as members of the Nexo Enterprise. Those two entities were owned by Mr. Kantchev and had some involvement in Nexo's initial launch in 2018. Those two entities have no ongoing relationship with the Nexo Group, and they had no involvement in Nexo's transactions with Mr. Cress in 2021.

31. Mr. Kantchev is the ultimate beneficial owner of all entities comprising the Nexo Group, with the exception of my ownership interest of 30% of Nexo Global Investments LLC.

32. The Nexo Group includes all entities reflected in the organizational chart attached as **Exhibits 10 and 11**.

33. The purpose and activities of all corporate entities comprising the Nexo Group, and all directors, officers, and employees of any Nexo Group affiliate, is to provide Nexo's cryptocurrency services, including cryptocurrency credit lines, to Nexo's global customer base.

-7-
DECLARATION OF ANTONI TRENCHEV

34. NDS is the Bulgarian corporate entity that employs the vast majority of individuals who perform services for entities comprising the Nexo Group. Nexo uses NDS to employ its personnel because the vast majority of its employees are Bulgarian citizens and/or reside in Bulgaria (though Nexo does not offer cryptocurrency services in Bulgaria). Local employees generally prefer a local employer, and the use of a Bulgarian entity to employ Bulgarian workers is prudent from a compliance, operational, and human resources perspective. The function of all employees of NDS was to provide Nexo's cryptocurrency services to Nexo's global customer base. NDS employed Mr. Cress's relationship manager Hristiyan Hristov and the other Nexo employees with whom Mr. Cress interacted.

35. Any Nexo director, officer, or employee who was not employed by NDS was employed by another Nexo affiliate in the Nexo Group. The function of any such director, officer, or employee was to provide Nexo's cryptocurrency services to Nexo's global customer base.

36. NDS employees do not perform services for entities outside of the Nexo Group. NDS employees perform services exclusively for Nexo. Nexo Capital, NDS, and Nexo AG are wholly owned downstream subsidiaries of Nexo Inc.

37. At the time of Mr. Cress's interactions with Nexo between March and June 2021, NDS had an intra-corporate contractual relationship with Nexo Capital. Nexo Capital used NDS employees to offer cryptocurrency services to U.S. customers, including Mr. Cress.

38. Mr. Cress's alleged RICO Enterprise has no purpose, structure, personnel, or activities apart from conducting Nexo's ordinary business functions. Nexo's crypto lending, OTC trading, compliance, support, marketing, and technology functions constitute Nexo's normal business activities and commercial operations. Nexo offered cryptocurrency services through the use of the Nexo corporate affiliates compromising the Nexo Group. The functions provided by NDS and its employees—customer service, compliance, OTC execution, marketing, credit line administration, and technology—were performed in furtherance of Nexo's ordinary commercial operations.

39. As explained above, I am familiar with the manner in which Nexo's business records are created and maintained by virtue of my duties and responsibilities.

-8-

DECLARATION OF ANTONI TRENCHEV

40. The documents listed in attached **Table 1** are the original records or exact duplicates of the original records, with the additions of redactions, bates-stamps, confidentiality designations, or exhibit stickers, and have been produced during the course of this lawsuit.

41. It is the regular practice of Nexo to make these types of records at or near the time of each act, event, condition, or opinion set forth in the record.

42. It is the regular practice of Nexo for this type of record to be made by, or from information transmitted by, persons with knowledge of the matters set forth in them.

43. It is the regular practice of Nexo to keep this type of record in the course of regularly conducted business activity.

44. It is the regular practice of Nexo to make these records.

DECLARATION OF ANTONI TRENCHEV

**TABLE 1**

| | |
|---|---|
| Exhibit 1 | NEXO-0137019 |
| Exhibit 2 | NEXO-0002696 |
| Exhibit 3 | NEXO-0369726 |
| Exhibit 8 | NEXO-0008573 |
| Exhibit 9 | NEXO-0009125 |
| Exhibit 10 | NEXO-0251323 |
| Exhibit 11 | NEXO-0182354 |
| Exhibit 12 | NEXO-0017263 |
| Exhibit 13 | NEXO-0003341 |
| Exhibit 14 | NEXO-0003119 |
| Exhibit 15 | NEXO-0003125 |
| Exhibit 16 | NEXO-0002697 |
| Exhibit 17 | NEXO-0017266 |
| Exhibit 18 | NEXO-0003386 |
| Exhibit 19 | NEXO-0003441 |
| Exhibit 20 | NEXO-0003588 |
| Exhibit 21 | NEXO-0003466 |
| Exhibit 22 | NEXO-0370459 |
| Exhibit 23 | NEXO-0231345 |
| Exhibit 24 | NEXO-0251323 |
| Exhibit 25 | NEXO-0371014 |
| Exhibit 26 | NEXO-0371049 |
| Exhibit 27 | NEXO-0213066 |
| Exhibit 28 | NEXO-0225412 |
| Exhibit 29 | NEXO-0011248 |
| Exhibit 30 | NEXO-0229177 |
| Exhibit 31 | NEXO-0145636 |
| Exhibit 32 | NEXO-0010423 |
| Exhibit 33 | NEXO-0008564 |
| Exhibit 34 | NEXO-0008561 |
| Exhibit 35 | NEXO-0011384 |
| Exhibit 36 | NEXO-0003532 |
| Exhibit 37 | NEXO-0017265 |

DECLARATION OF ANTONI TRENCHEV

I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: August 7, 2026

Signed by:

*Antoni Trenchev*

B27A6532EB714D6...

Antoni Trenchev

-11-
DECLARATION OF ANTONI TRENCHEV