James Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

*Counsel for Plaintiff John Cress*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CRESS,<br><br>Plaintiff,<br><br>v.<br><br>NEXO CAPITAL INC.<br><br>Defendant. | Case No. 3:23-CV-00882-TSH<br><br>**DECLARATION OF MAX AMBROSE IN SUPPORT OF PLAINTIFF JOHN CRESS'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON HIS THIRD, FOURTH, AND FIFTH CAUSES OF ACTION**<br><br>Hearing Date: October 22, 2026<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Thomas S. Hixson<br><br>Courtroom:    San Francisco Courthouse<br>Courtroom E – 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

I, Max Ambrose, hereby declare as follows:

1.      I am a member in good standing of the bar of the State of California, an attorney at the law firm Taylor-Copeland Law, P.C., and counsel of record for Plaintiff John Cress ("Plaintiff"). I have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently thereto.

2.      I make this declaration in support of Plaintiff's Motion for Partial Summary Judgment on his Third, Fourth, and Fifth Causes of Action (the "Motion") to place before the Court true and correct copies of the exhibits cited in the Motion.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of excerpts of the certified transcript of Volumes I and II of the deposition of Antoni Trenchev, Co-Founder and Managing Partner of Defendant Nexo Capital Inc. ("Nexo"), taken in this action, including testimony given by Mr. Trenchev as a corporate designee of Nexo (the "Trenchev Deposition").

4.      Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of the certified transcript of the deposition of Kantchev, a co-founder of Nexo, taken in this action (the "Kantchev Deposition").

5.      Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of the certified transcript of the deposition of Hristov, the Nexo relationship manager assigned to Plaintiff, taken in this action (the "Hristov Deposition").

6.      Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the certified transcript of the deposition of Octavian Dinca, Nexo's designee pursuant to Federal Rule of Civil Procedure 30(b)(6), taken in this action (the "Dinca Deposition").

7.      Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of the certified transcript of the deposition of Dr. Randall Valentine, Nexo's retained expert, taken in this action (the "Valentine Deposition").

8.      Attached hereto as **Exhibit 6** is a true and correct copy of excerpts of the certified transcript of the deposition of Kostadinov taken in this action (the "Kostadinov Deposition").

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

9. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts of the certified transcript of the deposition of Greaves, the Nexo director who verified Nexo's interrogatory responses, taken in this action (the "Greaves Deposition").

10. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts of the certified transcript of the deposition of Plaintiff John Cress taken in this action (the "Cress Deposition").

11. Nexo served the Expert Report of its retained expert, Dr. Randall Valentine, in this action (the "Valentine Report"). Attached hereto as **Exhibit 9** is a true and correct copy of the Valentine Report, together with its appendices, including the chart of U.S. purchasers that Dr. Valentine titled "Appendix C."

12. On the evening before the Valentine Deposition, counsel for Nexo served a document titled "Supplemental Appendix C" to the Valentine Report, which added U.S. purchasers of the NEXO Token who were not listed in the Appendix C served with the Valentine Report. Attached hereto as **Exhibit 10** is a true and correct copy of Supplemental Appendix C as served.

13. Attached hereto as **Exhibit 11** is a true and correct copy of the l Expert Report of Professor Joel Seligman, Plaintiff's expert, served in this action (the "Seligman Report").

14. Attached hereto as **Exhibit 12** is a true and correct copy of the Expert Report of Mizrach, Plaintiff's damages expert, served in this action (the "Mizrach Report").

15. Attached hereto as **Exhibit 13** is a true and correct copy of the Expert Report of Kogan served in this action (the "Kogan Report").

16. Attached hereto as **Exhibit 14** is a true and correct copy of the Expert Report of Solomon, Nexo's retained damages expert, served in this action (the "Solomon Report").

17. Attached hereto as **Exhibit 15** are true and correct copies of excerpts of Nexo's responses to Plaintiff's Requests for Admission served in this action, including each response cited in the Motion.

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

18.    Attached hereto as **Exhibit 16** are true and correct copies of excerpts of Nexo's verified responses to Plaintiff's Interrogatories served in this action, including Nexo's responses to Interrogatory Nos. 10 and 12.

19.    Attached hereto as **Exhibit 17** is a true and correct copy of the order of the U.S. Securities and Exchange Commission (the "SEC") in In re Nexo Capital Inc., Securities Act Release No. 11149 (Jan. 19, 2023), obtained from the SEC's public website.

20.    On August 6, 2026, I used the Page Vault capture service to capture the page of the Etherscan blockchain explorer (etherscan.io) displaying holder information for the NEXO Token. As of the date of capture, Etherscan reported that at least 70,698 unique wallet addresses hold the NEXO Token. Plaintiff produced this to Nexo at CRESS-00019317**.** Attached hereto as **Exhibit 18** is a true and correct copy of that capture.

21.    On August 6, 2026, I used the Page Vault capture service to capture the June 11, 2021 post titled "Dividend Details" published on Nexo's website blog. Attached hereto as **Exhibit 19** is a true and correct copy of that capture, which Plaintiff has produced Bates-stamped CRESS-00019321.

22.    Attached hereto as **Exhibit 20** is a true and correct copy of the NEXO Whitepaper, produced in discovery in this action Bates-stamped beginning at CRESS-00000476 and marked as Exhibit 132 at the Trenchev Deposition (the "Whitepaper").

23.    Attached hereto as **Exhibit 21** is a true and correct copy of Nexo's Form D filings concerning the NEXO Token, produced by Nexo in discovery in this action Bates-stamped beginning at NEXO-0000103 and marked as Exhibit 8 at the Trenchev Deposition.

24.    Attached hereto as **Exhibit 22** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0135808, comprising records concerning purchasers in Nexo's 2018 offering.

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

25. Attached hereto as **Exhibit 23** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0021510, comprising public marketing material concerning the NEXO Token, marked as Exhibit 116 at the Trenchev Deposition.

26. Attached hereto as **Exhibit 24** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0021678, comprising an internal Nexo communication.

27. Attached hereto as **Exhibit 25** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0034505, comprising an internal Nexo document.

28. Attached hereto as **Exhibits 26, 27, and 28** are true and correct copies of documents produced by Plaintiff in discovery in this action, Bates-stamped CRESS-00019301 (Ex. 26), CRESS-00019325 (Ex. 27), and CRESS-00019311 (Ex. 28), respectively, comprising posts published on Nexo's website blog on June 2, 2021, December 8, 2020, and June 16, 2021, respectively.

29. Attached hereto as **Exhibits 29 and 30** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0168664 and NEXO-0247642, respectively, comprising a draft article and the published article. Attached hereto as **Exhibit 31** is a true and correct copy of a document produced by Plaintiff in discovery in this action, Bates-stamped CRESS-00019315, comprising a communication concerning the article's removal.

30. Attached hereto as **Exhibit 32** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0262183, together with its English translation, marked as Exhibit 125 at the Trenchev Deposition, comprising internal Nexo communications. Exhibit 32 contains a certified translation following the document.

31. Attached hereto as **Exhibit 33** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0022085, comprising a December 2018 public announcement.

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

32. Attached hereto as **Exhibit 34** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0029090, comprising an August 2020 public announcement.

33. Attached hereto as **Exhibit 35** is a true and correct copy of a document produced by Plaintiff in discovery in this action, Bates-stamped CRESS-00000270, comprising an excerpt of records of transactions in Plaintiff's Nexo account.

34. Attached hereto as **Exhibit 36** is a true and correct copy of a document produced by Plaintiff in discovery in this action, Bates-stamped beginning at CRESS-00014362, comprising correspondence concerning a 2020 SEC inquiry.

35. Attached hereto as **Exhibits 37 and 38** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0173527 and NEXO-0174383, respectively, comprising customer communications.

36. Attached hereto as **Exhibit 39** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0003354, comprising a March 2021 email exchange between Hristov and Plaintiff, marked as Exhibit 75 at the Hristov Deposition.

37. Attached hereto as **Exhibit 40** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0258167, comprising a document titled "OTC Desk – Template," marked as Exhibit 76 at the Hristov Deposition.

38. Attached hereto as **Exhibit 41** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0040181, comprising an internal email concerning a customer review.

39. Attached hereto as **Exhibit 42** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0175616, comprising customer correspondence.

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

40.     Attached hereto as **Exhibit 43** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped beginning at NEXO-0110123, comprising customer communications.

41.     Attached hereto as **Exhibit 44** is a true and correct copy of Nexo's Terms and Conditions of Token Sale, produced in discovery in this action Bates-stamped NEXO-0216131 (the "Token Sale Terms").

42.     Attached hereto as **Exhibits 45 and 46** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0029365 and NEXO-0029368, respectively, comprising 2020 correspondence with a third-party exchange together with accompanying token terms, marked as Exhibits 117 and 118 at the Trenchev Deposition.

43.     Attached hereto as **Exhibit 47** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0258392, comprising an internal summary concerning Regulation D.

44.     Attached hereto as **Exhibit 48** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped beginning at NEXO-0211144, comprising July 2021 correspondence with a state securities regulator.

45.     Attached hereto as **Exhibit 49** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0163797, comprising a document concerning the content of Nexo's website.

46.     Attached hereto as **Exhibit 50** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0168743, comprising an internal record concerning the availability of NEXO Token purchases. The Exhibit shows a screenshot of the native spreadsheet, followed by the data contained in columns A, B, AK, AL, and AM, along with the Cell Notes for those cells, and the table legend in the bottom of the spreadsheet.

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

47.    Attached hereto as **Exhibit 51** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0209373, comprising an internal Nexo communication concerning U.S. customers.

48.    Attached hereto as **Exhibits 52, 53, 54, and 55** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0098562 (Ex. 52), NEXO-0099083 (Ex. 53), NEXO-0137355 (Ex. 54), and NEXO-0178100, respectively, comprising customer communications and records concerning purchasers of NEXO Tokens.

49.    Attached hereto as **Exhibits 56 and 57** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0173527 (Ex. 56) and NEXO-0229646 (Ex. 57), respectively, comprising a customer communication and a record of customer information.

50.    Attached hereto as **Exhibit 58** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0174727, comprising a customer communication attaching a capture of Nexo's website.

51.    Attached hereto as **Exhibits 59, 60, and 61** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0025323 (Ex. 59), NEXO-0092866 (at 71) (Ex. 60), and NEXO-0074218 (Ex. 61), respectively, comprising customer communications.

52.    Attached hereto as **Exhibits 62, 63, and 64** are true and correct copies of captures of messages published in Nexo's official Telegram channel, produced by Plaintiff in discovery in this action Bates-stamped CRESS-00019331, CRESS-00019332, and CRESS-00019333, respectively.

53.    Attached hereto as **Exhibit 65** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0181644, comprising a customer communication.

54.    Attached hereto as **Exhibits 66, 67, and 68** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0042030 (Ex. 66), NEXO-

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

0045100 (Ex. 67), and NEXO-0074363 (Ex. 68), respectively, comprising customer communications. Exhibit 67 was marked as Exhibit 257 at the Valentine Deposition.

55. Attached hereto as **Exhibit 69** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0144320, comprising internal records concerning Nexo's OTC transactions.

56. Attached hereto as **Exhibits 70, 71, and 72** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0003645 (Ex. 70), NEXO-0248369 (71), and NEXO-0248348 (72), respectively, each together with its English translation, comprising internal Nexo communications concerning OTC sales. Exhibit 70 was marked as Exhibit 78 at the Hristov Deposition.

57. Attached hereto as **Exhibits 73 and 74** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0031646 and NEXO-0034287, respectively, comprising Nexo correspondence with third-party institutions.

58. Attached hereto as **Exhibit 75** is a true and correct copy of the transcript from Nexo's "Monthly AMA February 2021 - # AskAntoni" with Antoni Trenchev, accessible at https://www.youtube.com/watch?v=l9ccyPsN5aU.

59. Attached hereto as **Exhibit 76** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0014418, comprising an internal Nexo document.

60. Attached hereto as **Exhibit 77** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0218980, comprising an internal Nexo communication concerning Token holdings.

61. Attached hereto as **Exhibit 78** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped **NEXO-0041409 (at** NEXO-0041410), comprising a customer communication.

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

62.    Attached hereto as **Exhibit 79** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0209373, comprising internal records concerning customer verification.

63.    Attached hereto as **Exhibit 80** is a true and correct copy of Exhibit 224 as marked at the Kantchev Deposition, Bates-stamped NEXO-0248439, comprising an internal Nexo communication thread. The translation to Exhibit 80 directly follows the original.

64.    Attached hereto as **Exhibits 81, 82, and 83** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0097988, NEXO-0045299, and NEXO-0028624, respectively, comprising email chains.

65.    Attached hereto as **Exhibits 84, 85, 86, and 87** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped **NEXO-0369960**, NEXO-0369935, **NEXO-0006792**, and NEXO-0369993, respectively, comprising Source of Funds declarations.

66.    Attached hereto as **Exhibits 88, 89, and 90** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0031467, NEXO-0369965, and NEXO-0369993, respectively, comprising a record of a purchase of NEXO Tokens, an investment statement, and a Source of Funds declaration.

67.    Attached hereto as **Exhibit 91** is a true and correct copy of the August 7, 2026 Declaration of Erik Hahn in Support of Plaintiff's Motion for Partial Summary Judgment.

68.    Attached hereto as **Exhibits 92 through 98** are true and correct copies of documents produced by Nexo in discovery in this action, Bates-stamped NEXO-0017595 (Ex. 92), NEXO-0037569 (Ex. 93), NEXO-0017544 (Ex. 94), NEXO-0038366 (Ex. 95), NEXO-0369842 (Ex. 96), NEXO-0248367 (Ex. 97), and NEXO-0137000 (Ex. 98), respectively, comprising records reflecting purchases and sales of NEXO Tokens and records concerning purchasers of NEXO Tokens.

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

69.     Attached hereto as **Exhibit 99** is a true and correct copy of a document produced by Nexo in discovery in this action, Bates-stamped NEXO-0179946, comprising a customer survey response, marked as Exhibit 27 at the Kostadinov Deposition.

70.     Attached hereto as **Exhibit 100** is a true and correct copy of an email chain communication between Nexo and a customer, produced by Nexo, Bates-stamped NEXO-0055884.

71.     Attached hereto as **Exhibit 101** is a true and correct copy of an email chain communication between Nexo and a customer, produced by Nexo, Bates-stamped NEXO-0048730.

72.     Attached hereto as **Exhibit 102** is a true and correct copy of the August 7, 2026 Declaration of Brian Mitchell in Support of Plaintiff's Motion for Partial Summary Judgment.

73.     Attached hereto as **Exhibit 103** is a true and correct copy of an email transmitting a Source of Funds Declaration, produced by Nexo, Bates-stamped NEXO-0369843.

74.     Attached hereto as **Exhibit 104** is a true and correct copy of an email transmitting a Source of Funds Declaration, produced by Nexo, Bates-stamped NEXO-0369778.

75.     The English translations included in Exhibits 32, 70, 71, and 72 were prepared by a professional translator retained by Plaintiff.

76.     I have reviewed Appendix C and Supplemental Appendix C, the testimony given at the Valentine Deposition, and the documents produced by Nexo that are identified in Appendix C and Supplemental Appendix C as documentary support for the U.S. purchasers listed therein, including Exs. 11, 12, 57, 54, 92–98 hereto. Appendix C and Supplemental Appendix C together identify nineteen U.S. purchasers whose purchases of NEXO Tokens preceded Mr. Cress's purchases. For at least thirteen of those nineteen purchasers, the documentation identified either post-dates the purchase it purportedly supports, had expired before the purchase, reflects the purchaser's refusal to provide an accredited investor certificate, or contains no information sufficient to verify the purchaser's income or net worth. Nexo accordingly did not have documentation sufficient to verify accredited-investor status at the time of sale for at least thirteen of the nineteen purchasers who preceded Mr. Cress.

DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 7, 2026, at Corona, California.

/s/ *Max Ambrose*
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

*Counsel for Plaintiff John Cress*

12
DECLARATION OF MAX AMBROSE ISO MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:23-CV-00882-TSH