# EXHIBIT 15

# Defendant's Second Amended Responses to Plaintiff's Fifth Set of Requests for Admission

Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5000
Fax: (713) 427-5067

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN CRESS,<br><br>        Plaintiff,<br><br>    vs.<br><br>NEXO CAPITAL, INC.<br><br>        Defendant. | CASE NO. 3:23-cv-00882-TSH<br><br>**DEFENDANT'S SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, NEXO CAPITAL, INC. ("Defendant" or "Nexo"), by and through its attorneys, hereby serves its second amended objections and responses to Plaintiff's Fifth Set of Requests for Admission, dated May 29, 2026 (the "Requests") as follows:

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

crash to recover your liquidated assets," was false.

**Response:** Denied.

REQUEST NO. 62:    Admit that You did not allow Plaintiff to participate in the Liquidation Relief Program.

**Response:** Denied.

REQUEST NO. 63:    Admit that You did not send Plaintiff the terms of the Liquidation Relief Program in 2021.

**Response:** Nexo objects to this request because the word "terms" is undefined, vague, and ambiguous.  Subject to and without waiving the foregoing objections, denied.

REQUEST NO. 64:    Admit that You did not provide Plaintiff with a way to recover his liquidated assets.

**Response:** Denied.

REQUEST NO. 65:    Admit that You did not offer to allow Plaintiff to participate in the Liquidation Relief Program.

**Response:** Denied.

REQUEST NO. 66:    Admit that You represented to Plaintiff that "the NEXO token is registered with the SEC as a security."

**Response:** Admitted.

REQUEST NO. 67:    Admit that the purpose of Your representation to Plaintiff that "the NEXO token is registered with the SEC as a security," was to induce Plaintiff to use Nexo's services.

**DEFENDANT'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

13

**Response:** Denied.

REQUEST NO. 68:    Admit that the purpose of Your representation to Plaintiff that "the NEXO token is registered with the SEC as a security," was to induce Plaintiff to purchase the NEXO Token.

**Response:** Denied.

REQUEST NO. 69:    Admit that Your representation to Plaintiff that "the NEXO token is registered with the SEC as a security," is false.

**Response:** Denied.

REQUEST NO. 70:    Admit that the NEXO token is not "registered with the SEC as a security."

**Response:** Denied.

REQUEST NO. 71:    Admit that the NEXO token has never been "registered with the SEC as a security."

**Response:** Denied.

REQUEST NO. 72:    Admit that at that on March 23, 2021, you knew that the NEXO token had not been "registered with the SEC as a security."

**Response:** Denied.

REQUEST NO. 73:    Admit that You sold the NEXO token to Plaintiff.

**Response:** Admitted.

REQUEST NO. 74:    Admit that the NEXO token is a security.

**DEFENDANT'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

14

objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 647:**  Admit that Nexo took approximately $102,125 from Plaintiff's collateral on or about April 14, 2021, through the Portfolio Booster.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "through the Portfolio Booster." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 648:**  Admit that Plaintiff never agreed to or consented to a Portfolio Booster being applied to any of his transactions.

**Response:**    Nexo objects to this request as vague and ambiguous as to the term "Portfolio Booster being applied to any of his transactions." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 649:**  Admit that Nexo sold its own NEXO Tokens to Plaintiff from its own inventory.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the term "own NEXO Tokens" and "own inventory." Subject to and without waiving the foregoing objections, including

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 650:**  Admit that Nexo sold its own NEXO Tokens to Plaintiff from its own inventory at markups exceeding 100% above Nexo's acquisition cost.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own NEXO Tokens," "own inventory," and "acquisition cost." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 651:**  Admit that Nexo sold its own BTC to Plaintiff from its own inventory.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own BTC" and "own inventory." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 652:**  Admit that Nexo sold its own BTC to Plaintiff from its own inventory at prices above what Nexo paid.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own BTC," "own inventory," and "prices above what Nexo paid." Subject to and without waiving the foregoing

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

110

the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 656:**  Admit that Nexo sold its own ETH to Plaintiff from its own inventory at prices above what Nexo paid.

> **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous as to the terms "own ETH"," "own inventory," and "prices above what Nexo paid." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 657:**  Admit that Hristov represented to Plaintiff that "the NEXO token is registered with the SEC as a security."

> **Response:**    Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that Hristov wrote to Plaintiff: "Additionally, please note that the NEXO token is registered with the SEC as a security therefore we are only allowed to facilitate deals for American citizens who are also certified, accredited investors. If you have a certificate, please send it over. In case you don't have an accredited investor certificate but you do satisfy the requirements, you can issue one here-verifyinvestor.com."

**REQUEST NO. 658:**  Admit that at the time Hristov represented to Plaintiff that "the NEXO token is registered with the SEC as a security," Nexo knew that the NEXO Token was not registered with the SEC.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

112

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request because it calls for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 659:**  Admit that Nexo represented to more than ten customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 10 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the language "registered with the SEC as a security" appears in more than ten emails sent to customers.

**REQUEST NO. 660:**  Admit that Nexo represented to more than fifty customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 50 customers. Subject to and without waiving the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that the language "registered with the SEC as a security" appears in more than fifty emails sent to customers.

**REQUEST NO. 661:**  Admit that Nexo represented to more than one hundred customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 100 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that the language "registered with the SEC as a security" appears in more than one hundred emails sent to customers.

**REQUEST NO. 662:**  Admit that Nexo represented to more than two hundred customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 200 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

the language "registered with the SEC as a security" appears in more than two hundred emails sent to customers.

**REQUEST NO. 663:**  Admit that Nexo represented to more than five hundred customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 500 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that the language "registered with the SEC as a security" appears in more than five hundred emails sent to customers.

**REQUEST NO. 664:**  Admit that Nexo represented to more than one thousand customers that the NEXO Token was registered with the SEC as a security.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to at least 1,000 customers. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny that the language "registered with the SEC as a security" appears in more than one thousand emails sent to customers.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

115

request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2020" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 677:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2021" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 678:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2022.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 20122" language refers to when Nexo made the

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

121

representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 679:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2023.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2023" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 680:**  Admit that Nexo represented to U.S. customers that the NEXO Token was registered with the SEC as a security in 2024.

   **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to this request as vague and ambiguous because it fails to identify the document that the RFA is referring to, and it fails to fully quote the document. Nexo objects to the request as compound because it refers to multiple customers. Nexo objects to the request as unintelligible because it is unclear whether the "in 2024" language refers to when Nexo made the representation or when the registration occurred. Subject to and without waiving the foregoing

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

122

unintelligible. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 689:**  Admit that Nexo was acting as a principal (not an intermediary) when it sold its own digital assets to Plaintiff through its OTC Desk.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that Nexo Capital Inc. owned the Nexo Tokens in its own inventory that it sold Plaintiff.

**REQUEST NO. 690:**  Admit that Plaintiff and Nexo entered into the CPA on or about March 24, 2021.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 691:**  Admit that Nexo executed Plaintiff's first OTC transaction on March 26, 2021.

    **Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

126

limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it executed Plaintiff's first OTC transaction between March 26 and March 27, 2021.

**REQUEST NO. 692:**  Admit that Nexo drafted the CPA.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 693:**  Admit that the CPA required Nexo to confirm or reject Purchase Orders within ten minutes (the "Review Period").

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 694:**  Admit that Nexo failed to confirm or reject one or more of Plaintiff's Purchase Orders within the Review Period.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for legal conclusion. Nexo objects to the request as compound in referring to "one or more of Plaintiff's Purchase Orders." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that non-US customers could purchase the NEXO token on the Nexo exchange in 2021.

**REQUEST NO. 737:** Admit that the Nexo sold the NEXO token on the Nexo exchange in 2022.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that non-US customers could purchase the NEXO token on the Nexo exchange in 2022.

**REQUEST NO. 738:** Admit that Nexo never filed a registration statement under the Securities Act of 1933 with the SEC for the offer or sale of the NEXO Token.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for a legal conclusion. Nexo objects to the request as vague and ambiguous as to the term "registration statement under the Securities Act of 1933." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it filed a Form D with the SEC in 2018 regarding the NEXO Token, but denies that it filed any other form with the SEC regarding the NEXO Token.

**REQUEST NO. 739:** Admit that no registration statement under the Securities Act of 1933 covering the NEXO Token has ever been declared effective by the SEC.

**Response:** Nexo objects to the request as calling for a legal conclusion. Nexo objects to the request as vague and ambiguous as to the term "registration statement under the Securities Act of 1933." Subject to and without waiving the foregoing objections, including the specific limitations

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

143

in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it filed a Form D with the SEC in 2018 regarding the NEXO Token, but denies that it filed any other form with the SEC regarding the NEXO Token.

**REQUEST NO. 740:**  Admit that Nexo never filed a Form S-1 with the SEC for the NEXO Token.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 741:**  Admit that Nexo never filed a Form F-1 with the SEC for the NEXO Token.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 742:**  Admit that Nexo never filed any other registration statement under the Securities Act of 1933 with the SEC for the NEXO Token.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "any other registration statement under the Securities Act of 1933." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it filed a Form D with the SEC in 2018

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

regarding the NEXO Token, but denies that it filed any other form with the SEC regarding the NEXO Token.

**REQUEST NO. 743:**  Admit that Nexo never filed a registration statement under Section 12 of the Securities Exchange Act of 1934 with the SEC for the NEXO Token.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "a registration statement under Section 12 of the Securities Exchange Act of 1934." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. admits that it filed a Form D with the SEC in 2018 regarding the NEXO Token, but denies that it filed any other form with the SEC regarding the NEXO Token.

**REQUEST NO. 744:**  Admit that Nexo never filed a Form 10-K with the SEC concerning the NEXO Token.

**Response:**     Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 10-K with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 10-K filings are reports filed by publicly traded companies and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

145

**REQUEST NO. 745:**  Admit that Nexo never filed a Form 10-Q with the SEC concerning the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 10-Q with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 10-Q filings are reports filed by publicly traded companies and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 746:**  Admit that Nexo never filed a Form 8-K with the SEC concerning the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 8-K with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 8-K filings are current reports filed by publicly traded companies and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 747:**  Admit that Nexo never filed a Form 20-F with the SEC concerning the NEXO Token.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

146

unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 20-F with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 20-F filings are annual reports that non-US companies file if their shares are publicly traded and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 748:**  Admit that Nexo never filed a Form 6-K with the SEC concerning the NEXO Token.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed a Form 6-K with the SEC concerning the NEXO Token." Nexo objects to the request as unintelligible because Form 6-K filings are reports by foreign private issuers and have nothing to do with securities registration. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 749:**  Admit that Nexo never filed any periodic or current report required under the Securities Exchange Act of 1934 with the SEC concerning the NEXO Token.

**Response:**   Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to what type of periodic or current report the RFA is referring to. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

147

**REQUEST NO. 753:**  Admit that, apart from the Form D filings Nexo made in 2018 concerning the NEXO Token, Nexo has made no other filing with the SEC concerning the NEXO Token.

**Response:**  Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "no other filing." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 754:**  Admit that Nexo has never registered the NEXO Token as a security with the SEC.

**Response:**  Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 755:**  Admit that Nexo did not file a Form D with the SEC in connection with Nexo's sale of NEXO Tokens to Plaintiff.

**Response:**  Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "in connection with Nexo's sale of NEXO Tokens to Plaintiff." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

149

**REQUEST NO. 756:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2019.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 757:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2020.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 758:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2021.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

150

**REQUEST NO. 759:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2022.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 760:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2023.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 761:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2024.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

151

**REQUEST NO. 762:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2025.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 763:**  Admit that Nexo did not file a Form D with the SEC concerning the NEXO Token in 2026.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 764:**  Admit that Nexo did not report or disclose Nexo's sale of NEXO Tokens to Plaintiff to the SEC.

**Response:**    Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to time period. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, Nexo Capital Inc. is without sufficient information to admit or deny this Request.

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

152

**REQUEST NO. 765:** Admit that Nexo never registered or qualified the offer or sale of the NEXO Token as a security with any state securities regulator in the United States.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "registered or qualified." Nexo objects to the request as compound in referring to multiple state securities regulators. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 766:** Admit that no registration or qualification for the offer or sale of the NEXO Token has ever been declared effective by, or been in effect with, any state securities regulator in the United States.

**Response:** Nexo objects to the request as vague and ambiguous, and compound, as to the term "registration or qualification." Nexo objects to the request as compound in referring to multiple state securities regulators. Nexo objects to the request as vague and ambiguous as to the terms "registration of qualification," and "declared effective by, or been in effect with." Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 767:** Admit that Nexo never qualified the offer or sale of the NEXO Token under California Corporations Code § 25110.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "qualified the offer or sale." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving

the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 768:** Admit that Nexo never filed an application to qualify the NEXO Token as a security with the DFPI or its predecessor agency.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "filed an application to qualify." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, admitted as to Nexo Capital Inc. only.

**REQUEST NO. 769:** Admit that no qualification under California Corporations Code § 25110 for the offer or sale of the NEXO Token was in effect at any time Nexo sold the NEXO Token to Plaintiff.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and unintelligible. Nexo objects to the request as vague and ambiguous as to the term "no qualification." Nexo objects to this request as calling for a legal conclusion. Subject to and without waiving the foregoing objections, including the specific limitations in the Objections to Definitions and Objections to Instructions, denied as to Nexo Capital Inc. only.

**REQUEST NO. 770:** Admit that Nexo has never held an effective qualification or registration permitting the offer or sale of the NEXO Token in California.

**Response:** Nexo objects to this request because the term "Nexo" is defined to include Nexo affiliates, parents, and subsidiaries, which renders this RFA vague, compound, and

**DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR ADMISSION**

154