# EXHIBIT 16

# Defendant's Second Omnibus Amended Objections and Responses to Plantiff's Interrogatories

# Designated as Confidential under the Protective Order

Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5000
Fax: (713) 427-5067

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CRESS, | CASE NO. 3:23-cv-00882-TSH |
| Plaintiff, | |
| vs. | **DEFENDANT'S SECOND OMNIBUS AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES** |
| NEXO CAPITAL INC. | |
| Defendant. | **DESIGNATED AS <u>CONFIDENTIAL</u> UNDER THE PROTECTIVE ORDER** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Nexo Capital, Inc. ("Defendant" or "Nexo"), by and through its attorneys, hereby submits its second omnibus amended objections and responses to Plaintiff's Interrogatories, as set forth below.

was that customers were informed that they qualify for the perks or utility benefits of the VIP program and, upon the customer's request to find out more, or at Nexo's discretion, the VIP Brochure was communicated to the customer.

**INTERROGATORY NO. 10:**

If you contend that Your sale of the NEXO Token to Plaintiff was exempt from the registration requirements of the Securities Act and/or the regulations promulgated thereunder, state all evidence You intend to rely on to support that contention.

**Response**: Nexo contends that its specific sales of the NEXO Token to Cress between March 2021 and June 2021 did not constitute securities transactions because they did not constitute the sale of an investment contract, certificate of interest of participation in any profit-sharing agreement, or otherwise fall within the definition of "security" under federal or state law. Because Nexo's sale of the NEXO Token to Cress were not securities transactions, Nexo need not rely on an exemption from the registration requirements in order to prevail on Cress's securities claims.

If the fact-finder determines that Nexo's sales of the NEXO Token to Cress between March 2021 and June 2021 constituted securities transactions, Nexo contends that its sales of the NEXO Token to Cress was exempt from any registration requirement pursuant to Regulation D of the Securities Act of 1933, 17 C.F.R. §§ 230.500 – 230.508. Cress was an accredited investor during the March 2021 through June 2021 time period when he purchased the NEXO Tokens from Nexo, and Cress provided Nexo with an accredited investor certificate and other information to verify his status. It was Nexo's standard practice to verify that Cress and its other U.S. customers to whom it directly sold the NEXO Token were accredited investors. Nexo also took reasonable care to assure that the purchasers of the NEXO Token in the U.S. were not statutory underwriters. *See also* Expert Report of R. Valentine produced in this case.

**INTERROGATORY NO. 11:**

If You contend that Your sale of the NEXO Token to Plaintiff was separate from any earlier offerings or sales of the NEXO Token, state all evidence You intend to rely on to support that contention.

single integrated offering as to all transactions identified in response to Cress's Interrogatory No. 3. Those transactions cover sales to a multiple U.S. customers over an extended time period. Nexo is still in the process of investigating the facts and circumstances of those transactions and the application of the integration rules and safe harbors of 17 C.F.R. § 230.152 to those transactions.

Nexo further contends any direct sales of the NEXO Token to foreign purchasers, and any sales of the NEXO Token on third-party exchanges not owned or operated by Nexo, are transactions that not subject to U.S. securities laws, do not constitute offerings under U.S. securities laws, and are not relevant to any offering analysis related to Cress's NEXO Token transactions.

*See also* Expert Report of R. Valentine produced in this case.

**INTERROGATORY NO. 12:**

Identify all Cryptocurrency Exchanges on which You sold the NEXO token, including approximate amounts, date first sold, and date last sold.

**Response:** Nexo responds as follows:

| NEXO exchange data | Date First Sold | Date Last Sold | Buy | Sell | Net |
|---|---|---|---|---|---|
| Bitfinex | 08.07.2021 | still ongoing | 72,296,822.25 | -63,394,296.29 | 8,902,525.96 |
| HITBTC | 11.05.2018 | 8.11.2020 | 2,201,999 | -21,364,768 | -19,162,769 |
| Huobi | 01.01.2020 | 18.10.2023 | 213,421,227.77 | -117,048,886.27 | 96,372,341.50 |
| FTX | 01.09.2022 | 07.11.2022 | 420,944 | -394,705 | 26,239 |
| ByBit | 11.11.2023 | still ongoing | 12,079,404.84 | -10,535,559.28 | 1,543,845.56 |
| Binance | 29.04.2022 | still ongoing | 548,466,214.45 | -426,876,789.75 | 121,589,424.70 |
| Bitstamp | 05.09.2024 | still ongoing | 61,391 | -113,205 | -51,814 |

**INTERROGATORY NO. 13:**

Identify all instances where You informed Plaintiff that You charged any fees, received any commissions, or otherwise profited or derived any financial benefit from Plaintiff's OTC purchases through Nexo, including the date, form, and content of the communication.

**Response:** Nexo objects that this interrogatory as irrelevant, overbroad, unduly burdensome and harassing, and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Nexo answers as follows:

14

## **VERIFICATION**

On behalf of Nexo Capital Inc., I declare under penalty of perjury under the laws of the United States, that I have read the Defendant's Second Omnibus Amended Objections and Responses to Plaintiff's Interrogatories, in *Cress v. Nexo Capital Inc.*, Case No. 3:23-cv-00882-TSH, and state that the answers are true and correct to the best of my knowledge, information and belief, based upon my personal knowledge of such matters, upon my discussions with persons known or believe by me to have personal knowledge of such matters, or upon my review of documents and records relating to such matters.

On behalf of Nexo Capital Inc.:

Signed by:

*Augustus Greaves*

CF546A9791D8427...

Signature

Augustus Greaves

Name

Director

Title