James Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Phone: (619) 734-8770
Fax: (619) 566-4341

*Counsel for Plaintiff John Cress*

Ian S. Shelton (264863)
ianshelton@bakermckenzie.com
BAKER & MCKENZIE LLP
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

*Counsel for Defendant Nexo Capital Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN CRESS,<br><br>                              Plaintiff,<br><br>                    v.<br><br>NEXO CAPITAL INC.,<br><br>                              Defendant. | Case No. 3:23-CV-00882-TSH<br><br>**JOINT STIPULATION REGARDING SUMMARY JUDGMENT DEADLINES AND FILINGS, PRE-TRIAL CONFERENCE AND TRIAL DATES, AND [PROPOSED] ORDER** |

1

JOINT STIPULATION REGARDING SUMMARY JUDGMENT DEADLINES AND
FILINGS

**JOINT STIPULATION**

1.    The Court's Scheduling Order set August 7, 2026 as the last day for the parties to file dispositive motions. (Dkt. 137.) Under Federal Rule of Civil Procedure 6(a)(4)(A), electronic filings were accordingly due by midnight Pacific time on August 7, 2026.

2.    On August 7, 2026, Plaintiff John Cress ("Plaintiff") finalized and began electronically filing his summary judgment package: Plaintiff's Motion for Partial Summary Judgment on His Third, Fourth, and Fifth Causes of Action (the "MSJ") (Dkt. 155); Plaintiff's Motion to Exclude the Opinions and Testimony of Dr. Randall Valentine (the "Valentine Motion") (Dkt. 154); the declarations of Max Ambrose in support of the MSJ and the Valentine Motion; Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed pursuant to Civil Local Rule 79-5(f) (the "Administrative Motion"), with its supporting declaration; and the redacted and under-seal versions of those materials required by Civil Local Rule 79-5 (collectively, the "Summary Judgment Filings") (Dkt. 156).

3.    Plaintiff submitted the Administrative Motion at 11:40 p.m. on August 7, 2026, and attempted to submit the MSJ at approximately 11:52 p.m. Upon attempted submission, Plaintiff's counsel encountered unexpected technical problems which required troubleshooting and re-uploads of the MSJ files. The MSJ was ultimately filed at 12:19 a.m. on August 8, 2026, and the Valentine Motion was ultimately filed at 12:46 a.m. on August 8, 2026 — approximately 19 and 46 minutes, respectively, after the midnight deadline. Plaintiff's counsel worked continuously past midnight until the submission was complete, and the Summary Judgment Filings were served on Defendant Nexo Capital Inc. ("Nexo") through ECF as they were docketed.

4.    Plaintiff's counsel promptly notified Nexo's counsel on August 9, 2026, explained what had occurred, and requested a stipulation. On August 10, 2026, Nexo's counsel confirmed that Nexo agrees to stipulate that the Summary Judgment Filings be deemed timely filed, and confirmed that Nexo does not require additional time to prepare its opposition.

5.    The requested relief will not affect any hearing date or any other case deadline. The

JOINT STIPULATION REGARDING SUMMARY JUDGMENT DEADLINES AND FILINGS

parties' previously stipulated briefing schedule for the parties' cross-motions for summary judgment (Dkt. 138) is unaffected and continues to control the opposition and reply deadlines.

6.      Good cause supports the requested relief. See Fed. R. Civ. P. 6(b)(1)(B), 16(b)(4); Civil L.R. 6-1(b), 6-2; *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010); *Spatola v. Desrouleaux*, No. CV 23-06191-MWF (JPRx), 2024 WL 5642558 (C.D. Cal. Oct. 25, 2024) (deeming timely a summary judgment motion filed 18 minutes after the deadline where technical issues delayed a voluminous ECF submission). The delays were approximately 19 and 46 minutes, resulted from unexpected technical problems encountered while completing a voluminous ECF submission rather than from inattention to the case schedule, caused no prejudice to Nexo, and had no impact on these proceedings, and Plaintiff acted in good faith throughout.

7.      Nexo wishes to correct a duplicate docket entry regarding one of its timely summary judgment filings. In particular, Nexo inadvertently filed two duplicative versions of its administrative motion to consider whether another party's material should be sealed in connection with its summary judgment motion. ECF No. 150 attached the sealed motion and statement of supporting facts and ECF No. 151 filed redacted, public versions of those same documents with the same substantive motion. Nexo realizes this second filing was not needed, given public versions of such documents were appropriately included with the summary judgment filing at ECF No. 153. Nexo also filed sealed versions of the supporting exhibits at ECF No. 152. The parties agree that ECF No. 150 (motion and sealed copies) and 152 (sealed exhibits) compromise Defendants Administrative Motion to Consider Whether Another Party's Material Should be Sealed and that ECF No. 151 may be stricken or otherwise disregarded as duplicative of other filings. Plaintiff does not oppose this relief.

8.      Finally, for good cause, the parties stipulate and agree to the following modification of the final three deadlines in the Court's scheduling order related to pre-trial conferences and trial (ECF No. 109):

JOINT STIPULATION REGARDING SUMMARY JUDGMENT DEADLINES AND FILINGS

| Event | Original Date | New Date |
|---|---|---|
| Pretrial Conference | February 18, 2027 | April 1, 2027 |
| Final Pretrial Conference | March 18, 2027 | April 29, 2027 |
| Trial | March 29, 2027 | May 10, 2027 |

9.     The proposed new dates are on the same days of the week, and have the same number of days between them, as the original dates.

10.     Good cause exists for this modification. Nexo's lead trial counsel, Ian Shelton, expects that his wife will have their new baby around February 27, 2027. Mr. Shelton has requested the scheduling order modifications to allow him to spend time with his family and support his wife during March 2027. Mr. Cress and his counsel do not object to this extension of time. All other deadlines in the Court's scheduling order would remain in effect (ECF No. 51, 109).

11.     NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Civil Local Rules 6-1(b), 6-2, and 7-12, and subject to the Court's approval, the parties stipulate as follows:

a)  All of Plaintiff's Summary Judgment Filings (Dkt. 154, 155, and 156) shall be deemed timely filed before midnight Pacific time on August 7, 2026.

b)  For the avoidance of doubt, the parties' previously stipulated opposition and reply deadlines for the parties' cross-motions for summary judgment (Dkt. 138) remain unchanged.

c)  ECF No. 151 is stricken as duplicative.

d)  The Court finds good cause to modify its scheduling order as follows:

| Event | Original Date | New Date |
|---|---|---|
| Pretrial Conference | February 18, 2027 | April 1, 2027 |
| Final Pretrial Conference | March 18, 2027 | April 29, 2027 |
| Trial | March 29, 2027 | May 10, 2027 |

e)  No hearing date or other deadline is modified by this Stipulation.

4

JOINT STIPULATION REGARDING SUMMARY JUDGMENT DEADLINES AND FILINGS

Dated: August 12, 2026          TAYLOR-COPELAND LAW, P.C.
*By: /s/ James Taylor-Copeland*
Attorneys for Plaintiff

Dated: August 12, 2026          BAKER & MCKENZIE LLP
*By: /s/ Ian S. Shelton*
Attorneys for Defendant

JOINT STIPULATION REGARDING SUMMARY JUDGMENT DEADLINES AND FILINGS

**<u>ATTESTATION</u>**

Pursuant To Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Date: August 12, 2026     TAYLOR-COPELAND LAW, P.C.

             <u>*By: /s/ Max Ambrose*</u>

JOINT STIPULATION REGARDING SUMMARY JUDGMENT DEADLINES AND FILINGS

# **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: August \_\_\_, 2026


_____
HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

JOINT STIPULATION REGARDING SUMMARY JUDGMENT DEADLINES AND FILINGS