# EXHIBIT 9

PUBLIC VERSION PREVIOUSLY
FILED UNDER SEAL AS DKT. 144-7

CONFIDENTIAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

________________________________

JOHN CRESS,
Plaintiff,
v. Case No.
NEXO CAPITAL, INC., 3:23-cv-00882-TSH
Defendant.

________________________________

VIDEOTAPED DEPOSITION OF
MICHAEL KUNKEL

DATE: Tuesday, June 9, 2026
TIME: 11:08 a.m.
LOCATION: Baker & McKenzie LLP
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
OFFICIATED BY: Cristal McCrory
JOB NO.: 8243044

A P P E A R A N C E S

ON BEHALF OF PLAINTIFF JOHN CRESS:

MAX AMBROSE, ESQUIRE
JAMES TAYLOR-COPELAND, ESQUIRE
(by videoconference)
Taylor-Copeland Law
501 West Broadway, Suite 800
San Diego, CA 92101
maxambrose@taylorcopelandlaw.com
james@taylorcopelandlaw.com
(619) 734-8770

ON BEHALF OF DEFENDANT NEXO CAPITAL, INC.:

MATTHEW C. RAWLINSON, ESQUIRE
IAN S. SHELTON, ESQUIRE
KATIE ZINECKER, ESQUIRE
Baker & McKenzie, LLP
800 Capitol Street
Houston, TX 77002
matthew.rawlinson@bakermckenzie.com
ian.shelton@bakermckenzie.com
katie.zinecker@bakermckenzie.com
(713) 427-5000

A P P E A R A N C E S (Cont'd)

ON BEHALF OF DEFENDANT NEXO CAPITAL, INC.:

KRISTEN DOOLEY, ESQUIRE (by videoconference)
Baker & McKenzie, LLP
452 Fifth Avenue
New York, NY 10018
kristen.dooley@bakermckenzie.com
(212) 626-4100

ALSO PRESENT:

Guy Tubbs, Videographer
Alexander Reyna, Intern, Baker & McKenzie, LLP
David Greetham, Level Legal, Expert for Defendant
(by videoconference)

BY MR. SHELTON:
Q Did you assess the scope of Nexo's document retention policy?
MR. AMBROSE: Objection. Vague.
THE WITNESS: Can you repeat that?
BY MR. SHELTON:
Q All right. So your report talks about things that you claim were deleted. In rendering that opinion, did you consider what Nexo retained?
MR. AMBROSE: Objection. Form.
THE WITNESS: I'd say that was outside my scope.
BY MR. SHELTON:
Q Do you have an opinion whether Nexo deleted data relevant to this lawsuit?
MR. AMBROSE: Objection. Vague. Calls for a legal conclusion.
THE WITNESS: I do not.
BY MR. SHELTON:
Q Did you offer an expert opinion on the scope of Nexo's document retention obligation after receipt of Mr. Cress's October 2021 demand letter?
MR. AMBROSE: Objection. Vague. Calls for a legal conclusion.
THE WITNESS: I believe I stated facts

of dates and events. But I don't believe I had an opinion as to the propriety, if that answers the question.

BY MR. SHELTON:

Q It might. Let me ask you a different way. Did you look at the -- did you offer an opinion after reviewing the October 2021 demand letter, and did you offer an opinion on the scope of Nexo's document preservation obligation after receiving that demand letter?

MR. AMBROSE: Objection. Vague. Calls for a legal conclusion.

THE WITNESS: No.

BY MR. SHELTON:

Q This question's going to be similar: Did you offer an expert opinion on the scope of Nexo's document retention obligation after receiving the February 2023 original complaint in this lawsuit?

MR. AMBROSE: Objection. Vague. Calls for legal conclusion.

THE WITNESS: No.

BY MR. SHELTON:

Q Do you offer an opinion on the scope of Nexo's document preservation obligation after Mr. Cress served his second amended complaint or

sought leave to serve that complaint in September of 2025?

MR. AMBROSE: Objection. Vague. Compound. Calls for legal conclusion. And mischaracterizes the docket.

THE WITNESS: So you're asking questions about whether I provided an opinion on scope?

BY MR. SHELTON:

Q Right.

A The way I'm interpreting your question is, did I offer an opinion on what they should do and where they should go? Is that in line with what you're asking?

Q Yes, it is. Did you offer an expert opinion on what information is relevant and should be preserved in response to these documents?

MR. AMBROSE: Objection. Vague. Calls for a legal conclusion.

THE WITNESS: No, I did not.

BY MR. SHELTON:

Q Did you perform any analysis as to whether the scope of this lawsuit changed between the demand letter in October of 2021 and the second amended complaint that I believe was filed in October 2025?

BY MR. SHELTON:

Q And you didn't offer an opinion on that topic in this case. Correct?

A Correct, I did not offer an opinion on the propriety or the scope of a legal hold in this case.

Q Okay. And you didn't offer any opinion on what documents would be relevant and should be preserved in this case. Correct?

MR. AMBROSE: Objection. Calls for legal conclusion.

THE WITNESS: That's correct.

BY MR. SHELTON:

Q Did you perform any analysis as to the sufficiency of Nexo's document production in this case?

MR. AMBROSE: Objection. Vague. Calls for a legal conclusion.

THE WITNESS: No.

BY MR. SHELTON:

Q Did you review any information regarding the number of documents that Nexo produced in this case?

A No.

Q Do you have any opinion, one way or the other, whether Nexo's document production is sufficient in this case?

MR. AMBROSE: Objection. Calls for legal conclusion.

THE WITNESS: I did not offer an opinion on that.

BY MR. SHELTON:

Q Did you review any portion of Nexo's document production beyond the documents referenced in paragraph 11 of your report?

MR. AMBROSE: Objection. Mischaracterizes the report.

THE WITNESS: I did not. Hold on. As I said before, I reviewed a corporate retention policy. We established I did not list that in paragraph 11 -- or yeah, 11. I did review that.

My understanding is it was produced. So that would be a document that I did see that was produced that was not listed.

BY MR. SHELTON:

Q Other than that document and the documents referenced in paragraph 11, did you review any other portion of Nexo's document production?

MR. AMBROSE: Objection. Vague.

THE WITNESS: No, I don't believe so.

BY MR. SHELTON:

Q Did you review Nexo's document production to