# EXHIBIT 22

PUBLIC VERSION PREVIOUSLY FILED UNDER SEAL AS DKT. 144-9

James Taylor-Copeland (284743)
james@taylorcopelandlaw.com
Max Ambrose (320964)
maxambrose@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimilie: 619-566-4341

*Counsel for Plaintiff John Cress*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN CRESS,<br><br>Plaintiff,<br><br>v.<br><br>NEXO CAPITAL INC.<br><br>Defendant. | Case No. 3:23-cv-00882-TSH<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF INTERROGATORIES**<br><br>**CONFIDENTIAL UNDER THE STIPULATED PROTECTIVE ORDER (DKT. 52)** |

Plaintiff's claims, i.e., that Plaintiff purportedly learning of a risk of liquidation of his cryptocurrency assets in May 2021 caused Plaintiff's damages.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will not answer Defendant's Interrogatory as written because it is not clear what information is being sought. Plaintiff will meet and confer with Defendant to understand what information is being sought.

**INTERROGATORY NO. 12 [7]:**

Describe Your net worth as of March 1, 2021, including a list of all Your assets in cash accounts, retirement accounts, investment accounts, cryptocurrency accounts, personal property, and Your net equity in real estate.

**RESPONSE TO INTERROGATORY NO. 12 [7]:**

In addition to the General Objections, Plaintiff objects on the following grounds: (1) it is overbroad; (2) it is unduly burdensome, oppressive, and harassing; (3) it seeks information protected by the attorney-client privilege and the attorney work product doctrine; (4) it seeks information that is protected by constitutional, statutory and judicial guarantees of privacy; (5) it seeks information that is confidential and proprietary; (6) it seeks information in Defendant's possession or the possession of third parties, including information to which Defendant has greater access; (7) it is not full and complete in and of itself as required. Plaintiff objects on the ground that Plaintiff's "net worth as of March 1, 2021" is vague and ambiguous. Plaintiff objects on the ground that the terms "cash accounts, retirement accounts, investment accounts, cryptocurrency accounts, personal property, and Your equity in real estate" is vague and ambiguous. Plaintiff objects on the ground that available records may not necessarily reflect the exact value of assets on March 1, 2021 and thus this Interrogatory response may necessitate approximation or estimation of the value of assets on March 1, 2021. Plaintiff objects on the grounds that discovery and investigation of Plaintiff's net worth and assets on March 1, 2021 is ongoing. Plaintiff objects to the extent information or records on March 1, 2021 reflecting Plaintiff's net worth or asset values were never available, or are no longer available to Plaintiff.

Plaintiff objects to the extent this interrogatory requires valuation of assets in U.S. Dollars. Plaintiff's disclosure of estimated U.S. dollar values for his assets is provided solely for purposes of approximation and clarity and does not constitute an admission that his damages are properly measured or should be calculated in U.S. dollars. Plaintiff will not identify assets which did not contribute significantly toward the calculation of Plaintiff's net worth as identification of these assets is not relevant or proportional to the needs of the case, and is protected by Plaintiff's right to privacy. Plaintiff reserves the right to supplement this Interrogatory Response.

Subject to and without waiving the foregoing objections, Plaintiff describes his substantial assets on or around March 1, 2021 as follows:

Plaintiff had a Wells Fargo account with approximately $52,387.

Plaintiff had a Fidelity retirement account with assets worth approximately $89,000. Plaintiff had a Morgan Stanley retirement account with assets worth approximately $86,000.

Plaintiff had a Schwab investment account with assets worth approximately $113,700.

Plaintiff had an investment in Gilroy Self Storage Partners LLC worth more than $200,000.

Plaintiff had substantial assets on Coinbase and Kucoin exchanges in 2021 but does not presently have access to those complete records. Plaintiff understands Nexo has sent subpoenas to Plaintiff's cryptocurrency exchange accounts, including Coinbase, which may reflect more detailed information regarding Plaintiff's assets in his exchange accounts on March 1, 2021. Plaintiff believes his Coinbase account had the following assets in 2021: YFI, CELO, SNX, BNT, ZRX, ENJ, REN, BAND, LRC, XLM, COMP, MKR, FIL, ALGO, LINK, ATOM, AAVE, UNI, BTC, ETH. While Plaintiff does not presently have access to his Coinbase account and exact March 1, 2021 Coinbase records, Plaintiff estimates his Coinbase account value on March 1, 2021 to be approximately $13,185,000.

Plaintiff believes his Kucoin account had the following assets in 2021: KSM, CAKE, POL, KCS, 1INCH, CRV, XEM, DEGO, SPI, MIR, KSM, ADA, THETA, DRGN, ETH, XYM. While

Plaintiff does not presently have access to his Kucoin account and exact March 1, 2021 Kucoin records, Plaintiff estimates his Kucoin account value on March 1, 2021 to be approximately $330,000.

Plaintiff had an Ethereum wallet with the following substantial assets on or around March 1, 2021:

| Asset | Approx. Amount |
|---|---|
| VXV | 762,990 |
| CVC | 25,000 |
| ETH | 26.36 |
| POND | 59,340 |
| PPAY | 299,800 |

Plaintiff owned approximately 7,231,953 CSPR tokens. Plaintiff owned approximately 328,365 xHDX tokens. Plaintiff owned approximately 74,468 GDT tokens.

Plaintiff had approximately $636,000 in home equity with an estimated value of $734,000.

**INTERROGATORY NO. 13 [8]:**

Describe Your assets not on Nexo's platform that You could have used to pay off Your credit line or top up Your collateral before You suffered liquidations in 2021, including all cash, securities, cryptocurrency, or other marketable or liquid assets in Your possession, custody, or control.

**RESPONSE TO INTERROGATORY NO. 13 [8]:**

In addition to the General Objections, Plaintiff objects on the following grounds: (1) it is overbroad; (2) it is unduly burdensome, oppressive, and harassing; (3) it seeks information protected by the attorney-client privilege and the attorney work product doctrine; (4) it seeks information that is protected by constitutional, statutory and judicial guarantees of privacy; (5) it seeks information that is confidential and proprietary; (6) it seeks information in Defendant's possession or the possession of third parties, including information to which Defendant has greater access; (7) it is not full and complete in and of itself as required. Plaintiff objects to this interrogatory on the grounds that the

Plaintiff further objects to this Interrogatory in that it requires Plaintiff to calculate over six years of "performance" of "investments," and is thus not relevant or proportional to the needs of this case. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and harassing in that it requests information Nexo agreed to forego in its compromises on RFPs on RFPs 76, 77, and 92, releasing Plaintiff from producing this information "relating to Your cryptocurrency investments."

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will not answer Defendant's Interrogatory as written.

DATED: May 29, 2025

Respectfully submitted,

*/s/James Taylor-Copeland*

James Q. Taylor-Copeland
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341

*Counsel for Plaintiff John Cress*

**VERIFICATION**

I, John Cress, having reviewed the "Responses and Objections to Defendant's Second Set of Interrogatories," state that I am familiar with the contents of the responses and that I believe, based upon a reasonable inquiry, that the answer provided therein are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of May, 2025, at San Francisco, California.

John Cress

John Cress