Max Ambrose (SBN 320964)
maxambrose@taylorcopelandlaw.com
James Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
TAYLOR-COPELAND LAW
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-734-8770
Facsimile: 619-566-4341

*Attorneys for Plaintiff John Cress*

Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Phone: (310) 299-8535
Fax: (310) 201-4721

Matthew C. Rawlinson (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
matthew.rawlinson@bakermckenzie.com
800 Capitol, Suite 2100
Houston, Texas 77002
Phone: (713) 427-5000
Fax: (713) 427-5067

*Attorneys for Defendant Nexo Capital, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN CRESS,

Plaintiff,

vs.

NEXO CAPITAL, INC.

Defendant.

CASE NO. 3:23-cv-00882-TSH

**NOTICE OF COMPLETION OF SETTLEMENT**

**NOTICE OF WITHDRAWAL OF MOTIONS**

**JOINT STIPULATION AND [PROPOSED] ORDER STRIKING PRIVILEGED MATERIAL AND MOOT SUMMARY JUDGMENT FILINGS FROM DOCKET, DENYING ALL PENDING MOTIONS AS MOOT, AND VACATING ALL REMAINING CASE DEADLINES**

## STIPULATION

Plaintiff John Cress ("Cress") and Defendant Nexo Capital, Inc. ("Nexo") (collectively, the "Parties"), by and through their undersigned counsel, hereby provide notice of completion of settlement of the action and jointly stipulate and request that the Court take the following actions to effectuate that settlement:

1. On August 7, 2026, the Parties filed cross-motions for summary judgment and related filings (ECF 150-156, 162, 165). Opposition briefs were originally due on September 25, and reply briefs were due on October 14 (ECF 169).
2. On September 15, 2026, the Parties participated in a mediation before the Hon. Gary Feess (Ret.) in San Francisco.
3. On September 25, 2026, the Parties filed a notice of settlement and a joint stipulation and proposed order extending summary judgment deadlines to effectuate settlement, which the Court granted (ECF 171).
4. The Parties have now taken the steps necessary to complete the settlement.
5. Pursuant to Local Rule 7-7(e), the Parties hereby withdraw the following summary judgment and related motions: ECF 150, 151, 153, 154, 155, and 156.
6. The Parties jointly request that the Court strike from the docket Exhibits 51 and 79 to Plaintiff's Motion for Summary Judgment (ECF 155-53 and 155-81), and the pleadings that reference or quote them (ECF 162-3 and 162-4), because Nexo asserts the document is privileged, that the two exhibits 51 and 79 are the same document, NEXO-0209373, and that the document contains mental impressions of Nexo's outside counsel concerning an SEC inquiry and Nexo's planned call with the SEC.
7. Nexo has informed Cress that it believes NEXO-0209373 duplicates a document Nexo clawed back on March 9, 2026. Cress did not identify it as a duplicate, takes no position on whether the documents are duplicates, and does not oppose Nexo's request.
8. Exhibits 51 and 79 are provisionally filed under seal as ECF 155-53 and 155-81 and have not yet been publicly filed. However, those documents are referenced and quoted within

Plaintiff's Motion for Summary Judgment and Statement of Undisputed Material Facts (ECF 162-3 and 162-4).

9. Additionally, the Parties jointly request that the Court strike from the docket the Parties' moot summary judgment filings. Because those motions and related filings are now moot and will not be adjudicated, the public has no continuing interest in them. Furthermore, while the summary judgment filings might not have satisfied the stringent sealing standard, they still contain sensitive, personal, and non-public information that the Parties do not wish to be publicly accessible now that the matter is resolved.

10. If the Court strikes as moot all summary judgment filings, that order would include the privileged information referenced above.

11. The Parties are **not** requesting that the Court strike any court order.

12. After the Court rules on the present stipulation and proposed order, the Parties anticipate promptly filing a stipulation of dismissal with prejudice pursuant to Rule 41.

13. The Parties request that the Court deny all pending motions as moot, and vacate all remaining case deadlines.

NOW, THEREFORE, IT IS STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT:

1. The Clerk is instructed to strike, and disable public access, for the following primary docket entries and all attachments to those docket entries:
   a. ECF 150 and ECF 150-1 through 150-6.
   b. ECF 151 and ECF 151-1 through 151-6.
   c. ECF 152 and ECF 152-1 through 152-16.
   d. ECF 153 and ECF 153-1 through 153-10.
   e. ECF 154 and ECF 154-1 through 154-117.
   f. ECF 155 and ECF 155-1 through 155-107.
   g. ECF 156 and ECF 156-1 through 156-35.
   h. ECF 162 and ECF 162-1 through 162-83.

i. ECF 165 and ECF 165-1 through 165-11.

2. All pending motions are denied as moot. With respect to any pending administrative motions related to sealing, no further documents referenced in such motions need to be filed.

3. All remaining case deadlines are vacated.

IT IS SO STIPULATED.

Dated: September 28, 2026

BAKER & MCKENZIE LLP

By: */s/ Ian S. Shelton*___________________
Ian. S. Shelton

*Attorneys for Defendant Nexo Capital Inc.*

Dated: September 28, 2026

TAYLOR-COPELAND LAW

By: */s/ James Taylor-Copeland*____________
James Taylor-Copeland

*Attorneys for Plaintiff John Cress*

**ATTESTATION**

Pursuant To Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: September 28, 2026

BAKER & MCKENZIE LLP

By: */s/ Ian S. Shelton*

Ian. S. Shelton

*Attorneys for Defendant Nexo Capital Inc.*

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

Dated: September ___, 2026

________________________________

HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE